**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>SILVERROCK DEVELOPMENT COMPANY, LLC, et al.,<br>Debtors. | Chapter 11<br><br>Case No. 24-11647 (MFW)<br><br>(Jointly Administered) |
| JACOB WOOD, solely in his capacity as Litigation Trustee of the SilverRock Litigation Trust,<br>Plaintiff,<br><br>v.<br><br>CYPRESS POINT HOLDINGS, LLC; WILLIAM TZROS; KENNETH MANQUEROS; and DOES 1 through 20, inclusive,<br>Defendants. | Adv. Pro. No. 26-50598 (MFW) |

**DEFENDANTS CYPRESS POINT HOLDINGS, LLC & WILLIAM TZROS' MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

Pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 7012-2 and 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), Defendants Cypress Point Holdings, LLC ("Cypress") and William Tzros ("Tzros"; together, "Movants"), by and through undersigned counsel, respectfully move the Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), extending their deadline to answer or otherwise respond to the *Complaint To Avoid And Recover Prepetition Transfers And For Restitution Of Usurious Interest* (the "**Complaint**") [Adv. Proc. Docket No. 1],

in the above-captioned adversary proceeding. As grounds for this motion, Movants state the following:

RELIEF REQUESTED

1. Movants seek a brief extension of time to answer or otherwise respond to the Complaint to accommodate developments concerning the Litigation Trustee and, in light of its motion to withdraw, its counsel's authority and in light of a purported oral suspension of adversary proceedings for which no written order appears on the adversary docket. Defendants request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A,** extending their response deadline to October 23, 2026, or, alternatively, to twenty-one (21) days after entry of an order on this motion.

JURISDICTION, VENUE AND PREDICATES FOR RELIEF

2. This Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The predicate for the relief requested by this Motion is Bankruptcy Rule 9006 and Local Rules 7012-2 and 9006-2.

BACKGROUND

5. On August 5, 2024 (the "**Petition Date**"), the above-captioned debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby initiating the Bankruptcy Case.

6. On August 4, 2026, the Litigation Trustee commenced this adversary proceeding in the United States Bankruptcy Court for the District of Delaware, associated with the jointly administered Chapter 11 cases of SilverRock Development Company, LLC, et al., Case No. 24-11647 (MFW). The adversary proceeding is docketed as Adv. Proc. No. 26-50598 (MFW).

7. On May 11, 2026, the Debtors filed the *Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of SilverRock Development Company, LLC and its Debtor Affiliates* (as subsequently amended or modified, the "**Plan**") [Docket No. 1111], and on May 21, 2026, the Bankruptcy Court entered an Order confirming the Plan [Docket No. 1152].

8. Under the Plan, the Litigation Trustee was appointed as the litigation trustee of the Litigation Trust, which succeeded to the Debtors' estates' interests in the Retained Causes of Action, as defined in the Plan. On June 8, 2026, the Plan became effective and was substantially consummated.

9. On September 16, 2026, certain creditors filed a motion in the Bankruptcy Case filed a *Joint Emergency Motion for (A) Temporary Ex Parte Relief (i) Suspending Jacob Wood's Authority as Litigation Trustee, (ii) Freezing and Preserving Litigation Trust Accounts, and (iii) Compelling An Immediate Accounting; and (B) After an Expedited Hearing, (iv) Removing Jacob Wood for Cause, (v) Designating a Successor Litigation Trustee, and (vi) Granting Related Relief* [Docket No. 1297] (the "**Trustee Removal Motion**").

10. On September 16, 2026, the Court entered an Order Approving the Litigation Trustee Removal Motion on an Interim Basis [Docket No. 1298] (the "**Interim Removal Order**").

11. On information and belief, on September 18, 2026, the Court held a status conference with respect to the Trustee Removal Motion. Among other things, at the September 18

hearing, the Litigation Trustee's lead counsel stated that the Litigation Trustee intends to resign. Further, at the September 18 hearing, one of the movants stated that the movants intended to meet prior to the September 25 hearing to decide upon a successor trustee to be proposed to the Court. Additionally, at the September 18 hearing, the Court stated that the Adversary Proceedings would be suspended. *See Motion To Shorten Notice Regarding (I) Motion Of Morris James LLP For Leave To Withdraw As Counsel To Jacob Wood, Solely In His Capacity As Litigation Trustee Of The SilverRock Litigation Trust; And (ii) Motion Of Benjamin M. Carson And Victor A. Vilaplana To Withdraw As Counsel To Jacob Wood, Solely In His Capacity As Litigation Trustee, In The Main Bankruptcy Case And Related Cypress And Green Matters* [Docket No. 1316] (the "**Motion to Shorten Notice**") at Paragraph 9.

12. On September 18, 2026, the Court entered an *Amended Interim Order (I) Temporarily Suspending Jacob Woods Authority as Litigation Trustee; (II) Freezing and Preserving Litigation Trust Accounts; (III) Compelling an Immediate Accounting and Production of Bank Records; and (IV) Setting an Expedited Removal Hearing* [Docket No. 1309] (the "**Amended Interim Removal Order**").

13. On September 21, 2026, Morris James LLP, together with Benjamin M. Carson and Victor A. Vilaplana, filed the Motion to Shorten Notice regarding motions to withdraw as counsel for the Litigation Trustee, indicating, per above, that on September 18, 2026, the Court stated that the adversary proceedings would be suspended, and that motions to withdraw were filed in the main case and in the related Cypress adversary.

14. However, no written order staying or suspending this adversary proceeding or extending Movants' response deadline appears to have been entered on the adversary docket.

15. Upon reaching out to the Litigation Trustee's counsel relative to extending the response deadline, counsel communicated his belief that Movants are not required to respond, at present, based on the current procedural posture of the matter, but that he no longer has authority to grant further extensions. In an abundance of caution, Defendants seek a Court-ordered extension.

16. Bankruptcy Rule 9006(b) authorizes the Court, for cause shown, to enlarge the time to act with respect to a required filing. Fed. R. Bankr. P. 9006(b). Local Rule 9006-2 provides that the filing of a motion to extend time prior to the expiration of the period sought to be extended tolls the time period until the Court rules on the motion. Del. Bankr. L.R. 9006-2.

17. Local Rule 7012-2 further provides:

> The deadline to plead or move in response to a complaint or other pleading in an adversary proceeding may be extended for a period of up to 28 days by stipulation of the parties docketed with the Court or, for a longer period of time, by order of the Court. Any motion for extension of time to plead or move in response to a complaint or other pleading in an adversary proceeding or a stipulation seeking entry of an order approving such an extension must be filed with the Court prior to the expiration of the deadline to be extended. Any deadline extended pursuant to this section will not affect any other deadline set forth in any Scheduling Order entered by the Court.

Del. Bankr. L.R. 7012-2.

## ARGUMENT

18. Under Bankruptcy Rule 9006(b)(1), the court may, at any time and for cause, extend the time to act if a request to extend is made before the period (or a previously extended period) expires. Fed. R. Bankr. P. 9006(b)(1)(A). The rule draws a critical distinction: if the motion is filed after the deadline has already expired, the movant must instead demonstrate excusable neglect. Fed. R. Bankr. P. 9006(b)(1)(B). Because the motion in this case is being filed before the

stipulated deadline expires, the more lenient "cause" standard applies, and the Court need not find excusable neglect.

19. The determination of whether cause exists is committed to the bankruptcy court's discretion and is reviewed for abuse of discretion. *In re Strong*, No. AP 17-50646 (BLS), 2018 WL 1891472, at *4 (D. Del. Apr. 20, 2018) (citation omitted); 11 U.S.C.A. § 105(a) (granting the Court authority to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code).

20. Here, "cause" exists for an extension. The Litigation Trustee's counsel have sought to withdraw, and the Court was advised of the Litigation Trustee's suspension and potential resignation, creating uncertainty about who may speak for the plaintiff and whether the adversary is proceeding at this time. Further, while the Court stated that adversary proceedings would be suspended, no written order appears on the adversary docket, and no order extending Defendants' response deadline has been entered. A short extension will allow orderly case administration without prejudice to any party.

21. The requested extension is modest and preserves the status quo. Defendants seek a brief extension to October 23, 2026, or alternatively twenty-one days after entry of an order. The motion is filed before the expiration of the current deadline, and Local Rule 9006-2 preserves the status quo pending the Court's ruling. Where "[t]he record is clear that a motion to extend was filed before the expiration of the deadline, [as here,] the applicable rules are clear that a motion to extend stays the deadline until the Bankruptcy Court can rule on the motion to extend." *In re Strong*, 2018 WL 936103, at *4.

22. Finally, no prejudice will result. Plaintiff's counsel have moved to withdraw and have acknowledged the interim suspension of the Litigation Trustee's authority, and the Court's

stated suspension of adversary matters further supports a short extension to avoid unnecessary or duplicative filings while counsel and trustee issues are addressed. *See Noble v. Yingling*, 37 B.R. 647, 651 (D. Del. 1984) (finding where a party "acted in good faith" and the opposing party "suffered no prejudice other than the expenditure of modest court costs and attorneys' fees," the equities favor granting relief).

## NOTICE

23. Notice of this motion has been provided to the following parties, or, in lieu thereof, their counsel: (i) Counsel to the Litigation Trustee, Jeffrey R. Waxman, Morris James LLP, 3205 Avenue North Blvd., Suite 100, Wilmington, DE 19803, jwaxman@morrisjames.com; and all parties who, as of the filing of this Motion, have filed notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 via the Courts CM/ECF system. Movants submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

24. No prior request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Movants respectfully request that the Court grant the relief requested in this Motion and the Order, entering an order:

(a) extending the deadline for Cypress and Tzros to answer or otherwise respond to the Complaint to October 23, 2026;

(b) in the alternative, extending the deadline to twenty-one (21) days after entry of an order on this motion; and

(c) granting such other and further relief.

Dated: September 22, 2026

WEIR LLP

By: /s/ *Jeffrey S. Cianciulli*

Jeffrey S. Cianciulli (#4369)
1204 N. King Street
Wilmington, DE 19801
T: (302) 652-8181
F: (302) 652-8909
jcianciulli@weirlawllp.com

*Counsel for Defendants*
*Cypress Point Holdings, LLC*
*And William Tzros*