IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SilverRock Development Company, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11647 (MFW)<br>(Jointly Administered)<br><br>Re: Docket Nos. 358, 392 |

**ORDER (I)APPROVING CERTAIN BIDDING PROCEDURES AND
THE FORM AND MANNER OF NOTICE THEREOF;
AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion"),[2] of the Debtors in the above-captioned chapter 11 cases (the "Cases"), seeking, an order approving certain bidding procedures attached hereto as Exhibit 1 (the "Bidding Procedures") for the sale of all or substantially all of Debtors' assets (the "Sale"); the Court having reviewed the Motion and conducted a hearing to consider the relief requested therein regarding the Bidding Procedures and related matters (the "Bidding Procedures Hearing"); and the Court having considered the statements of counsel and the evidence presented at the Bidding Procedures Hearing; and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC, (4493), SilverRock Luxury Residences, LLC (6598) and SilverRock Phase 1, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

[2] Capitalized terms not otherwise defined in this Order shall have the meanings given to them in the Motion or the Bidding Procedures, as applicable.

1

**FOUND AND DETERMINED THAT:**[3]

A. The Court has jurisdiction over this matter and over the property of the Debtors and their bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (0). The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105 and 363. Venue of the Cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Debtors have offered good and sufficient reasons for, and the best interest of their estates will be served by, this Court granting the Motion to the extent provided in this Order, including approving the Bidding Procedures, attached hereto as Exhibit 1, and form and manner of notice thereof.

C. Good and sufficient notice of the relief sought in the Motion has been given under the circumstances, and no further notice is required. Subject to the immediately preceding sentence, a reasonable opportunity to object or to be heard regarding the relief requested in the Motion was afforded to all interested persons and entities.

D. In accordance with Local Rule 6004-1, the Debtors have properly filed and noticed the Motion. The issuance and immediate effectiveness of this Order as of the date hereof, including approval of the Bidding Procedures, is supported by evidence of compelling business justifications

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. All findings of fact and conclusions of law announced by the Court at the Bidding Procedures Hearing are hereby incorporated herein to the extent not inconsistent herewith.

and other circumstances demonstrating that the relief granted by this Order is necessary for Debtors and their estates.

       E.       The Bidding Procedures were proposed in good faith.

       F.       The Bidding Procedures are fair, reasonable and appropriate under the circumstances, and are reasonably designed to maximize the value to be achieved for sale of the Assets (as such term is defined below).).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

       1.       The Motion is **GRANTED** to the extent provided herein.

       2.       All objections to the entry of this Order or to the relief provided herein that have not been withdrawn, waived, resolved, or settled are hereby denied and overruled.

       3.       The Bidding Procedures, attached as Exhibit 1 to this Order, are hereby approved in their entirety, as modified herein, incorporated by reference as if fully set forth herein, and shall govern all Bids and Bid Proceedings relating to the Project Opportunity. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures, subject to the consent and/or approval of the City, where required pursuant to the Final DIP Order, the MOU and/or other agreements between the City and the Debtors.

       4.       Working with JLL, Debtors, in consultation with the Consultation Parties (as that term is defined in the Bidding Procedures) and the City, without prejudice to any of the City's approval rights as set forth in the Final DIP Order and MOU, will select the Stalking Horse Bidder from among the Qualified Bidders, file a motion to approve the Stalking Horse Bidder no later than May 5, 2025, and obtain an order to enter into a definitive agreement, including a term sheet and Break Up Fee, describing the Stalking Horse Bidder's Qualified Bid, no later than May 16, 2025 (the "Stalking Horse Selection Deadline"). The deadline for Potential Bidders to submit

information that would permit them to be Qualified Bidders is June 7, 2025 (the "<u>Submission Deadline</u>.") The deadline for Qualified Bidders to submit a sealed Qualified Bid, in accordance with the Bidding Procedures shall be July 1, 2025, at 4:00 p.m. (prevailing Eastern Time) (the "<u>Sealed Bid Deadline</u>"). The deadline for the Debtors, working with JLL in consultation with the Consultation Parties and the City, without prejudice to any of the City's approval rights as set forth in the Final DIP Order and MOU, to select the Successful Bidder and Next-Highest Bidder shall be August 15, 2025 (the "<u>Buyer Selection Deadline</u>"). The Debtors, in consultation with the Consultation Parties and the City, without prejudice to any of the City's approval rights as set forth in the Final DIP Order and MOU, may agree to extend the Stalking Horse Selection Deadline, the Submission Deadline, the Sealed Bid Deadline, or the Buyer Selection Deadline by mutual agreement without further order of the Court; *provided that* the Debtors shall file a notice of any such extended deadlines and serve notice of same on all Potential Bidders and Qualified Bidders.

5. All Potential Bidders and Qualified Bidders are deemed to have submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Bidding Process and the terms and conditions of the transfer of the Project Opportunity.

6. The Stalking Horse Designation Procedures, described in Paragraphs 6-8 of this Order, are approved, and the Debtors, in consultation with the Consultation Parties and the City, without prejudice to any of the City's approval rights as set forth in the Final DIP Order and MOU, are authorized to seek approval of any Stalking Horse Agreement, which may consist only of a term sheet with proposed purchase and sale terms and a proposed Breakup Fee, with any Stalking Horse Bidders Bidder, in accordance with the Stalking Horse Designation Procedures provided in the Motion, as modified herein. In such instance, the Debtors shall file a supplement

to the Motion (the "Stalking Horse Supplement") seeking approval of the Stalking Horse Agreement with no less than ten calendar days' notice of the objection deadline to: (a) the U.S. Trustee; (b) the City; (c) the Consultation Parties; and (d) all parties who have filed appropriate notice pursuant to Bankruptcy Rule 2002 requesting notice of all pleadings filed in these cases (the "Stalking Horse Notice Parties"), with no further notice being required; *provided that* the Stalking Horse Supplement sets forth the Stalking Horse Bid, the proposed Breakup Fee, and the Stalking Horse Agreement finalized with the Stalking Horse Bidder.

7) Objections to the designation of a Stalking Horse Bidder or any of the terms of a Stalking Horse Bid (each a "Stalking Horse Objection") shall: (a) be in writing; (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules; (c) state, with specificity, the legal and factual bases thereof; and (d) be filed with the Court and served on the Stalking Horse Notice Parties within ten calendar days after the service of the Stalking Horse Supplement.

8) If a timely Stalking Horse Objection is filed, the Debtors will schedule a hearing regarding such Stalking Horse Objection as soon as reasonably practicable seeking approval of such Stalking Horse Bid that is in no event fewer than ten calendar days after the service of the Stalking Horse Supplement. If no timely Stalking Horse Objection is filed and served with respect to the Stalking Horse Bid, upon the expiration of the objection deadline, the Debtors will submit the Stalking Horse Approval Order to the Court, which the Court may enter without a hearing, including with respect to any Bid Protections set forth in the Stalking Horse Supplement. For the avoidance of doubt, the Court is not approving any Breakup Fee by or through this Order.

9) No later than one business day following the conclusion of the Bidding Process, the Debtors will file a notice identifying the Successful Bidder and the Next-Highest Bidder and a notice of motion for approval to sell the Debtors' Assets (as defined herein).

10) All parties that participate in the Bidding Process shall be deemed to have knowingly and voluntarily (a) consented to the entry of a final order by this Court in connection with the Motion or this Order (including any disputes relating to the Bidding Process) to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution, and (b) waived any right to jury trial in connection with any disputes relating to the any of the foregoing matters.

11) Subject to those rights expressly reserved by the City pursuant to the Final DIP Order, and subject further to the Debtors first satisfying their burden of proof, the Buyer shall be entitled to all legal protections typically afforded to a good-faith buyer of real estate under both the Bankruptcy Code and under California law. Nothing in this Order is intended to modify the provisions contained in the Final DIP Order (Dkt No. 330) or memorandum of understanding ("MOU") attached to the Final DIP Order. In the event of a conflict between this Order and the Final DIP order, the terms of the Final DIP Order shall govern. Further, nothing in this Order is intended to abrogate the rights of credit bidders under Bankruptcy Code Section 363(k) (subject to the credit bidders otherwise being Qualified Bidders.)

12) The requirements set forth in Local Rules 6004-1 and 9013-1 are hereby satisfied, modified, or waived.

13) Notwithstanding any applicability of Bankruptcy Rule 6004(h), 6006(d), 7052 or 9014, this Order shall be immediately effective and enforceable upon entry of this Order. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

14) The Court shall retain jurisdiction over any matter or dispute arising from or relating to the interpretation or implementation of this Order.

6

Dated: March 13th, 2025  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE