**EXHIBIT A**

**Interim Approval and Procedures Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SILVERROCK DEVELOPMENT COMPANY, LLC, *et al.*,<br><br>    Debtors.[1] | Chapter 11<br><br>Case No.: 24-11647 (MFW)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. ___** |

**ORDER (I) APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; (II) APPROVING SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF, AND (C) APPROVING THE FORM OF BALLOT AND ESTABLISHING VOTING AND TABULATION PROCEDURES; (III) SCHEDULING A COMBINED HEARING AND ESTABLISHING RELATED NOTICE AND OBJECTION PROCEDURES; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors") for the entry of an order, pursuant to sections 105(a), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3016, 3017, 3018, and 3020, and Local Rule 3017-2, (i) approving the *Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of SilverRock Development Company, LLC and its Debtor Affiliates* attached hereto as **Exhibit 1** (as approved by this Order, the "Combined Disclosure Statement and Plan"); (ii) approving solicitation and voting procedures with respect to the Combined Disclosure Statement and Plan, including (a) fixing the Record Date, (b) approving the Solicitation Packages and procedures for distribution thereof, and (c) approving the form of Ballot

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598) and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

[2]    Capitalized terms used, but not defined, shall have the meanings ascribed to them in the Motion.

and establishing voting and tabulation procedures; (iii) scheduling a final, combined hearing to consider (a) final approval of the adequacy of information in the Combined Disclosure Statement and Plan pursuant to section 1125 of the Bankruptcy Code and (b) confirmation of the Combined Disclosure Statement and Plan pursuant to section 1129 of the Bankruptcy Code (the "Combined Hearing") and establishing related notice and objection procedures; and (iv) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 1334(b) and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this being a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and the Interim Approval and Procedures Hearing being deemed adequate; and the Interim Approval and Procedures Hearing Notice constituting good and sufficient notice to all interested parties and no other or further notice needing be provided; and the Court having reviewed the Motion, the papers in support thereof, and the responses thereto, if any; and upon the record of the hearing; and the Court having found and determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor; it is HEREBY FOUND THAT:

A.      The notice of the Motion was served as set forth in the Motion, and such notice constitutes good and sufficient notice to all interested parties and complies with Bankruptcy Rules 2002 and 3017, and no other or further notice need be provided.

B.      The Notice of Non-Voting Status – Impaired Creditors attached hereto as **Exhibit 4** provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient

notice of the injunction, exculpation and release provisions in Article XII of the Plan in satisfaction of the requirements of Bankruptcy Rule 3016(c).

C.     The form of ballot (the "Ballot") for the Voting Classes attached hereto as **Exhibit 3**, is sufficiently consistent with Official Form No. 14, adequately addresses the particular needs of the chapter 11 cases, and is appropriate for the Voting Classes to accept or reject the Plan.

D.     The contents of the Solicitation Packages and Non-Voting Packages, as set forth herein, comply with Bankruptcy Rules 2002 and 3017, and constitute sufficient notice to all interested parties, including without limitation, Holders of Claims and Interests.

E.     Ballots need not be provided to the Non-Voting Classes, because the Plan provides that such Classes are either (i) rendered Unimpaired under, and therefore, deemed to have accepted the Plan (without voting), in accordance with section 1126(f) of the Bankruptcy Code, or (ii) Impaired and not entitled to receive or retain any property under the Plan, and therefore deemed to have rejected the Plan (without voting), in accordance with section 1126(g) of the Bankruptcy Code.

F.     The period within which the Debtors may solicit votes to accept or reject the Plan is reasonable and adequate for the Voting Class to make an informed decision to accept or reject the Plan.

G.     The procedures set forth in this Order for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

H.     The Combined Hearing Notice, the Notice of Non-Voting Status – Impaired Creditors, and the Notice of Non-Voting Status – Unimpaired Creditors and Opt-Out Form, substantially in the forms attached hereto as **Exhibit 2**, **Exhibit 4**, and **Exhibit 5** respectively; the

3

procedures provided in this Order for providing notice to all Creditors, Interest Holders, and parties in interest of the time, date, and place of the Combined Hearing and the deadline to object to confirmation of the Plan; and the contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and Local Rule 3017-2 and constitute sufficient notice to all interested parties.

I.      In addition to serving the Combined Hearing Notice as provided for herein, the Debtors will cause the Combined Hearing Notice, as may be modified for publication, to be published once in the national edition of the *New York Times*, *Wall Street Journal*, or *USA Today*, as determined by the Debtors in their sole discretion, within five (5) business days of the entry of this Order.  The publication of the Combined Hearing Notice will provide sufficient notice to persons who do not otherwise receive the Combined Hearing Notice by mail.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED, as set forth herein.

2.      The Disclosure Statement is approved on a conditional basis for solicitation purposes under section 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-2. Any objections to the adequacy of information contained in the Disclosure Statement on a final basis are expressly reserved for consideration at the Combined Hearing, unless withdrawn or overruled on the record at an Interim Approval Hearing.

3.      The Combined Hearing is hereby scheduled for **May 20, 2026 at 10:30 a.m. (ET) and May 21, 2026 at 10:30 a.m. (ET)**. The Combined Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors by announcement of the adjournment or continuance at a hearing before the Bankruptcy Court or by filing a notice on the docket of these chapter 11 cases. In accordance with the Plan, the Plan may be modified, if necessary, before, during, or as a result of the Combined Hearing without further action by the Debtors and without further notice to or action, order, or approval of the Bankruptcy Court or any other entity.

4

4.      Objections to confirmation of the Combined Disclosure Statement and Plan on any ground, including adequacy of the disclosures therein, if any, shall (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, and (iii) be filed with the Court and served upon the notice parties identified in the Combined Hearing Notice on or before **May 7, 2026**. Unless an objection is timely filed and served, it may not be considered by the Court at the Combined Hearing. The Debtors, and any other parties in interest supporting the Combined Disclosure Statement and Plan may, in their discretion, file a reply in support of Confirmation of the Combined Disclosure Statement and Plan by **May 18, 2026 at 12:00 p.m. (ET)** (the "Reply Deadline").  If the Combined Hearing is adjourned, the Reply Deadline shall be 12:00 p.m. (ET) two days before the Combined Hearing.

5.      The Ballot, substantially in the form attached hereto as **Exhibit 3** is approved.

6.      The Notice of Non-Voting Status – Impaired Creditors and the Notice of Non-Voting Status – Unimpaired Creditors and Opt-Out Form, substantially in the forms attached hereto as **Exhibit 4** and **Exhibit 5**, respectively, are approved.  The Notice of Non-Voting Status – Impaired Creditors in the form attached hereto as **Exhibit 4** is approved.

7.      The Record Date with respect to Holders of Claims and Interests shall be **April 7, 2026**.  The Record Date shall be used for purposes of determining: (i) the Holders of Claims in the Voting Classes, who will receive Solicitation Packages and are entitled to vote to accept or reject the Plan; (ii) the Holders of Claims and Interests in the Non-Voting Classes, who will receive a Notice of Non-Voting Status and are not entitled to vote to accept or reject the Plan; (iii) the amount of each Holder's Claim for solicitation and voting purposes (except as otherwise provided herein); and (iv) whether Claims have been properly and timely assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee (and not the original Claim Holder)

can vote to accept or reject the Plan.  With respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and (if applicable) cast a Ballot on account of such Claim only if all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date.  In the event a Claim is transferred after the Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the holder of such Claim as of the Record Date.

8.      By **April 9, 2026** (the "Solicitation Date"), the Debtors shall distribute, or cause to be distributed, by first-class mail, to Holders of Claims in the Voting Classes as of the Record Date a Solicitation Package containing the following:

    a.  the Combined Disclosure Statement and Plan;

    b.  this Interim Approval and Procedures Order (excluding exhibits);

    c.  a Ballot and the Voting Instructions;

    d.  a pre-addressed, postage pre-paid return envelope;

    e.  the Lien Priority Analysis;

    f.  the Allocation; and

    g.  the Combined Hearing Notice.

9.      The Debtors are authorized (but not required) to distribute, or cause to be distributed, the Combined Disclosure Statement and Plan (together with all exhibits thereto) and the Order to the Voting Classes in flash drive format in lieu of paper format.  The Combined Hearing Notice, Ballots and return envelopes contained in the Solicitation Packages shall be provided in paper format.

10.     By **April 9, 2026**, the Debtors shall distribute, or cause to be distributed, by first-class mail, to all Holders of Claims and Interests in the Non-Voting Classes, a Non-Voting Package, consisting of (i) the Combined Hearing Notice; and (ii) the applicable Notice of Non-Voting Status.

11.     By **April 9, 2026**, the Debtors shall distribute, or cause to be distributed, by first-class mail, Solicitation Packages, excluding a Ballot and return envelope, to: (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) any applicable state taxing authorities; and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002.

12.     By **April 9, 2026**, the Debtors shall distribute, or cause to be distributed, by first-class mail, the Combined Hearing Notice to: (i) those parties requesting notice pursuant to Bankruptcy Rule 2002; (ii) state and local taxing authorities for jurisdictions in which the Debtors conducted business; (iii) the Internal Revenue Service; (iv) the U.S. Trustee; (v) all creditors listed on the Debtors' Schedules who have filed a Proof of Claim; (vi) equity holders; (vii) parties to executory contracts and unexpired leases that have not previously been assumed or assumed and assigned; and (viii) any other known party in interest.

13.     The Debtors shall cause the Combined Hearing Notice, as may be modified for publication, to be published once in the national edition of the *New York Times, Wall Street Journal,* or *USA Today*, as determined by the Debtors in their sole discretion, within five (5) business days of the entry of this Order.

14.     The Debtors shall not be required to distribute Solicitation Packages to the same addresses to which undeliverable Combined Hearing Notices were distributed unless the Debtors are provided with accurate addresses for such entities prior to the Solicitation Date.  The Debtors shall make a reasonable attempt to find better addresses for entities as to whom a Solicitation Package was returned by the United States Postal Service as undeliverable without a forwarding address.

15.     The deadline by which all Ballots and Opt-Out Forms must be properly executed, completed, and actually received by the Voting Agent shall be **May 8, 2026** (the "Voting

Deadline"); *provided*, *however*, that the Debtors are permitted to extend the Voting Deadline at any time before or after the Voting Deadline, on behalf of any individual voter or the Voting Classes, as the facts and circumstances may require.

16.     Opt-Out Forms will be accepted in paper form by delivering the Opt-Out Form by first-class mail postage prepaid, personal delivery, or overnight courier to the Voting Agent at the following address:

**If by First-Class Mail:**
SilverRock Ballot Processing
c/o Reliable Companies
Attn:  Gene Matthews
1007 North Orange Street, Suite 110
Wilmington, DE 19801

**If by Hand Delivery or Overnight Mail:**
SilverRock Ballot Processing
c/o Reliable Companies
Attn:  Gene Matthews
1007 North Orange Street, Suite 110
Wilmington, DE 19801

Any failure to follow the instructions included with the Opt-Out Form may disqualify an Opt-Out Form.

17.     Ballots will be accepted in paper form by delivering the Ballot by first-class mail postage prepaid, personal delivery, or overnight courier to the Voting Agent at the following address:

**If by First-Class Mail:**
SilverRock Ballot Processing
c/o Reliable Companies
Attn:  Gene Matthews
1007 North Orange Street, Suite 110
Wilmington, DE 19801

**If by Hand Delivery or Overnight Mail:**
SilverRock Ballot Processing
c/o Reliable Companies
Attn:  Gene Matthews
1007 North Orange Street, Suite 110
Wilmington, DE 19801

Any failure to follow the voting instructions included with the Ballot may disqualify a Ballot and vote.

18.     Except as otherwise provided herein, each Holder of a Claim in the Voting Classes shall be entitled to vote the amount of its Claim as of the Record Date.  Solely for purposes of voting on the Plan, and not for the purpose of making Distributions under the Plan on account of a Claim, and without prejudice to the rights of the Debtors or any other proper party in interest in any other context, including claims objections, with respect to all Holders of Claims in the Voting Classes, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be as follows:

 a. The amount of the Claim listed in the Schedules; provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined, disputed, or in the amount of $0.00, (ii) no Proof of Claim has been timely filed by the applicable Bar Date (or otherwise deemed timely filed under applicable law), (iii) such Claim has not been satisfied by the Debtors, or (iv) such Claim has not been resolved pursuant to a stipulation or order entered by the Court.

 b. The undisputed, non-contingent, unpaid and liquidated amount specified in a Proof of Claim against the Debtors, filed with the Court or the Voting Agent by the applicable Bar Date (or otherwise deemed timely filed by the Court under applicable law), to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection filed by April 7, 2026 (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order).

 c. If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018.  Any motion pursuant to Bankruptcy Rule 3018 seeking to temporarily allow a Claim for voting purposes must be filed and served in accordance with this Order.

 d. Except as otherwise provided in subsection (c) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown,

blank, or uncertain amount or in the amount of $0.00 that is not the subject of a claim objection filed by April 7, 2026 shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only.

e.  Except as otherwise provided in subsection (c) hereof, with respect to a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim, but the Claim is the subject of a claim objection filed by April 7, 2026, the Debtors request, in accordance with Bankruptcy Rule 3018(a), that the Ballot not be counted for voting purposes.

f.  Notwithstanding subsection (e) hereof and except as otherwise provided in subsection (c) hereof, if the Debtors have requested that a Claim be reclassified, estimated and/or allowed in a fixed, reduced amount pursuant to a claim objection or estimation proceeding to such Claim, the Ballot of the Holder of such Claim shall be counted in the reduced amount requested by the Debtors and/or in the requested classification.

g.  Notwithstanding anything to the contrary contained herein, to the extent that a Holder holds duplicate Claims in the Voting Classes (by virtue of one or more timely-filed Proofs of Claim, the Schedules, or a combination of both), such Holder shall be deemed to hold a single Claim in the Voting Classes.

19.     The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a.  For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor against the Debtors will be aggregated as if such Creditor held a single Claim against the Debtors, and the votes related to those Claims shall be treated as a single vote on the Plan; *provided, however*, that separate Claims held as of the Petition Date by different entities (even if related, affiliated or properly and timely assigned or transferred prior to the Record Date) shall not be deemed to be held by a single Creditor pursuant to this provision, and the votes with respect to any such Claims shall be treated as separate votes on the Plan.

b.  Creditors with multiple Claims within the Voting Classes must vote all such Claims to either accept or reject the Plan and may not split their vote(s) within the Voting Classes. Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims within the Voting Classes will not be counted.

c.  Each Creditor will be provided a single individual Ballot for all Claims held by such Creditor in the Voting Classes.

d.  If a Claim is transferred after the Record Date, only the Holder of such Claim as of the Record Date may execute and submit a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Record Date, and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a).

10

e. The delivery of a Ballot will be deemed made only when the Voting Agent actually receives the original, executed Ballot.

f. Any party who has previously submitted to the Voting Agent prior to the Voting Deadline a properly completed Ballot may revoke such Ballot and change its vote by submitting to the Voting Agent prior to the Voting Deadline a subsequent properly completed Ballot. If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that Holder's intent and will supersede and revoke any Ballot previously received.

g. If a Holder of a Claim casts multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

h. Except as otherwise provided in subsection (f) hereof, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (i) contain the description of the Claim to which it relates and the aggregate principal amount represented by such Claim, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claim and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Voting Agent prior to the Voting Deadline. The Debtors expressly reserve the right to contest the validity of any such withdrawals.

20. The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

a. Any Ballot that fails to clearly indicate an acceptance or rejection, or that indicates both an acceptance and a rejection, of the Plan;

b. Any Ballot received after the Voting Deadline, except by order of the Bankruptcy Court or if the Debtors have granted an extension of the Voting Deadline with respect to such Ballot;

c. Any Ballot containing a vote that the Bankruptcy Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

d. Any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder;

e. Any Ballot cast by an Entity that does not hold a Claim in the Voting Classes;

f. Any unsigned Ballot or Ballot without an original signature; and

11

g.  Any Ballot submitted by fax, email or electronic transmission.

21.  Any party that wishes to challenge the allowance of its Claim for voting purposes shall serve on counsel to the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before **May 1, 2026**.  Any Ballot submitted by a Holder of a Claim that files a motion pursuant to Bankruptcy Rule 3018(a) shall be counted solely in accordance with the tabulation and other provisions of this Order unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

22.  The interpretation of all balloting rules and procedures (including the Ballot and the respective instructions thereto) by the Voting Agent and the Debtors, unless otherwise directed by the Court, will be final and binding on all parties.  The Debtors are authorized to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtors, be unlawful.  The Debtors are further authorized to waive or permit the cure of any defects or irregularities or conditions of delivery as to any particular Ballot.  Unless waived, any such defects or irregularities must be cured within such time as the Debtors (or the Court) determines.  Neither the Debtors nor any other person will be under any duty to provide notification of such defects or irregularities or failure to satisfy conditions of delivery nor will any of them incur any liabilities for failure to provide such notification.  Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made and such Ballots will be invalid until such defects or irregularities have been cured or waived.

23.  On or before **May 13, 2026**, the Voting Agent shall file a voting report (the "Voting Report"), verifying the results of its voting tabulations reflecting the votes cast to accept or reject the Plan.  The Voting Report shall, among other things, describe generally every Ballot received

12

by the Voting Agent that does not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late, illegible (in whole or in material part), unidentifiable, lacking signatures, lacking necessary information, or damaged.

24. The Combined Hearing will be held on **May 20, 2026 at 10:30 a.m. (ET) and May 21, 2026 at 10:30 a.m. (ET)**; *provided*, *however*, that the Combined Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors by announcement of the adjournment or continuance at a hearing before the Bankruptcy Court or by filing a notice on the docket of these chapter 11 cases. In accordance with the Plan, the Plan may be modified, if necessary, before, during, or as a result of the Combined Hearing without further action by the Debtors and without further notice to or action, order, or approval of the Bankruptcy Court or any other entity.

25. Objections to confirmation of the Plan (a "Combined Disclosure Statement and Plan Objection"), if any, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim of such party, (iii) state with particularity the basis and nature of any objection, and (iv) be filed, together with proof of service, with the Court and served so that they are actually received no later than **May 7, 2026** by the following (the "Notice Parties"): (a) counsel to the Debtors, (x) Wilson Sonsini Goodrich & Rosati, P.C., 222 Delaware Avenue, Suite 800, Wilmington, Delaware 19801 (Attn: Erin R. Fay, Shane M. Reil, and Catherine C. Lyons, (emails: efay@wsgr.com, sreil@wsgr.com, and clyons@wsgr.com)), (y) Law Offices of Benjamin M. Carson, P.C., 5965 Village Way, Suite E105, San Diego, California 92130 (Attn: Benjamin M. Carson (email: ben@benjamincarsonlaw.com)), and (z) Victor A. Vilaplana, 823 La Jolla Road, La Jolla, California 92037 (email: vavilaplana@gmail.com); and (b) the Office of the

13

United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane M. Leamy (email: jane.m.leamy@usdoj.gov)).

26.     The Debtors, or any other party supporting confirmation of the Plan, may file responses to any Combined Disclosure Statement and Plan Objection (or any other pleading in support of final approval and confirmation of the Combined Disclosure Statement and Plan) on or before **May 18, 2026 at 12:00 p.m. (ET)**.

27.     The Plan Supplement shall be filed and served no later than **April 30, 2026**.

28.     The Debtors and the Voting Agent are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

29.     The Debtors are authorized to make non-substantive changes to the Combined Disclosure Statement and Plan, the Ballot and Voting Instructions, the Combined Hearing Notice, and the Notice of Non-Voting Status and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Combined Disclosure Statement and Plan, and any materials in the Solicitation Package or Non-Voting Package prior to their distribution.

30.     Attached hereto as **Annex I** is a timetable of the significant dates related to solicitation and confirmation of the Combined Disclosure Statement and Plan.

31.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, enforcement, and interpretation of this Order.

14

**ANNEX I**

| Event | Proposed Date |
|---|---|
| Objection Deadline to Interim Approval and Procedures Motion | March 31, 2026 at 4:00 p.m. (ET) |
| Interim Approval and Procedures Hearing | April 7, 2026 at 10:30 a.m. (ET) |
| Record Date | April 7, 2026 |
| Deadline to File Claims Objections for Plan Voting Purposes | April 7, 2026 |
| Solicitation Date | April 9, 2026 |
| Deadline to File Plan Supplement | April 30, 2026 |
| Deadline to File Bankruptcy Rule 3018 Motions for Plan Voting Purposes | May 1, 2026 |
| Combined Disclosure Statement and Plan Objection Deadline | May 7, 2026 |
| Voting Deadline and Deadline to Submit Opt-Out Forms | May 8, 2026 |
| Deadline for Voting Agent to File Plan Voting Report | May 13, 2026 |
| Deadline to Reply to Plan Objections | May 18, 2026 at 12:00 p.m. (ET) |
| Combined Hearing | May 20, 2026 at 10:30 a.m. (ET) and May 21, 2026 at 10:30 a.m. (ET) |

**EXHIBIT 1**

**Combined Disclosure Statement and Plan**

**[Filed Separately]**

**EXHIBIT 2**

**Combined Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SILVERROCK DEVELOPMENT COMPANY, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 24-11647 (MFW)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. ___** |

**NOTICE OF ORDER (I) APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; (II) APPROVING SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF, AND (C) APPROVING THE FORM OF BALLOT AND ESTABLISHING VOTING AND TABULATION PROCEDURES; (III) SCHEDULING A COMBINED HEARING AND ESTABLISHING RELATED NOTICE AND OBJECTION PROCEDURES; <u>AND (IV) GRANTING RELATED RELIEF</u>**

---

**YOU WILL BE CONSENTING TO RELEASES OF CLAIMS AGAINST NON-DEBTORS IF YOU DO NOT TAKE ACTION TO OPT OUT OF THE RELEASES. THE PLAN PROVIDES THAT CERTAIN CREDITORS WILL BE DEEMED TO HAVE CONSENTED TO RELEASE CAUSES OF ACTION AGAINST NON-DEBTORS IF THEY DO NOT OPT OUT OF THE RELEASES OR OBJECT TO THE PLAN. THESE CAUSES OF ACTION MAY BE VALUABLE TO YOU. IF YOU DO NOT WISH TO GRANT THESE RELEASES, YOU MUST OPT-OUT OR OBJECT BY MAY 8, 2026.  PLEASE SEE SECTION 8. BELOW, AS WELL AS ARTICLE XII OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.**

---

**PLEASE TAKE NOTICE THAT:**

1. ***Entry of the Interim Approval and Procedures Order.***  At a hearing held on April 7, 2026 (the "Interim Approval and Procedures <u>Hearing</u>"), the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>"), having jurisdiction over the chapter 11 cases of the above-captioned debtors and debtors in possession (each, a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>"), entered an order [Docket No. ●] (the "<u>Interim Approval and Procedures Order</u>") approving, the disclosures contained in the *Combined Disclosure Statement and Joint Chapter 11 Plan of*

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598) and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

*Liquidation of SilverRock Development Company, LLC and its Debtor Affiliates*, dated as of March 17, 2026 and attached as Exhibit 1 to Interim Approval and Procedures Order on a conditional basis for use by the Debtors in soliciting acceptances or rejection to the Combined Disclosure Statement and Plan from those entitled to vote on the Combined Disclosure Statement and Plan. Capitalized terms used but not otherwise defined herein shall the meanings ascribed to such terms in the Combined Disclosure Statement and Plan.

2.   ***Classification of Claims and Interests under the Combined Disclosure Statement and Plan.*** The classification and treatment of Claims and Interests under the Combined Disclosure Statement and Plan is described generally below:

| Class | Claim or Interest | Summary of Treatment | Projected Recovery Under Plan |
|---|---|---|---|
| 1 | Secured Tax Claims | Unimpaired ***Deemed to Accept Plan*** | 100% |
| 2 | Priority Non-Tax Claims | Unimpaired ***Deemed to Accept Plan*** | 100% |
| 3 | Keillor Secured Claim | Impaired ***Entitled to Vote on Plan*** | 91.29% |
| 4 | Builders Capital Secured Claim | Impaired ***Entitled to Vote on Plan*** | 100% |
| 5 | Poppy Secured Claim | Impaired ***Entitled to Vote on Plan*** | 100% |
| 6 | RDO Secured Claim | Impaired ***Entitled to Vote on Plan*** | 100% |
| 7 | Granite Secured Claim | Impaired ***Entitled to Vote on Plan*** | 100% |
| 8 | Gauston Secured Claim | Impaired ***Entitled to Vote on Plan*** | 100% |

| Class | Claim or Interest | Summary of Treatment | Projected Recovery Under Plan |
|---|---|---|---|
| 9 | California Specialty Insulation Secured Claim | Impaired *Entitled to Vote on Plan* | 100% |
| 10 | EB-5 Secured Claim | Impaired *Entitled to Vote on Plan* | 100% |
| 11 | H&E Secured Claim | Impaired *Entitled to Vote on Plan* | 100% |
| 12 | Vermillions Secured Claim | Impaired *Entitled to Vote on Plan* | 100% |
| 13 | Traub Secured Claim | Impaired *Entitled to Vote on Plan* | 100% |
| 14 | Robert Green Disputed Secured Claim | Impaired *Entitled to Vote on Plan* | 0%[2] |
| 15 | General Unsecured Claims | Impaired *Entitled to Vote on Plan* | To be determined |
| 16 | Subordinated Claims | Impaired *Deemed to Reject Plan* | 0% |
| 17 | Intercompany Claims | Impaired *Deemed to Reject Plan* | 0% |
| 18 | Interests | Impaired *Deemed to Reject Plan* | 0% |

---

[2] The Debtors expect this claim will be objected to and that it is reasonably likely such claim will be disallowed in full.

The projected recovery under the Plan, set forth in the chart above, are funded by the Debtors' Cash and the proceeds, if any, from the Retained Causes of Action. Through these bankruptcy cases, the Debtors generated $65 million in cash proceeds from the sale of the Debtors' Assets. The Plan implements a Litigation Trust that will be responsible for liquidating the Litigation Trust Assets for the benefit of Beneficiaries and making Distributions to Holders of Claims entitled to recovery under the Combined Disclosure Statement and Plan and subject to the Allocation Motion and the Debtors' Allocation Methodology.

3.      ***Deadline for Voting on the Plan.***  The Court has established **May 8, 2026** (the "Voting Deadline") as the deadline by which Ballots accepting or rejecting the Plan must be received. Only Holders of Claims in Classes 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 under the Plan are entitled to vote on the Plan and will receive Ballots to cast such votes. To be counted, Ballots must be properly executed, completed, and delivered to the Voting Agent at the address provided for herein so as to be received by the Voting Agent no later than the Voting Deadline, unless extended by the Debtors. Ballots will be accepted in paper form by delivering the Ballot by first-class mail postage prepaid, personal delivery or overnight courier to the Voting Agent at:

**If by First-Class Mail:**
SilverRock Ballot Processing
c/o Reliable Companies
Attn: Gene Matthews
1007 North Orange Street, Suite 110
Wilmington, DE 19801

**If by Hand Delivery or Overnight Mail:**
SilverRock Ballot Processing
c/o Reliable Companies
Attn: Gene Matthews
1007 North Orange Street, Suite 110
Wilmington, DE 19801

Any failure to follow the voting instructions included with the Ballot may disqualify a Ballot and vote. Ballots cast by facsimile, e-mail or other electronic transmission will not be counted.

4.      Holders of Unimpaired Claims under the Plan (i.e., Class 1 Secured Tax Claims, and Class 2 Priority Non-Tax Claims) are deemed to accept the Plan and thus not entitled to vote on the Plan. Further, Holders of Claims in Class 16 (Subordinated Claims), Class 17 (Intercompany Claims), and Class 18 (Interests) are Impaired and will not receive or retain any property under the Plan, and therefore are deemed to reject the Plan and are not entitled to vote under the Plan.

5.      ***Combined Hearing.***  A hearing to consider final approval of the adequacy of the disclosures in the Combined Disclosure Statement and Plan pursuant to section 1125 of the Bankruptcy Code and confirmation of the Plan and for such other and further relief as may be just or proper (the "Combined Hearing") will be held on **May 20, 2026 at 10:30 a.m. (ET) and May 21, 2026 at 10:30 a.m. (ET)** before the Honorable Mary F. Walrath, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th

4

Floor, Courtroom #4, Wilmington, Delaware 19801.  The Combined Hearing may be continued by the Debtors from time to time without further notice other than the announcement of the adjourned date(s) at the Combined Hearing or any continued hearing or on the applicable hearing agenda or a notice filed with the Bankruptcy Court.  The Combined Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors by announcement of the adjournment or continuance at a hearing before the Bankruptcy Court or by filing a notice on the docket of these chapter 11 cases. In accordance with the Plan, the Plan may be modified, if necessary, before, during, or as a result of the Combined Hearing without further action by the Debtors and without further notice to or action, order, or approval of the Bankruptcy Court or any other entity.

6.      If the Bankruptcy Court enters an order approving and confirming the Combined Disclosure Statement and Plan, section 1141 of the Bankruptcy Code shall become applicable with respect to the Combined Disclosure Statement and Plan and the Combined Disclosure Statement and Plan shall be binding on all parties to the fullest extent permitted by the Bankruptcy Code.

7.      ***Deadline for Objections to Confirmation of the Plan.***  Objections, if any, to final approval and confirmation of the Combined Disclosure Statement and Plan, must (i) be in writing; (ii) state the name, address, and nature of the Claim of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on the following parties so as to be actually received **before May 7, 2026**: (a) counsel to the Debtors, (x) Wilson Sonsini Goodrich & Rosati, P.C., 222 Delaware Avenue, Suite 800, Wilmington, Delaware 19801 (Attn: Erin R. Fay, Shane M. Reil, Catherine C. Lyons (emails: efay@wsgr.com, sreil@wsgr.com, and clyons@wsgr.com)), (y) Law Offices of Benjamin M. Carson, P.C., 5965 Village Way, Suite E105, San Diego, California 92130 (Attn: Benjamin M. Carson (email: ben@benjamincarson.com)), and (z) Victor A. Vilaplana, 823 La Jolla Rancho Road, La Jolla, California 92037 (email: vavilaplana@gmail.com); and (b) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 855 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, (Attn: Jane M. Leamy (email: jane.m.leamy@usdoj.gov)).

8.      ***Certain Voting Issues.***  Any party that wishes to challenge the allowance of its Claim for voting purposes shall serve on counsel to the Debtors and file with the Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan **on or before May 1, 2026**.

9.      ***RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN THE PLAN. ARTICLE XII OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, WHICH ARE DESCRIBED IN MORE DETAIL BELOW.  YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE PLAN, INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER OF YOU ARE BEING PAID OR VOTING ON THE PLAN.***

10.      ***RELEASES YOU WILL BE GIVING IF YOU DO NOT ACT***. The Bankruptcy Court does not have the power to force you to provide releases to persons or entities who are not

debtors. However, plans may provide that creditors consent to give such releases. The terms of this plan provide that YOU WILL BE GIVING RELEASES to third parties **for claims related to the Debtors and these chapter 11 cases** if you do not act. Some creditors may have valuable claims against some or all of the non-debtors being released, and some creditors may not. You should carefully review the releases and consult with your counsel.

If YOU DO NOT WANT TO CONSENT TO THE RELEASES you will need to opt out of the releases by either filing a written objection to the Plan with the Bankruptcy Court prior to **May 7, 2026**, or returning a ballot or Opt-Out Form (as applicable) with the "opt out" box checked prior to **May 8, 2026**.

A. ***Who is consenting to the releases if they do not opt out?*** The Plan provides that the following parties will be deemed to have consented to the releases: "all Holders of Claims in Classes 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 that vote to accept the Plan and do not timely submit a Release Opt-Out indicating such Holder's decision to not participate in the releases set forth in Article XII.C of the Plan." If you are receiving this notice, you may fall within this definition and may be granting releases if you do not opt out.

B. ***Who will be released?*** If you are deemed to have given the releases, you will be releasing "(a) the Debtors; (b) the Estates; (c) the DIP Lender; and (d) each Related Party of each Entity in clause (a) through (c); *provided, however*, that notwithstanding the foregoing, the Robert Green Parties shall not be Released Parties." The "Related Parties" are "the Debtor Related Parties and the Non-Debtor Related Parties." The "Debtor Related Parties" are "with respect to the Debtors, each of, and in each case solely in its capacity as such, the Debtors' current directors, managers, officers, members of any governing body, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, and other professionals and advisors and any such Related Party's respective heirs, executors, estates, and nominees; *provided* that the Robert Green Parties shall not be Debtor Related Parties." The "Non-Debtor Related Parties" are "with respect to any non-Debtor Person or Entity, each of, and in each case solely in its capacity as such, such Person's or Entity's current and former directors, managers, officers, committee members, members of any governing body, advisory board members, members, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, management companies, fund advisors or managers, predecessors, participants, successors, assigns, representatives, subsidiaries, Affiliates, partners, limited partners, general partners, principals, employees, agents, trustees, financial advisors, attorneys, accountants, investment bankers, investment advisors, consultants, and other professionals and advisors and any such Related Party's respective heirs, executors, estates, and nominees."

C. ***What claims will you be releasing?*** If you fall within one of the categories listed in Paragraph 10(A) above and you do not opt-out of the release, you will be forever releasing, and will not be able to pursue, the following claims against any of the parties listed in Paragraph 10(B) immediately above: any and all claims, interests, obligations, rights, suits, damages, causes of action (including any and all causes of action under chapter 5 of the Bankruptcy Code), remedies and liabilities whatsoever, including any

6

derivative claims or claims asserted or assertible on behalf of the Debtors and the Estates, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that you would have been legally entitled to assert (whether individually or collectively), based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date, relating to the Debtors, the Estates, the chapter 11 cases, the Sale Order and the transactions approved thereunder, the Combined Disclosure Statement and Plan or related agreements, instruments or other documents; *provided, however,* that nothing in the Plan shall be deemed a waiver or release of any right of any such Releasing Parties to receive a Distribution pursuant to the terms of the Plan; provided further, however, that the foregoing provisions of the release in Article XII of the Plan shall not operate to waive, release or otherwise impair any causes of action arising from criminal acts, willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction. For the avoidance of doubt, notwithstanding anything to the contrary in the Plan, the foregoing release by the Releasing Parties is not, and shall not be deemed to be, in exchange for a waiver of the Debtors' (or the Litigation Trust's) rights or claims against the Releasing Parties, including the Debtors' (or the Litigation Trust's) rights to assert setoffs, recoupments or counterclaims, or to object or assert defenses to any Claim or Interest, and all such rights and claims are expressly reserved. You should also know that Section 1542 of the Civil Code of the State of California provides as follows: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY. Nevertheless, if you are a releasing party and you do not opt out, you will have voluntarily waived these rights, and will be releasing claims that you do not know or expect that you have.

D. ***How do I opt-out of these releases?*** If you are a creditor whose claim will be paid in full or a holder of  General Unsecured Claim, you must either (i) file an objection by the objection deadline; or (ii) (x) for Voting Classes return a ballot with the opt-out box checked (whether you vote for or against the plan or abstain from voting on the plan, or (y) for Holders of Unimpaired Claims in Classes 1 and 2 return the Opt-Out Form with the opt-out box checked, in either case by the Voting Deadline **May 8, 2026**.

E. ***What happens if you opt-out of the releases?*** Whether you grant the releases to these non-debtors, or choose to *not* grant the releases, there will be no impact on your right to receive distributions from the Debtors under the Plan.

11.    ***RELEASES BY THE DEBTORS, EXCULPATION, AND INJUNCTION.*** *Additionally, Article XII of the Plan contains certain provisions regarding exculpation and injunctions.*

7

*All parties are advised to read Article XII of the Plan carefully and consult with their own advisors with respect thereto. The text of the relevant provisions of Article XII of the Plan are as follows:*

**ARTICLE XII.**
**RELEASE, INJUNCTION, AND RELATED PROVISIONS**

*A.      Non-Discharge of the Debtors; Injunction.*

In accordance with section 1141(d)(3) of the Bankruptcy Code, the Plan does not discharge the Debtors. Section 1141(c) of the Bankruptcy Code nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Liens, Claims, and Interests. As such, no Person or Entity holding a Lien, Claim or Interest may receive any payment from, or seek recourse against, any assets or property of the Debtors, the Estates, or the Litigation Trust or (to the extent provided in Section XII.B or XII.C) any Released Party other than assets or property required to be distributed to that Person or Entity under the Plan. From the Effective Date through the date on which all Distributions required to be made by the Litigation Trust under the Plan and the Litigation Trust Agreement have been made, all parties are precluded from asserting against any assets or property of the Debtors, the Estates, and the Litigation Trust any Claims, rights, causes of action, liabilities or Interests based upon any act, omission, transaction or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Combined Order.

Except as otherwise expressly provided for in the Plan or the Combined Order, all Persons and Entities are permanently enjoined, from the Effective Date through the date on which all Distributions required to be made by the Litigation Trust under the Plan and the Litigation Trust Agreement have been made, on account of any Claim or Interest, from:

(a)      commencing or continuing in any manner any action or other proceeding of any kind against the Debtors, the Estates, the Litigation Trust, or their respective successors and assigns and any of their assets and properties;

(b)      enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against the Debtors, the Estates, the Litigation Trust, or their respective successors and assigns, and any of their assets and properties;

(c)      creating, perfecting or enforcing any encumbrance of any kind against the Debtors, the Estates, the Litigation Trust, or their respective successors and assigns and any of their assets and properties;

(d)      asserting any right of setoff or subrogation of any kind against any obligation due from the Debtors, the Estates, the Litigation Trust or their respective successors and assigns, or against any of their assets and properties, except to the extent a right to setoff or subrogation is asserted in a timely filed proof of claim; or

(e)     commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim, Interest or cause of action released or settled hereunder.

From and after the Effective Date, all Persons and Entities are permanently enjoined from commencing or continuing in any manner against the Debtors, the Estates, the Litigation Trust, the Released Parties, or their respective successors and assigns and any of their assets and properties, any suit, action or other proceeding, on account of or respecting any claim, interest, demand, liability, obligation, debt, right, cause of action, or remedy that either is (a) released or to be released pursuant to the Plan or the Combined Order; or (b) is property of, or could be asserted by, the Debtors, their Estates or the Litigation Trust. From and after the Effective Date, the Litigation Trustee shall have the sole authority to prosecute, settle, or otherwise dispose of any Retained Causes of Action and no other parties shall be entitled to assert any Retained Causes of Action derivatively or otherwise on behalf of the Debtors, the Estates or the Litigation Trust.

**B.**     *Releases by the Debtors.*

As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties in facilitating the administration of the Chapter 11 Cases and other actions contemplated by the Plan and the other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan and the Chapter 11 Cases, the Released Parties are deemed forever released by the Debtors and the Estates, and anyone claiming by or through the Debtors and the Estates, from any and all claims, interests, obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, including any derivative claims or claims asserted or assertible on behalf of the Debtors and the Estates, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that the Debtors or the Estates would have been legally entitled to assert in their own right or on behalf of the Holder of any Claim or Interest, based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date, including in any way relating to the Debtors, the Estates, the Chapter 11 Cases, the Sale Order and the transactions approved thereunder, Combined Disclosure Statement and Plan or related agreements, instruments or other documents in the Chapter 11 Cases; *provided, however,* that the foregoing provisions shall not operate to waive, release or otherwise impair any Causes of Action arising from criminal acts, willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction; *provided further, however,* that nothing in this Article XII.B shall release any direct claims held by non-Debtor parties.

**C.**     *Releases by Holders of Claims.*

As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties in facilitating the administration of the Chapter 11 Cases and other actions contemplated by the Plan and the other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan and

the Chapter 11 Cases, and subject to Article XII.D, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released the Released Parties from any and all claims, interests, obligations, rights, suits, damages, causes of action (including any and all causes of action under chapter 5 of the Bankruptcy Code), remedies and liabilities whatsoever, including any derivative claims or claims asserted or assertible on behalf of the Debtors and the Estates, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that such Releasing Party would have been legally entitled to assert (whether individually or collectively), based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date, relating to the Debtors, the Estates, the Chapter 11 Cases, the Sale Order and the transactions approved thereunder, Combined Disclosure Statement and Plan or related agreements, instruments or other documents; *provided*, *however*, that nothing in the Plan shall be deemed a waiver or release of any right of any such Releasing Parties to receive a Distribution pursuant to the terms of the Plan; *provided further*, *however*, that the foregoing provisions of this release shall not operate to waive, release or otherwise impair any causes of action arising from criminal acts, willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction.  For the avoidance of doubt, notwithstanding anything to the contrary in the Plan, the foregoing release by the Releasing Parties is not, and shall not be deemed to be, in exchange for a waiver of the Debtors' (or the Litigation Trust's) rights or claims against the Releasing Parties, including the Debtors' (or the Litigation Trust's) rights to assert setoffs, recoupments or counterclaims, or to object or assert defenses to any Claim or Interest, and all such rights and claims are expressly reserved.

Each Holder of a Claim entitled to vote on the Plan who accepts the Plan will be deemed to have provided the releases set forth in this Article XII.C unless such Holder timely opts out of such release by indicating its decision to not participate in such releases by checking the appropriate box on its Ballot and returning such Ballot to the Claims and Noticing Agent or by Filing an objection to such releases prior to the deadline to object to Confirmation of the Plan.

Section 1542 of the Civil Code of the State of California provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Each Releasing Party that does not timely opt out of the releases set forth in this Article XII.C by indicating its decision to not participate in such releases by checking the appropriate box on its Ballot and returning such Ballot to the Claims and Noticing Agent or Filing an objection to such releases prior to the deadline to object to Confirmation of the Plan shall be deemed to have voluntarily waived the rights described in Section 1542 of the Civil Code of the State of California.

**D.      *Exculpation and Limitation of Liability***

**On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent permitted by law, none of the Exculpated Parties shall have or incur any liability to any Person or Entity, including to any Holder of a Claim or an Interest, for any act taken or omitted to be taken on or after the Petition Date and prior to or on the Effective Date in connection with, relating to, or arising out of the Chapter 11 Cases, the Sale Order and the transactions approved thereunder, the formulation, negotiation, preparation, dissemination, solicitation of acceptances, implementation, confirmation or consummation of Combined Disclosure Statement and Plan, the Litigation Trust Agreement or any contract, instrument, release or other agreement or document created, executed or contemplated in connection with the Plan, or the administration of the Plan or the assets and property to be distributed under the Plan; *provided, however*, that the such exculpation provisions shall not apply to acts or omissions constituting actual fraud, willful misconduct or gross negligence by such Exculpated Party, as determined by a Final Order.  The Combined Order and the Plan shall serve as a permanent injunction against any Person or Entity seeking to enforce any claim or cause of action against the Exculpated Parties that has been exculpated pursuant to this Section 12.3.**

**E.      *City Settlement Contribution***

Following resolution and payment of any amount owed to Poppy pursuant to the Poppy Indemnity, and subject to the conditions set forth in this Article XII.E, the DIP Lender shall pay the City Settlement Offerees the City Settlement Contribution. The City Settlement Contribution shall be allocated among the eligible City Settlement Offerees ratably based on the amount which each City Settlement Offeree is entitled to receive under this Combined Disclosure Statement and Plan on account of its Allowed Secured Claim in the parcels that are subject to paragraph 5 of Exhibit 3 to the Final DIP Order. To be eligible to receive any portion of the City Settlement Contribution, the Holder must (a) vote to accept the Plan, (b) not "opt-out" of granting the Third-Party Release set forth in Article XII.C of this Combined Disclosure Statement and Plan, and (c) execute and deliver a general release of all claims, known and unknown, against the DIP Lender and its Related Parties (in a form to be included in the Plan Supplement). The payment of the City Settlement Contribution shall be subject to, and conditioned upon, the determination by the Bankruptcy Court by Final Order(s) of: (1) the amount, if any, payable to Poppy under the Poppy Indemnity; (2) the aggregate amount of the City Settlement Contribution; (3) the allowance and amount of the Allowed Secured Claim of each of the City Settlement Offerees and their eligibility as City Settlement Offerees; and (4) the allocation of the City Settlement Contribution among the eligible City Settlement Offerees. The payment of the City Settlement Contribution shall be further subject to and conditioned upon the Combined Order and (if separate) the Order approving the Allocation Motion having become Final Orders, without regard to the occurrence of the Effective Date; and the approval of the City Settlement Contribution by the DIP Lender in accordance with California law. Distributions on account of the City Settlement Contribution are in addition to distributions to affected creditors under Article III of this Combined Disclosure Statement and Plan.

***Copies of Documents.***  Copies of the Combined Disclosure Statement and Plan, the Plan Supplement (which will be filed on or before April 30, 2026), and the Interim Approval and Procedures Order are, or will be, available for review free of charge at https://www.bankruptcy-

11

claims.com/silverrock/CaseHome.aspx by clicking on the link on the left-hand side of the page titled "Combined Disclosure Statement and Plan." In addition, copies of the Combined Disclosure Statement and Plan are available upon written request to the Debtors' Voting Agent:

**If by First-Class Mail:**
SilverRock Ballot Processing
c/o Reliable Companies
Attn:  Gene Matthews
1007 North Orange Street, Suite 110
Wilmington, DE 19801


**If by Hand Delivery or Overnight Mail:**
SilverRock Ballot Processing
c/o Reliable Companies
Attn:  Gene Matthews
1007 North Orange Street, Suite 110
Wilmington, DE 19801

If you are the holder of a Claim and believe that you are entitled to vote on the Plan, but you did not receive a Solicitation Package, or if you have any questions concerning voting procedures, you should contact the Voting Agent electronically, in writing.

Dated: [_____], 2026
     Wilmington, Delaware

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

*/s/*_____
Erin R. Fay (No. 5268)
Shane M. Reil (No. 6195)
Catherine C. Lyons (No. 6854)
222 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 304-7600
E-mails: efay@wsgr.com
       sreil@wsgr.com
       clyons@wsgr.com

*-and–*

**LAW OFFICES OF BENJAMIN M. CARSON, P.C.**
Benjamin M. Carson (admitted *pro hac vice*)
5965 Village Way, Suite E105
San Diego, California 92130
Telephone: (858) 255-4529
E-mail:  ben@benjamincarson.com

*-and-*

Victor A. Vilaplana (admitted *pro hac vice*)
823 La Jolla Rancho Road
La Jolla, California 92037
Telephone: (619) 840-4130
Email: vavilaplana@gmail.com

*Counsel to the Debtors and Debtors-in-Possession*

13

**EXHIBIT 3**

**Form of Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SILVERROCK DEVELOPMENT COMPANY, LLC, *et al.*, | Case No.: 24-11647 (MFW) |
| Debtors.[1] | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF LIQUIDATION OF SILVERROCK DEVELOPMENT COMPANY, LLC AND ITS DEBTOR AFFILIATES**

> **TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT BY MAY 8, 2026**

> **IF YOU VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO NOT VOTE IN ITEM 2 BELOW TO ACCEPT OR REJECT THE PLAN, YOU WILL RELEASE THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE XII OF THE PLAN, UNLESS YOU CHECK THE BOX IN ITEM 4 BELOW TO "OPT OUT" OF SUCH RELEASE OR FILE AN OBJECTION TO SUCH RELEASE PRIOR TO THE DEADLINE TO SUBMIT OBJECTIONS TO FINAL APPROVAL AND CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN**

This ballot (the "Ballot") is being submitted to you by SilverRock Development Company, LLC and its debtor affiliates (each, a "Debtor" and collectively, the "Debtors") to solicit your vote to accept or reject the *Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of SilverRock Development Company, LLC and its Debtor Affiliates* (as amended, modified or supplemented from time to time, the "Combined Disclosure Statement and Plan"). The Disclosure Statement contains disclosures explaining the Debtors' plan of liquidation and has been approved on an conditional basis by order of the United States Bankruptcy Court for the District of Delaware (the "Court") [Docket No. __] (the "Interim Approval and Procedures Order") and attached as Exhibit 1 to the Interim Approval and Procedures Order.

The Combined Disclosure Statement and Plan provides information to assist you in deciding how to vote your Ballot. Court approval of the Combined Disclosure Statement and Plan does not indicate Court approval of the Plan. If you do not have a copy of the Combined Disclosure

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598) and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

Statement and Plan you may obtain a copy free of charge on the webpage of Reliable (the "Voting Agent") at https://www.bankruptcy-claims.com/silverrock/CaseHome.aspx. Copies of the Combined Disclosure Statement and Plan are also available: (i) for a fee, on the Court's website, www.deb.uscourts.gov (a PACER account is required); or (ii) upon request to the Voting Agent by email at bankruptcy@reliable-co.com with a reference to "SilverRock" in the subject line.

---

**IMPORTANT**

**You should review the Combined Disclosure Statement and Plan before you vote. You may wish to seek legal advice concerning the Combined Disclosure Statement and Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 3/Class 4/Class 5/Class 6/Class 7/ Class 8/Class 9/Class 10/Class 11/Class 12/Class 13/Class 14/Class 15 under the Combined Disclosure Statement and Plan. If you hold Claims in more than one Class under the Plan, you will only receive a Ballot for the Class in which you are entitled to vote.**

**If your Ballot is not actually received by the Voting Agent on or before May 8, 2026 (the "Voting Deadline"), and such deadline is not extended in the sole discretion of the Debtors, your vote will not count as either an acceptance or rejection of the Plan. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.**

| **If by First-Class Mail**: | **If by Hand Delivery or Overnight Mail**: |
|---|---|
| SilverRock Ballot Processing | SilverRock Ballot Processing |
| c/o Reliable Companies | c/o Reliable Companies |
| Attn: Gene Matthews | Attn: Gene Matthews |
| 1007 North Orange Street, Suite 110 | 1007 North Orange Street, Suite 110 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |

---

2

**ACCEPTANCE OR REJECTION OF THE PLAN**

**Item 1. Vote Amount**.  For purposes of voting to accept or reject the Plan, as of April 7, 2026 (the "Record Date"), the undersigned (the "Claimant") was a holder of a Class 3/Class 4/Class5/Class 6/Class 7/Class 8/Class 9/Class 10/Class 11/Class 12/Class 13/Class 14/Class15 Claim against the Debtors in the aggregate amount set forth below.

$ _____

**Item 2. Vote on Plan.  CHECK ONE BOX ONLY:**

☐  **ACCEPTS (votes FOR) the Plan.**

☐  **REJECTS (votes AGAINST) the Plan.**

**Item 3. Tax Information**.  Under penalty of perjury, Claimant certifies that:

A.  Claimant's correct taxpayer identification number is:

(Social Security Number) _____-____-____,

(or Employer Identification Number) _____- ; and

B.  Claimant is not subject to backup withholding because (please check appropriate

box):

☐  Claimant is exempt from backup withholding;

☐  Claimant has not been notified by the Internal Revenue Service ("IRS") that Claimant is subject to backup withholding as a result of a failure to report all interest or dividends; or

☐  The IRS has notified Claimant that Claimant is no longer subject to backup withholding.

**Item 4. Releases.**

**IMPORTANT INFORMATION REGARDING THE RELEASES**

**IF YOU VOTED IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, OR IF YOU DO NOT VOTE IN ITEM 2 ABOVE TO ACCEPT OR REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES FROM TO THE EXTENT PROVIDED IN ARTICLE XII OF THE PLAN, UNLESS YOU CHECK THE BOX BELOW IN THIS ITEM 4 TO "OPT OUT" OF SUCH RELEASE OR FILE AN OBJECTION TO SUCH RELEASES WITH THE BANKRUPTCY COURT PRIOR TO THE DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN.**

3

☐       **The undersigned Claimant elects <u>not</u> to grant (and therefore OPTS OUT of) the releases set forth in Article XII of the Plan.**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article XII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article XII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

Specifically, the releases in Article XII.C of the Plan provide:

*<u>Releases by Holders of Claims</u>*.  **As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties in facilitating the administration of the Chapter 11 Cases and other actions contemplated by the Plan and the other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan and the Chapter 11 Cases, and subject to Article XII.D, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released the Released Parties from any and all claims, interests, obligations, rights, suits, damages, causes of action (including any and all causes of action under chapter 5 of the Bankruptcy Code), remedies and liabilities whatsoever, including any derivative claims or claims asserted or assertible on behalf of the Debtors and the Estates, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that such Releasing Party would have been legally entitled to assert (whether individually or collectively), based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date, relating to the Debtors, the Estates, the Chapter 11 Cases, the Sale Order and the transactions approved thereunder, Combined Disclosure Statement and Plan or related agreements, instruments or other documents; *provided, however*, that nothing in the Plan shall be deemed a waiver or release of any right of any such Releasing Parties to receive a Distribution pursuant to the terms of the Plan; *provided further, however*, that the foregoing provisions of this release shall not operate to waive, release or otherwise impair any causes of action arising from criminal acts, willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction.  For the avoidance of doubt, notwithstanding anything to the contrary in the Plan, the foregoing release by the Releasing Parties is not, and shall not be deemed to be, in exchange for a waiver of the Debtors' (or the Litigation Trust's) rights or claims against the Releasing Parties, including the Debtors' (or the Litigation Trust's) rights to assert setoffs, recoupments or counterclaims, or to object or assert defenses to any Claim or Interest, and all such rights and claims are expressly reserved.**

**Each Holder of a Claim entitled to vote on the Plan who accepts the Plan will be deemed to have provided the releases set forth in this Article XII.C unless such Holder timely opts out of such release by indicating its decision to not participate in such releases by checking the appropriate box on its Ballot and returning such Ballot to the Claims and**

4

**Noticing Agent or by Filing an objection to such releases prior to the deadline to object to Confirmation of the Plan.**

**Section 1542 of the Civil Code of the State of California provides as follows:**

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

**Each Releasing Party that does not timely opt out of the releases set forth in this Article XII.C by indicating its decision to not participate in such releases by checking the appropriate box on its Ballot and returning such Ballot to the Claims and Noticing Agent or Filing an objection to such releases prior to the deadline to object to Confirmation of the Plan shall be deemed to have voluntarily waived the rights described in Section 1542 of the Civil Code of the State of California.**

Additionally, Article XII.E of the Plan provides:

City Settlement Contribution.    Following resolution and payment of any amount owed to Poppy pursuant to the Poppy Indemnity, and subject to the conditions set forth in this Article XII.E, the DIP Lender shall pay the City Settlement Offerees the City Settlement Contribution. The City Settlement Contribution shall be allocated among the eligible City Settlement Offerees ratably based on the amount which each City Settlement Offeree is entitled to receive under this Combined Disclosure Statement and Plan on account of its Allowed Secured Claim in the parcels that are subject to paragraph 5 of Exhibit 3 to the Final DIP Order. To be eligible to receive any portion of the City Settlement Contribution, the Holder must (a) vote to accept the Plan, (b) not "opt-out" of granting the Third-Party Release set forth in Article XII.C of this Combined Disclosure Statement and Plan, and (c) execute and deliver a general release of all claims, known and unknown, against the DIP Lender and its Related Parties (in a form to be included in the Plan Supplement). The payment of the City Settlement Contribution shall be subject to, and conditioned upon, the determination by the Bankruptcy Court by Final Order(s) of: (1) the amount, if any, payable to Poppy under the Poppy Indemnity; (2) the aggregate amount of the City Settlement Contribution; (3) the allowance and amount of the Allowed Secured Claim of each of the City Settlement Offerees and their eligibility as City Settlement Offerees; and (4) the allocation of the City Settlement Contribution among the eligible City Settlement Offerees. The payment of the City Settlement Contribution shall be further subject to and conditioned upon the Combined Order and (if separate) the Order approving the Allocation Motion having become Final Orders, without regard to the occurrence of the Effective Date; and the approval of the City Settlement Contribution by the DIP Lender in accordance with California law. Distributions on account of the City Settlement Contribution are in addition to distributions to affected creditors under Article III of this Combined Disclosure Statement and Plan.

The definitions of certain defined terms in the releases in Article XII.C are defined in the Plan as follows:

*Releasing Parties: All Holders of Claims in Classes 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 that vote to accept the Plan and do not timely submit a Release Opt-Out indicating such Holder's decision to not participate in the releases set forth in Article XII.C of the Plan.*

*Released Parties: Collectively, and in each case solely in its capacity as such: (a) the Debtors; (b) the Estates; (c) the DIP Lender; and (d) each Related Party of each Entity in clause (a) through (c); provided, however, that notwithstanding the foregoing, the Robert Green Parties shall not be Released Parties.*

*Effective Date: The date that is the first Business Day on which (a) no stay of the Confirmation Order is in effect and (b) all conditions precedent to the occurrence of the Effective Date set forth in Article XIII.B of the Plan have been satisfied or waived in accordance with Article XII.C of the Plan.*

**Item 5. Certification**.  By signing this Ballot, the Claimant certifies that: (i) on the Record Date, it was the holder of the Class 3/Class 4/Class 5/Class 6/Class 7/Class 8/Class 9/Class 10/Class 11/Class 12/Class 13/Class 14/Class 15 Claim(s) to which this Ballot pertains or an authorized signatory for such holder; (ii) it has full power and authority to vote to accept or reject the Plan, make the opt-out election, and execute and return the Ballot; and (iii) it has received a copy of the Combined Disclosure Statement and Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed, and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Combined Disclosure Statement and Plan.

Name of Claimant:_____

**Signature**:_____

Name (if different from Claimant):_____

Title:_____

Address:_____

_____

_____

Dated:_____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  Please complete, sign, and date this Ballot and return it, with your original signature, by mail, hand delivery or overnight courier so that it is received by the Voting Agent by May 8, 2026.**

## VOTING INSTRUCTIONS

1.    In order for your vote to count, you must:

      (i)      In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

      (ii)     Review and sign the certifications in Item 5 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.    To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 3, which requests certain tax information that is necessary to make distributions to Holders of Claims.

3.    Review the opt-out election disclosure in Item 4 and determine whether to opt out of the release provisions provided for in Article XII.C of the Plan by checking the box in Item 4.

4.    **To have your vote counted, you must complete, sign, and return this Ballot so that it is <u>actually received</u> by the Voting Agent not later than May 8, 2026.**

5.    If voting by **mail**, return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or return it to:

**If by First-Class Mail:**
SilverRock Ballot Processing
c/o Reliable Companies
Attn:  Gene Matthews
1007 North Orange Street, Suite 110
Wilmington, DE 19801

**If by Hand Delivery or Overnight Mail:**
SilverRock Ballot Processing
c/o Reliable Companies
Attn:  Gene Matthews
1007 North Orange Street, Suite 110
Wilmington, DE 19801

6.    THE BALLOT YOU SUBMIT MUST BEAR YOUR ORIGINAL SIGNATURE.  DO NOT SUBMIT YOUR BALLOT BY FAX, EMAIL, OR ELECTRONIC TRANSMISSION. A Ballot submitted by fax, email, or electronic transmission will not be counted.

7.      A Ballot that either indicates both an acceptance and rejection of the Plan or fails to indicate either an acceptance or rejection of the Plan, will not be counted.

8.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

9.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

10.     Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

11.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim against any of the Debtors or an assertion or admission of a Claim by the Debtors.

12.     **If you wish to have your Claim temporarily allowed for purposes of voting on the Plan pursuant to Bankruptcy Rule 3018(a) in a different amount or classification, you must file with the Court and serve on the Debtors' attorneys no later than 4:00 p.m. ET on May 1, 2026 a motion seeking such temporary allowance and a notice of hearing on such motion.**

13.     It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the United States Code, as amended (the "Bankruptcy Code").  If the requisite acceptances are not obtained, the Court nonetheless may, in certain circumstances, confirm the Plan if it finds that the Plan: (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

14.     NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE COMBINED DISCLOSURE STATEMENT AND PLAN.

15.     PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT ELECTRONICALLY, IN WRITING AT BANKRUPTCY@RELIABLE-CO.COM (WITH A REFERENCE TO "SILVERROCK" IN THE SUBJECT LINE).

PLEASE NOTE THAT THE VOTING AGENT'S STAFF IS NOT PERMITTED TO GIVE LEGAL ADVICE.  YOU SHOULD CONSULT AN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN.

**EXHIBIT 4**

**Notice of Non-Voting Status – Impaired Creditors**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>SILVERROCK DEVELOPMENT COMPANY, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 24-11647 (MFW)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. \_\_\_** |

**NOTICE OF NON-VOTING STATUS
TO HOLDERS OF CLASS 16, 17, & 18 CLAIMS AND INTERESTS**

PLEASE TAKE NOTICE THAT at a hearing held on April 7, 2026 (the "Interim Approval and Procedures Hearing"), the United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the chapter 11 cases of the above-captioned debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors"), entered an order [Docket No. \_\_\_] (the "Interim Approval and Procedures Order") approving the *Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of SilverRock Development Company, LLC and its Debtor Affiliates*, dated as of March 17, 2026 (as the same may be amended, modified, or supplemented from time to time, the "Combined Disclosure Statement and Plan") and attached as Exhibit 1 to the Interim Approval and Procedures Order on a conditional basis for use by the Debtors in soliciting acceptances or rejection to the Combined Disclosure Statement and Plan from those entitled to vote thereon. Capitalized terms used but not otherwise defined herein shall the meanings ascribed to such terms in the Combined Disclosure Statement and Plan. The Interim Approval and Procedures Order authorizes the Debtors to solicit votes to accept or reject the Plan from the Holders of Claims in the Voting Classes (as defined in the Interim Approval and Procedures Order).

YOU ARE OR MIGHT BE THE HOLDER OF A CLAIM IN A CLASS OF IMPAIRED CLAIMS DEEMED TO REJECT THE PLAN, THAT IS NOT ENTITLED TO VOTE ON THE PLAN. THE FOLLOWING IS A SUMMARY OF THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN FOR PURPOSES OF PLAN VOTING.

*Classification of Claims and Interests under the Combined Disclosure Statement and Plan.* The classification and treatment of Claims and Interests under the Combined Disclosure Statement and Plan is described generally below:

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598) and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

| Class | Claim or Interest | Summary of Treatment | Projected Recovery Under Plan |
|---|---|---|---|
| 1 | Secured Tax Claims | Unimpaired **_Deemed to Accept Plan_** | 100% |
| 2 | Priority Non-Tax Claims | Unimpaired **_Deemed to Accept Plan_** | 100% |
| 3 | Keillor Secured Claim | Impaired **_Entitled to Vote on Plan_** | 91.29% |
| 4 | Builders Capital Secured Claim | Impaired **_Entitled to Vote on Plan_** | 100% |
| 5 | Poppy Secured Claim | Impaired **_Entitled to Vote on Plan_** | 100% |
| 6 | RDO Secured Claim | Impaired **_Entitled to Vote on Plan_** | 100% |
| 7 | Granite Secured Claim | Impaired **_Entitled to Vote on Plan_** | 100% |
| 8 | Gauston Secured Claim | Impaired **_Entitled to Vote on Plan_** | 100% |
| 9 | California Specialty Insulation Secured Claim | Impaired **_Entitled to Vote on Plan_** | 100% |
| 10 | EB-5 Secured Claim | Impaired **_Entitled to Vote on Plan_** | 100% |
| 11 | H&E Secured Claim | Impaired **_Entitled to Vote on Plan_** | 100% |
| 12 | Vermillions Secured Claim | Impaired **_Entitled to Vote on Plan_** | 100% |
| 13 | Traub Secured Claim | Impaired **_Entitled to Vote on Plan_** | 100% |

| Class | Claim or Interest | Summary of Treatment | Projected Recovery Under Plan |
|---|---|---|---|
| 14 | Robert Green Disputed Secured Claim | Impaired ***Entitled to Vote on Plan*** | 0%[2] |
| 15 | General Unsecured Claims | Impaired ***Entitled to Vote on Plan*** | To be determined |
| 16 | Subordinated Claims | Impaired ***Deemed to Reject Plan*** | 0% |
| 17 | Intercompany Claims | Impaired ***Deemed to Reject Plan*** | 0% |
| 18 | Interests | Impaired ***Deemed to Reject Plan*** | 0% |

The projected recovery under the Plan, set forth in the chart above, are funded by the Debtors' Cash and the proceeds, if any, from the Retained Causes of Action. Through these bankruptcy cases, the Debtors generated $65 million in cash proceeds from the sale of the Debtors' Assets. The Plan implements a Litigation Trust that will be responsible for liquidating the Litigation Trust Assets for the benefit of Beneficiaries and making Distributions to Holders of Claims entitled to recovery under the Combined Disclosure Statement and Plan and subject to the Allocation Motion and the Debtors' Allocation Methodology.

**You are receiving this notice because you are a holder of a Claim or Interest in Class 16 – Subordinated Claims, Class 17 – Intercompany Claims, or Class 18 – Interests which, pursuant to the terms of the Combined Disclosure Statement and Plan will remain impaired (the "Impaired Classes"). Holders of Claims or Interests in the Impaired Classes are deemed to have rejected the Plan and are not entitled to vote on the Plan. As a Holder of a Claim or Interest in an Impaired Class, you are NOT considered a "Releasing Party" with respect to the releases set forth in Article XII of the Plan.**

**UNDER THE TERMS OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, HOLDERS OF CLAIMS OR INTERESTS IN CLASSES 16, 17, AND 18 ARE IMPAIRED UNDER THE PLAN AND ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF THEIR CLAIMS OR INTERESTS IN THOSE CLASSES AND THEREFORE, PURSUANT TO SECTION 1126(g) OF THE BANKRUPTCY CODE, ARE (I) DEEMED TO HAVE REJECTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

---

[2]   The Debtors expect this claim will be objected to and that it is reasonably likely such claim will be disallowed in full.

**RELEASES BY THE DEBTORS, EXCULPATION, AND INJUNCTION. ARTICLE XII OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS. YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER YOU ARE UNIMPAIRED OR IMPAIRED UNDER THE PLAN.**

*All parties are advised to read Article XII of the Combined Disclosure Statement and Plan carefully and consult with their own advisors with respect thereto.  The text of the relevant provisions of Article XII of the Plan are as follows:*

**ARTICLE XII.**
**RELEASE, INJUNCTION, AND RELATED PROVISIONS**

> *A.     Non-Discharge of the Debtors; Injunction.*

**In accordance with section 1141(d)(3) of the Bankruptcy Code, the Plan does not discharge the Debtors. Section 1141(c) of the Bankruptcy Code nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Liens, Claims, and Interests.  As such, no Person or Entity holding a Lien, Claim or Interest may receive any payment from, or seek recourse against, any assets or property of the Debtors, the Estates, or the Litigation Trust or (to the extent provided in Section XII.B or XII.C) any Released Party other than assets or property required to be distributed to that Person or Entity under the Plan.  From the Effective Date through the date on which all Distributions required to be made by the Litigation Trust under the Plan and the Litigation Trust Agreement have been made, all parties are precluded from asserting against any assets or property of the Debtors, the Estates, and the Litigation Trust any Claims, rights, causes of action, liabilities or Interests based upon any act, omission, transaction or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Combined Order.**

**Except as otherwise expressly provided for in the Plan or the Combined Order, all Persons and Entities are permanently enjoined, from the Effective Date through the date on which all Distributions required to be made by the Litigation Trust under the Plan and the Litigation Trust Agreement have been made, on account of any Claim or Interest, from:**

> **(f)     commencing or continuing in any manner any action or other proceeding of any kind against the Debtors, the Estates, the Litigation Trust, or their respective successors and assigns and any of their assets and properties;**

> **(g)     enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against the Debtors, the Estates, the Litigation Trust, or their respective successors and assigns, and any of their assets and properties;**

> **(h)     creating, perfecting or enforcing any encumbrance of any kind against the Debtors, the Estates, the Litigation Trust, or their respective successors and assigns and any of their assets and properties;**

4

**(i)      asserting any right of setoff or subrogation of any kind against any obligation due from the Debtors, the Estates, the Litigation Trust or their respective successors and assigns, or against any of their assets and properties, except to the extent a right to setoff or subrogation is asserted in a timely filed proof of claim; or**

**(j)      commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim, Interest or cause of action released or settled hereunder.**

**From and after the Effective Date, all Persons and Entities are permanently enjoined from commencing or continuing in any manner against the Debtors, the Estates, the Litigation Trust, the Released Parties, or their respective successors and assigns and any of their assets and properties, any suit, action or other proceeding, on account of or respecting any claim, interest, demand, liability, obligation, debt, right, cause of action, or remedy that either is (a) released or to be released pursuant to the Plan or the Combined Order; or (b) is property of, or could be asserted by, the Debtors, their Estates or the Litigation Trust. From and after the Effective Date, the Litigation Trustee shall have the sole authority to prosecute, settle, or otherwise dispose of any Retained Causes of Action and no other parties shall be entitled to assert any Retained Causes of Action derivatively or otherwise on behalf of the Debtors, the Estates or the Litigation Trust.**

### B.      *Releases by the Debtors.*

**As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties in facilitating the administration of the Chapter 11 Cases and other actions contemplated by the Plan and the other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan and the Chapter 11 Cases, the Released Parties are deemed forever released by the Debtors and the Estates, and anyone claiming by or through the Debtors and the Estates, from any and all claims, interests, obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, including any derivative claims or claims asserted or assertible on behalf of the Debtors and the Estates, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that the Debtors or the Estates would have been legally entitled to assert in their own right or on behalf of the Holder of any Claim or Interest, based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date, including in any way relating to the Debtors, the Estates, the Chapter 11 Cases, the Sale Order and the transactions approved thereunder, the Combined Disclosure Statement and Plan or related agreements, instruments or other documents in the Chapter 11 Cases; *provided, however,* that the foregoing provisions shall not operate to waive, release or otherwise impair any Causes of Action arising from criminal acts, willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction; *provided further, however,* that nothing in this Article XII.B shall release any direct claims held by non-Debtor parties.**

**C.**     *Releases by Holders of Claims.*

As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties in facilitating the administration of the Chapter 11 Cases and other actions contemplated by the Plan and the other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan and the Chapter 11 Cases, and subject to Article XII.D, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released the Released Parties from any and all claims, interests, obligations, rights, suits, damages, causes of action (including any and all causes of action under chapter 5 of the Bankruptcy Code), remedies and liabilities whatsoever, including any derivative claims or claims asserted or assertible on behalf of the Debtors and the Estates, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that such Releasing Party would have been legally entitled to assert (whether individually or collectively), based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date, relating to the Debtors, the Estates, the Chapter 11 Cases, the Sale Order and the transactions approved thereunder, Combined Disclosure Statement and Plan or related agreements, instruments or other documents; *provided*, *however*, that nothing in the Plan shall be deemed a waiver or release of any right of any such Releasing Parties to receive a Distribution pursuant to the terms of the Plan; *provided further*, *however*, that the foregoing provisions of this release shall not operate to waive, release or otherwise impair any causes of action arising from criminal acts, willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction.  For the avoidance of doubt, notwithstanding anything to the contrary in the Plan, the foregoing release by the Releasing Parties is not, and shall not be deemed to be, in exchange for a waiver of the Debtors' (or the Litigation Trust's) rights or claims against the Releasing Parties, including the Debtors' (or the Litigation Trust's) rights to assert setoffs, recoupments or counterclaims, or to object or assert defenses to any Claim or Interest, and all such rights and claims are expressly reserved.

Each Holder of a Claim entitled to vote on the Plan who accepts the Plan will be deemed to have provided the releases set forth in this Article XII.C unless such Holder timely opts out of such release by indicating its decision to not participate in such releases by checking the appropriate box on its Ballot and returning such Ballot to the Claims and Noticing Agent or by Filing an objection to such releases prior to the deadline to object to Confirmation of the Plan.

Section 1542 of the Civil Code of the State of California provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

6

**Each Releasing Party that does not timely opt out of the releases set forth in this Article XII.C by indicating its decision to not participate in such releases by checking the appropriate box on its Ballot and returning such Ballot to the Claims and Noticing Agent or Filing an objection to such releases prior to the deadline to object to Confirmation of the Plan shall be deemed to have voluntarily waived the rights described in Section 1542 of the Civil Code of the State of California.**

### D.    *Exculpation and Limitation of Liability*

**On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent permitted by law, none of the Exculpated Parties shall have or incur any liability to any Person or Entity, including to any Holder of a Claim or an Interest, for any act taken or omitted to be taken on or after the Petition Date and prior to or on the Effective Date in connection with, relating to, or arising out of the Chapter 11 Cases, the Sale Order and the transactions approved thereunder, the formulation, negotiation, preparation, dissemination, solicitation of acceptances, implementation, confirmation or consummation of Combined Disclosure Statement and Plan, the Litigation Trust Agreement or any contract, instrument, release or other agreement or document created, executed or contemplated in connection with the Plan, or the administration of the Plan or the assets and property to be distributed under the Plan; *provided, however*, that the such exculpation provisions shall not apply to acts or omissions constituting actual fraud, willful misconduct or gross negligence by such Exculpated Party, as determined by a Final Order.  The Combined Order and the Plan shall serve as a permanent injunction against any Person or Entity seeking to enforce any claim or cause of action against the Exculpated Parties that has been exculpated pursuant to this Section 12.3.**

### E.    *City Settlement Contribution*

Following resolution and payment of any amount owed to Poppy pursuant to the Poppy Indemnity, and subject to the conditions set forth in this Article XII.E, the DIP Lender shall pay the City Settlement Offerees the City Settlement Contribution. The City Settlement Contribution shall be allocated among the eligible City Settlement Offerees ratably based on the amount which each City Settlement Offeree is entitled to receive under this Combined Disclosure Statement and Plan on account of its Allowed Secured Claim in the parcels that are subject to paragraph 5 of Exhibit 3 to the Final DIP Order. To be eligible to receive any portion of the City Settlement Contribution, the Holder must (a) vote to accept the Plan, (b) not "opt-out" of granting the Third-Party Release set forth in Article XII.C of this Combined Disclosure Statement and Plan, and (c) execute and deliver a general release of all claims, known and unknown, against the DIP Lender and its Related Parties (in a form to be included in the Plan Supplement). The payment of the City Settlement Contribution shall be subject to, and conditioned upon, the determination by the Bankruptcy Court by Final Order(s) of: (1) the amount, if any, payable to Poppy under the Poppy Indemnity; (2) the aggregate amount of the City Settlement Contribution; (3) the allowance and amount of the Allowed Secured Claim of each of the City Settlement Offerees and their eligibility as City Settlement Offerees; and (4) the allocation of the City Settlement Contribution among the eligible City Settlement Offerees. The payment of the City Settlement Contribution shall be further subject to and conditioned upon the Combined Order and (if separate) the Order approving the Allocation Motion having become Final Orders, without regard to the occurrence of the Effective

7

Date; and the approval of the City Settlement Contribution by the DIP Lender in accordance with California law. Distributions on account of the City Settlement Contribution are in addition to distributions to affected creditors under Article III of this Combined Disclosure Statement and Plan.

Objections, if any, to confirmation of the Plan, including the releases provided for in Article XII of the Plan, must (i) be in writing; (ii) state the name, address, and nature of the Claim of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on the following parties (the "Notice Parties") so as to be actually received **on or before May 7, 2026 (the "Combined Disclosure Statement and Plan Objection Deadline")**: (a) counsel to the Debtors, (x) Wilson Sonsini Goodrich & Rosati, P.C., 222 Delaware Avenue, Suite 800, Wilmington, Delaware 19801 (Attn: Erin R. Fay, Shane M. Reil, and Catherine C. Lyons (emails: efay@wsgr.com, sreil@wsgr.com, and clyons@wsgr.com)), (y) Law Offices of Benjamin M. Carson, P.C., 5965 Village Way, Suite E105, San Diego, California 92130 (Attn: Benjamin M. Carson (email: ben@benjamincarson.com)), and (z) Victor A. Vilaplana, 823 La Jolla Rancho Road, La Jolla, California 92037 (email: vavilaplana@gmail.com); and (b) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 855 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, (Attn: Jane M. Leamy (email: jane.m.leamy@usdoj.gov)).

If you do not receive this Notice before the Combined Disclosure Statement and Plan Objection Deadline, or within reasonably sufficient time to file an objection to the Combined Disclosure Statement and Plan by the Combined Disclosure Statement and Plan Objection Deadline, you may file a request with the Court to seek additional time to respond to the Combined Disclosure Statement and Plan. Any such request must be served on the Notice Parties. The Debtors reserve all rights to respond to any objections to the Combined Disclosure Statement and Plan and any requests for additional time to object to the Combined Disclosure Statement and Plan.

Copies of the Combined Disclosure Statement and Plan and the Plan Supplement (which will be filed on or before April 30, 2026), and the Interim Approval and Procedures Order are, or will be, available for review free of charge at https://www.bankruptcy-claims.com/silverrock/CaseHome.aspx , by clicking on the link on the left-hand side of the page titled "Combined Disclosure Statement and Plan." In addition, copies of the Plan are available upon written request:

**If by First-Class Mail:**
SilverRock Ballot Processing
c/o Reliable Companies
Attn:  Gene Matthews
1007 North Orange Street, Suite 110
Wilmington, DE 19801

**If by Hand Delivery or Overnight Mail:**
SilverRock Ballot Processing
c/o Reliable Companies

8

Attn:  Gene Matthews
1007 North Orange Street, Suite 110
Wilmington, DE 19801

Copies of the Combined Disclosure Statement and Plan are also available by submitting an inquiry to the Voting Agent via email at bankruptcy@reliable-co.com with a reference to "SilverRock" in the subject line.

Dated: [_____], 2026
      Wilmington, Delaware

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

*/s/*_____
Erin R. Fay (No. 5268)
Shane M. Reil (No. 6195)
Catherine C. Lyons (No. 6854)
222 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 304-7600
E-mails: efay@wsgr.com
        sreil@wsgr.com
        clyons@wsgr.com

*-and–*

**LAW OFFICES OF BENJAMIN M. CARSON, P.C.**
Benjamin M. Carson (admitted *pro hac vice*)
5965 Village Way, Suite E105
San Diego, California 92130
Telephone: (858) 255-4529
E-mail:  ben@benjamincarson.com

*-and-*

Victor A. Vilaplana (admitted *pro hac vice*)
823 La Jolla Rancho Road
La Jolla, California 92037
Telephone: (619) 840-4130
Email: vavilaplana@gmail.com

*Counsel to the Debtors and Debtors-in-Possession*

9

**EXHIBIT 5**

**Notice of Non-Voting Status – Unimpaired Creditors**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>SILVERROCK DEVELOPMENT COMPANY, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 24-11647 (MFW)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. ___** |

**NOTICE OF NON-VOTING STATUS**
**TO HOLDERS OF CLASS 1 & 2 CLAIMS**

> **YOU WILL BE CONSENTING TO RELEASES OF CLAIMS AGAINST NON-DEBTORS IF YOU DO NOT TAKE ACTION TO OPT OUT OF THE RELEASES. THE COMBINED DISCLOSURE STATEMENT AND PLAN PROVIDES THAT CERTAIN CREDITORS WILL BE DEEMED TO HAVE CONSENTED TO RELEASE CAUSES OF ACTION AGAINST NON-DEBTORS IF THEY DO NOT OPT OUT OF THE RELEASES OR OBJECT TO THE COMBINED DISCLOSURE STATEMENT AND PLAN. THESE CAUSES OF ACTION MAY BE VALUABLE TO YOU. IF YOU DO NOT WISH TO GRANT THESE RELEASES, YOU MUST OPT-OUT OR OBJECT BY MAY 8, 2026.  PLEASE SEE SECTION 8 BELOW, AS WELL AS ARTICLE XII OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.**

PLEASE TAKE NOTICE THAT at a hearing held on April 7, 2026 (the "Interim Approval and Procedures Hearing"), the United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the chapter 11 cases of the above-captioned debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors"), entered an order [Docket No. ___] (the "Interim Approval and Procedures Order") approving the *Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of SilverRock Development Company, LLC and its Debtor Affiliates*, dated as of March 17, 2026 (as the same may be amended, modified, or supplemented from time to time, the "Combined Disclosure Statement and Plan") and attached as Exhibit 1 to the Interim Approval and Procedures Order on a conditional basis for use by the Debtors in soliciting acceptances or rejection to the Combined Disclosure Statement and Plan from those entitled to vote on the Combined Disclosure Statement and Plan. Capitalized terms used but not otherwise defined herein shall the meanings ascribed to such terms in the Combined Disclosure Statement and Plan. The Interim Approval and Procedures Order authorizes the Debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598) and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

to solicit votes to accept or reject the Plan from the Holders of Claims in the Voting Classes (as defined in the Interim Approval and Procedures Order).

YOU ARE OR MIGHT BE THE HOLDER OF A CLAIM IN A CLASS OF UNIMPAIRED CLAIMS DEEMED TO ACCEPT THE PLAN THAT IS NOT ENTITLED TO VOTE ON THE PLAN. THE FOLLOWING IS A SUMMARY OF THE TREATMENT OF CLAIMS AND INTERESTS UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN FOR PURPOSES OF PLAN VOTING.

| Class | Claim or Interest | Summary of Treatment |
|---|---|---|
| 1 | Secured Tax Claims | Unimpaired<br>*Deemed to Accept Plan* |
| 2 | Priority Non-Tax Claims | Unimpaired<br>*Deemed to Accept Plan* |
| 3 | Keillor Secured Claim | Impaired<br>*Entitled to Vote on Plan* |
| 4 | Builders Capital Secured Claim | Impaired<br>*Entitled to Vote on Plan* |
| 5 | Poppy Secured Claim | Impaired<br>*Entitled to Vote on Plan* |
| 6 | RDO Secured Claim | Impaired<br>*Entitled to Vote on Plan* |
| 7 | Granite Secured Claim | Impaired<br>*Entitled to Vote on Plan* |
| 8 | Gauston Secured Claim | Impaired<br>*Entitled to Vote on Plan* |
| 9 | California Specialty Insulation Secured Claim | Impaired<br>*Entitled to Vote on Plan* |
| 10 | EB-5 Secured Claim | Impaired<br>*Entitled to Vote on Plan* |
| 11 | H&E Secured Claim | Impaired<br>*Entitled to Vote on Plan* |
| 12 | Vermillions Secured Claim | Impaired<br>*Entitled to Vote on Plan* |
| 13 | Traub Secured Claim | Impaired<br>*Entitled to Vote on Plan* |
| 14 | Robert Green Disputed Secured Claim | Impaired<br>*Entitled to Vote on Plan* |
| 15 | General Unsecured Claims | Impaired<br>*Entitled to Vote on Plan* |
| 16 | Subordinated Claims | Impaired<br>*Deemed to Reject Plan* |
| 17 | Intercompany Claims | Impaired<br>*Deemed to Reject Plan* |
| 18 | Interests | Impaired<br>*Deemed to Reject Plan* |

2

**UNDER THE TERMS OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, HOLDERS OF CLAIMS IN CLASSES 1 AND 2 ARE UNIMPAIRED UNDER THE PLAN AND THEREFORE, PURSUANT TO THE PLAN AND SECTION 1126(f) OF THE BANKRUPTCY CODE, ARE (I) DEEMED TO HAVE ACCEPTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

*ARTICLE XII OF THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS. YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER YOU ARE UNIMPAIRED OR IMPAIRED UNDER THE PLAN.*

**<u>RELEASES YOU WILL BE GIVING IF YOU DO NOT ACT</u>**. The Bankruptcy Court does not have the power to force you to provide releases to persons or entities who are not debtors. However, plans may provide that creditors consent to give such releases. The terms of this Combined Disclosure Statement and Plan provide that YOU WILL BE GIVING RELEASES to third parties **for claims related to the Debtors and these chapter 11 cases** if you do not act. Some creditors may have valuable claims against some or all of the non-debtors being released, and some creditors may not. You should carefully review the releases and consult with your counsel.

If YOU DO NOT WANT TO CONSENT TO THE RELEASES you will need to opt out of the releases by either (i) filing a written objection to the releases in the Combined Disclosure Statement and Plan with the Bankruptcy Court by the Combined Disclosure Statement and Plan Objection Deadline or (ii) properly completing and submitting the Opt-Out Form attached hereto attached by May 8, 2026.

A. ***Who will be released?*** If you are deemed to have given the releases, you will be releasing "(a) the Debtors; (b) the Estates; (c) the DIP Lender; and (d) each Related Party of each Entity in clause (a) through (c); *provided, however*, that notwithstanding the foregoing, the Robert Green Parties shall not be Released Parties." The "Related Parties" are "the Debtor Related Parties and the Non-Debtor Related Parties." The "Debtor Related Parties" are "with respect to the Debtors, each of, and in each case solely in its capacity as such, the Debtors' current directors, managers, officers, members of any governing body, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, and other professionals and advisors and any such Related Party's respective heirs, executors, estates, and nominees; *provided* that the Robert Green Parties shall not be Debtor Related Parties." The "Non-Debtor Related Parties" are "with respect to any non-Debtor Person or Entity, each of, and in each case solely in its capacity as such, such Person's or Entity's current and former directors, managers, officers, committee members, members of any governing body, advisory board members, members, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, management companies, fund advisors or managers, predecessors, participants, successors, assigns, representatives, subsidiaries, Affiliates, partners, limited partners, general partners, principals, employees, agents, trustees,

3

financial advisors, attorneys, accountants, investment bankers, investment advisors, consultants, and other professionals and advisors and any such Related Party's respective heirs, executors, estates, and nominees."

B. ***What claims will you be releasing?*** If you do not opt-out of the release, you will be forever releasing, and will not be able to pursue, the following claims against any of the parties listed in Paragraph A immediately above: any and all claims, interests, obligations, rights, suits, damages, causes of action (including any and all causes of action under chapter 5 of the Bankruptcy Code), remedies and liabilities whatsoever, including any derivative claims or claims asserted or assertible on behalf of the Debtors and the Estates, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that you would have been legally entitled to assert (whether individually or collectively), based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date, relating to the Debtors, the Estates, the Chapter 11 Cases, the Sale Order and the transactions approved thereunder, Combined Disclosure Statement and Plan or related agreements, instruments or other documents; provided, however, that nothing in the Plan shall be deemed a waiver or release of any right of any such Releasing Parties to receive a Distribution pursuant to the terms of the Plan; provided further, however, that the foregoing provisions of this release in Article XII.C of the Plan shall not operate to waive, release or otherwise impair any causes of action arising from criminal acts, willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction. For the avoidance of doubt, notwithstanding anything to the contrary in the Plan, the foregoing release by the Releasing Parties is not, and shall not be deemed to be, in exchange for a waiver of the Debtors' (or the Litigation Trust's) rights or claims against the Releasing Parties, including the Debtors' (or the Litigation Trust's) rights to assert setoffs, recoupments or counterclaims, or to object or assert defenses to any Claim or Interest, and all such rights and claims are expressly reserved. You should also know that Section 1542 of the Civil Code of the State of California provides as follows: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY. Nevertheless, if you are a releasing party and you do not opt out, you will have voluntarily waived these rights, and will be releasing claims that you do not know or expect that you have.

C. ***How do I opt-out of these releases?*** You must either (i) file an objection to the Combined Disclosure Statement and Plan by the Combined Disclosure Statement and Plan Objection Deadline; or (ii) properly complete and return the Opt-Out Form by May 8, 2026.

D. ***What happens if you opt-out of the releases?*** Whether you grant the releases to these non-debtors, or choose to *not* grant the releases, there will be no impact on your right

4

to receive distributions from the Debtors under the Combined Disclosure Statement and Plan.

**PURSUANT TO ARTICLE XII OF THE PLAN, HOLDERS OF CLAIMS IN CLASSES 1 AND 2 UNDER THE PLAN THAT DO NOT FILE AN OBJECTION TO THE RELEASES IN ARTICLE XII.C OF THE PLAN PRIOR TO THE DEADLINE TO OBJECT TO FINAL APPROVAL AND CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN WILL BE DEEMED TO HAVE COMPLETELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED THE RELEASED PARTIES TO THE EXTENT PROVIDED IN ARTICLE XII OF THE PLAN.**

**<u>RELEASES BY THE DEBTORS, EXCULPATION, AND INJUNCTION.</u> ARTICLE XII OF THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS. YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER YOU ARE UNIMPAIRED OR IMPAIRED UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN.**

*All parties are advised to read Article XII of the Combined Disclosure Statement and Plan carefully and consult with their own advisors with respect thereto.  The text of the relevant provisions of Article XII of the Combined Disclosure Statement and Plan are as follows:*

**ARTICLE XII**
**RELEASE, INJUNCTION, AND RELATED PROVISIONS**

*A.      Non-Discharge of the Debtors; Injunction.*

**In accordance with section 1141(d)(3) of the Bankruptcy Code, the Plan does not discharge the Debtors. Section 1141(c) of the Bankruptcy Code nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Liens, Claims, and Interests.  As such, no Person or Entity holding a Lien, Claim or Interest may receive any payment from, or seek recourse against, any assets or property of the Debtors, the Estates, or the Litigation Trust or (to the extent provided in Section XII.B or XII.C) any Released Party other than assets or property required to be distributed to that Person or Entity under the Plan.  From the Effective Date through the date on which all Distributions required to be made by the Litigation Trust under the Plan and the Litigation Trust Agreement have been made, all parties are precluded from asserting against any assets or property of the Debtors, the Estates, and the Litigation Trust any Claims, rights, causes of action, liabilities or Interests based upon any act, omission, transaction or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Combined Order.**

**Except as otherwise expressly provided for in the Plan or the Combined Order, all Persons and Entities are permanently enjoined, from the Effective Date through the date on**

5

**which all Distributions required to be made by the Litigation Trust under the Plan and the Litigation Trust Agreement have been made, on account of any Claim or Interest, from:**

**(k)    commencing or continuing in any manner any action or other proceeding of any kind against the Debtors, the Estates, the Litigation Trust, or their respective successors and assigns and any of their assets and properties;**

**(l)    enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against the Debtors, the Estates, the Litigation Trust, or their respective successors and assigns, and any of their assets and properties;**

**(m)    creating, perfecting or enforcing any encumbrance of any kind against the Debtors, the Estates, the Litigation Trust, or their respective successors and assigns and any of their assets and properties;**

**(n)    asserting any right of setoff or subrogation of any kind against any obligation due from the Debtors, the Estates, the Litigation Trust or their respective successors and assigns, or against any of their assets and properties, except to the extent a right to setoff or subrogation is asserted in a timely filed proof of claim; or**

**(o)    commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim, Interest or cause of action released or settled hereunder.**

**From and after the Effective Date, all Persons and Entities are permanently enjoined from commencing or continuing in any manner against the Debtors, the Estates, the Litigation Trust, the Released Parties, or their respective successors and assigns and any of their assets and properties, any suit, action or other proceeding, on account of or respecting any claim, interest, demand, liability, obligation, debt, right, cause of action, or remedy that either is (a) released or to be released pursuant to the Plan or the Combined Order; or (b) is property of, or could be asserted by, the Debtors, their Estates or the Litigation Trust. From and after the Effective Date, the Litigation Trustee shall have the sole authority to prosecute, settle, or otherwise dispose of any Retained Causes of Action and no other parties shall be entitled to assert any Retained Causes of Action derivatively or otherwise on behalf of the Debtors, the Estates or the Litigation Trust.**

**B.    *Releases by the Debtors.***

**As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties in facilitating the administration of the Chapter 11 Cases and other actions contemplated by the Plan and the other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan and the Chapter 11 Cases, the Released Parties are deemed forever released by the Debtors and the Estates, and anyone claiming by or through the Debtors and the Estates, from any and all claims, interests, obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, including any derivative claims or claims asserted or assertible on behalf of the Debtors and the Estates, whether known or unknown, foreseen or unforeseen,**

6

liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that the Debtors or the Estates would have been legally entitled to assert in their own right or on behalf of the Holder of any Claim or Interest, based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date, including in any way relating to the Debtors, the Estates, the Chapter 11 Cases, the Sale Order and the transactions approved thereunder, Combined Disclosure Statement and Plan or related agreements, instruments or other documents in the Chapter 11 Cases; *provided, however,* that the foregoing provisions shall not operate to waive, release or otherwise impair any Causes of Action arising from criminal acts, willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction; *provided further, however,* that nothing in this Article XII.B shall release any direct claims held by non-Debtor parties.

C.      *Releases by Holders of Claims.*

As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties in facilitating the administration of the Chapter 11 Cases and other actions contemplated by the Plan and the other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan and the Chapter 11 Cases, and subject to Article XII.D, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released the Released Parties from any and all claims, interests, obligations, rights, suits, damages, causes of action (including any and all causes of action under chapter 5 of the Bankruptcy Code), remedies and liabilities whatsoever, including any derivative claims or claims asserted or assertible on behalf of the Debtors and the Estates, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that such Releasing Party would have been legally entitled to assert (whether individually or collectively), based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date, relating to the Debtors, the Estates, the Chapter 11 Cases, the Sale Order and the transactions approved thereunder, Combined Disclosure Statement and Plan or related agreements, instruments or other documents; *provided, however,* that nothing in the Plan shall be deemed a waiver or release of any right of any such Releasing Parties to receive a Distribution pursuant to the terms of the Plan; *provided further, however,* that the foregoing provisions of this release shall not operate to waive, release or otherwise impair any causes of action arising from criminal acts, willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction.  For the avoidance of doubt, notwithstanding anything to the contrary in the Plan, the foregoing release by the Releasing Parties is not, and shall not be deemed to be, in exchange for a waiver of the Debtors' (or the Litigation Trust's) rights or claims against the Releasing Parties, including the Debtors' (or the Litigation Trust's) rights to assert setoffs, recoupments or counterclaims, or to object or assert defenses to any Claim or Interest, and all such rights and claims are expressly reserved.

7

**Each Holder of a Claim entitled to vote on the Plan who accepts the Plan will be deemed to have provided the releases set forth in this Article XII.C unless such Holder timely opts out of such release by indicating its decision to not participate in such releases by checking the appropriate box on its Ballot and returning such Ballot to the Claims and Noticing Agent or by Filing an objection to such releases prior to the deadline to object to Confirmation of the Plan.**

**Section 1542 of the Civil Code of the State of California provides as follows:**

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

**Each Releasing Party that does not timely opt out of the releases set forth in this Article XII.C by indicating its decision to not participate in such releases by checking the appropriate box on its Ballot and returning such Ballot to the Claims and Noticing Agent or Filing an objection to such releases prior to the deadline to object to Confirmation of the Plan shall be deemed to have voluntarily waived the rights described in Section 1542 of the Civil Code of the State of California.**

### D.      *Exculpation and Limitation of Liability*

**On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent permitted by law, none of the Exculpated Parties shall have or incur any liability to any Person or Entity, including to any Holder of a Claim or an Interest, for any act taken or omitted to be taken on or after the Petition Date and prior to or on the Effective Date in connection with, relating to, or arising out of the Chapter 11 Cases, the Sale Order and the transactions approved thereunder, the formulation, negotiation, preparation, dissemination, solicitation of acceptances, implementation, confirmation or consummation of Combined Disclosure Statement and Plan, the Litigation Trust Agreement or any contract, instrument, release or other agreement or document created, executed or contemplated in connection with the Plan, or the administration of the Plan or the assets and property to be distributed under the Plan; *provided, however*, that the such exculpation provisions shall not apply to acts or omissions constituting actual fraud, willful misconduct or gross negligence by such Exculpated Party, as determined by a Final Order.  The Combined Order and the Plan shall serve as a permanent injunction against any Person or Entity seeking to enforce any claim or cause of action against the Exculpated Parties that has been exculpated pursuant to this Section 12.3.**

### E.      *City Settlement Contribution*

Following resolution and payment of any amount owed to Poppy pursuant to the Poppy Indemnity, and subject to the conditions set forth in this Article XII.E, the DIP Lender shall pay the City Settlement Offerees the City Settlement Contribution. The City Settlement Contribution shall be allocated among the eligible City Settlement Offerees ratably based on the amount which

8

each City Settlement Offeree is entitled to receive under this Combined Disclosure Statement and Plan on account of its Allowed Secured Claim in the parcels that are subject to paragraph 5 of Exhibit 3 to the Final DIP Order. To be eligible to receive any portion of the City Settlement Contribution, the Holder must (a) vote to accept the Plan, (b) not "opt-out" of granting the Third-Party Release set forth in Article XII.C of this Combined Disclosure Statement and Plan, and (c) execute and deliver a general release of all claims, known and unknown, against the DIP Lender and its Related Parties (in a form to be included in the Plan Supplement). The payment of the City Settlement Contribution shall be subject to, and conditioned upon, the determination by the Bankruptcy Court by Final Order(s) of: (1) the amount, if any, payable to Poppy under the Poppy Indemnity; (2) the aggregate amount of the City Settlement Contribution; (3) the allowance and amount of the Allowed Secured Claim of each of the City Settlement Offerees and their eligibility as City Settlement Offerees; and (4) the allocation of the City Settlement Contribution among the eligible City Settlement Offerees. The payment of the City Settlement Contribution shall be further subject to and conditioned upon the Combined Order and (if separate) the Order approving the Allocation Motion having become Final Orders, without regard to the occurrence of the Effective Date; and the approval of the City Settlement Contribution by the DIP Lender in accordance with California law. Distributions on account of the City Settlement Contribution are in addition to distributions to affected creditors under Article III of this Combined Disclosure Statement and Plan.

Objections, if any, to final approval and confirmation of the Combined Disclosure Statement and Plan, including the releases provided for in Article XII.C of the Plan, must (i) be in writing; (ii) state the name, address, and nature of the Claim of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on the following parties so as to be actually received **on or before May 7, 2026 (the "Combined Disclosure Statement and Plan Objection Deadline ")**:(a) counsel to the Debtors, (x) Wilson Sonsini Goodrich & Rosati, P.C., 222 Delaware Avenue, Suite 800, Wilmington, Delaware 19801 (Attn: Erin R. Fay, Shane M. Reil, Catherine C. Lyons (emails: efay@wsgr.com, sreil@wsgr.com, and clyons@wsgr.com)), (y) Law Offices of Benjamin M. Carson, P.C., 5965 Village Way, Suite E105, San Diego, California 92130 (Attn: Benjamin M. Carson (email: ben@benjamincarson.com)), and (z) Victor A. Vilaplana, 823 La Jolla Rancho Road, La Jolla, California 92037 (email: vavilaplana@gmail.com); and (b) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 855 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, (Attn: Jane M. Leamy (email: jane.m.leamy@usdoj.gov)).

Copies of the Combined Disclosure Statement and Plan and the Plan Supplement (which will be filed on or before April 30, 2026), and the Interim Approval and Procedures Order are, or will be, available for review free of charge at https://www.bankruptcy-claims.com/silverrock/CaseHome.aspx, by clicking on the link on the left-hand side of the page titled "Combined Disclosure Statement and Plan." In addition, copies of the Combined Disclosure Statement and Plan are available upon written request:

**If by First-Class Mail:**
SilverRock Ballot Processing
c/o Reliable Companies
Attn: Gene Matthews

1007 North Orange Street, Suite 110
Wilmington, DE 19801

**If by Hand Delivery or Overnight Mail:**
SilverRock Ballot Processing
c/o Reliable Companies
Attn:  Gene Matthews
1007 North Orange Street, Suite 110
Wilmington, DE 19801

Copies of the Combined Disclosure Statement and Plan are also available by submitting an inquiry to the Voting Agent via email at bankruptcy@reliable-co.com with a reference to "SilverRock" in the subject line.

| | |
|---|---|
| Dated: [___], 2026<br>Wilmington, Delaware | **WILSON SONSINI GOODRICH & ROSATI, P.C.**<br><br>*/s/*_____<br>Erin R. Fay (No. 5268)<br>Shane M. Reil (No. 6195)<br>Catherine C. Lyons (No. 6854)<br>222 Delaware Avenue, Suite 800<br>Wilmington, Delaware 19801<br>Telephone: (302) 304-7600<br>E-mails: efay@wsgr.com<br>         sreil@wsgr.com<br>         clyons@wsgr.com<br><br>*-and–*<br><br>**LAW OFFICES OF BENJAMIN M. CARSON, P.C.**<br>Benjamin M. Carson (admitted *pro hac vice*)<br>5965 Village Way, Suite E105<br>San Diego, California 92130<br>Telephone: (858) 255-4529<br>E-mail:  ben@benjamincarson.com<br><br>*-and-*<br><br>Victor A. Vilaplana (admitted *pro hac vice*)<br>823 La Jolla Rancho Road<br>La Jolla, California 92037<br>Telephone: (619) 840-4130<br>Email: vavilaplana@gmail.com<br><br>*Counsel to the Debtors and Debtors-in-Possession* |

10

## OPTIONAL: RELEASE OPT-OUT FORM

You are receiving this opt out form (the "Opt-Out Form") because you are or may be a Holder of a Claim that is Unimpaired and therefore not entitled to vote on the *Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of SilverRock Development Company, LLC and its Debtor Affiliates* [Docket No. [__]] (as may be altered, amended, supplemented, or modified from time to time in accordance with its terms, and including all exhibits and supplements thereto, the "Combined Disclosure Statement and Plan"). Except as otherwise set forth in the definition of Releasing Parties in the Combined Disclosure Statement and Plan, Holders of Claims deemed under the Combined Disclosure Statement and Plan to have accepted the Plan are deemed to grant the releases set forth in Article XII of the Plan (the "Third-Party Release") unless such Holder affirmatively opts out of the Third-Party Release by completing and return this form as set forth herein on or before May 8, 2026 or by timely filing an objection to the Third-Party Release (an "Objection") with the United States Bankruptcy Court for the District of Delaware (the "Court") on or before May 7, 2026.

BEFORE COMPLETING THIS OPT-OUT FORM, PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS OPT-OUT FORM.

**UNLESS YOU CHECK THE BOX IN ITEM 2 BELOW AND FOLLOW ALL INSTRUCTIONS, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE AND DEEMED TO FOREVER RELEASE THE RELEASED PARTIES IN ACCORDANCE WITH THE COMBINED DISCLOSURE STATEMENT AND PLAN.**

**THIS OPT-OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY RELIABLE (THE "VOTING AGENT") ON OR BEFORE MAY 8, 2026 (THE "OPT-OUT DEADLINE").**

This Opt-Out Form may not be used for any purpose other than opting out of the Third-Party Release contained in the Plan. If you believe you have received this Opt-Out Form in error, or if you believe that you have received the wrong opt out form, please contact the Voting Agent by emailing bankruptcy@reliable-co.com with "SilverRock" in the subject line.

Before completing this Opt-Out Form, please carefully read and follow the enclosed "Instructions for Completing this Opt-Out Form" to ensure that you complete, execute, and return this Opt-Out Form properly.

**Item 1**. **Claims or Interests Held.**

The undersigned hereby certifies that, as of April 7, 2026 (the "Voting Record Date"), the undersigned was the Holder of the following Claims in the aggregate amount(s) specified below (insert amount(s) in applicable box(es) below):

Class 1: Other Secured Claims          $ _____

Class 2: Priority Non-Tax
Claims                                          $ _____

**Item 2**. **Third-Party Release.**

AS A HOLDER OF A CLAIM IN CLASS 1 (OTHER SECURED CLAIMS) OR CLASS 2 (PRIORITY NON-TAX CLAIMS) RECEIVING THIS NOTICE, YOU ARE A "RELEASING PARTY" AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE XII.C OF THE COMBINED DISCLOSURE STATEMENT AND PLAN, AS SET FORTH BELOW, UNLESS YOU OPT-OUT OF PROVIDING SUCH RELEASE. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE XII.C OF THE COMBINED DISCLOSURE STATEMENT AND PLAN. YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN ONLY IF YOU (A) CHECK THE BOX BELOW AND SUBMIT THE OPT-OUT FORM BY THE OPT-OUT DEADLINE OR (B) TIMELY OBJECT TO THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE XII.C. THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.

☐       By checking this box, you elect to **OPT OUT** of the Third-Party Release set forth below. The Third-Party Release set forth in Article XII.C of the Combined Disclosure Statement and Plan is copied below, along with certain relevant definitions:

**As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties in facilitating the administration of the Chapter 11 Cases and other actions contemplated by the Plan and the other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan and the Chapter 11 Cases, and subject to Article XII.D, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released the Released Parties from any and all claims, interests, obligations, rights, suits, damages, causes of action (including any and all causes of action under chapter 5 of the Bankruptcy Code), remedies and liabilities whatsoever, including any derivative claims or claims asserted or assertible on behalf of the Debtors and the Estates, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that such Releasing Party would have been legally entitled to assert (whether individually or collectively), based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date, relating to the Debtors, the Estates, the Chapter 11 Cases, the Sale Order and the transactions approved thereunder, Combined Disclosure Statement and Plan or related agreements, instruments or other documents; *provided*, *however*, that**

nothing in the Plan shall be deemed a waiver or release of any right of any such Releasing Parties to receive a Distribution pursuant to the terms of the Plan; *provided further*, *however*, that the foregoing provisions of this release shall not operate to waive, release or otherwise impair any causes of action arising from criminal acts, willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction.  For the avoidance of doubt, notwithstanding anything to the contrary in the Plan, the foregoing release by the Releasing Parties is not, and shall not be deemed to be, in exchange for a waiver of the Debtors' (or the Litigation Trust's) rights or claims against the Releasing Parties, including the Debtors' (or the Litigation Trust's) rights to assert setoffs, recoupments or counterclaims, or to object or assert defenses to any Claim or Interest, and all such rights and claims are expressly reserved.

Each Holder of a Claim entitled to vote on the Plan who accepts the Plan will be deemed to have provided the releases set forth in this Article XII.C unless such Holder timely opts out of such release by indicating its decision to not participate in such releases by checking the appropriate box on its Ballot and returning such Ballot to the Claims and Noticing Agent or by Filing an objection to such releases prior to the deadline to object to Confirmation of the Plan.

Section 1542 of the Civil Code of the State of California provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Each Releasing Party that does not timely opt out of the releases set forth in this Article XII.C by indicating its decision to not participate in such releases by checking the appropriate box on its Ballot and returning such Ballot to the Claims and Noticing Agent or Filing an objection to such releases prior to the deadline to object to Confirmation of the Plan shall be deemed to have voluntarily waived the rights described in Section 1542 of the Civil Code of the State of California..

<u>Certain Definitions Related to the Third-Party Release</u>:

*<u>Releasing Parties</u>: All Holders of Claims in Classes 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 that vote to accept the Plan and do not timely submit a Release Opt-Out indicating such Holder's decision to not participate in the releases set forth in Article XII.C of the Plan.*

*<u>Released Parties</u>: Collectively, and in each case solely in its capacity as such: (a) the Debtors; (b) the Estates; (c) the DIP Lender; and (d) each Related Party of each Entity in clause (a) through (c); provided, however, that notwithstanding the foregoing, the Robert Green Parties shall not be Released Parties.*

*<u>Effective Date</u>: The date that is the first Business Day on which (a) no stay of the Confirmation Order is in effect and (b) all conditions precedent to the occurrence of the Effective Date set*

2

*forth in Article XIII.B of the Plan have been satisfied or waived in accordance with Article XII.C of the Plan.*

**Item 3**. **Certifications.**

By signing this Opt-Out Form, the undersigned that certifies:

(a)     as of the Voting Record Date, either: (i) the undersigned is the Holder of Claims set forth in Item 1; or (ii) the undersigned is an authorized signatory for an Entity or Person that is the Holder of Claims set forth in Item 1;

(b)     the Holder has received a copy of the *Notice of Non-Voting Status to Holders of Class 1 & 2 Claims* and acknowledges that this Opt-Out Form is made pursuant to the terms and conditions set forth therein;

(c)     the undersigned has made the same election with respect to the Third-Party Release with respect to all of its Claims; and

(d)     no other Opt-Out Form(s) with respect to the Claims set forth in Item 1 have been submitted or, if any other Opt-Out Form(s) have been submitted with respect to such Claims, then any such earlier Opt-Out Form(s) are hereby revoked.

YOUR RECEIPT OF THIS OPT-OUT FORM DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

If your address or contact information has changed, please note the new information here.

3

### INSTRUCTIONS FOR COMPLETING AND RETURNING THIS OPT-OUT FORM

1. **For this Opt-Out Form to be valid and effective, it must be completed and signed as provided above and returned to the Voting Agent by the following method so as to be _actually received_ by the Voting Agent no later than the Opt-Out Deadline, which is May 8, 2026.**

   **By First-Class Mail, Overnight Mail, or Hand Delivery to:**

   SilverRock Ballot Processing
   c/o Reliable Companies
   Attn: Gene Matthews
   1007 North Orange Street, Suite 110
   Wilmington, DE 19801

2. **Use of Hard Copy Opt-Out Form**. To ensure that your hard copy Opt-Out Form and any opt out election transmitted thereby is effective, you must: (a) clearly indicate your decision to "opt out" of the Third-Party Release set forth in the Combined Disclosure Statement and Plan in <u>Item 2</u> above; (b) make sure that the information required by <u>Item 3</u> above has been correctly inserted; and (c) clearly sign and return your original Opt-Out Form to the above street address so as to be **actually received** by the Voting Agent no later than the Opt-Out Deadline. **Opt-Out Forms will not be accepted by email, facsimile, or other electronic means.**

3. If an Opt-Out Form is received by the Voting Agent *after* the Opt-Out Deadline, any opt out election transmitted thereby will not be effective. Additionally, **the following Opt-Out Forms will _not_ be counted**:

   (a) any Opt-Out Form that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;
   (b) any Opt-Out Form cast by or on behalf of an entity that is not entitled to opt-out of the Third-Party Release;
   (c) any Opt-Out Form that was transmitted other than as specifically set forth in the Opt-Out Form;
   (d) any Opt-Out Form that was sent to any person or entity other than the Voting Agent;
   (e) any Opt-Out Form that is unsigned; and
   (f) any Opt-Out Form that is not clearly marked to opt-out of the Third-Party Release.

4. The method of delivery of Opt-Out Forms to the Voting Agent is at the risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent *actually receives* the original executed Opt-Out Form. Holders should allow sufficient time to assure timely delivery.

5. If multiple Opt-Out Forms are received from the same Holder with respect to the same Claim prior to the Opt-Out Deadline, the last, timely received Opt-Out Form will supersede and revoke any earlier received Opt-Out Form(s).

6. This Opt-Out Form shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you in the event that (i) the Debtors revoke or

4

withdraw the Combined Disclosure Statement and Plan, (ii) the Combined Order is not entered, or (iii) consummation of the Plan does not occur.

7. The Opt-Out Form is not a letter of transmittal and may not be used for any purpose other than to opt-out of the Third-Party Release.

8. This Opt-Out Form does **not** constitute and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission with respect to any Claim.

9. **Please be sure to sign and date your Opt-Out Form**. If you are signing an Opt-Out Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, and, if required or requested by the Voting Agent, the Debtors, or the Court (if applicable), you must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to your Opt-Out Form.

**PLEASE RETURN YOUR OPT-OUT FORM PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT-OUT FORM, THE INSTRUCTIONS, OR THE PROCEDURES FOR SUBMITTING YOUR OPT-OUT FORM, PLEASE CONTACT THE VOTING AGENT AT BANKRUPTCY@RELIABLE-CO.COM (WITH A REFERENCE TO "SILVERROCK" IN THE SUBJECT LINE).**

---

**IF THE VOTING AGENT DOES NOT _ACTUALLY RECEIVE_ THIS OPT-OUT FORM FROM YOU BEFORE THE OPT-OUT DEADLINE, WHICH IS MAY 8, 2026, THEN YOUR OPT-OUT ELECTION TRANSMITTED THEREBY WILL NOT BE EFFECTIVE.**

---