**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SILVERROCK DEVELOPMENT COMPANY, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 24-11647 (MFW)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 905, 914 & 926** |

**ORDER (I) APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; (II) APPROVING SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF, AND (C) APPROVING THE FORM OF BALLOT AND ESTABLISHING VOTING AND TABULATION PROCEDURES; (III) SCHEDULING A COMBINED HEARING AND ESTABLISHING RELATED NOTICE AND OBJECTION PROCEDURES; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors") for the entry of an order, pursuant to sections 105(a), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3016, 3017, 3018, and 3020, and Local Rule 3017-2, (i) approving the *Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of SilverRock Development Company, LLC and its Debtor Affiliates* attached hereto as **Exhibit 1** (as approved by this Order, the "Combined Disclosure Statement and Plan"); (ii) approving solicitation and voting procedures with respect to the Combined Disclosure Statement and Plan, including (a) fixing the Record Date, (b) approving the Solicitation Packages and procedures for distribution thereof, and (c) approving the form of Ballot

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598) and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

[2]   Capitalized terms used, but not defined, shall have the meanings ascribed to them in the Motion.

and establishing voting and tabulation procedures; (iii) scheduling a final, combined hearing to consider (a) final approval of the adequacy of information in the Combined Disclosure Statement and Plan pursuant to section 1125 of the Bankruptcy Code and (b) confirmation of the Combined Disclosure Statement and Plan pursuant to section 1129 of the Bankruptcy Code (the "Combined Hearing") and establishing related notice and objection procedures; and (iv) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 1334(b) and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this being a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and the Interim Approval and Procedures Hearing being deemed adequate; and the Interim Approval and Procedures Hearing Notice constituting good and sufficient notice to all interested parties and no other or further notice needing be provided; and the Court having reviewed the Motion, the papers in support thereof, and the responses thereto, if any; and upon the record of the hearing; and the Court having found and determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor; it is HEREBY FOUND THAT:

A.     The notice of the Motion was served as set forth in the Motion, and such notice constitutes good and sufficient notice to all interested parties and complies with Bankruptcy Rules 2002 and 3017, and no other or further notice need be provided.

B.     The Notice of Non-Voting Status – Impaired Creditors attached hereto as **Exhibit 4** provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice

of the injunction, exculpation and release provisions in Article XII of the Plan in satisfaction of the requirements of Bankruptcy Rule 3016(c).

C.      The form of ballot (the "Ballot") for the Voting Classes attached hereto as **Exhibit 3**, is sufficiently consistent with Official Form No. 14, adequately addresses the particular needs of the chapter 11 cases, and is appropriate for the Voting Classes to accept or reject the Plan.

D.      The contents of the Solicitation Packages and Non-Voting Packages, as set forth herein, comply with Bankruptcy Rules 2002 and 3017, and constitute sufficient notice to all interested parties, including without limitation, Holders of Claims and Interests.

E.      Ballots need not be provided to the Non-Voting Classes, because the Plan provides that such Classes are either (i) rendered Unimpaired under, and therefore, deemed to have accepted the Plan (without voting), in accordance with section 1126(f) of the Bankruptcy Code, or (ii) Impaired and not entitled to receive or retain any property under the Plan, and therefore deemed to have rejected the Plan (without voting), in accordance with section 1126(g) of the Bankruptcy Code.

F.      The period within which the Debtors may solicit votes to accept or reject the Plan is reasonable and adequate for the Voting Class to make an informed decision to accept or reject the Plan.

G.      The procedures set forth in this Order for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

H.      The Combined Hearing Notice, the Notice of Non-Voting Status – Impaired Creditors, and the Notice of Non-Voting Status – Unimpaired Creditors and Opt-Out Form, substantially in the forms attached hereto as **Exhibit 2**, **Exhibit 4**, and **Exhibit 5** respectively; the

procedures provided in this Order for providing notice to all Creditors, Interest Holders, and parties in interest of the time, date, and place of the Combined Hearing and the deadline to object to confirmation of the Plan; and the contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and Local Rule 3017-2 and constitute sufficient notice to all interested parties.

I.       In addition to serving the Combined Hearing Notice as provided for herein, the Debtors will cause the Combined Hearing Notice, as may be modified for publication, to be published once in *the San Diego Union Tribune* and the *Desert Sun*, within five (5) business days of the entry of this Order.  The publication of the Combined Hearing Notice will provide sufficient notice to persons who do not otherwise receive the Combined Hearing Notice by mail.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.       The Motion is GRANTED, as set forth herein.

2.       The Disclosure Statement is approved on a conditional basis for solicitation purposes under section 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-2. Any objections to the adequacy of information contained in the Disclosure Statement on a final basis are expressly reserved for consideration at the Combined Hearing, unless withdrawn or overruled on the record at an Interim Approval Hearing.

3.       The Combined Hearing is hereby scheduled for **May 20, 2026 at 10:30 a.m. (ET) and May 21, 2026 at 10:30 a.m. (ET)**. The Combined Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors by announcement of the adjournment or continuance at a hearing before the Bankruptcy Court or by filing a notice on the docket of these chapter 11 cases. In accordance with the Plan, the Plan may be modified, if necessary, before, during, or as a result of the Combined Hearing without further action by the Debtors and without further notice to or action, order, or approval of the Bankruptcy Court or any other entity.

4.      Objections to confirmation of the Combined Disclosure Statement and Plan on any ground, including adequacy of the disclosures therein, if any, shall (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, and (iii) be filed with the Court and served upon the notice parties identified in the Combined Hearing Notice on or before **May 7, 2026**. Unless an objection is timely filed and served, it may not be considered by the Court at the Combined Hearing. The Debtors, and any other parties in interest supporting the Combined Disclosure Statement and Plan may, in their discretion, file a reply in support of Confirmation of the Combined Disclosure Statement and Plan by **May 18, 2026 at 12:00 p.m. (ET)** (the "Reply Deadline").  If the Combined Hearing is adjourned, the Reply Deadline shall be 12:00 p.m. (ET) two days before the Combined Hearing.

5.      The Ballot, substantially in the form attached hereto as **Exhibit 3,** is approved.

6.      The Notice of Non-Voting Status – Impaired Creditors and the Notice of Non-Voting Status – Unimpaired Creditors and Opt-Out Form, substantially in the forms attached hereto as **Exhibit 4** and **Exhibit 5**, respectively, are approved.

7.      The Record Date with respect to Holders of Claims and Interests shall be **April 8, 2026**.  The Record Date shall be used for purposes of determining: (i) the Holders of Claims in the Voting Classes, who will receive Solicitation Packages and are entitled to vote to accept or reject the Plan; (ii) the Holders of Claims and Interests in the Non-Voting Classes, who will receive a Notice of Non-Voting Status and are not entitled to vote to accept or reject the Plan; (iii) the amount of each Holder's Claim for solicitation and voting purposes (except as otherwise provided herein); and (iv) whether Claims have been properly and timely assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee (and not the original Claim Holder) can vote to accept or reject the Plan.  With respect to any transferred Claim, the

transferee shall be entitled to receive a Solicitation Package and (if applicable) cast a Ballot on account of such Claim only if all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date.  In the event a Claim is transferred after the Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the holder of such Claim as of the Record Date.

8.    By **April 9, 2026** (the "Solicitation Date"), the Debtors shall distribute, or cause to be distributed, by first-class mail, to Holders of Claims in the Voting Classes as of the Record Date a Solicitation Package containing the following:

  a.  the Combined Disclosure Statement and Plan, which shall attach the Lien Priority Analysis and the Allocation Schedule;

  b.  this Interim Approval and Procedures Order (excluding exhibits);

  c.  a Ballot and the Voting Instructions;

  d.  a pre-addressed, postage pre-paid return envelope; and

  e.  the Combined Hearing Notice.

9.    The Debtors are authorized (but not required) to distribute, or cause to be distributed, the Combined Disclosure Statement and Plan (together with all exhibits thereto) and the Order to the Voting Classes in flash drive format in lieu of paper format.  The Combined Hearing Notice, Ballots and return envelopes contained in the Solicitation Packages shall be provided in paper format.

10.    By **April 9, 2026**, the Debtors shall distribute, or cause to be distributed, by first-class mail, to all Holders of Claims and Interests in the Non-Voting Classes, a Non-Voting Package, consisting of (i) the Combined Hearing Notice; and (ii) the applicable Notice of Non-Voting Status.

11.    By **April 9, 2026**, the Debtors shall distribute, or cause to be distributed, by first-class mail, Solicitation Packages, excluding a Ballot and return envelope, to: (i) the U.S. Trustee;

(ii) the Internal Revenue Service; (iii) any applicable local and state taxing authorities; and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002 not otherwise served with such materials pursuant to this Order.

12.     By **April 9, 2026**, to the extent not included in the above mailings, the Debtors shall distribute, or cause to be distributed, by first-class mail, the Combined Hearing Notice to: (i) all creditors listed on the Debtors' Schedules who have filed a Proof of Claim; (iii) equity holders; (iii) parties to executory contracts and unexpired leases that have not previously been assumed or assumed and assigned; and (iv) any other known party in interest.

13.     The Debtors shall cause the Combined Hearing Notice, as may be modified for publication, to be published once in the *San Diego Union Tribune* and the *Desert Sun*, within five (5) business days of the entry of this Order.

14.     The Debtors shall not be required to distribute Solicitation Packages to the same addresses to which undeliverable Combined Hearing Notices were distributed unless the Debtors are provided with accurate addresses for such entities prior to the Solicitation Date.  The Debtors shall make a reasonable attempt to find better addresses for entities as to whom a Solicitation Package was returned by the United States Postal Service as undeliverable without a forwarding address.

15.     The deadline by which all Ballots and Opt-Out Forms must be properly executed, completed, and actually received by the Voting Agent shall be **May 8, 2026** (the "Voting Deadline"); *provided*, *however*, that the Debtors are permitted to extend the Voting Deadline at any time before or after the Voting Deadline, on behalf of any individual voter or the Voting Classes, as the facts and circumstances may require.

16.     Ballots will be accepted in paper form by delivering such Ballots by first-class mail postage prepaid, personal delivery, or overnight courier to the Voting Agent at the following address:

SilverRock Ballot Processing
c/o Reliable Companies
Attn:  Gene Matthews
1007 North Orange Street, Suite 110
Wilmington, DE 19801

Any failure to follow the instructions included with the Ballot may disqualify a Ballot.

17.     Except as otherwise provided herein, each Holder of a Claim in the Voting Classes shall be entitled to vote the amount of its Claim as of the Record Date.  Solely for purposes of voting on the Plan, and not for the purpose of making Distributions under the Plan on account of a Claim, and without prejudice to the rights of the Debtors or any other proper party in interest in any other context, including claims objections, with respect to all Holders of Claims in the Voting Classes, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be as follows:

a. The amount of the Claim listed in the Schedules; provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined, disputed, or in the amount of $0.00, (ii) no Proof of Claim has been timely filed by the applicable Bar Date (or otherwise deemed timely filed under applicable law), (iii) such Claim has not been satisfied by the Debtors, or (iv) such Claim has not been resolved pursuant to a stipulation or order entered by the Court.

b. The undisputed, non-contingent, unpaid and liquidated amount specified in a Proof of Claim against the Debtors, filed with the Court or the Voting Agent by the applicable Bar Date (or otherwise deemed timely filed by the Court under applicable law), to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection filed by the Record Date (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, the amount set forth in such stipulation or order).

c. If applicable, the amount temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018.  Any motion pursuant to Bankruptcy Rule 3018

seeking to temporarily allow a Claim for voting purposes must be filed and served in accordance with this Order.

d. Except as otherwise provided in subsection (c) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown, blank, or uncertain amount or in the amount of $0.00 that is not the subject of a claim objection filed by the Record Date shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only.

e. Except as otherwise provided in subsection (c) hereof, with respect to a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim, but the Claim is the subject of a claim objection filed by the Record Date, the Debtors request, in accordance with Bankruptcy Rule 3018(a), that the Ballot not be counted for voting purposes.

f. Notwithstanding subsection (e) hereof and except as otherwise provided in subsection (c) hereof, if the Debtors have requested that a Claim be reclassified, estimated and/or allowed in a fixed, reduced amount pursuant to a claim objection or estimation proceeding to such Claim, the Ballot of the Holder of such Claim shall be counted in the reduced amount requested by the Debtors and/or in the requested classification. For the avoidance of doubt and except as otherwise provided in subsection (c) hereof, if the Debtors have requested a determination pursuant to section 506(a) of the Bankruptcy Code that an asserted secured Claim is wholly unsecured by virtue of being undersecured, but not otherwise objected to such Claim, the Ballot of the Holder of such Claim shall be counted in the general unsecured claims class for purposes of these voting procedures.

g. Notwithstanding anything to the contrary contained herein, to the extent that a Holder holds duplicate Claims in the Voting Classes (by virtue of one or more timely-filed Proofs of Claim, the Schedules, or a combination of both), such Holder shall be deemed to hold a single Claim in the Voting Classes.

18. The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor against the Debtors will be aggregated as if such Creditor held a single Claim against the Debtors, and the votes related to those Claims shall be treated as a single vote on the Plan; *provided, however*, that separate Claims held as of the Petition Date by different entities (even if related, affiliated or properly and timely assigned or transferred prior to the Record Date) shall not be deemed to be held by a single Creditor pursuant to this provision, and the votes with respect to any such Claims shall be treated as separate votes on the Plan.

b. Creditors with multiple Claims within the Voting Classes must vote all such Claims to either accept or reject the Plan and may not split their vote(s) within the Voting Classes.

Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims within the Voting Classes will not be counted.

c.  Each Creditor will be provided a single individual Ballot for all Claims held by such Creditor in the Voting Classes.

d.  If a Claim is transferred after the Record Date, only the Holder of such Claim as of the Record Date may execute and submit a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Record Date, and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a).

e.  The delivery of a Ballot will be deemed made only when the Voting Agent actually receives the original, executed Ballot.

f.  Any party who has previously submitted to the Voting Agent prior to the Voting Deadline a properly completed Ballot may revoke such Ballot and change its vote by submitting to the Voting Agent prior to the Voting Deadline a subsequent properly completed Ballot.  If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that Holder's intent and will supersede and revoke any Ballot previously received.

g.  If a Holder of a Claim casts multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

h.  Except as otherwise provided in subsection (f) hereof, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline.  To be valid, a notice of withdrawal must (i) contain the description of the Claim to which it relates and the aggregate principal amount represented by such Claim, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claim and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Voting Agent prior to the Voting Deadline.  The Debtors expressly reserve the right to contest the validity of any such withdrawals.

19.  The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

a.  Any Ballot that fails to clearly indicate an acceptance or rejection, or that indicates both an acceptance and a rejection, of the Plan;

b.  Any Ballot received after the Voting Deadline, except by order of the Bankruptcy Court or if the Debtors have granted an extension of the Voting Deadline with respect to such Ballot;

c. Any Ballot containing a vote that the Bankruptcy Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

d. Any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder;

e. Any Ballot cast by an Entity that does not hold a Claim in the Voting Classes;

f. Any unsigned Ballot or Ballot without an original signature; and

g. Any Ballot submitted by fax, email or electronic transmission.

20.     Any party that wishes to challenge the allowance of its Claim for voting purposes shall serve on counsel to the Debtors and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before **May 1, 2026**.  Any Ballot submitted by a Holder of a Claim that files a motion pursuant to Bankruptcy Rule 3018(a) shall be counted solely in accordance with the tabulation and other provisions of this Order unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

21.     The interpretation of all balloting rules and procedures (including the Ballot and the respective instructions thereto) by the Voting Agent and the Debtors, unless otherwise directed by the Court, will be final and binding on all parties.  The Debtors are authorized to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtors, be unlawful.  The Debtors are further authorized to waive or permit the cure of any defects or irregularities or conditions of delivery as to any particular Ballot.  Unless waived, any such defects or irregularities must be cured within such time as the Debtors (or the Court) determines.  Neither the Debtors nor any other person will be under any duty to provide notification of such defects or irregularities or failure to satisfy conditions of delivery nor will any of them incur any liabilities

for failure to provide such notification.  Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made and such Ballots will be invalid until such defects or irregularities have been cured or waived.

22.     On or before **May 13, 2026**, the Voting Agent shall file a voting report (the "Voting Report"), verifying the results of its voting tabulations reflecting the votes cast to accept or reject the Plan.  The Voting Report shall, among other things, describe generally every Ballot received by the Voting Agent that does not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late, illegible (in whole or in material part), unidentifiable, lacking signatures, lacking necessary information, or damaged.

23.     The Combined Hearing will be held on **May 20, 2026 at 10:30 a.m. (ET) and May 21, 2026 at 10:30 a.m. (ET)**; *provided*, *however*, that the Combined Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors by announcement of the adjournment or continuance at a hearing before the Bankruptcy Court or by filing a notice on the docket of these chapter 11 cases. In accordance with the Plan, the Plan may be modified, if necessary, before, during, or as a result of the Combined Hearing without further action by the Debtors and without further notice to or action, order, or approval of the Bankruptcy Court or any other entity.

24.     Objections to confirmation of the Plan (a "Combined Disclosure Statement and Plan Objection"), if any, must (i) be in writing, (ii) state the name and address of the objecting party and (if applicable) the amount and nature of the Claim of such party, (iii) state with particularity the basis and nature of any objection, and (iv) be filed, together with proof of service, with the Court and served so that they are actually received no later than **May 7, 2026** by the following (the "Notice Parties"): (a) counsel to the Debtors, (x) Wilson Sonsini Goodrich & Rosati,

P.C., 222 Delaware Avenue, Suite 800, Wilmington, Delaware 19801 (Attn: Erin R. Fay, Shane M. Reil, and Catherine C. Lyons, (emails: efay@wsgr.com, sreil@wsgr.com, and clyons@wsgr.com)), (y) Law Offices of Benjamin M. Carson, P.C., 5965 Village Way, Suite E105, San Diego, California 92130 (Attn: Benjamin M. Carson (email: ben@benjamincarsonlaw.com)), and (z) Victor A. Vilaplana, 823 La Jolla Road, La Jolla, California 92037 (email: vavilaplana@gmail.com); (b) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane M. Leamy (email: jane.m.leamy@usdoj.gov)); and (c) counsel to the City, (x) Pashman Stein Walder Hayden PC, 824 North Market Street, Suite 800, Wilmington, Delaware 19801 (Attn: Richard W. Riley (email: rriley@pashmanstein.com)), (y) Whiteford Taylor & Preston LLP, 3190 Fairview Park Drive, Suite 800, Falls Church, Virginia 22042-4510 (Attn: Bradford F. Englander (email: benglander@whitefordlaw.com)), and (z) Rutan & Tucker LLP, 18575 Jamboree Road, 9th Floor, Irvine, California 92612 (Attn: William H. Ihrke (email: bihrke@rutan.com)).

25.     The Debtors, or any other party supporting confirmation of the Plan, may file responses to any Combined Disclosure Statement and Plan Objection (or any other pleading in support of final approval and confirmation of the Combined Disclosure Statement and Plan) on or before **May 18, 2026 at 12:00 p.m. (ET)**.

26.     The Plan Supplement shall be filed and served no later than **April 30, 2026**.

27.     The Debtors and the Voting Agent are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

28.     The Debtors are authorized to make non-substantive changes to the Combined Disclosure Statement and Plan, the Ballot and Voting Instructions, the Combined Hearing Notice,

and the Notice of Non-Voting Status and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Combined Disclosure Statement and Plan, and any materials in the Solicitation Package or Non-Voting Package prior to their distribution.

29.     Attached hereto as **Annex I** is a timetable of significant dates related to solicitation and confirmation of the Combined Disclosure Statement and Plan, which dates are subject to change as permitted herein.

30.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, enforcement, and interpretation of this Order.

**Dated: April 8th, 2026**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**