## EXHIBIT A

## Allocation Schedule

| CREDITOR | ASSERTED SECURED CLAIM(S) | SECURED CLAIM ALLOCATION |
|---|---|---|
| Poppy | $33,404,484.00 | Between $6,015,009.09 and up to $30,504,136.30 depending on the outcomes of the Poppy/RDO Dispute, the Builders/Poppy Dispute, and the Granite/Poppy Dispute |
| Keillor | $16,759,043.05 | $16,759,043.05[1] |
| RDO (and its subcontractors) | $19,593,304.00 | Up to $16,171,010 pending the outcome of the Poppy/RDO Dispute[2] |
| Granite | $4,651,719.08 | Up to $4,651,719.08 pending outcome of the Poppy/RDO Dispute and the Granite/Poppy Dispute |
| Builders Capital | $43,964,496.33 | Between $2,074,601.07 and up to $4,462,802.29 pending the outcome of the Builders/Poppy Dispute |
| SilverRock Resort Investment, LLC and SilverRock Resort Investment M, LLC (the "EB-5 Lenders") | $17,503,867.04 | $3,301,142.23 as set forth in the EB-5 Settlement and pursuant to the Combined Disclosure Statement and Plan and which reflects value attributable to the applicable parcels after accounting Keillor's impaired Plan distribution |
| Gauston | $282,346.46 | Up to $282,346.46 pending the outcome of the Poppy/RDO Dispute.[3] |
| H&E | $61,851.68 | Up to $61,851.68 pending the outcome of the Poppy/RDO Dispute |

---

[1]    Pursuant to the Plan, Keillor has agreed to an impaired distribution of $15.3 million.

[2]    This amount assumes RDO prevails in the Poppy/RDO Dispute and then has to share in "first priority" with the other validly asserted mechanic's liens on the same collateral and represents the maximum amount RDO could receive based on the value of that collateral and the amount of other liens asserted therein.

[3]    Gauston filed a lien on Parcel B of LLA 2023-0003, which is a parcel that the Debtors do not believe RDO asserted a lien on. Therefore, while Gauston is a subcontractor of RDO and the full amount of their claim is impacted by the outcome of the Poppy/RDO Dispute, even if RDO does not fully succeed against Poppy, Gauston may succeed with respect to this particular parcel as against Poppy and/or other creditors asserting a lien in Parcel B of LLA 2023-0003.

| CREDITOR | ASSERTED SECURED CLAIM(S) | SECURED CLAIM ALLOCATION |
|---|---|---|
| Vermillions | $23,000.00 | Up to $23,000.00 pending the outcome of the Poppy/RDO Dispute |
| The Traub Trust | $3,816,000.00 | $1,178,041.20, which amount reflects value attributable to the applicable parcel after accounting Keillor's impaired Plan distribution |
| Teserra | $108,234.00 | $0.00 |
| UCS | $72,298.25 | $0.00 |
| California Specialty Insulation Inc. | $84,059.00 | $0.00 |
| 20/20 Plumbing | $776,261.00 | $0.00 |
| Robert Green Company | $4,973,699.00 | $0.00[4] |
| Robert Green Residential, Inc. | $4,977,987.00 | $0.00 |
| Cypress | $31,464,425.00 | $0.00 |
| Rowan | $3,060,697.88 | Up to $241,800.90 pending the outcome of the Poppy/RDO Dispute. [5] |
| White's Steel | $360,599.32 | $0.00[6] |
| J. Ginger Masonry | $84,815.00 | $0.00[7] |

[4] The Asserted Secured Claims of Robert Green Company and Robert Green Residential, Inc. ("RGRI") are disputed by the Debtors. The Debtors expect such claims to be objected to and that such claims will be disallowed in full.

[5] The amount showing for the "Secured Claim Allocation" of Rowan relates to the portion of Rowan's asserted claim ($241,800.90) that is allegedly related to its work as a subcontractor for RGRI. The Debtors believe that Rowan's other asserted amounts are included within RDO's Asserted Secured Claim and thus have allocated $0 to the Rowan Asserted Secured Claim for such work.

[6] As discussed in the Allocation Motion, the Debtors believe White's Steel's Asserted Secured Claim is included within RDO's Asserted Secured Claim and therefore the Debtors have allocated $0 to White's Steel's Asserted Secured Claim on a standalone basis.

[7] As discussed in the Allocation Motion, the Debtors believe the J. Ginger Masonry Asserted Secured Claim is included within RDO's Asserted Secured Claim and therefore the Debtors have allocated $0 to the J. Ginger Masonry Asserted Secured Claim on a standalone basis.

| CREDITOR | ASSERTED SECURED CLAIM(S) | SECURED CLAIM ALLOCATION |
|---|---|---|
| Trimark Raygal LLC | $1,617,475.03 | $0.00[8] |
| L2 Specialties, Inc. | $84,179.02 | $0.00[9] |
| R3 Contractors, Inc. | $601,985.35 | $0.00[10] |
| M. Arthur Gensler Jr. & Associates, Inc. | $1,551,584.82 | $0.00 |
| BAR Architects & Interiors | $114,448.79 | $0.00 |
| Joshua Frantz | $29,048.48 | $0.00 |
| Axia Talus, LLC | $20,493,395.00 | $0.00 |
| Jack R. Tracy | $14,584.00 | $0.00 |
| Bruce Maize | $254,707.02 | $0.00 |
| FJ Zam Company | $206,944.18 | $0.00 |
| Core & Main LP a/k/a Waterworks and/or Fire Protection Materials | $2,536.97 | $0.00 |
| MSA Consulting, Inc. | $62,018.08 | $0.00 |
| Green/YH-MCSV Fund I | $7,651,940.00 | $0.00 |
| Executive Landscape, Inc. | $47,900.00 | $0.00 |
| Al Miller Roofing | $181,593.00 | $0.00 |
| Cockrell Electric Inc. | $115,623.00 | $0.00 |

[8] As discussed in the Allocation Motion, the Debtors believe the Trimark Raygal LLC Asserted Secured Claim is included within RDO's Asserted Secured Claim and therefore the Debtors have allocated $0 to the Trimark Raygal LLC Asserted Secured Claim on a standalone basis.

[9] As discussed in the Allocation Motion, the Debtors believe that the Asserted Secured Claims of certain RDO subcontractors, including, among others, L2 Specialties, Inc., are included within RDO's Asserted Secured Claim. As a result, the Debtors have allocated $0 to the L2 Specialties, Inc. Asserted Secured Claim on a standalone basis.

[10] As discussed in the Allocation Motion, the Debtors believe that the Asserted Secured Claims of certain RDO subcontractors, including, among others, R3 Contractors, Inc., are included within RDO's Asserted Secured Claim. As a result, the Debtors have allocated $0 to the R3 Contractors, Inc. Asserted Secured Claim on a standalone basis.

| CREDITOR | ASSERTED SECURED CLAIM(S) | SECURED CLAIM ALLOCATION |
|---|---|---|
| Ashley Jernigan obo J&B Materials | $48,785.29 | $0.00 |
| McGrath | $45,000.00 | $0.00 |
| Richard & Lehn Goetz | $16,494,517.26 | $0.00 |

4

# Allocation Waterfall

| $65 Million Purchase Price | |
|---|---|
| Closing Costs[a] | ($2,070,494.90) |
| UST Fees[b] | ($399,544.00) |
| Supplemental DOT Collateral Reserve[c] | ($1,190,400.44) |
| Interest accrued in Escrow Account[d] | $625,337.00 |
| **Initial net sale proceeds:** | **$61,964,897.66** |
| City DIP Loan[e] | $9,606,976.87 |

| Creditor/Payee | Percentage of Overall Acreage[f] | Amount of Initial Net Sale Proceeds Before DIP Repayment | Allocation of DIP Facility on Per Acre Basis | Adjusted DIP Priming Amount[g] | Proposed Allocation[h] |
|---|---|---|---|---|---|
| RDO/Poppy/Granite Disputed Reserve Creditors[i] | 39.232012829665% | $24,778,802.64 | $3,841,681.22 | $2,677,876.64 | $22,100,925.99 |
| Builders/Poppy Disputed Reserve Creditors[j] | 4.469623004478% | $2,822,998.32 | $437,674.89 | $434,797.10 | $2,388,201.22 |
| Poppy (Lots A-L)[k] | 2.423176723888% | $1,530,469.98 | $237,282.56 | $237,282.56 | $1,293,187.42 |
| Poppy (Lot A of LLA 2020-0007)[l] | 8.381846454921% | $5,293,945.02 | $820,768.04 | $572,123.36 | $4,721,821.67 |
| Builders Capital[m] | 3.882706618416% | $2,452,303.97 | $380,202.80 | $377,702.90 | $2,074,601.07 |
| Keillor/EB-5 Lenders/Traub Trust[n] | 39.718993184176% | $25,086,377.73 | $3,889,367.36 | $5,307,194.31 | $19,779,183.43 |

**FOOTNOTES**

[a] This amount is comprised of various costs related to the closing of the Sale. The Debtors were authorized to pay this amount pursuant to paragraph 15 of the *Order (I) Approving the Sale of Assets to the Successful Bidder Free and Clear of All Claims, Liens, Interests, and Encumbrances; (II) Approving the Consensual Termination or Rejection of Ground Leases, Effective as of the Closing Date; (III) Approving Form of Grant Deed; and (IV) Granting Related Relief* [Docket No. 759] (the "Sale Order").

[b] This amount is comprised of fees owed or paid to the Office of the United States Trustee for the District of Delaware for Q4 2025, Q1 2026, Q2 2026, and Q3 2026, which were authorized to be paid from net sale proceeds pursuant to paragraph 15 of the Sale Order.

c    Pursuant to the *Order (I) Authorizing the Debtors to Amend the DIP Credit Agreement; (II) Authorizing the Debtors to Execute, Deliver, and Record a Supplemental Deed of Trust in Favor of the DIP Lender; and (III) Granting Related Relief* (the "DIP Amendment Order") [Docket No. 760], the Debtors were required to establish an Escrow Account to hold net sale proceeds allocable to the Supplemental DOT Collateral (as defined therein). The amount shown here represents the value of the Supplemental DOT Collateral using the same acreage-based allocation methodology used in the Allocation.

d    This is the amount estimated to have accrued as of May 31, 2026.

e    The payment on the DIP Facility reflects the $11 million principal, interest thereon, and contractually capped professional fees for the City, less the $2.25 million credit of the DIP Facility made possible by the DIP Amendment approved by the Court pursuant to the DIP Amendment Order on October 23, 2025. *See* Docket No. 760.

f    The percentages shown in this column represent the percentage of the entire acreage of the real property formerly owned by the Debtors ascribed to the creditors in such group.

g    This column represents the adjusted amount of the DIP Facility applied to each line taking into account the Priming Caps.

h    This column indicates the amount of the payment or reserve indicated by the Allocation Methodology when taking the applicable "Amount of Initial Net Sale Proceeds Before DIP Repayment" and subtracting the "Adjusted DIP Priming Amount."

i    The RDO/Poppy/Granite Reserve is comprised of the following parcels of the real property formerly owned by the Debtors: (i) Lot B of LLA 2020-0010, (ii) Lot C of LLA 2020-0010, (iii) Parcel A of LLA 2023-0003, (iv) Parcel B of LLA 2023-003, (v) Parcel C of LLA 2023-0003, and (vi) Parcel D of LLA 2023-0003. The Plan provides that pending the outcome of the Poppy/RDO Dispute, the RDO/Poppy/Granite Reserve could be shared among (i) Poppy, (ii) RDO (on behalf of it and its subcontractors), (iii) Granite, (iv) H&E Equipment Services, Inc., (v) Vermillions Environmental Products & Applications, (vi) Gauston Corp., and (vii) Rowan Incorporated d/b/a Rowan Electric (on behalf of work performed pursuant to a subcontract with Robert Green Residential, Inc.).

j    The Builders/Poppy Disputed Reserve is comprised of the following parcels of real property formerly owned by the Debtors: Lots 1-5 of Tract Map 37730, Lots 9-12 of Tract Map 37730, Lots 15-16 of Tract Map 37730, Lots 18-19 of Tract Map 37730, and Lots 27-29 of Tract Map 37730. The Plan provides that pending the outcome of the Builders/Poppy Dispute (which dispute may also include Granite), this amount would be shared among Builders Capital, Poppy, and Granite.

k    This amount is comprised of the value of Lots A-L of Tract No. 37730, which are not subject to a Priming Cap.

l    This amount is comprised of the value of Lot A of LLA 2020-0007.

m    This amount represents the allocation to Builders Capital of the value of the Residential Lots not encompassed by the Builders/Poppy Disputed Reserve.

n    This amount represents the allocation of value of the parcels formerly known as "Planning Areas 7, 8, and 9." A further allocation among the Asserted Secured Creditors that are proposed to be allocated a secured claim related to such parcels is set forth in the Combined Disclosure Statement and Plan and the Motion.