**EXHIBIT B**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SILVERROCK DEVELOPMENT COMPANY, LLC, *et al.*,<br><br>         Debtors.[1] | Chapter 11<br><br>Case No.: 24-11647 (MFW)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. ___** |

**ORDER SUSTAINING DEBTORS' FIRST OMNIBUS (SUBSTANTIVE)
OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF
THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1**

Upon consideration of the *Debtors' First Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1* (the "Objection")[2] and the Vives Declaration; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that venue of these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; and upon the record herein and after due

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598) and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

deliberation thereon and good and sufficient cause appearing therefor; it is HEREBY ORDERED THAT:

1.  The Objection is SUSTAINED, as set forth herein.

2.  The No Liability Claims identified on **Exhibit 1** to this Order are hereby disallowed in their entirety.

3.  The Reclassified Unsecured Claims identified on **Exhibit 2** to this Order are hereby reclassified as general unsecured claims, as indicated by the column entitled "Reclassified Classification" thereon.

4.  The Debtors' objection to each Disputed Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate Order with respect to each claim.  Any stay pending appeal or appeal of this Order by any of the claimants subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

5.  Any and all rights of the Debtors and their estates to amend, supplement or otherwise modify the Objection and to file additional objections to any and all claims filed in these chapter 11 cases, including, without limitation, any and all of the Disputed Claims, are reserved.

6.  Any and all rights, claims and defenses of the Debtors and their estates with respect to any and all of the Disputed Claims are reserved, and nothing included in or omitted from the Objection is intended or shall be deemed to impair, prejudice, waive or otherwise affect any rights, claims, or defenses of the Debtors and their estates with respect to the Disputed Claims.

7.  Notwithstanding any provision of the Bankruptcy Code, Bankruptcy Rules, or Local Rules to the contrary, this Order shall be immediately enforceable upon its entry.

8.      The Court shall retain jurisdiction with respect to all matters related to the implementation, interpretation, or enforcement of this Order.

## EXHIBIT 1

**No Liability Claims**

| Creditor | Debtor | No Liability Claim Number | Claim Amount | Claim Type | Basis for Treatment |
|---|---|---|---|---|---|
| Deere & Company | SilverRock Development Company, LLC | 9 | $10,424.76 | Secured Claim | Claimant asserts secured liability on account of Retail Installment Contract – Security Agreement between and among RDO Agriculture Equipment Co. and Debtor SilverRock Phase I, LLC ("SRPI") pursuant to which a Model Year 2022 Gator XUV825M S4 was allegedly purchased. A UCC-1 financing statement identifying this equipment is attached naming Jeffrey Yasuji Yamaguchi and Robert Stanley Green Jr as debtors and a separate UCC-1 names SRPI as debtor. The Debtors have reviewed the supporting documentation provided with the claim and their books and records and can find no evidence that this equipment was ever onsite at the premises or that any payments were ever made by the Debtors in relation to this equipment. Consequently, the Debtors do not believe that this claim states a valid liability against the estates and should be disallowed. |

| Creditor | Debtor | No Liability Claim Number | Claim Amount | Claim Type | Basis for Treatment |
|---|---|---|---|---|---|
| Frantz, Joshua | SilverRock Development Company, LLC | 20 | $29,048.48 | Secured Claim | Claim is filed by former employee of non-debtor Robert Green Company for unpaid salary and wages and asserts entitlement to priority status under 11 U.S.C. § 507(a)(4).  On its face, the claim asserts that the basis for the claim is "unpaid payroll earned" and that the claim is secured by "real estate" due to a "lien" in the claim amount.  The claim also asserts that it is entitled to priority under section 507(a)(4) of the Bankruptcy Code as a claim for unpaid wages in an amount which exceeds the applicable priority cap.  The Debtors have no liability with respect to this claim because the claimant was not an employee of the Debtors. Moreover, as an employee of a non-debtor, the claimant is not entitled to wage priority pursuant to 11 U.S.C. § 507(a)(4). Additionally, the asserted basis for the secured claim is for managerial and supervisory work performed, which is an improper basis for a mechanic's lien under Cal. Civil Code § 8400 *et seq.* (defining categories of persons entitled to assert mechanic's liens generally as those who have bestowed skill or furnished materials or equipment in connection with a "work of improvement"). Likewise, in *Primo Team, Inc. v. Blake Constr. Co.*, 3 Cal. App. 4th 801, 807-11 (Cal. Ct. App. 1992), the court held that persons who perform supervisory roles at construction sites are not entitled to enforce mechanic's liens under Cal. Civ. Code § 3110 (the predecessor statute to Cal. Civil Code § 8400, *et seq.*). Consequently, because (i) the claim does not assert a basis for liability against the estates, (ii) the claim is not entitled to priority under 11 U.S.C. § 507(a)(4), and (iii) the claim does not assert a valid basis for a secured claim under California law, the Debtors request that the claim be disallowed in its entirety. |

## EXHIBIT 2

**Reclassified Unsecured Claims**

| Creditor | Debtor | Claim Number | Asserted Claim Classification | Asserted Claim Amount | Reclassified Classification | Basis for Treatment |
|---|---|---|---|---|---|---|
| Andrew Lauren Interiors, Inc. | SilverRock Development Company, LLC | 18 | Secured | $32,104.91 | General Unsecured | The claimant asserts that the lien is secured by a lien related to "real estate" on the basis of a "preliminary notice" and that the basis for the claim is "interiors installation of flooring, countertop, Tiles." The Debtors have no record of, and no documentation was provided by claimant regarding, a filed mechanic's lien as required to perfect a security interest for construction work under California law. The claim does not attach any supporting documentation (including any "preliminary notice"), but even if it did, under California law, a "preliminary notice" is a pre-requisite to preserving the right to file a mechanic's lien for subcontractors but does not satisfy the requirement of filing and recording a mechanic's lien with the county recorder. *See, e.g., Kodiak Indus. v. Ellis*, 229 Cal. Rptr. 418, 423 (Ct. App. 1986). As such, this claim should be reclassified as a general unsecured claim. *See* Cal. Civil Code § 8204 (describing requirements related to preliminary notice). |

| Creditor | Debtor | Claim Number | Asserted Claim Classification | Asserted Claim Amount | Reclassified Classification | Basis for Treatment |
|---|---|---|---|---|---|---|
| Bay City Electric Works | SilverRock Phase I, LLC | 11 | Secured | $3,961.00 | General Unsecured | The Debtors' books and records support liability to this claimant on an unsecured basis as indicated by the inclusion of this claimant in the schedules of assets and liabilities as a general unsecured creditor. The supporting documentation claimant provides does not provide a basis for a secured claim as well. The claimant checked both the "no" and "yes" boxes with respect to whether the claim is secured and the basis for the claim is described as "Goods Sold" with the basis for security listed as "Generator." The only document attached to the claim is a copy of the Bar Date Notice, which does not substantiate the claim or the basis for its assertion as secured by any interest in the Debtors' property. |

| Creditor | Debtor | Claim Number | Asserted Claim Classification | Asserted Claim Amount | Reclassified Classification | Basis for Treatment |
|---|---|---|---|---|---|---|
| HTL Mechanical, Inc. | SilverRock Development Company, LLC | 37 | Secured | $70,103.20 | - | Claim asserts $84,708.03 claim, including a $70,103.20 secured claim on "real estate" for "labor and materials furnished on the job site" and a $14,604.83 unsecured claim. The claim does not attach any supporting documentation and the Debtors have found no evidence that the claimant filed a mechanic's lien in furtherance of its allegedly unpaid construction work. The entire claim should be reclassified as a $84,708.03 General Unsecured Claim. |
| | | | General Unsecured | $14,604.83 | General Unsecured | |

| Creditor | Debtor | Claim Number | Asserted Claim Classification | Asserted Claim Amount | Reclassified Classification | Basis for Treatment |
|---|---|---|---|---|---|---|
| J&B Materials | SilverRock Development Company, LLC | 21 | Secured | $48,785.29 | General Unsecured | The mechanic's lien related to this claim was filed on August 8, 2024, after the Petition Date and in violation of the automatic stay. As a result, the lien is void *ab initio* and cannot provide a basis for a secured claim. *See In re Linear Elec. Co., Inc.*, 852 F.3d 313 (3d Cir. 2017) (affirming bankruptcy court's determination that construction lien filed in violation of the automatic stay is void *ab initio*). The entire claim should be reclassified as a $48,785.29.00 General Unsecured Claim. |
| Robert Green Residential Inc. | SilverRock Luxury Residences, LLC | 6 | Secured | $3,550,240.00 | General Unsecured | The mechanic's lien in relation to this claim was filed on February 3, 2025, after the Petition Date and in violation of the automatic stay. As a result, the lien is void *ab initio* and cannot provide a basis for a secured claim. *See In re Linear Elec. Co., Inc.*, 852 F.3d 313 (3d Cir. 2017) (affirming bankruptcy court's determination that construction lien filed in violation of the automatic stay is void *ab initio*). The entire claim should be reclassified as a $3,550,240.00 General Unsecured Claim. |

| Creditor | Debtor | Claim Number | Asserted Claim Classification | Asserted Claim Amount | Reclassified Classification | Basis for Treatment |
|---|---|---|---|---|---|---|
| Robert Green Residential Inc. | SilverRock Lodging, LLC | 8 | Secured | $1,427,747.00 | General Unsecured | The mechanic's lien in relation to this claim was filed on February 3, 2025, after the Petition Date and in violation of the automatic stay. As a result, the lien is void *ab initio* and cannot provide a basis for a secured claim. *See In re Linear Elec. Co., Inc.*, 852 F.3d 313 (3d Cir. 2017) (affirming bankruptcy court's determination that construction lien filed in violation of the automatic stay is void *ab initio*). The entire claim should be reclassified as a $1,427,747.00 General Unsecured Claim. |
| The Robert Green Company | SilverRock Lifestyle Residences, LLC | 4 | Secured | $395,511.00 | General Unsecured | The mechanic's lien in relation to this claim was filed on February 3, 2025, after the Petition Date and in violation of the automatic stay. As a result, the lien is void *ab initio* and cannot provide a basis for a secured claim. *See In re Linear Elec. Co., Inc.*, 852 F.3d 313 (3d Cir. 2017) (affirming bankruptcy court's determination that construction lien filed in violation of the automatic stay is void *ab initio*). The entire claim should be reclassified as a $395,511.00 General Unsecured Claim. |

| Creditor | Debtor | Claim Number | Asserted Claim Classification | Asserted Claim Amount | Reclassified Classification | Basis for Treatment |
|---|---|---|---|---|---|---|
| The Robert Green Company | SilverRock Luxury Residences, LLC | 8 | Secured | $933,063.00 | General Unsecured | The mechanic's lien in relation to this claim was filed on January 31, 2025, after the Petition Date and in violation of the automatic stay. As a result, the lien is void *ab initio* and cannot provide a basis for a secured claim. *See In re Linear Elec. Co., Inc.*, 852 F.3d 313 (3d Cir. 2017) (affirming bankruptcy court's determination that construction lien filed in violation of the automatic stay is void *ab initio*). The entire claim should be reclassified as a $933,063.00 General Unsecured Claim. |
| The Robert Green Company | SilverRock Lodging, LLC | 9 | Secured | $3,645,125.00 | General Unsecured | The mechanic's lien filed in relation to this claim was filed on February 3, 2025 in violation of the automatic stay. As a result, the lien is void *ab initio* and cannot provide a basis for a secured claim. *See In re Linear Elec. Co., Inc.*, 852 F.3d 313 (3d Cir. 2017) (affirming bankruptcy court's determination that construction lien filed in violation of the automatic stay is void *ab initio*). The entire claim should be reclassified as a $3,645,125.00 General Unsecured Claim. |