**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SILVERROCK DEVELOPMENT COMPANY, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 24-11647 (MFW)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 904, 905 & 951** |

**NOTICE OF ORDER (I) APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; (II) APPROVING SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF, AND (C) APPROVING THE FORM OF BALLOT AND ESTABLISHING VOTING AND TABULATION PROCEDURES; (III) SCHEDULING A COMBINED HEARING AND ESTABLISHING RELATED NOTICE AND OBJECTION PROCEDURES; AND (IV) GRANTING RELATED RELIEF**

> **YOU WILL BE CONSENTING TO RELEASES OF CLAIMS AGAINST NON-DEBTORS IF YOU DO NOT TAKE ACTION TO OPT OUT OF THE RELEASES. THE PLAN PROVIDES THAT CERTAIN CREDITORS WILL BE DEEMED TO HAVE CONSENTED TO RELEASE CAUSES OF ACTION AGAINST NON-DEBTORS IF THEY DO NOT OPT OUT OF THE RELEASES OR OBJECT TO THE PLAN. THESE CAUSES OF ACTION MAY BE VALUABLE TO YOU. IF YOU DO NOT WISH TO GRANT THESE RELEASES, YOU MUST OPT-OUT OR OBJECT BY MAY 8, 2026.  PLEASE SEE SECTION 8. BELOW, AS WELL AS ARTICLE XII OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.**

**PLEASE TAKE NOTICE THAT:**

1.       ***Entry of the Interim Approval and Procedures Order.***  Following a hearing held on April 7, 2026 (the "Interim Approval and Procedures Hearing"), the United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the chapter 11 cases of the above-captioned debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors"), entered an order [Docket No. 951] (the "Interim Approval and Procedures Order") approving, the disclosures contained in the *First Amended Combined Disclosure Statement and*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598) and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

*Joint Chapter 11 Plan of Liquidation of SilverRock Development Company, LLC and its Debtor Affiliates* (as amended, the "Combined Disclosure Statement and Plan"), on a conditional basis for use by the Debtors in soliciting acceptances or rejection to the Combined Disclosure Statement and Plan from those entitled to vote thereon. Capitalized terms used but not otherwise defined herein shall the meanings ascribed to such terms in the Combined Disclosure Statement and Plan.

2.      ***Classification of Claims and Interests under the Combined Disclosure Statement and Plan.***  The classification and treatment of Claims and Interests under the Combined Disclosure Statement and Plan is described generally below:

| Class | Claim or Interest | Summary of Treatment | Projected Recovery Under Plan |
|---|---|---|---|
| 1 | Secured Tax Claims | Unimpaired - ***Deemed to Accept*** | 100% |
| 2 | Priority Non-Tax Claims | Unimpaired - ***Deemed to Accept*** | 100% |
| 3 | Keillor Secured Claim | Impaired - ***Entitled to Vote*** | 91.29% |
| 4 | Builders Capital Secured Claim | Impaired - ***Entitled to Vote*** | 100% |
| 5 | Poppy Secured Claim | Impaired - ***Entitled to Vote*** | 100% |
| 6 | RDO Secured Claim | Impaired ***Entitled to Vote*** | 100% |
| 7 | Granite Secured Claim | Impaired - ***Entitled to Vote*** | 100% |
| 8 | Gauston Secured Claim | Impaired - ***Entitled to Vote*** | 100% |
| 9 | Rowan Secured Claim | Impaired – *Entitled to Vote* | 100% |
| 10 | EB-5 Secured Claim | Impaired - ***Entitled to Vote*** | 100% |
| 11 | H&E Secured Claim | Impaired - ***Entitled to Vote*** | 100% |
| 12 | Vermillions Secured Claim | Impaired - ***Entitled to Vote*** | 100% |
| 13 | Traub Secured Claim | Impaired - ***Entitled to Vote*** | 100% |
| 14 | Robert Green Disputed Secured Claim | Impaired - ***Entitled to Vote*** | 0%[2] |
| 15 | General Unsecured Claims | Impaired - ***Entitled to Vote*** | To be determined |
| 16 | Subordinated Claims | Impaired - ***Deemed to Reject*** | 0% |
| 17 | Intercompany Claims | Impaired - ***Deemed to Reject*** | 0% |
| 18 | Interests | Impaired - ***Deemed to Reject*** | 0% |

---

[2]     The Debtors expect this claim will be objected to and that it is reasonably likely such claim will be disallowed in full.

3.    ***Deadline for Voting on the Plan.***  The Court has established **May 8, 2026 at 5:00 p.m. (ET)** (the "Voting Deadline") as the deadline by which Ballots accepting or rejecting the Plan must be received. Only Holders of Claims in Classes 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 under the Plan are entitled to vote on the Plan and will receive Ballots to cast such votes.  To be counted, Ballots must be properly executed, completed, and delivered to the Voting Agent at the address provided for herein so as to be received by the Voting Agent no later than the Voting Deadline, unless extended by the Debtors.  Ballots will be accepted in paper form by delivering the Ballot by first-class mail postage prepaid personal delivery or overnight courier to the Voting Agent at:

**SilverRock Ballot Processing**
**c/o Reliable Companies**
**Attn: Gene Matthews**
**1007 N. Orange St., Ste. 110**
**Wilmington, DE 19801**

Any failure to follow the voting instructions included with the Ballot may disqualify a Ballot and vote.  Ballots cast by facsimile, e-mail or other electronic transmission will not be counted.

4.    Holders of Unimpaired Claims under the Plan (i.e., Class 1 Secured Tax Claims, and Class 2 Priority Non-Tax Claims) are deemed to accept the Plan and thus not entitled to vote on the Plan.  Further, Holders of Claims in Class 16 (Subordinated Claims), Class 17 (Intercompany Claims), and Class 18 (Interests) are Impaired and will not receive or retain any property under the Plan, and therefore are deemed to reject the Plan and are not entitled to vote under the Plan.

5.    ***Combined Hearing.***  A hearing to consider final approval of the adequacy of the disclosures in the Combined Disclosure Statement and Plan pursuant to section 1125 of the Bankruptcy Code and confirmation of the Plan and for such other and further relief as may be just or proper (the "Combined Hearing") will be held on **May 20, 2026 at 10:30 a.m. (ET) and May 21, 2026 at 10:30 a.m. (ET)** before the Honorable Mary F. Walrath, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom #4, Wilmington, Delaware 19801.  The Combined Hearing may be continued by the Debtors from time to time without further notice other than the announcement of the adjourned date(s) at the Combined Hearing or any continued hearing or on the applicable hearing agenda or a notice filed with the Bankruptcy Court.  The Combined Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors by announcement of the adjournment or continuance at a hearing before the Bankruptcy Court or by filing a notice on the docket of these chapter 11 cases. In accordance with the Plan, the Plan may be modified, if necessary, before, during, or as a result of the Combined Hearing without further action by the Debtors and without further notice to or action, order, or approval of the Bankruptcy Court or any other entity. If the Bankruptcy Court enters an order approving and confirming the Combined Disclosure Statement and Plan, section 1141 of the Bankruptcy Code shall become applicable with respect to the Combined Disclosure Statement and Plan and the Combined Disclosure Statement and Plan shall be binding on all parties to the fullest extent permitted by the Bankruptcy Code.

6.      ***Deadline for Objections to Confirmation of the Plan.***  Objections, if any, to final approval and confirmation of the Combined Disclosure Statement and Plan, must (i) be in writing; (ii) state the name, address, and nature of the Claim of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served on the following parties so as to be actually received **before 4:00 p.m. (ET) on May 7, 2026**: (a) counsel to the Debtors, (x) Wilson Sonsini Goodrich & Rosati, P.C., 222 Delaware Avenue, Suite 800, Wilmington, Delaware 19801 (Attn: Erin R. Fay, Shane M. Reil, Catherine C. Lyons (emails: efay@wsgr.com, sreil@wsgr.com, and clyons@wsgr.com)), (y) Law Offices of Benjamin M. Carson, P.C., 5965 Village Way, Suite E105, San Diego, California 92130 (Attn: Benjamin M. Carson (email: ben@benjamincarson.com)), and (z) Victor A. Vilaplana, 823 La Jolla Rancho Road, La Jolla, California 92037 (email: vavilaplana@gmail.com); (b) the Office of the United States Trustee for the District of Delaware, 855 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, (Attn: Jane M. Leamy (email: jane.m.leamy@usdoj.gov)); and (c) counsel to the City, (x) Pashman Stein Walder Hayden PC, 824 North Market Street, Suite 800, Wilmington, Delaware 19801 (Attn: Richard W. Riley (email: rriley@pashmanstein.com)), (y)Whiteford, Taylor & Preston LLP, 3190 Fairview Park Drive, Suite 800, Falls Church, Virginia 22042-4510 (Attn: Bradford F. Englander (email:benglander@whitefordlaw.com)), and (z) Rutan & Tucker, LLP, 18575 Jamboree Road, 9th Floor, Irvine, California 92612 (Attn: William H. Ihrke (email: bihrke@rutan.com)).

7.      ***Certain Voting Issues.***  Any party that wishes to challenge the allowance of its Claim for voting purposes shall serve on counsel to the Debtors and file with the Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan **on or before May 1, 2026**.

8.      ***RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN THE PLAN. ARTICLE XII OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, WHICH ARE DESCRIBED IN MORE DETAIL BELOW.  YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE PLAN, INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER OF YOU ARE BEING PAID OR VOTING ON THE PLAN.***

9.      ***RELEASES YOU WILL BE GIVING IF YOU DO NOT ACT***. The Bankruptcy Court does not have the power to force you to provide releases to persons or entities who are not debtors. However, plans may provide that creditors consent to give such releases. The terms of this plan provide that YOU WILL BE GIVING RELEASES to third parties **for claims related to the Debtors and these chapter 11 cases** if you do not act. Some creditors may have valuable claims against some or all of the non-debtors being released, and some creditors may not. You should carefully review the releases and consult with your counsel.

If YOU DO NOT WANT TO CONSENT TO THE RELEASES you will need to opt out of the releases by either filing a written objection to the Plan with the Bankruptcy Court prior to **May 8, 2026**, or returning a ballot prior to **May 8, 2026**.

A.  ***Who is consenting to the releases if they do not opt out?*** The Plan provides that the following parties will be deemed to have consented to the releases: "all Holders of

Claims in Classes 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 that vote to accept the Plan and do not timely submit a Release Opt-Out indicating such Holder's decision to not participate in the releases set forth in Article XII.C of the Plan." If you are receiving this notice, you may fall within this definition and may be granting releases if you do not opt out.

B. *Who will be released?* If you are deemed to have given the releases, you will be releasing "(a) the Debtor Related Parties; (b) the DIP Lender and the DIP Lender's Related Parties; (c) Keillor; and (d) the EB-5 Lenders; *provided, however*, that notwithstanding the foregoing, the Robert Green Parties shall not be Released Parties." The "Related Parties" are "the Debtor Related Parties and the Non-Debtor Related Parties." The "Debtor Related Parties" are "with respect to the Debtors, each of, and in each case solely in its capacity as such, the Debtors' current directors, managers, officers, members of any governing body, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, and other professionals and advisors and any such Related Party's respective heirs, executors, estates, and nominees; *provided* that the Robert Green Parties shall not be Debtor Related Parties." The "Non-Debtor Related Parties" are "with respect to any non-Debtor Person or Entity, each of, and in each case solely in its capacity as such, such Person's or Entity's current and former directors, managers, officers, committee members, members of any governing body, advisory board members, members, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, management companies, fund advisors or managers, predecessors, participants, successors, assigns, representatives, subsidiaries, Affiliates, partners, limited partners, general partners, principals, employees, agents, trustees, financial advisors, attorneys, accountants, investment bankers, investment advisors, consultants, and other professionals and advisors and any such Related Party's respective heirs, executors, estates, and nominees."

C. *What claims will you be releasing?* If you fall within one of the categories listed in Paragraph 10(A) above and you do not opt-out of the release, you will be forever releasing, and will not be able to pursue, the following claims against any of the parties listed in Paragraph 10(B) immediately above: any and all claims, interests, obligations, rights, suits, damages, causes of action (including any and all causes of action under chapter 5 of the Bankruptcy Code), remedies and liabilities whatsoever, including any derivative claims or claims asserted or assertible on behalf of the Debtors and the Estates, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that you would have been legally entitled to assert (whether individually or collectively), based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date, relating to the Debtors, the Estates, the chapter 11 cases, the Sale Order and the transactions approved thereunder, the Combined Disclosure Statement and Plan or related agreements, instruments or other documents; *provided, however,* that nothing in the Plan shall be deemed a waiver or release of any right of any such Releasing Parties to receive a Distribution pursuant to the terms of the Plan; provided further, however, that the foregoing provisions of the release in Article XII of the Plan shall not operate to waive, release or otherwise impair any causes of action arising from criminal acts, willful

misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction. For the avoidance of doubt, notwithstanding anything to the contrary in the Plan, the foregoing release by the Releasing Parties is not, and shall not be deemed to be, in exchange for a waiver of the Debtors' (or the Litigation Trust's) rights or claims against the Releasing Parties, including the Debtors' (or the Litigation Trust's) rights to assert setoffs, recoupments or counterclaims, or to object or assert defenses to any Claim or Interest, and all such rights and claims are expressly reserved. You should also know that Section 1542 of the Civil Code of the State of California provides as follows: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY. Nevertheless, if you are a releasing party and you do not opt out, you will have voluntarily waived these rights, and will be releasing claims that you do not know or expect that you have.

D. ***How do I opt-out of these releases?*** For Voting Classes you must return a ballot with the opt-out box checked (whether you vote for or against the plan or abstain from voting on the plan, in either case by the Voting Deadline of **5:00 p.m. (ET) on May 8, 2026**.

E. ***What happens if you opt-out of the releases?*** Whether you grant the releases to these non-debtors, or choose to *not* grant the releases, there will be no impact on your right to receive distributions from the Debtors under the Plan.

10. ***RELEASES BY THE DEBTORS, EXCULPATION, AND INJUNCTION.*** *Additionally, Article XII of the Plan contains certain provisions regarding exculpation and injunctions.*

*All parties are advised to read Article XII of the Plan carefully and consult with their own advisors with respect thereto. The text of the relevant provisions of Article XII of the Plan are as follows:*

**ARTICLE XII.**
**RELEASE, INJUNCTION, AND RELATED PROVISIONS**

*(a)* ***Non-Discharge of the Debtors; Injunction.***

**In accordance with section 1141(d)(3) of the Bankruptcy Code, the Plan does not discharge the Debtors. Section 1141(c) of the Bankruptcy Code nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Liens, Claims, and Interests. As such, no Person or Entity holding a Lien, Claim or Interest may receive any payment from, or seek recourse against, any assets or property of the Debtors, the Estates, or the Litigation Trust or (to the extent provided in Section XII.B or XII.C) any Released Party other than assets or property required to be distributed to that Person or Entity under the Plan. From the Effective Date through the date on which all Distributions required to be made by the Litigation Trust under the Plan and the Litigation Trust Agreement have been made, all parties are precluded from asserting against any assets or**

**property of the Debtors, the Estates, and the Litigation Trust any Claims, rights, causes of action, liabilities or Interests based upon any act, omission, transaction or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Combined Order.**

**Except as otherwise expressly provided for in the Plan or the Combined Order, all Persons and Entities are permanently enjoined, from the Effective Date through the date on which all Distributions required to be made by the Litigation Trust under the Plan and the Litigation Trust Agreement have been made, on account of any Claim or Interest, from:**

**(a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors, the Estates, the Litigation Trust, or their respective successors and assigns and any of their assets and properties;**

**(b) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against the Debtors, the Estates, the Litigation Trust, or their respective successors and assigns, and any of their assets and properties;**

**(c) creating, perfecting or enforcing any encumbrance of any kind against the Debtors, the Estates, the Litigation Trust, or their respective successors and assigns and any of their assets and properties;**

**(d) asserting any right of setoff or subrogation of any kind against any obligation due from the Debtors, the Estates, the Litigation Trust or their respective successors and assigns, or against any of their assets and properties, except to the extent a right to setoff or subrogation is asserted in a timely filed proof of claim; or**

**(e) commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim, Interest or cause of action released or settled hereunder.**

**From and after the Effective Date, all Persons and Entities are permanently enjoined from commencing or continuing in any manner against the Debtors, the Estates, the Litigation Trust, the Released Parties, or their respective successors and assigns and any of their assets and properties, any suit, action or other proceeding, on account of or respecting any claim, interest, demand, liability, obligation, debt, right, cause of action, or remedy that either is (a) released or to be released pursuant to the Plan or the Combined Order; or (b) is property of, or could be asserted by, the Debtors, their Estates or the Litigation Trust. From and after the Effective Date, the Litigation Trustee shall have the sole authority to prosecute, settle, or otherwise dispose of any Retained Causes of Action and no other parties shall be entitled to assert any Retained Causes of Action derivatively or otherwise on behalf of the Debtors, the Estates or the Litigation Trust.**

**B.      *Releases by the Debtors.***

**As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties in facilitating the administration of the Chapter 11**

Cases and other actions contemplated by the Plan and the other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan and the Chapter 11 Cases, the Released Parties are deemed forever released by the Debtors and the Estates, and anyone claiming by or through the Debtors and the Estates, from any and all claims, interests, obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, including any derivative claims or claims asserted or assertible on behalf of the Debtors and the Estates, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that the Debtors or the Estates would have been legally entitled to assert in their own right or on behalf of the Holder of any Claim or Interest, based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date, including in any way relating to the Debtors, the Estates, the Chapter 11 Cases, the Sale Order and the transactions approved thereunder, Combined Disclosure Statement and Plan or related agreements, instruments or other documents in the Chapter 11 Cases; *provided, however,* that the foregoing provisions shall not operate to waive, release or otherwise impair any Causes of Action arising from criminal acts, willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction; *provided further, however,* that nothing in this Article XII.B shall release any direct claims held by non-Debtor parties.

C.    *Releases by Holders of Claims.*

As of the Effective Date, for good and valuable consideration, including the contributions of the Released Parties in facilitating the administration of the Chapter 11 Cases and other actions contemplated by the Plan and the other contracts, instruments, releases, agreements or documents executed and delivered in connection with the Plan and the Chapter 11 Cases, and subject to Article XII.D, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released the Released Parties from any and all claims, interests, obligations, rights, suits, damages, causes of action (including any and all causes of action under chapter 5 of the Bankruptcy Code), remedies and liabilities whatsoever, including any derivative claims or claims asserted or assertible on behalf of the Debtors and the Estates, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereafter arising, in law, equity or otherwise, that such Releasing Party would have been legally entitled to assert (whether individually or collectively), based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date, relating to the Debtors, the Estates, the Chapter 11 Cases, the Sale Order and the transactions approved thereunder, Combined Disclosure Statement and Plan or related agreements, instruments or other documents; *provided, however,* that nothing in the Plan shall be deemed a waiver or release of any right of any such Releasing Parties to receive a Distribution pursuant to the terms of the Plan; *provided further, however,* that the foregoing provisions of this release shall not operate to waive, release or otherwise impair any causes of action arising from criminal acts, willful misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction.  For the avoidance of doubt, notwithstanding anything to the contrary in the Plan, the foregoing release by the Releasing

Parties is not, and shall not be deemed to be, in exchange for a waiver of the Debtors' (or the Litigation Trust's) rights or claims against the Releasing Parties, including the Debtors' (or the Litigation Trust's) rights to assert setoffs, recoupments or counterclaims, or to object or assert defenses to any Claim or Interest, and all such rights and claims are expressly reserved.

Each Holder of a Claim entitled to vote on the Plan who accepts the Plan will be deemed to have provided the releases set forth in this Article XII.C unless such Holder timely opts out of such release by indicating its decision to not participate in such releases by checking the appropriate box on its Ballot and returning such Ballot to the Claims and Noticing Agent or by Filing an objection to such releases prior to the deadline to object to Confirmation of the Plan.

Section 1542 of the Civil Code of the State of California provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Each Releasing Party that does not timely opt out of the releases set forth in this Article XII.C by indicating its decision to not participate in such releases by checking the appropriate box on its Ballot and returning such Ballot to the Claims and Noticing Agent or Filing an objection to such releases prior to the deadline to object to Confirmation of the Plan shall be deemed to have voluntarily waived the rights described in Section 1542 of the Civil Code of the State of California.

D.   *Exculpation and Limitation of Liability* On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, to the maximum extent permitted by law, none of the Exculpated Parties shall have or incur any liability to any Person or Entity, including to any Holder of a Claim or an Interest, for any act taken or omitted to be taken on or after the Petition Date and prior to or on the Effective Date in connection with, relating to, or arising out of the Chapter 11 Cases, the Sale Order and the transactions approved thereunder, the formulation, negotiation, preparation, dissemination, solicitation of acceptances, implementation, confirmation or consummation of Combined Disclosure Statement and Plan, the Litigation Trust Agreement or any contract, instrument, release or other agreement or document created, executed or contemplated in connection with the Plan, or the administration of the Plan or the assets and property to be distributed under the Plan; *provided, however*, that the such exculpation provisions shall not apply to acts or omissions constituting actual fraud, willful misconduct or gross negligence by such Exculpated Party, as determined by a Final Order. The Combined Order and the Plan shall serve as a permanent injunction against any Person or Entity seeking to enforce any claim or cause of action against the Exculpated Parties that has been exculpated pursuant to this Section 12.3.

E.    *City Settlement Contribution*

Following resolution and payment of any amount owed to Poppy pursuant to the Poppy Indemnity, and subject to the conditions set forth in this Article XII.E, the DIP Lender shall pay the City Settlement Offerees the City Settlement Contribution. The City Settlement Contribution shall be allocated among the eligible City Settlement Offerees ratably based on the amount which each City Settlement Offeree is entitled to receive under this Combined Disclosure Statement and Plan on account of its Allowed Secured Claim in the parcels that are subject to paragraph 5 of Exhibit 3 to the Final DIP Order. To be eligible to receive any portion of the City Settlement Contribution, the Holder must (a) vote to accept the Plan, (b) not "opt-out" of granting the Third-Party Release set forth in Article XII.C of this Combined Disclosure Statement and Plan, and (c) execute and deliver a general release of all claims, known and unknown, against the DIP Lender and its Related Parties (in a form to be included in the Plan Supplement). The payment of the City Settlement Contribution shall be subject to, and conditioned upon, the determination by the Bankruptcy Court by Final Order(s) of: (1) the amount, if any, payable to Poppy under the Poppy Indemnity; (2) the aggregate amount of the City Settlement Contribution; (3) the allowance and amount of the Allowed Secured Claim of each of the City Settlement Offerees and their eligibility as City Settlement Offerees; and (4) the allocation of the City Settlement Contribution among the eligible City Settlement Offerees. The payment of the City Settlement Contribution shall be further subject to and conditioned upon the Combined Order and (if separate) the Order approving the Allocation Motion having become Final Orders, without regard to the occurrence of the Effective Date; and the approval of the City Settlement Contribution by the DIP Lender in accordance with California law. Distributions on account of the City Settlement Contribution are in addition to distributions to affected creditors under Article III of this Combined Disclosure Statement and Plan.

By way of illustration as to how the City Settlement Contribution could inure to the benefit of the City Settlement Offerees, if the Plan is confirmed and Poppy is unsuccessful in establishing priority on any parcels for which there is an intercreditor dispute, Poppy would only receive a recovery on account of its lien in Lot A of LLA 2020-0010. Poppy will have been primed in the amount of $572,123.36 on such parcel, which would leave up to $2,677,876.44 of the City Settlement Contribution available to qualifying City Settlement Offerees. The City Settlement Contribution would not be available in a Chapter 7 liquidation.

***Copies of Documents.***  Copies of the Combined Disclosure Statement and Plan, the Plan Supplement (which will be filed on or before April 30, 2026), and the Interim Approval and Procedures Order are, or will be, available for review free of charge at https://www.bankruptcy-claims.com/silverrock/CaseHome.aspx by clicking on the link on the left-hand side of the page

titled "Combined Disclosure Statement and Plan." In addition, copies of the Combined Disclosure Statement and Plan are available upon written request to the Debtors' Voting Agent:

SilverRock Ballot Processing
c/o Reliable Companies
Attn: Gene Matthews
1007 N. Orange St., Ste. 110
Wilmington, DE 19801

If you are the holder of a Claim and believe that you are entitled to vote on the Plan, but you did not receive a Solicitation Package, or if you have any questions concerning voting procedures, you should contact the Voting Agent electronically, in writing.

Dated: April 8, 2026
　　　Wilmington, Delaware

| WILSON SONSINI GOODRICH & ROSATI, P.C. | LAW OFFICES OF BENJAMIN M. CARSON, P.C. |
|---|---|
| | Benjamin M. Carson (admitted *pro hac vice*) |
| | 5965 Village Way, Suite E105 |
| */s/ Erin R. Fay* | San Diego, California 92130 |
| Erin R. Fay (No. 5268) | Telephone: (858) 255-4529 |
| Shane M. Reil (No. 6195) | E-mail:  ben@benjamincarson.com |
| Catherine C. Lyons (No. 6854) | |
| 222 Delaware Avenue, Suite 800 | *-and-* |
| Wilmington, Delaware 19801 | |
| Telephone: (302) 304-7600 | Victor A. Vilaplana (admitted *pro hac vice*) |
| E-mails: efay@wsgr.com | 823 La Jolla Rancho Road |
| 　　　　 sreil@wsgr.com | La Jolla, California 92037 |
| 　　　　 clyons@wsgr.com | Telephone: (619) 840-4130 |
| | Email: vavilaplana@gmail.com |
| *Co-Counsel to the Debtors and Debtors in Possession* | *Co-Counsel to the Debtors and Debtors-in-Possession* |

-11-