# EXHIBIT A

## Global Plan Settlement Term Sheet

*Execution Version*

**Global Plan Settlement Term Sheet**

The following parties: (i) SilverRock Development Company, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"); (ii) the City of La Quinta, California (the "City"); (iii) Construction Loan Services II, LLC d/b/a Builders Capital, as lender and agent ("Builders Capital"); (iv) R.D. Olson Construction, Inc., for itself and as the holder of the claim filed by Gauston Corporation ("RDO"); (v) Poppy Bank ("Poppy"); (vi) SilverRock Resort Investment, LLC and SilverRock Resort Investment M, LLC, two subsidiaries of First Pathways Partners, LLC (collectively, the "EB-5 Lenders"); (vii) Keillor Capital, as servicer on behalf of and together with creditors RAF Pacifica Loan Opportunity Fund I, LLC and The Arnold Fishman Revocable Trust dated July 15, 1999 (together, "Keillor"); (viii) the Traub Family Revocable Trust dated January 22, 2015 and SR Land II, LLC (together, the "Traub Parties"); (ix) Rowan Incorporated d/b/a Rowan Electric ("Rowan"); (x) Granite Construction Company; and (xi) White's Steel, Inc. (collectively, (iii)-(xi), the "Settling Creditors" and together with the Debtors and the City, the "Parties") have engaged in good faith and arm's length negotiations, culminating in the Parties' agreement on a settlement of certain matters between them as described below (the "Global Settlement"). The terms of the Global Settlement will be reflected in an amended version of the Debtors' combined disclosure statement and chapter 11 plan (the "Plan")[1] and provide for the resolution of all disputes, claims, and controversies between the Parties related to the Plan and as set forth herein.

**THIS AGREEMENT IS THE PRODUCT OF SETTLEMENT DISCUSSIONS AMONG THE PARTIES. ACCORDINGLY, THIS AGREEMENT IS PROTECTED BY RULE 408 OF THE FEDERAL RULES OF EVIDENCE AND ANY OTHER APPLICABLE STATUTES OR DOCTRINES PROTECTING THE USE OR DISCLOSURE OF CONFIDENTIAL SETTLEMENT DISCUSSIONS.**

**NOTHING CONTAINED HEREIN SHALL BE AN ADMISSION OF FACT OR LIABILITY. THIS AGREEMENT SHALL BE DEEMED BINDING ON THE PARTIES HERETO AND EFFECTIVE UPON THE RELEASE OF ALL PARTIES' SIGNATURES TO THIS AGREEMENT (SUCH DATE, THE "AGREEMENT EFFECTIVE DATE"), IT BEING UNDERSTOOD THAT THE DEBTORS' AGREEMENT MUST BE APPROVED BY THE COURT, AND THE CITY'S AGREEMENT MUST BE APPROVED BY THE LA QUINTA CITY COUNCIL AT A DULY NOTICED PUBLIC MEETING. THIS AGREEMENT SHALL BE BINDING UPON THE NON-DEBTOR PARTIES AS OF THE AGREEMENT EFFECTIVE DATE AND SHALL BE APPROVED BY THE BANKRUPTCY COURT AS A PART OF PLAN CONFIRMATION. UNLESS OTHERWISE STATED, THE VARIOUS AGREEMENTS SHALL BECOME EFFECTIVE AS OF THE PLAN EFFECTIVE DATE.**

The Global Settlement shall be:

[1] All capitalized undefined terms used herein shall have the meaning set forth in the Plan.

| | |
|---|---|
| Structure of Settlement/Pending Matters and Deadlines | Global settlement terms shall be reflected in an amended version of Plan and presented for approval in connection with Plan confirmation on May 21, 2026. Confirmation of the Plan must occur by May 29, 2026, and the Effective Date of the Plan must occur by June 15, 2026. The structure contained herein does not include a surcharge against the Settling Creditors' claims and liens.<br><br>The Settling Creditors will support the Plan as revised consistent with this Global Settlement and not object to such Plan.<br><br>The Agreement Effective Date shall occur not later than May 8, 2026. The amended version of the Plan incorporating this Agreement shall be filed as soon as possible and not later than Monday, May 11, 2026. The Allocation Motion and all pending discovery regarding the Plan and Allocation Motion shall be indefinitely stayed as of May 6, 2026 and withdrawn without prejudice as of the filing of this Global Settlement.<br><br>The Voting Deadline and Plan objection deadline extended to 4pm on May 13, 2026. Creditors may transmit ballots to the Voting Agent by electronic mail to Erin Fay and Catherine Lyons at efay@wsgr.com and clyons@wsgr.com by such deadline. Consistent with paragraph 18(f) of the Interim Approval and Procedures Order (as defined in the Plan), any creditor that previously submitted a completed Ballot to the Voting Agent may revoke such Ballot and change its vote by submitting a replacement Ballot consistent with the terms hereof. |
| Key Plan Amendments | All issues related to valuation and the allocation of proceeds of the Sale, as well as the priority, extent and validity of liens, claims and interests against the Debtors, their assets, and the Sale proceeds, including without limitation those of the Settling Creditors (the "Remaining Disputes"), shall be preserved and subject to determination by further order of the Court or as agreed between the creditors.<br><br>The Sale proceeds, net of the payments permitted to be made under the Sale Order, including U.S. Trustee Quarterly Fees, shall be disbursed to and held in a segregated interest-bearing account by the Litigation Trust for payment to creditors and SR Land II, LLC in its capacity as holder of the SR Land TIC Interest (as defined in the Allocation Motion), as determined by the Court or resolved among such parties; for the avoidance of doubt, all rights and arguments of any party or creditor, including the Settling Creditors, are reserved with regard to the Remaining Disputes and disbursement of the Sale Proceeds. |

| | |
|---|---|
| | Additional classes of secured creditors may be added for creditors who were otherwise voting as general unsecured claimants on account of being fully undersecured pursuant to the Allocation Motion. For the avoidance of doubt, any additional classes of secured creditors that may be added to the Plan will be treated consistent with this Global Settlement (i.e., the recovery for such creditors shall be determined pursuant to subsequent proceedings between the creditors related to allocation, claims, and the priority, extent, and validity of any liens shall be reserved).<br><br>Professional Fee Claims shall be reduced on a pro rata basis to not exceed the sum of unencumbered cash on hand, the remainder of the Wind Down Expense Contribution and the portion of the City Additional Funding that is not earmarked for the Litigation Trust Funding.<br><br>The EB-5 Settlement shall be withdrawn and removed.<br><br>The Plan shall not allow any claims.<br><br>The treatment for all asserted secured creditors, including all Settling Creditors, shall be substantially similar to the following:<br><br>Subject to final resolution or determination of the Remaining Disputes, and as soon as reasonably practicable thereafter, except to the extent that the Holder of the [X] Secured Claim and the Debtors or the Litigation Trustee, as applicable, agree to less favorable treatment for such Holder, the Holder of the [X] Secured Claim will receive, in exchange for full and final satisfaction of such Claim, payment in full of the Allowed amount of such Claim in Cash. For the avoidance of doubt, any Deficiency Claim of the Holder of the [X] Secured Claim shall constitute a Class [X] General Unsecured Claim.<br><br>The Litigation Trustee shall be selected by the Debtors. The Litigation Trustee and the Debtors shall negotiate the initial funding amount for the Litigation Trust, which amount shall be paid out of the City Additional Funding. The Litigation Trust Agreement shall be revised consistent with any reasonable requirements of the proposed Litigation Trustee. The Litigation Trustee shall hire counsel and assert, settle, or abandon Causes of Action preserved to the Litigation Trust, all at the Litigation Trustee's sole and absolute discretion.<br><br>Poppy shall receive first priority Litigation Trust distributions as set forth in the Backstop Indemnity section below. All general unsecured creditors (including the Settling Creditors with respect to any |

| | |
|---|---|
| | deficiency claims) shall share pro rata and pari passu in second priority Litigation Trust distributions. |
| Builders' Sale Order Appeal | The appeal pending before the United States District Court of the District of Delaware captioned *Construction Loan Services II, LLC v. SilverRock Development Company, LLC, et al.*, C.A. No. 25-01342-CFC (D. Del. 2025) (the "Appeal") shall be dismissed with prejudice on terms mutually agreeable to the parties to the Appeal. |
| Backstop Indemnity | On the Effective Date of the Plan and consistent with the terms of this Global Settlement, Poppy, the Debtors and the Litigation Trustee shall have no recourse against the City related to or on account of the Backstop Indemnity (as defined by the Final DIP Order and as modified in the DIP Amendment Order) and the City shall have no further obligations with respect to the same.<br><br>In exchange for relief from the Backstop Indemnity, the City shall direct the Debtors to pay Poppy in cash the amount of, and release its interest in, $1,190,000 held by the Debtors in escrow for the benefit of the City as DIP Lender pursuant to paragraph 5 of the DIP Amendment Order (the "Backstop Settlement Payment") on the Effective Date and the City shall direct that Poppy receive the first priority distribution interest in the Litigation Trust to the extent of the first priority interest the City as DIP Lender would be entitled, in an amount not to exceed $2,060,000.<br><br>For purposes of clarity, confirmation of the Plan shall not terminate the rights, obligations, and defenses under the Final DIP Order and the DIP Amendment Order as it related to the Backstop Indemnity, other than as expressly modified by the provisions set forth herein (which in all events transfers the City's liability, if any, solely and exclusively to the Litigation Trust, relieving the City of any payment obligation with respect to the Backstop Indemnity).<br><br>The Backstop Settlement Payment and all payments received by Poppy from the Litigation Trust on account of it stepping into the City's first priority interest as DIP Lender shall be applied to reduce the amount of Poppy's liens asserted against the parcels that were subject to the Backstop Indemnity. |
| Additional City Funding Matters | Subject to the occurrence of the timely confirmation and Effective Date of the Plan, the approval by the La Quinta City Council at a duly noticed public meeting, the City's receipt of the releases referenced below, and the dismissal of the Appeal, the City shall provide the consideration set forth in this section. The City shall fund the remainder of the $2 million of the Wind Down Expense Contribution (as defined in the DIP |

<table>
<tr><td></td><td>Amendment Order [Docket No. 760]) for costs and fees in the DIP Budget.<br><br>The City shall fund an additional amount of $1,050,000 which shall be used to provide initial funding for the Litigation Trust and to pay additional administrative claims required under the Plan (the "<u>City Additional Funding</u>").<br><br>Upon the Effective Date of the Plan, the City shall not be entitled to further payments from the Debtors or the Litigation Trust (i.e., the City will waive or assign to Poppy any repayment rights related to the Wind Down Expense Contribution, the Backstop Settlement Payment, the City Additional Funding and any other amounts under the DIP Credit Facility).<br><br>The City Settlement Contribution shall be removed from the Plan. Following the Plan Effective Date, other than the presently unfunded portion of the Wind Down Expense Contribution, the City Additional Funding and the release of its interest in the escrowed funds to be used for the Backstop Settlement Payment, the City shall have no further or other funding or other obligations related to the Chapter 11 Cases or the Plan.</td></tr>
<tr><td>Releases</td><td>The Debtors shall release the Settling Creditors for all Causes of Action and all matters related to the Project, the Settling Creditors' respective loans or liens, the Debtors, the Chapter11 Cases, the Sale, and the Plan; provided, however, that the Parties' rights are reserved with respect to discovery in connection with proceedings to determine the Remaining Disputes.<br><br>Further, all Settling Creditors and the Debtors shall release the City (and if requested, the Buyer) and their properties pursuant to a form of release substantially consistent with the form of release included in the Plan Supplement, as modified for consistency with the Global Settlement, or as agreed to by the Settling Creditor and the City or Buyer, as applicable; provided, however, that all Parties' rights are reserved with respect to discovery in connection with proceedings to determine the Remaining Disputes under the Bankruptcy Rules and the Federal Rules of Civil Procedure; provided, further, however, that the Settling Creditors' rights to submit requests under the California Public Records Act ("<u>CPRA</u>") or similar state or federal statutes related to the Project, the Debtors, the Plan, the Sale, the adversary proceeding, and/or the Bankruptcy Cases are waived and released.<br><br>Other releases by Debtors and exculpation to remain as set forth in the Plan.</td></tr>
</table>

**IN WITNESS WHEREOF**, the Parties by and through their duly authorized respective counsel hereby execute this Global Settlement as of the date first written below, intending to be legally bound.

Dated: May 8, 2026

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

*/s/ Erin R. Fay*
Erin R. Fay (No. 5268)
Shane M. Reil (No. 6195)
Catherine C. Lyons (No. 6854)
222 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 304-7600
Emails: efay@wsgr.com
sreil@wsgr.com
clyons@wsgr.com

*-and-*

**LAW OFFICES OF BENJAMIN M. CARSON, P.C.**
Benjamin M. Carson (admitted *pro hac vice*)
5965 Village Way, Suite E105
San Diego, California 92130
Telephone: (858) 255-4529
Email: ben@benjamincarson.com

*-and-*

Victor A. Vilaplana (admitted *pro hac vice*)
823 La Jolla Rancho Road
La Jolla, California 92037
Telephone: (619) 840-4130
Email: vavilaplana@gmail.com

*Counsel to the Debtors and Debtors in Possession*

**PASHMAN STEIN WALDER HAYDEN P.C.**

*/s/ Richard W. Riley*
Richard W. Riley (No. 4052)
824 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 327-6790
Email: rriley@pashmanstein.com

-and-

**WHITEFORD, TAYLOR & PRESTON LLP**
Bradford F. Englander (admitted *pro hac vice*)
David W. Gaffey
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone: (703) 280-9260
Email: benglander@whitefordlaw.com
dgaffey@whitefordlaw.com

-and-

**RUTAN & TUCKER LLP**
William H. Ihrke (admitted *pro hac vice*)
Roger F. Friedman (admitted *pro hac vice*)
Samantha Lamm
Travis Van Ligten
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: (714) 641-5100
Emails: bihrke@rutan.com
rfriedman@rutan.com
slamm@rutan.com
tvanligten@rutan.com

*Counsel to the City of La Quinta, California*

**POLSINELLI PC**

*<u>/s/ Stephen A. Smith</u>*
Stephen A. Smith (No. 7456)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Email: sasmith@polsinelli.com

-and-

Michael L. Schuster (admitted *pro hac vice*)
1401 Lawrence Street, Suite 2300
Denver, Colorado 80202
Telephone: (720) 831-1188
Email: mschuster@polsinelli.com

-and-

**PACHULSKI STANG ZIEHL & JONES LLP**
James E. O'Neill
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705
Telephone: (302) 652-4100
Email: joneill@pszjlaw.com

-and-

Ira D. Kharasch (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
1700 Broadway, 36th Floor
New York, New York 10019
Telephone: (212) 561-7700
Emails: ikharasch@pszjlaw.com
gdemo@pszjlaw.com
jkroop@pszjlaw.com

*Counsel to Construction Loan Services II, LLC d/b/a Builders Capital*

**SAUL EWING LLP**

*<u>/s/ Mark Minuti</u>*
Mark Minuti (No. 2659)
Monique B. DiSabatino (No. 6027)
Paige N. Topper (No. 6470)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, Delaware 19899
Telephone: (302) 421-6800
Emails: mark.minuti@saul.com
monique.disabatino@saul.com
paige.topper@saul.com

-and-

**ABBEY, WEITZENBERG, WARREN & EMERY**
Mitchell B. Greenberg (admitted *pro hac vice*)
100 Stony Point Rd., Suite 200
Santa Rosa, California 95401
Telephone: (707) 542-5050
Email: mgreenberg@abbeylaw.com

-and-

**STOEL RIVES LLP**
John S. Kaplan (admitted *pro hac vice*)
600 University Street, Suite 3600
Seattle, Washington 98101
Telephone: (206) 386-7524
Email: john.kaplan@stoel.com

-and-

Kirsten Worley (admitted *pro hac vice*)
501 West Broadway, Suite 2000
San Diego, California 92101
Telephone: (858) 602-4909
Email: kirsten.worley@stoel.com

*Counsel to Poppy Bank*

**CLARK HILL PLC**

*/s/ Karen M. Grivner*
Karen M. Grivner (No. 4372)
824 N. Market St., Suite 710
Wilmington, Delaware 19801
Telephone: (302) 250-4750
Email: kgrivner@clarkhill.com

-and-

**HUSCH BLACKWELL LLP**
Michael A. Brandess (admitted *pro hac vice*)
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
Telephone: (302) 526-1542
Email:
michael.brandess@huschblackwell.com

-and-

Morgan A. Hutchinson (admitted *pro hac vice*)
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8193
Email:
morgan.hutchinson@huschblackwell.com

*Counsel to SilverRock Resort Investment, LLC and SilverRock Resort Investment M, LLC*

**LAW OFFICE OF SUSAN E. KAUFMAN, LLC**
*/s/ Susan E. Kaufman*
Susan E. Kaufman (No. 3381)
919 North Market Street, Suite 460 Wilmington, Delaware 19801
Telephone: (302) 472-7420
Email: skaufman@skaufmanlaw.com

-and-

**BARCLAY DAMON LLP**
Ilan Markus (admitted *pro hac vice*)
555 Long Wharf Drive, Sixth Floor
New Haven, Connecticut 06511
Telephone: (203) 672-2611
Email: imarkus@barclaydamon.com

-and-

**FINCH, THORNTON & BAIRD, LLP**
Andrea L. Petray (admitted *pro hac vice*)
Lindsey C. Herzik (admitted *pro hac vice*)
P. Randolph Finch Jr. (admitted *pro hac vice*)
4747 Executive Drive
San Diego, California 92121
Telephone: (858) 737-3100
Email: apetray@ftblaw.com
lherzik@ftblaw.com
pfinch@ftblaw.com

*Counsel to Granite Construction Company*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ S. Alexander Faris*
Kenneth J. Enos (No. 4544)
S. Alexander Faris (No. 6278)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: kenos@ycst.com
afaris@ycst.com

*Counsel to The Traub Family Revocable Trust, dated January 22, 2015 and SilverRock Land II, LLC*

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

*/s/ Juan Martinez*
John C. Gentile (No. 6159)
Juan Martinez (No. 6863)
1313 N. Market Street, Suite 1201
Wilmington, Delaware 19801
Telephone: (302) 442-7010
Emails: jgentile@beneschlaw.com
jmartinez@beneschlaw.com

*Counsel to Rowan Incorporated d/b/a Rowan Electric and White's Steel, Inc.*

**GREENBERG TRAURIG, LLP**

*/s/ Anthony W. Clark*
Anthony W. Clark (No. 2051)
Lisa M. Zwally (No. 4328)
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801
Telephone: 302-661-7000
Email: anthony.clark@gtlaw.com
Lisa.Zwally@gtlaw.com

*Counsel to RAF Pacifica Loan Opportunity Fund I, LLC and Arnold Fishman, as Trustee of The Arnold Fishman Revocable Trust dated July 15, 1999, and their servicing agent, Keillor Capital, Inc.*

**POTTER ANDERSON & CORROON LLP**

*/s/ James R. Risener, III*
James R. Risener, III (No. 7334)
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Email: jrisener@potteranderson.com

-and-

**WATT, TIEDER, HOFFAR & FITZGERALD, LLP**
Jennifer L. Kneeland (admitted *pro hac vice*)
Marguerite Lee DeVoll (admitted *pro hac vice*)
1765 Greensboro Station Place, Suite 1000
McLean, Virginia 22102
Telephone: (703)749-1000
Email: jkneeland@watttieder.com
mdevoll@watttieder.com

*Counsel to R.D. Olson Construction, Inc., for itself and as the holder of the claim of Gauston Corporation*