## EXHIBIT A

**Proposed Confirmation Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SILVERROCK DEVELOPMENT COMPANY, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 24-11647 (MFW)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 951, 955, 1040, 1111, 1112, 1116, 1117, 1138 & 1139** |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
(I) APPROVING ON A FINAL BASIS AND CONFIRMING THE
SECOND AMENDED COMBINED DISCLOSURE STATEMENT AND CHAPTER 11
PLAN OF LIQUIDATION OF SILVERROCK DEVELOPMENT COMPANY, LLC AND
ITS DEBTOR AFFILIATES; AND (II) GRANTING RELATED RELIEF**

Upon consideration of the *Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of SilverRock Development Company, LLC and its Debtor Affiliates*, attached hereto as **Exhibit A** (together with all exhibits thereto, and as may be amended, modified, or supplemented, the "Combined Disclosure Statement and Plan");[2] and this Court having approved on an interim basis the Combined Disclosure Statement and Plan, by order dated April 8, 2026 [Docket No. 951] (the "Interim Approval and Procedures Order"); and the Debtors having filed the Plan Supplement on April 30, 2026 [Docket No. 1040] and the amended Plan Supplement on May 13, 2026 [Docket No. 1117] (as may be further amended, modified, or supplemented the "Plan Supplement"); and upon the affidavits of service filed reflecting compliance with the notice and solicitation requirements of the Interim Approval and Procedures

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598) and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Combined Disclosure Statement and Plan.

Order [Docket Nos. 964, 988, 1100, 1112 & 1113] (collectively, the "Notice Affidavits"); and upon the *Notice of Order (I) Approving the Combined Disclosure Statement and Plan on an Interim Basis for Solicitation Purposes Only; (II) Approving Solicitation and Voting Procedures, Including (A) Fixing the Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution Thereof, and (C) Approving the Form of Ballot and Establishing Voting and Tabulation Procedures; (III) Scheduling a Combined Hearing and Establishing Related Notice and Objection Procedures; and (IV) Granting Related Relief* [Docket No. 955] (the "Combined Hearing Notice"); and upon the *Declaration of Justin K. Edelson of Reliable Companies d/b/a Reliable Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of SilverRock Development Company, LLC and its Debtor Affiliates* [Docket No. 1116], filed with this Court on May 13, 2026 (the "Voting Report"); and upon the *Notice of Filing of Global Plan Settlement Term Sheet* [Docket No. 1107] attaching that certain Global Settlement Term Sheet (the "Global Settlement"); and upon the *Declaration of Christopher S. Sontchi in Support of Entry of the Combined Order (I) Approving on a Final Basis and Confirming the Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of SilverRock Development Company, LLC and its Debtor Affiliates; and (II) Granting Related Relief* [Docket No. 1139] (the "Sontchi Declaration"); and upon the *Debtors' Memorandum of Law in Support of Final Approval and Confirmation of the Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of SilverRock Development Company, LLC and its Debtor Affiliates* [Docket No. 1138], filed with this Court on [May 19, 2026] (the "Confirmation Memorandum," and together with the Voting Report, Combined Disclosure Statement and Plan, the Plan Supplement, the Global Settlement, and the Sontchi Declaration, the "Confirmation Documents"); and this Court

2

having overruled the objection to the Combined Disclosure Statement and Plan and the Motion filed by the Office of the United States Trustee [Docket No. 918] (the "Objection"); and a hearing to consider final approval and confirmation of the Combined Disclosure Statement and Plan having been held on May 21, 2026, at 10:30 a.m. (ET) (the "Combined Hearing"); and upon the evidence adduced and proffered and the arguments of counsel made at the Combined Hearing; and this Court having reviewed all documents in connection with final approval and confirmation and having heard all parties desiring to be heard; and upon the record of these Chapter 11 Cases; and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

**A.** **Findings of Fact and Conclusions of Law**. The findings of fact and conclusions set forth herein, together with the findings of fact and conclusions of law set forth on the record at the Combined Hearing, constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable to these proceedings pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

**B.** **Jurisdiction and Venue**. This Court has jurisdiction over these Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court may enter a final order consistent with Article III of the United States Constitution, and the Debtors consent to entry of this Combined Order under rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules") and Article III of the United States Constitution.  Venue of these proceedings and these Chapter 11 Cases is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      **Chapter 11 Petitions**.  On August 5, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief (these "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  No trustee or examiner has been appointed in these Chapter 11 Cases.

D.      **Judicial Notice**.  This Court takes judicial notice of the Confirmation Documents, the Notice Affidavits, the Interim Approval and Procedures Order, and all evidence and arguments made, proffered, or adduced at the Combined Hearing.

E.      **Plan Supplement**.  On April 30, 2026, the Debtors filed the first Plan Supplement. Docket No. 1040. On May 13, 2026, the Debtors filed the amended Plan Supplement [Docket No. 1117]. The Plan Supplement complies with the terms of the Combined Disclosure Statement and Plan and the filing and notice of the Plan Supplement were appropriate, timely, and adequate, and complied with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Interim Approval and Procedures Order, and no other or further notice is or shall be required.  All parties had an opportunity to appear and be heard in connection with the Plan Supplement.  The Debtors and/or the Litigation Trustee, as applicable, are authorized to modify the Plan Supplement documents in accordance with their respective terms following entry of this Combined Order in a manner consistent with this Combined Order.

**F.** **Adequacy of the Disclosures Contained in Combined Disclosure Statement and Plan**. The Combined Disclosure Statement and Plan contains extensive material information regarding the Debtors so that parties entitled to vote on the Combined Disclosure Statement and Plan could make informed decisions regarding whether and how to vote thereon. The Combined Disclosure Statement and Plan contains "adequate information" (as such term is defined in section 1125(a) of the Bankruptcy Code and used in section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtors, the Combined Disclosure Statement and Plan, and the transactions contemplated therein.

**G.** **Interim Approval and Procedures Order and Notice**. On April 8, 2026, the Court entered the Interim Approval and Procedures Order. As evidenced by the Notice Affidavits and the record in these Chapter 11 Cases, the Debtors provided due, adequate, and sufficient notice of the Combined Disclosure Statement and Plan; the Interim Approval and Procedures Order; the Solicitation Packages; the Notices of Non-Voting Status; the Publication Notice; the Combined Hearing Notice; the Plan Supplement; the release, exculpation, and injunction provisions contained in the Combined Disclosure Statement and Plan; the Voting Deadline; the Combined Disclosure Statement and Plan Objection Deadline; and any other applicable dates described in the Interim Approval and Procedures Order, in compliance with the Bankruptcy Code, the Bankruptcy Rules, including Bankruptcy Rules 2002(b), 3016, 3017, 3019, and 3020(b), the Local Rules, and the Interim Approval and Procedures Order. No other or further notice is or shall be required.

**H.** **Mailing of Solicitation and Confirmation Materials**. As evidenced by the Voting Report and the Notice Affidavits, the transmittal and service of the Combined Disclosure Statement and Plan, the Ballots, the Combined Hearing Notice, and the Notices of Non-Voting Status were adequate and sufficient under the circumstances, and all parties required to be given

notice of the Combined Disclosure Statement and Plan and the Combined Hearing (including the deadline for filing and serving objections to final approval and confirmation of the Combined Disclosure Statement and Plan) have been given due, proper, timely, and adequate notice thereof and an opportunity to appear and be heard in accordance with the Interim Approval and Procedures Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law.  No other or further notice of the Combined Disclosure Statement and Plan and the Combined Hearing is required.

**I.**      **Voting**.  The Voting Report was admitted into evidence during the Combined Hearing without objection.  The procedures by which the Ballots for acceptance or rejection of the Combined Disclosure Statement and Plan were distributed and tabulated under the circumstances of these Chapter 11 Cases were fair, properly conducted, and complied with the Bankruptcy Code, the Bankruptcy Rules, applicable non-bankruptcy law and the Interim Approval and Procedures Order.

**J.**      **Bankruptcy Rule 3016**.  The Combined Disclosure Statement and Plan, and the filing thereof, comply with Bankruptcy Rule 3016.

**K.**      **Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))**.  The classification of Claims and Interests under the Combined Disclosure Statement and Plan is proper under the Bankruptcy Code.  In addition to Administrative Claims, DIP Claims, Professional Fee Claims, and Priority Tax Claims, which need not be classified, the Combined Disclosure Statement and Plan designates thirty (30) Classes of Claims and Interests.  The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Combined Disclosure Statement and Plan, and such Classes

do not unfairly discriminate between Holders of Claims and Interests.  Thus, the Combined Disclosure Statement and Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

L.      **Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2))**.  Article III.B.1 and Article III.B.2 of the Combined Disclosure Statement and Plan specify that Class 1 (Secured Claims) and Class 2 (Priority Non-Tax Claims) are Unimpaired under the Plan.  Thus, section 1123(a)(2) of the Bankruptcy Code is satisfied.

M.      **Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))**.  Article III.B.3 through Article III.B.15 of the Combined Disclosure Statement and Plan designate Classes 3 through 27 as Impaired and specify the treatment of the Claims and Interests in such Classes.  Thus, section 1123(a)(3) of the Bankruptcy Code is satisfied.

N.      **No Discrimination (11 U.S.C. § 1123(a)(4))**.  The Combined Disclosure Statement and Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest.  Thus, section 1123(a)(4) of the Bankruptcy Code is satisfied.

O.      **Implementation of the Plan (11 U.S.C. § 1123(a)(5))**.  The Combined Disclosure Statement and Plan, including the provisions governing the Litigation Trust, provides adequate and proper means for the Combined Disclosure Statement and Plan's implementation.  Thus, section 1123(a)(5) of the Bankruptcy Code is satisfied.

P.      **Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))**.  The Plan does not provide for the issuance of non-voting securities.  All Interests in the Debtors shall be transferred to the Litigation Trust.  Therefore, section 1123(a)(6) of the Bankruptcy Code is satisfied.

Q.      **Selection of Officers and Directors (11 U.S.C. § 1123(a)(7))**.  Article VII.D of the Combined Disclosure Statement and Plan provides that the Litigation Trust shall be

administered by the Litigation Trustee in accordance with the Combined Disclosure Statement and Plan and the Litigation Trust Agreement.  From and after the Effective Date, the Litigation Trustee shall be the exclusive representative of the Debtors' Estates.  The Litigation Trustee shall take all actions necessary to investigate and prosecute the Retained Causes of Action and thereafter to wind down the affairs of the Debtors consistent with the Combined Disclosure Statement and Plan and Litigation Trust Agreement.  The appointment of the Litigation Trustee is consistent with the interests of Holders of Claims and Interests and with public policy.  Therefore, the Combined Disclosure Statement and Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code.

**R.      Plan Provisions are Appropriate (11 U.S.C. § 1123(b)).**  The Plan's provisions are appropriate, in the best interests of the Debtors and their Estates, and consistent with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

**S.      Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(1)–(b)(2)).** The Debtors have exercised reasonable business judgment in determining to either assume, assume and assign, or reject each of the Debtors' remaining Executory Contracts and Unexpired Leases as provided for in the Combined Disclosure Statement and Plan, the Plan Supplement, and this Combined Order and any such determinations under the circumstances are justified and appropriate.  Entry of this Combined Order shall constitute approval of such assumptions, assumptions and assignments, and/or rejections, as applicable, pursuant to sections 365 and 1123 of the Bankruptcy Code.

**T.      Compromises and Settlements Under and in Connection with the Plan (11 U.S.C. § 1123(b)(3)(A)).**  All the settlements and compromises pursuant to and in connection with the Combined Disclosure Statement and Plan comply with the requirements of section

1123(b)(3) of the Bankruptcy Code.  Accordingly, except as otherwise set forth in the Combined Disclosure Statement and Plan or herein, in consideration for the Distributions and other benefits provided for under the Combined Disclosure Statement and Plan, including the release, exculpation, and injunction provisions, the Combined Disclosure Statement and Plan shall constitute a good faith compromise and settlement of all Claims and controversies resolved pursuant to the Plan.

**U.    Retention and Enforcement of Claims Belonging to the Debtors (11 U.S.C. § 1123(b)(3)(B))**.  In accordance with section 1123(b)(3)(B) of the Bankruptcy Code, the Combined Disclosure Statement and Plan provides that the Remaining Assets and the Retained Causes of Action (including any Privilege Rights), are being preserved and, on the Effective Date, shall transfer to the Litigation Trust without further action of the Bankruptcy Court.  The Litigation Trust will have, retain, reserve, and be entitled to assert all such Retained Causes of Action, including, without limitation, all such claims, rights of setoff, or recoupment, and other legal or equitable defenses and all of the Debtors' legal and equitable rights with respect to any Claim or Interest that may be asserted after the Effective Date to the same extent as if the Debtors' Chapter 11 Cases had not been commenced.

**V.    Plan Compliance with Bankruptcy Code (11 U.S.C. § 1123(b)(5))**.   In accordance with section 1123(b)(5) of the Bankruptcy Code, Article III and Article VII of the Combined Disclosure Statement and Plan modify or leave unaffected, as the case may be, the rights of Holders of Claims in each Class.

**W.    Plan Compliance with Bankruptcy Code (11 U.S.C. § 1123(b)(6))**.   In accordance with section 1123(b)(6) of the Bankruptcy Code, the Combined Disclosure Statement

and Plan includes various additional and appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code.

**X.** **Compliance with Bankruptcy Code (11 U.S.C. § 1129(a))**. As set forth below, the Combined Disclosure Statement and Plan complies with all of the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

**Y.** **Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))**. Pursuant to section 1129(a)(2) of the Bankruptcy Code, the Debtors have complied with the applicable provisions of the Bankruptcy Code, including, without limitation, sections 1122, 1123, 1124, 1125, and 1126 of the Bankruptcy Code, the Bankruptcy Rules, and the Interim Approval and Procedures Order.

**Z.** **Plan Proposed in Good Faith and Not by Means Forbidden by Law (11 U.S.C. § 1129(a)(3))**. The Debtors have proposed the Combined Disclosure Statement and Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Combined Disclosure Statement and Plan has been proposed in good faith, this Court has examined the totality of the circumstances surrounding the filing of these Chapter 11 Cases and the process related to the proposal of the Combined Disclosure Statement and Plan. The Combined Disclosure Statement and Plan is the result of extensive arm's-length negotiations among the Debtors, the City, the U.S. Trustee, the Settling Creditors, and other key stakeholders. The Combined Disclosure Statement and Plan promotes the objectives and purposes of the Bankruptcy Code.

**AA.** **Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))**. The procedures set forth in the Combined Disclosure Statement and Plan for this Court's approval of the fees, costs, and expenses to be paid in connection with these Chapter 11 Cases, or in connection

with the Combined Disclosure Statement and Plan and incident to these Chapter 11 Cases, satisfy the objectives of, and are in compliance with, section 1129(a)(4) of the Bankruptcy Code.

**BB.** **Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).** In accordance with the Combined Disclosure Statement and Plan, on the Effective Date, each of the Debtors' directors and officers shall be discharged from their duties and terminated automatically (unless subject to a separate agreement with the Litigation Trustee). The identity of the Litigation Trustee has been disclosed in the Plan Supplement and is consistent with the interests of Holders of Claims and Interests and with public policy. Thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

**CC.** **Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).** The "best interests" test is satisfied as to all Impaired Classes under the Combined Disclosure Statement and Plan as each Holder of a Claim or Interest in such Impaired Classes has either voted to accept the Combined Disclosure Statement and Plan or will receive or retain property of a value, as of the Effective Date, that is not less than the amount that such Holder would so receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.

**DD.** **Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).** Class 1 (Secured Tax Claims) and Class 2 (Priority Non-Tax Claims) are unimpaired under the Combined Disclosure Statement and Plan. Class 3 (Keillor Secured Claim), Class 4 (Builders Capital Secured Claim), Class 5 (Poppy Secured Claim), Class 6 (RDO Secured Claim), Class 7 (Granite Secured Claim), Class 8 (Gauston Secured Claim), Class 9 (Rowan Secured Claim), Class 10 (EB-5 Secured Claim), Class 11 (H&E Secured Claim), Class 13 (Traub Secured Claim), Class 20 (MSA Consulting Secured Claim), and Class 25 (White's Steel Secured Claim) have voted to accept the Plan, on behalf of insiders and non-insiders of the Debtors, in accordance with the Bankruptcy

Code, thereby satisfying section 1129(a)(8) as to those Classes. Class 28 (Subordinated Claims), Class 29 (Intercompany Claims), and Class 30 (Interests) are deemed to have rejected the Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code. Moreover, Class 16 (Goetz Secured Claim), Class 17 (Young's Secured Claim), Class 26 (Robert Green Disputed Secured Claim), and Class 27 (General Unsecured Claims) have voted to reject the Combined Disclosure Statement and Plan. Accordingly, section 1129(a)(8) of the Bankruptcy Code has not and cannot be satisfied as to Classes 16, 17, 26, 27, 28, 29, and 30. The Combined Disclosure Statement and Plan, however, is still confirmable because it satisfies the confirmation provisions of section 1129(b), as set forth below.

**EE.    Treatment of Administrative Claims, Professional Fee Claims, Tax Claims, and U.S. Trustee Claims (11 U.S.C. § 1129(a)(9))**. The treatment of Administrative Claims, DIP Claims, Professional Fee Claims, and Priority Tax Claims, pursuant to Article II of the Combined Disclosure Statement and Plan satisfies section 1129(a)(9) of the Bankruptcy Code.

**FF.    Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10))**. Class 3 (Keillor Secured Claim), Class 4 (Builders Capital Secured Claim), Class 5 (Poppy Secured Claim), Class 6 (RDO Secured Claim), Class 7 (Granite Secured Claim), Class 8 (Gauston Secured Claim), Class 9 (Rowan Secured Claim), Class 10 (EB-5 Secured Claim), Class 11 (H&E Secured Claim), Class 13 (Traub Secured Claim), Class 20 (MSA Consulting Secured Claim), and Class 25 (White's Steel Secured Claim) are Impaired and voted to accept the Combined Disclosure Statement and Plan as to each of the Debtors, excluding any acceptance of the Combined Disclosure Statement and Plan by any insider. Therefore, section 1129(a)(10) of the Bankruptcy Code is satisfied.

**GG.    Feasibility (11 U.S.C. § 1129(a)(11))**. The evidence supporting the Combined Disclosure Statement and Plan proffered or adduced by the Debtors and as set forth in the Sontchi

12

Declaration establish that the Debtors have the wherewithal to make all payments and otherwise comply with their financial commitments under the Combined Disclosure Statement and Plan.

HH.    **Payment of Fees (11 U.S.C. § 1129(a)(12))**.  All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to the Combined Disclosure Statement and Plan, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

II.    **Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(6), (a)(13)–(16))**.  Sections 1129(a)(6), (a)(13)–(16) of the Bankruptcy Code are inapplicable, as the Debtors (i) will not have any businesses involving the establishment of rates (section 1129(a)(6)); (ii) are not obligated to pay retiree benefits, as defined in section 1114(a) of the Bankruptcy Code (section 1129(a)(13)); (iii) have no domestic support obligations (section 1129(a)(14)); (iv) are not individuals (section 1129(a)(15)); and (v) are not nonprofit corporations (section 1129(a)(16)).

JJ.    **No  Unfair  Discrimination;  Fair  and  Equitable  Treatment (11 U.S.C. § 1129(b))**.  The classification and treatment of Claims and Interests in Class 16 (Goetz Secured Claim), Class 17 (Young's Secured Claim), Class 26 (Robert Green Disputed Secured Claim), Class 27 (General Unsecured Claims), Class 28 (Subordinated Claims), Class 29 (Intercompany Claims), and Class 30 (Interests), all of which either voted to reject the Plan or are deemed to have rejected the Plan, is proper pursuant to section 1129(b) of the Bankruptcy Code. Specifically, with respect to Classes 16, 17, and 26, all of which are comprised of the Holders of Secured Claims under the Plan, the Plan provides that such Holders will receive, in exchange for full and final satisfaction of their Secured Claims, retention of their liens securing such claims and deferred payment of such Secured Claims in full in Cash, except to the extent that the Holders of such Secured Claims and the Debtors or the Litigation Trustee, as applicable, agree to less favorable treatment for such Holder, after resolution of the Remaining Disputes. Thus the Plan

satisfies section 1129(b)(2)(A) of the Bankruptcy Code with respect to the Holders of Secured Claims that voted to reject the Plan. With respect to the Holders of Claims in Class 27 (General Unsecured Claims), which voted to reject the Plan, and Classes 28-30, which were deemed to reject the Plan, the Plan satisfies the "absolute priority rule" of section 1129(b)(2)(B) of the Bankruptcy Code because there is no Class of Claims or Interests junior to the Holders of Claims and Interests in Class 27 that will receive or retain property under the Plan on account of their Claims or Interests.  Accordingly, the Plan does not violate the absolute priority rule, does not discriminate unfairly, and is fair and equitable with respect to such Classes.  Thus, the Combined Disclosure Statement and Plan satisfies section 1129(b) of the Bankruptcy Code.

**KK.    Only One Plan (11 U.S.C. § 1129(c))**.  The Combined Disclosure Statement and Plan is the only chapter 11 plan currently proposed in these Chapter 11 Cases, and section 1129(c) of the Bankruptcy Code is therefore satisfied.

**LL.    Principal Purpose (11 U.S.C. § 1129(d))**.  The principal purpose of the Combined Disclosure Statement and Plan is neither the avoidance of taxes, nor the avoidance of the application of section 5 of the Securities Act of 1933, and no governmental unit has objected to final approval or confirmation on any such grounds.  Accordingly, section 1129(d) of the Bankruptcy Code is inapplicable.

**MM.   Litigation Trust**.  Entry into the Litigation Trust Agreement is in the best interests of the Debtors and the Debtors' Estates and creditors.  The establishment of the Litigation Trust, the selection of the Litigation Trustee, and the form of the Litigation Trust Agreement (as may be modified or amended from time to time), is appropriate and in the best interest of the Debtors' creditors.  The Litigation Trust Agreement shall, upon the Effective Date, be valid, binding, and enforceable in accordance with its terms.

**NN.     Satisfaction of Confirmation Requirements**.  Based upon the foregoing, the Combined Disclosure Statement and Plan satisfies the requirements for confirmation set forth in the Bankruptcy Code and should be confirmed.

**OO.     Good Faith Solicitation (11 U.S.C. § 1125(e))**.  The Debtors and their officers, directors, employees, advisors, Professionals, and agents, have acted in good faith within the meaning of section 1125(e) of the Bankruptcy Code, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Interim Approval and Procedures Order in connection with all of their respective activities relating to the solicitation of acceptances of the Combined Disclosure Statement and Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and they are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the injunction and exculpation provisions set forth in Article XII of the Combined Disclosure Statement and Plan and in this Combined Order.

**PP.     Releases, Exculpation, and Injunctions**.  As set forth below, the releases, exculpations and injunctions set forth in Article XII of the Combined Disclosure Statement and Plan are appropriate under applicable law.

(a)     **Third-Party Releases**.  As set forth in the Confirmation Documents, the Third-Party Releases being provided by the Releasing Parties, pursuant to Article XII.C of the Combined Disclosure Statement and Plan, in favor of the Released Parties are appropriate in that such releases are consensual. The Third Party-Releases are given and made after due notice and an opportunity to opt-out or object and be heard with respect thereto, as the Combined Disclosure Statement and Plan, the Combined Hearing Notice, the Ballots, and the Opt-Out Forms unambiguously stated that (i) the Combined Disclosure Statement and Plan contains such releases; (ii) affected parties may object to the releases; and (iii) the Release Opt-Out may be exercised as provided for in the Combined Disclosure Statement and Plan.

(b)     **Releases by the Debtors**.  As set forth in the Confirmation Documents, the releases being provided by the Debtors in favor of the Released Parties and the Settling Creditor Released Parties pursuant to Article XII.B of the Combined Disclosure Statement and Plan and the Global Settlement (the

"Debtor Release") are (i) fair, equitable and reasonable; (ii) integral elements of the Combined Disclosure Statement and Plan and the resolution of these Chapter 11 Cases, without which the Debtors' ability to confirm the Combined Disclosure Statement and Plan would be seriously impaired; and (iii) in the best interests of the Debtors, the estates and creditors. Accordingly, the releases by the Debtors constitute a sound exercise of the Debtors' business judgment and, to the extent applicable, otherwise satisfy the standard articulated in *In re Master Mortg. Inv. Fund, Inc.*, 168 B.R. 930 (Bankr. W.D. Mo. 1994) and *In re Zenith Elec. Corp.*, 241 B.R. 92, 110–11 (Bankr. D. Del. 1999). To the extent the releases by the Debtors are a settlement or adjustment of any claim or interest belonging to the Debtors, such settlement or adjustment is consistent with section 1123(b)(3)(A) of the Bankruptcy Code and is approved.

(c) **Exculpation**. As set forth in the Confirmation Documents, the exculpations in favor of the Exculpated Parties in Article XII.D of the Combined Disclosure Statement and Plan (the "Exculpation Provision") are appropriate in that the Exculpated Parties are fiduciaries of the Debtors' estates and no Exculpated Party is being exculpated for acts or omissions that constitute actual fraud, willful misconduct, or gross negligence. The Exculpation Provision also explicitly excludes the Robert Green Parties. Accordingly, the Exculpation Provision complies with the standard articulated in *In re PWS Holding Corp.*, 228 F.3d 224 (3d Cir. 2000).

(d) **Injunctions**. As set forth in the Confirmation Documents, the injunctions set forth in Article XII.A of the Combined Disclosure Statement and Plan (the "Injunction") are appropriate in that such Injunction is necessary to implement, preserve and enforce the releases and exculpations set forth in the Combined Disclosure Statement and Plan, and is narrowly tailored to achieve such purpose.

**QQ. Substantive Consolidation.** Article VII.I of the Combined Disclosure Statement and Plan provides for the substantive consolidation of the Debtors. Based on the record of these Chapter 11 Cases, the acceptance of the Combined Disclosure Statement and Plan by the Settling Creditors pursuant to the Global Settlement, and the acceptance of the Holders of Claims in Classes 3–11, 13, 20, and 25, the absence of any objections by parties impacted by the consolidation to such request, this Court finds that such substantive consolidation of the Debtors and their Estates is appropriate and justified in these Chapter 11 Cases.

**RR.**    **Post-Solicitation Amendments.** The Debtors have proposed certain modifications to the Combined Disclosure Statement and Plan since the commencement of solicitation thereon in good faith, and the Combined Disclosure Statement and Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code, thereby satisfying section 1127(a) of the Bankruptcy Code. Pursuant to Bankruptcy Rule 3019, these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or the re-solicitation of votes under section 1126 of the Bankruptcy Code.

**SS.**    **Retention of Jurisdiction**.  This Court may properly retain jurisdiction over the matters set forth in Article XV of the Combined Disclosure Statement and Plan and the Bankruptcy Code.

**Based upon the foregoing findings, and upon the record made before this Court at the Combined Hearing, and good and sufficient cause appearing therefor, it is hereby ORDERED, ADJUDGED AND DECREED THAT**:

<u>**Final Approval of Disclosure Statement**</u>

1.      The Disclosure Statement is approved on a final basis pursuant to section 1125 of the Bankruptcy Code as containing adequate information, and sufficient information of a kind necessary to satisfy the disclosure requirements of any applicable non-bankruptcy laws, rules, and regulations.  All objections to approval of the Disclosure Statement not otherwise withdrawn, resolved, or otherwise disposed of are overruled and denied on the merits.

<u>**Confirmation of the Plan**</u>

2.      The Plan, as and to the extent modified by this Combined Order, is approved and confirmed pursuant to section 1129 of the Bankruptcy Code.  All objections to confirmation of the Plan not withdrawn, resolved, or otherwise disposed of, including the Objection, are overruled and denied on the merits.

3.      The terms of the Plan are incorporated by reference into (except to the extent modified by this Combined Order), and are an integral part of, this Combined Order.  Each provision of the Plan, as modified by this Combined Order, including the Global Settlement, is authorized and approved and shall have the same validity, binding effect, and enforceability as this Combined Order.  The failure to specifically describe, include, or refer to any particular article, section, or provision of the Plan, Plan Supplement, Global Settlement, or any related document in this Combined Order shall not diminish or impair the effectiveness of such article, section, or provision, and the Plan, the Plan Supplement, the Global Settlement, and all related documents are approved and confirmed in their entirety as if set forth verbatim in this Combined Order.

### Conditions Precedent

4.      The Effective Date shall not occur unless the conditions precedent set forth in Article XIII.A of the Combined Disclosure Statement and Plan have been satisfied or waived in accordance with Section Article XIII.B of the Combined Disclosure Statement and Plan.

### Compromises and Settlements Under the Plan

5.      Pursuant to section 1123(b)(3)(A) of the Bankruptcy Code, upon the Effective Date, all settlements and compromises set forth in the Plan, including, without limitation, the Global Settlement, are approved in all respects, and constitute good faith compromises and settlements.

### Classification and Treatment

6.      The Plan's classification scheme is approved.  The classifications and amounts set forth on the Ballots (i) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (ii) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification or allowed amount of such Claims under the Plan for Distribution purposes; (iii) may not be relied upon by any Holder as representing the actual classification or allowed amount of any such Claim under the Plan for Distribution purposes; and (iv) shall not be

binding on the Debtors and/or the Litigation Trustee, as applicable, except for Plan voting purposes.

## Authorization to Implement the Plan

7.      The Debtors and/or the Litigation Trustee, as applicable, are authorized to take or cause to be taken all corporate actions necessary or appropriate to implement all provisions of, and to consummate the Plan and to execute, enter into, or otherwise make effective all agreements, documents, instruments, notices and certificates in connection therewith, prior to, on, and after the Effective Date, all without further action under applicable law, regulation, order, or direction by the pre-Effective Date officers or directors of the Debtors.

8.      On or after the Effective Date, the Debtors, or the Litigation Trustee, as applicable, are authorized to extinguish all Intercompany Claims to the extent the Debtors or Litigation Trustee, as applicable, deem appropriate.

9.      The approvals and authorizations specifically set forth in this Combined Order shall not limit the authority of the Litigation Trustee or the Debtors, or any of their respective representatives or agents, to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Combined Disclosure Statement and Plan, the Plan Supplement, including the Litigation Trust Agreement, or this Combined Order.

## Enforceability of the Plan

10.      Pursuant to sections 1123(a), 1141(a) and 1142 of the Bankruptcy Code, the Combined Disclosure Statement and Plan and all related documents, including, but not limited to, the Litigation Trust Agreement, shall be valid, binding, and enforceable.

11.      On the Effective Date, the Debtors shall transfer to the Litigation Trust all of their rights, title, and interest in and to all of the Litigation Trust Assets free and clear of all Liens,

19

Claims, and interests, except to the extent otherwise provided in the Combined Disclosure Statement and Plan or this Combined Order, in accordance with section 1141 of the Bankruptcy Code. Such transfer shall be exempt from any stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax.

**The Litigation Trust**

12. On the Effective Date, the Litigation Trust, in accordance with the terms of the Litigation Trust Agreement and the Combined Disclosure Statement and Plan, shall be established and shall become effective. Pursuant to the Combined Disclosure Statement and Plan and the Litigation Trust Agreement, upon the occurrence of the Effective Date, the Litigation Trust Assets shall vest in the Litigation Trust free and clear of all Liens, claims, and interests, except as otherwise provided for by the Combined Disclosure Statement Plan (including as to the Liens and interests securing the Claims of the Settling Creditors in the Sale proceeds which shall remain in full force and effect as set forth in the Global Settlement). Upon the transfer of the Litigation Trust Assets to the Litigation Trust, the Debtors shall have no further duties or responsibilities in connection with the implementation of the Plan. The Litigation Trustee shall have the rights and powers set forth in the Litigation Trust Agreement, including, but not limited to, the rights and powers of a trustee under the Bankruptcy Code. The Litigation Trustee shall administer the Litigation Trust and the Litigation Trust Assets and make Distributions in accordance with the Combined Disclosure Statement and Plan and the Litigation Trust Agreement. The Litigation Trustee shall take all actions necessary to wind down the affairs of the Debtors and these cases in accordance with the terms of the Combined Disclosure Statement and Plan and consistent with applicable non-bankruptcy law.

13. Jacob Wood of Arkus Advisory is hereby appointed as the Litigation Trustee effective as of the Effective Date. The Litigation Trustee shall be the exclusive representative of

20

the Debtors' Estates as that term is used in section 1123(b)(3)(B) of the Bankruptcy Code with respect to the rights, powers, authority, and responsibilities specified in the Combined Disclosure Statement and Plan, this Combined Order and the Litigation Trust Agreement.  Except as provided in the Combined Disclosure Statement and Plan, the Litigation Trust Agreement or this Combined Order, the Litigation Trustee shall be the Debtors' successor in interest with respect to the Litigation Trust Assets, and all actions, claims, rights, or interests constituting Litigation Trust Assets are preserved and retained and may be enforced by the Litigation Trustee as the representative of the Debtors' Estates pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code. Notwithstanding the foregoing, the Litigation Trustee shall not have the power or authority to pursue Claims or Causes of Action that are released or subject to exculpation under the Plan.

14. The formation, rights, powers, duties, structure, obligations, and other matters pertaining to the Litigation Trust shall be governed by the Litigation Trust Agreement, the Combined Disclosure Statement and Plan and this Combined Order.  The terms of the Litigation Trust Agreement are consistent with the Combined Disclosure Statement and Plan and this Combined Order and the Global Settlement, and are fair, reasonable and in the best interests of the Debtors and their Estates as well as creditors, equity security holders, and other parties in interest. The Litigation Trust Agreement is approved, subject to any amendments permitted under the Combined Disclosure Statement and Plan, the Litigation Trust Agreement, and this Combined Order and in accordance with their respective terms.  Pursuant to the Combined Disclosure Statement and Plan, the Court shall retain jurisdiction over the Litigation Trust.

15. The Litigation Trustee shall distribute the Litigation Trust Assets in accordance with the Combined Disclosure Statement and Plan, the Litigation Trust Agreement, and orders of the Court.

16.     Without any further notice to any party or action, order or approval of the Bankruptcy Court, the Litigation Trustee, on behalf of the Litigation Trust, may employ professionals and pay in the ordinary course of business the reasonable fees of any employed professional (including Professionals previously employed by the Debtors) for services rendered or expenses incurred on and/or after the Effective Date or otherwise payable pursuant to the Plan that, in the discretion of the Litigation Trustee, are necessary to assist the Litigation Trustee in the performance of the Litigation Trustee's duties under the Combined Disclosure Statement and Plan and the Litigation Trust Agreement, subject to any limitations and procedures established under the Litigation Trust Agreement.  For the avoidance of doubt, such authorization shall include the ability to compensate and reimburse the Debtors' Professionals for services rendered and expenses incurred on and after the Effective Date, if any; *provided*, *however*, that such compensation and reimbursement shall not be paid from the Sale Proceeds Reserve.

## Executory Contracts and Unexpired Leases

17.     On the Effective Date, except as otherwise provided in the Combined Disclosure Statement and Plan, each Executory Contract and Unexpired Lease not previously rejected, assumed, or assumed and assigned shall be deemed automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease: (i) as of the Effective Date is subject to a pending motion to assume such Unexpired Lease or Executory Contract or (ii) is identified for assumption on the Assumption Schedule included in the Plan Supplement.  For the avoidance of doubt, Executory Contracts and Unexpired Leases subject to pending motions as set forth in this paragraph shall receive the treatment set forth in separate orders of the Court with respect to such motions.

18.     Unless otherwise provided by a Court order, any Proofs of Claim based on the rejection of the Debtors' Executory Contracts or Unexpired Leases pursuant to the Combined

22

Disclosure Statement and Plan must be filed with the Claims Agent and served on the Litigation Trustee no later than thirty (30) days after notice of the occurrence of the Effective Date.  Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed pursuant to Article VIII of the Combined Disclosure Statement and Plan and this paragraph shall be forever disallowed and barred absent further order of the Court.

### Administrative Claims

19.     Except as provided for in the Combined Disclosure Statement and Plan, requests for payment of additional Administrative Claims must: (i) be filed with the Bankruptcy Court and served on the Litigation Trustee; (ii) be in writing, together with supporting documents; (iii) substantially comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and (iv) be actually received on or before the Administrative Claims Bar Date.  Failure to file and serve an additional Administrative Claim timely and properly shall result in such additional Administrative Claim being forever barred and released absent further order of the Court.

20.     For the avoidance of doubt, nothing in the Combined Disclosure Statement and Plan or this Combined Order extends, modifies, or alters any of the deadlines set forth in the *Order (I) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim, Including 503(b)(9) Claims, and Requests for Payment of Administrative Expenses; (II) Approving the Form and Manner of Notice Thereof; and (III) Granting Related Relief* [Docket No. 472].

### Professional Fee Claims

21.     All requests for payment of Professional Fee Claims for services rendered and reimbursement of expenses incurred prior to the Effective Date must be filed and served in accordance with the Combined Disclosure Statement and Plan by the date that is thirty (30) days after the Effective Date.  Objections to the Allowance of Professional Fee Claims, if any, must be filed and served no later than 4:00 p.m. (prevailing Eastern Time) on the date that is twenty-one

(21) days after the filing of the applicable fee application.  The Court shall determine the Allowed amounts of such Professional Fee Claims after notice and a hearing in accordance with the procedures established by the Bankruptcy Code and the *Order, Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 2016-2, Establishing Procedures for Interim Compensation and Reimbursement of Professionals* [Docket No. 108] (the "Interim Compensation Order").

### Release, Injunction, Exculpation and Related Provisions

22.     Except as set forth in paragraph 24 below, the release, injunction, exculpation, and related provisions set forth in Article XII of the Combined Disclosure Statement and Plan are hereby approved and authorized in their entirety, and such provisions are effective and binding on all Entities as and to the extent provided for therein, subject to Release Opt-Outs.

### Sale

23.     Notwithstanding anything to the contrary in this Combined Order, the Combined Disclosure Statement and Plan, the Plan Supplement, the Global Settlement, or the Litigation Trust Agreement, nothing in this Combined Order, the Combined Disclosure Statement and Plan, the Plan Supplement, the Global Settlement, or the Litigation Trust Agreement shall affect, prejudice, limit, modify, release, alter, enjoin or otherwise preclude (i) the provisions of the Sale Order or the other transaction documents or (ii) the Debtors', their Estates', the City's, or the Buyer's rights, privileges, benefits, obligations, demands, defenses and claims under and in accordance with the Purchase and Sale Agreement, the other transaction documents, and the Sale Order.  The Purchase and Sale Agreement and the other transaction documents shall remain in full force and effect and shall not be affected, limited, modified, released, altered, enjoined, or changed by this Combined Order, the Combined Disclosure Statement and Plan, the Plan Supplement, the Global Settlement, or the Litigation Trust Agreement.

**Binding Effect on all Parties**

24.     Subject to the occurrence of the Effective Date, the Combined Disclosure Statement and Plan and this Combined Order shall be binding upon and inure to the benefit of the Debtors, the Released Parties, the Settling Creditor Released Parties, the Exculpated Parties, and all present and former Holders of Claims and Interests, and their respective successors and assigns, including, but not limited to the Litigation Trust and the Litigation Trustee.

25.     All of the Confirmation Documents are hereby approved and shall be given full force and effect and shall bind all parties referred to therein as of the Effective Date, whether or not such agreements are actually issued, delivered, or recorded on the Effective Date or thereafter and whether or not a party has actually executed such agreement.

26.     Effective as of and subject to the occurrence of the Effective Date and subject to the terms of the Combined Disclosure Statement and Plan and this Combined Order, all prior orders entered in these Chapter 11 Cases, all documents and agreements executed by the Debtors as authorized and directed thereunder, and all motions or requests for relief by the Debtors pending before the Court as of the Effective Date that are ultimately granted shall be binding upon and shall inure to the benefit of the Debtors, the Litigation Trustee, and their respective successors and assigns.

**Modifications**

27.     The amendments and modifications to the Combined Disclosure Statement and Plan since the filing thereof, including as reflected herein, and incorporated into and reflected in the Combined Disclosure Statement and Plan, are approved in accordance with section 1127(a) of the Bankruptcy Code and Rule 3019(a) of the Bankruptcy Rules, and do not require additional disclosure or solicitation.

**Miscellaneous**

28.    Notwithstanding any provision in the Combined Disclosure Statement and Plan, this Combined Order, or any other related Plan documents: Nothing discharges or releases the Debtors, or any non-debtor from any right, claim, liability, or cause of action of the United States or any State, or impairs the ability of the United States or any State to pursue any claim, liability, right, defense, or cause of action against any Debtor or non-debtor. Contracts, purchase orders, agreements, leases, covenants, guaranties, indemnifications, operating rights agreements or other interests of or with the United States or any State shall be, subject to any applicable legal or equitable rights or defenses of the Debtors under applicable nonbankruptcy law paid, treated, determined and administered in the ordinary course of business as if the Debtors' bankruptcy cases were never filed and the Debtors shall comply with all applicable nonbankruptcy law. All claims, liabilities, rights, causes of action, or defenses of or to the United States or any State shall survive the Chapter 11 Cases as if they had not been commenced and be determined in the ordinary course of business, including in the manner and by the administrative or judicial tribunals in which such rights, defenses, claims, liabilities, or causes of action would have been resolved or adjudicated if the Chapter 11 Cases had not been commenced; *provided,* that nothing in the Combined Disclosure Statement and Plan or this Combined Order shall alter any legal or equitable rights or defenses of the Debtors under nonbankruptcy law with respect to any such claim, liability or cause of action. Without limiting the foregoing, for the avoidance of doubt, nothing shall: (i) require the United States or any State to file proofs of claim or administrative expense claims in the Chapter 11 Cases for any right, claim, liability, defense, or cause of action; (ii) affect or impair the exercise of the United States' or any State's police and regulatory powers against the Debtors or any non-debtor; (iii) be interpreted to set cure amounts or to require the United States or any State to novate or otherwise consent to the transfer of any federal or state contracts, purchase orders, agreements,

26

leases, covenants, guaranties, indemnifications, operating rights agreements or other interests; (iv) affect or impair the United States' or any State's rights and defenses of setoff or recoupment, or ability to assert setoff or recoupment against the Debtors and such rights and defenses are expressly preserved; (v) constitute an approval or consent by the United States without compliance with all applicable legal requirements and approvals under nonbankruptcy law; or (vi) relieve any party from compliance with all licenses and permits issued by governmental units in accordance with nonbankruptcy law.

29.     Notwithstanding anything in the Plan or the Traub Parties' vote to accept the Plan, nothing set forth in the Plan or this Combined Order shall be construed to release or prejudge any claims that SR Land or the Traub Trust has with respect to any amount that may be owed on account of the SR Land TIC Interest; provided, however, that nothing in this paragraph shall limit or affect the releases provided pursuant to Article XII.E of the Plan.

30.     The defined term "Poppy Beneficial Interests" in the Combined Disclosure Statement and Plan is hereby amended and superseded in its entirety by the following: "Poppy Beneficial Interests" mean the beneficial interests in the Litigation Trust that will be granted to Poppy pursuant to the terms of the Global Settlement and that will entitle it to a priority distribution from the Litigation Trust of up to $2,060,000.

31.     The description of the City Release contained in Article XII.E of the Combined Disclosure Statement and Plan is hereby amended and superseded in its entirety by the following:

> In addition to the releases and exculpations set forth above, pursuant to the Global Settlement, all Settling Creditors and the Debtors shall release the City (and the Buyer, if requested) pursuant to a form of release substantially consistent with the form of general release of all claims, known and unknown, that will be filed in a supplemental Plan Supplement, or as agreed to by the Settling Creditor and the City or Buyer, as applicable; provided, however, that all parties' rights are reserved with respect to discovery in connection with

proceedings to determine the Remaining Disputes under the Bankruptcy Rules and the Federal Rules of Civil Procedure; provided, further, however, that the Settling Creditors' rights to submit requests under the California Public Records Act ("CPRA") or similar state or federal statutes related to the Project, the Debtors, the Plan, the Sale, the adversary proceeding, and/or the Chapter 11 Cases are waived and released.

### Notice of Entry of Combined Order and Effective Date

32.     Pursuant to Bankruptcy Rules 2002 and 3020(c), the Debtors are hereby authorized to file and serve a notice of entry of this Combined Order and the occurrence of the Effective Date on the Effective Date on all Holders of Claims against or Interests in the Debtors and all other Persons on whom the Combined Hearing Notice was served. The Notice of Effective Date shall constitute good and sufficient notice of the entry of this Combined Order and of the relief granted herein, including, without limitation, any bar dates and deadlines established under the Combined Disclosure Statement and Plan and this Combined Order, and no other or further notice of the entry of this Combined Order, the occurrence of the Effective Date, and any such bar dates and deadlines need be given. Attached as **Exhibit B** is the Notice of Effective Date, which is hereby approved in form and substance.

33.     In connection with the Effective Date, the Debtors or the Litigation Trust shall have authority to send a notice to Entities stating that, to continue to receive documents pursuant to Bankruptcy Rule 2002, such Entities must file a renewed request to receive documents pursuant to Bankruptcy Rule 2002; *provided*, *however*, that the Settling Creditors shall be excused from the above requirement to file a renewed request to receive documents pursuant to Bankruptcy Rule 2002. After the Effective Date, the Litigation Trust is hereby authorized to limit the list of Entities receiving documents pursuant to Bankruptcy Rule 2002 to (i) those Entities who have filed such renewed requests and (ii) those Entities whose rights are affected by such documents.

**Retention of Jurisdiction**

34.     Notwithstanding entry of this Combined Order and the occurrence of the Effective Date, on and after the Effective Date, this Court shall retain jurisdiction over all matters arising out of, or related to, these Chapter 11 Cases, the Combined Disclosure Statement and Plan, and Plan Documents, to the fullest extent permitted by applicable law, including, among other things, to take the actions specified in Article XV of the Combined Disclosure Statement and Plan.

**Rules Governing Conflicts Between Documents**

35.     In the event of an inconsistency between the Combined Disclosure Statement and Plan and any other document other than this Combined Order or the Litigation Trust Agreement, the terms of the Combined Disclosure Statement and Plan shall control (unless expressly stated otherwise herein or in such other document).   The provisions of the Combined Disclosure Statement and Plan, Litigation Trust Agreement, the Global Settlement, and the Combined Order shall be construed in a manner consistent with each other so as to effect the purposes of each; *provided* that if there is determined to be any inconsistency between any Plan provision and any provision of this Combined Order, the Global Settlement, or the Litigation Trust Agreement that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Combined Order or the Litigation Trust Agreement, as applicable, (i) shall govern and any such provision of this Combined Order or the Litigation Trust Agreement, as applicable, shall be deemed a modification of the Combined Disclosure Statement and Plan and (ii) shall control and take precedence; *provided*, *however*, that the Litigation Trust Agreement may not materially and adversely affect the interests, rights, treatment or Distributions of any Class of Allowed Claims or Interests under the Combined Disclosure Statement and Plan or the scope or effectiveness of any release or exculpation under or in connection with the Plan.   In the event of an inconsistency

between this Combined Order and the Litigation Trust Agreement, the terms of this Combined Order shall govern solely to the extent of such inconsistency.

## **Headings**

36.    Headings utilized herein are for convenience and reference only, and do not constitute a part of the Combined Disclosure Statement and Plan or this Combined Order for any other purpose.

## **No Stay of Combined Order**

37.    Notwithstanding Bankruptcy Rules 3020(e) and 6004(h) and any other Bankruptcy Rule to the contrary, to the extent applicable, this Combined Order shall be effective and enforceable immediately upon entry.

## EXHIBIT A

**Second Amended Combined Disclosure Statement and Plan**

(intentionally omitted)

**EXHIBIT B**

**Notice of Effective Date**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SILVERROCK DEVELOPMENT COMPANY, LLC, *et al.*,<br><br>                Debtors.[1] | Chapter 11<br><br>Case No.: 24-11647 (MFW)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 904, 905, 951, 955, 1040, 1111** |

**NOTICE OF (I) ENTRY OF ORDER CONFIRMING SECOND AMENDED
COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF
LIQUIDATION OF SILVERROCK DEVELOPMENT COMPANY, LLC AND ITS
<u>DEBTOR AFFILIATES AND (II) OCCURRENCE OF EFFECTIVE DATE</u>**

**PLEASE TAKE NOTICE THAT:**

        <u>**Entry of Combined Order**</u>. On May [●], 2026, the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving on a Final Basis and Confirming the Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of SilverRock Development Company, LLC and its Debtor Affiliates; and (II) Granting Related Relief* [Docket No. [●]] (the "<u>Combined Order</u>"), approving on a final basis and confirming the *Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation of SilverRock Development Company, LLC and its Debtor Affiliates*, dated May 12, 2026 [Docket No. 1111] (the "<u>Combined Disclosure Statement and Plan</u>").[2]

        <u>**Effective Date**</u>. Each of the conditions precedent to the effectiveness of the Combined Disclosure Statement and Plan has occurred or been waived in accordance with Article XIII of the Combined Disclosure Statement and Plan, and the Combined Disclosure Statement and Plan became effective and was substantially consummated on June [●], 2026 (the "<u>Effective Date</u>"). The Combined Disclosure Statement and Plan and its provisions are binding on the Debtors, any Holder of a Claim or Interest, and such Holder's respective successors and assigns, whether or not the Claim or Interest of such Holder is Impaired under the Combined Disclosure Statement and Plan, and whether or not such Holder voted on the Combined Disclosure Statement and Plan.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598) and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

[2]    Capitalized terms used but not defined herein are defined in the Combined Disclosure Statement and Plan or the Combined Order, as applicable.

**Additional Administrative Claims Bar Date**. In accordance with Article I.2 of the Combined Disclosure Statement and Plan and paragraph 20 of the Combined Order, requests for payment of additional Administrative Claims must: (i) be filed with the Court and served on the Litigation Trustee; (ii) be in writing, together with supporting documents; (iii) substantially comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and (iv) be actually received on or before **July [●], 2026, at 5:00 p.m. (prevailing Eastern Time)**.  Failure to file and serve an additional Administrative Claim timely and properly shall result in the additional Administrative Claim being forever barred and released absent further order of the Court.

**UNLESS OTHERWISE ORDERED BY THE COURT, FAILURE TO FILE AND SERVE AN ADDITIONAL ADMINISTRATIVE CLAIM TIMELY AND PROPERLY SHALL RESULT IN THE ADDITIONAL ADMINISTRATIVE CLAIM BEING FOREVER BARRED AND RELEASED.**

**Professional Fee Claims Bar Date**. In accordance with Article II.C of the Combined Disclosure Statement and Plan and paragraph 22 of the Combined Order, all final requests for payment of Professional Fee Claims pursuant to sections 327, 328, 329, 330, 331, 503(b) and 1103 of the Bankruptcy Code for services rendered prior to the Effective Date (each a "Final Fee Application") shall be filed no later than **July [●], 2026**, and simultaneously noticed and served in accordance with the Interim Compensation Procedures Order.

**Procedures Relating to Assumption and Rejection of Executory Contracts and Unexpired Leases**. Pursuant to Article VIII.A of the Combined Disclosure Statement and Plan and paragraph 17 of the Combined Order, except as otherwise provided in the Combined Disclosure Statement and Plan, each Executory Contract and Unexpired Lease not previously rejected, assumed, or assumed and assigned shall be deemed automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease: (i) as of the Effective Date is subject to a pending motion to assume such Unexpired Lease or Executory Contract; or (ii) is identified for assumption on the Assumption Schedule included in the Plan Supplement.

**Rejection Claims Bar Date**. Pursuant to Article VIII.B of the Combined Disclosure Statement and Plan and paragraph 19 of the Combined Order, unless otherwise provided by an Order of the Court, any Proofs of Claim based on the rejection of the Debtors' Executory Contracts or Unexpired Leases pursuant to the Combined Disclosure Statement and Plan or otherwise, must be filed with the Claims Agent and served no later than **July [●], 2026** on the Litigation Trustee, c/o [firm name], [attorney(s)], [firm address, state, zip] [email address(es)], counsel for the Litigation Trust.  **Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed with the Claims Agent within such time will be forever barred.**

**Request for Continued Service.** Pursuant to Article XVI.M of the Plan, after the Effective Date, any Persons or Entities that wish to continue to receive documents pursuant to Bankruptcy Rule 2002 must file a renewed request to continue to receive such documents with the Bankruptcy Court; *provided*, *however*, that the Settling Creditors shall be excused from the above requirement to file a renewed request to receive documents pursuant to Bankruptcy Rule 2002. After the Effective Date, the Litigation Trustee is authorized to limit the list of Persons and Entities receiving documents pursuant to Bankruptcy Rule 2002 to those who have Filed such renewed requests.

2

**Copies of the Combined Order and the Combined Disclosure Statement and Plan.** Copies of the Combined Order, the Combined Disclosure Statement and Plan, and the Plan Documents are available for review free of charge on the website maintained by Reliable Companies d/b/a Reliable, the Debtors' Claims Agent, at https://www.bankruptcy-claims.com/silverrock/ or on the Court's electronic docket at the address https://ecf.deb.uscourts.gov.

Dated: June [●], 2026
Wilmington, Delaware

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

*/s/ Draft*
Erin R. Fay (No. 5268)
Shane M. Reil (No. 6195)
Catherine C. Lyons (No. 6854)
222 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 304-7600
E-mails: efay@wsgr.com
        sreil@wsgr.com
        clyons@wsgr.com

*-and-*

**LAW OFFICES OF BENJAMIN M. CARSON, P.C.**
Benjamin M. Carson (admitted *pro hac vice*)
5965 Village Way, Suite E105
San Diego, California 92130
Telephone: (858) 255-4529
E-mail:  ben@benjamincarson.com

*-and-*

Victor A. Vilaplana (admitted *pro hac vice*)
823 La Jolla Rancho Road
La Jolla, California 92037
Telephone: (619) 840-4130
Email: vavilaplana@gmail.com

*Counsel to the Debtors*
*and Debtors-in-Possession*