## EXHIBIT A

**Amended Litigation Trust Agreement**

## LITIGATION TRUST AGREEMENT

This Litigation Trust Agreement (the "**Litigation Trust Agreement**") is made and entered into as of [__], 2026, by and among SilverRock Development Company, LLC and its affiliated debtors (each, a "**Debtor**" and, collectively, the "**Debtors**")[1], as debtors and debtors in possession in the jointly administered Chapter 11 cases (Case No. 24-11647 (MFW)) (collectively, the "**Cases**") pending in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), and Jacob Wood of Arkus Advisory US Inc., not in any individual capacity, but solely as trustee (the "**Litigation Trustee**").

### RECITALS

**WHEREAS**, on August 5, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the Bankruptcy Court; and

**WHEREAS**, on May 11, 2026, the Debtors filed the *Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of SilverRock Development Company, LLC and its Debtor Affiliates* [Docket No. 1111] (as amended, modified or supplemented, the "**Combined Disclosure Statement and Plan**")[2]; and

**WHEREAS**, on [__], 2026, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Approving on a Final Basis and Confirming the Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of SilverRock Development Company, LLC and its Debtor Affiliates* [Docket No. ___] (the "**Combined Order**") approving the Disclosure Statement on a final basis and confirming the Plan;

**WHEREAS**, the Effective Date of the Plan occurred on [__], 2026;

**WHEREAS**, the Plan and the Combined Order provide for (i) the establishment of the Litigation Trust and the creation of beneficial interests in the Litigation Trust, solely for the benefit of the Litigation Trust Beneficiaries (referred to herein as the "**Beneficiaries**" and, each individually, a "**Beneficiary**"), and (ii) the vesting of the Litigation Trust Assets in the Litigation Trust, in each case upon the Effective Date of the Plan;

**WHEREAS**, the Litigation Trust is established pursuant to the Plan and this Litigation Trust Agreement as: (i) a "Liquidating Trust" within the meaning of section 301.7701-4(d) of the Treasury Regulations, for the sole purpose of liquidating the Litigation Trust Assets and making distributions in accordance with the Plan, the Combined Order, and this Litigation Trust

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598) and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

[2] All capitalized terms used but not defined herein shall have the meanings given to such terms in the Combined Disclosure Statement and Plan.  As the context requires, separate references herein to the "Disclosure Statement" or the "Plan" shall refer to the applicable sections of the Combined Disclosure Statement and Plan.

Agreement, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Litigation Trust and the Plan; and (ii) a "grantor trust" pursuant to sections 671-677 of the Internal Revenue Code (the "**Tax Code**") for United States federal income tax purposes, with the Beneficiaries treated as the grantors and owners of the Litigation Trust Assets, in each case of (i) or (ii) above, subject to the Litigation Trustee's discretion to elect to treat the Litigation Trust or any of the Litigation Trust Assets (in whole or in part) as a Disputed Ownership Fund for U.S. federal income tax purposes in accordance with Section 9.5; and

**WHEREAS**, in accordance with the Plan, and pursuant to section 1145 of the Bankruptcy Code, the Litigation Trust is further intended to be exempt from the requirements of the Securities Act of 1933, as amended (the "**Securities Act**"), and any applicable state and local laws requiring registration of securities; and

**NOW, THEREFORE**, pursuant to the Plan and the Combined Order, in consideration of the promises, the mutual agreements of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the parties hereby agree as follows:

### ARTICLE I
### DECLARATION OF TRUST

Section 1.1   Creation and Purpose of the Litigation Trust. The Debtors and the Litigation Trustee hereby create the Litigation Trust for the sole purposes of liquidating the Litigation Trust Assets, satisfying the obligations set forth in the Plan to the extent required thereby, and making distributions to the Beneficiaries in accordance with the Plan, the Combined Order, and this Litigation Trust Agreement, and in accordance with section 301.7701-4(d) of the Treasury Regulations, subject to the Litigation Trustee's discretion to elect to treat the Litigation Trust or any of the Litigation Trust Assets (in either case, in whole or in part) as a Disputed Ownership Fund for U.S. federal income tax purposes in accordance with Section 9.5, with no objective to continue or engage in the conduct of a trade or business, except only if and to the extent necessary for, and consistent with, the liquidating purpose of the Litigation Trust. The Litigation Trust shall not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth herein or in the Plan.

Section 1.2   Declaration of Trust. In order to declare the terms and conditions hereof, and in consideration of the confirmation of the Plan, the Debtors and the Litigation Trustee have executed this Litigation Trust Agreement and, effective on the Effective Date, all of the right, title, and interest of the Debtors and the Estates in and to the Litigation Trust Assets shall be absolutely and irrevocably assigned to and vested in the Litigation Trust and to its successors in trust and its successors and assigns, to have and to hold unto the Litigation Trustee and his or her successors and assigns, to be held by the Litigation Trust and applied on behalf of the Litigation Trust by the Litigation Trustee, on and subject to the terms and conditions of this Litigation Trust Agreement, the Plan and the Combined Order, solely for the benefit of the Beneficiaries and their successors and assigns as provided for in this Litigation Trust Agreement and in the Plan and Combined Order, and for no other party, provided that the Litigation Trust shall be required to satisfy the obligations set forth in the Plan to the extent required thereby.

Section 1.3    Vesting and Transfer of Assets to the Litigation Trust. On the Effective Date, pursuant to sections 1141 and 1123(b)(3) of the Bankruptcy Code, the Litigation Trust Assets shall vest in the Litigation Trust, free and clear of all Liens, Claims, and Interests, except as otherwise specifically provided in the Plan, the global settlement between and among the Debtors, the City, and the Settling Creditors (the "**Global Settlement**") [Docket No. 1107] or in the Combined Order; *provided*, that the Litigation Trust, with the consent of the Litigation Trustee and after giving notice to the Beneficiaries, may abandon or otherwise not accept any Litigation Trust Assets that the Litigation Trustee believes, in good faith, have no value to the Litigation Trust. Any Assets the Litigation Trust so abandons or does not accept shall not vest in the Litigation Trust. The Litigation Trustee shall have no duty to arrange for any of the transfers contemplated hereunder or by the Plan or to ensure their compliance with the terms of the Plan, the Global Settlement, and the Combined Order and shall be conclusively entitled to rely on the legality and validity of such transfers. After the Effective Date, the Litigation Trust shall have the authority and right on behalf of the Debtors without the need for Bankruptcy Court approval (unless otherwise expressly indicated herein or if required by the Bankruptcy Code or the Bankruptcy Rules), to carry out and implement all provisions of the Plan.

On the Effective Date, the confidentiality obligations in favor of the Debtors and the Debtors' attorney-client privilege, work product protection, joint interest privilege or other privilege or immunity attaching to any documents or communications of the Debtors shall vest in the Litigation Trust and its representatives. The Debtors are authorized to take all actions they deem necessary to effectuate the transfer of such privileges and immunities, and any documents or communications of the Debtors that would otherwise be protected from discovery by virtue of any applicable privilege or immunity shall remain so protected. The Litigation Trustee's receipt of transferred privileges shall be without waiver in recognition of the joint and/or successorship interest in prosecuting claims on behalf of the Estates.

The Litigation Trust shall have the powers of a trustee under sections 704 and 1106 of the Bankruptcy Code and shall also be vested with the Debtors' rights, as such rights existed prior to the Effective Date, to conduct discovery and oral examinations of any party related to the Litigation Trust Assets under Bankruptcy Rule 2004, provided that all costs related to satisfying such discovery shall be funded exclusively from the Litigation Trust Assets.

The Litigation Trust shall be deemed to be substituted as the party-in-lieu of each of the Debtors in all matters, including, but not limited to: (i) motions, contested matters, and adversary proceedings pending in the Bankruptcy Court; (ii) any and all tax or regulatory filings, including without limitation any state or federal returns or ERISA-related filings, and legacy accounts of the Debtors at the state or federal level (for the purpose of closing, reporting, or making payments related to the Estates) related thereto; and (iii) all matters pending in any courts, tribunals, forums, or administrative proceedings outside of the Bankruptcy Court, in each case without the need or requirement for the Litigation Trustee on behalf of the Litigation Trust to file motions or substitutions of parties or counsel in each such matter.

Section 1.4    Funding of the Trust. The Litigation Trust shall be funded on the Effective Date by the transfer of the Litigation Trust Assets, to the extent provided for in Section 1.2 and Section 1.3 of this Litigation Trust Agreement and in the Plan and Combined Order, and the

contribution of $400,000 of the City Additional Funding which shall be allocated to the Litigation Trust consistent with the terms of the Plan.

Section 1.5    Acceptance by Litigation Trustee. The Litigation Trustee hereby accepts the trust imposed upon it by this Litigation Trust Agreement and agrees to observe and perform that trust on and subject to the terms and conditions set forth in this Litigation Trust Agreement, the Plan, and the Combined Order. In connection with and in furtherance of the purposes of the Litigation Trust, the Litigation Trustee hereby accepts the funding for the Litigation Trust, including the transfer of the Litigation Trust Assets and contribution of the portion of the City Additional Funding allocated to the Litigation Trust as set forth in the Plan.

Section 1.6    Name of the Litigation Trust. The Litigation Trust established hereby shall be known as the "SilverRock Litigation Trust."

Section 1.7    Capacity of Trust. To the fullest extent permitted by applicable law and notwithstanding anything herein to the contrary, the Litigation Trust (as directed by the Litigation Trustee) shall itself have the capacity to act or refrain from acting on its own behalf, including the capacity to sue and be sued. The Litigation Trustee, solely in such capacity as Litigation Trustee, may alone be the named movant, respondent, party plaintiff or defendant, or the like in all adversary proceedings, contested matters, and other state and federal proceedings brought by or against it, and may settle and compromise all such matters in its own name or in the name of the Litigation Trust.

## ARTICLE II
## THE LITIGATION TRUSTEE

Section 2.1    Appointment. The Litigation Trustee shall be Jacob Wood, as designated by the Debtors' Independent Manager. The Litigation Trustee's appointment shall continue until the earlier of (i) the termination of the Litigation Trust or (ii) the Litigation Trustee's resignation, death, dissolution, removal, or liquidation. The Litigation Trustee shall be the exclusive trustee of the Estates under the Bankruptcy Code for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 601(b)(3).

Section 2.2    General Powers. Except as otherwise provided in this Litigation Trust Agreement, the Plan, or the Combined Order, the Litigation Trustee may control and exercise authority over the Litigation Trust Assets, over the acquisition, management, and disposition thereof, and over the management and conduct of the affairs of the Litigation Trust. Nothing in this Litigation Trust Agreement shall be deemed to prevent the Litigation Trustee from taking, or failing to take, any action that, based upon the advice of counsel or other professionals, it determines it is obligated to take (or fail to take) in the performance of any fiduciary or similar duty which the Litigation Trustee owes to the Beneficiaries. No person dealing with the Litigation Trust shall be obligated to inquire into the Litigation Trustee's authority in connection with the acquisition, management, or disposition of Litigation Trust Assets. Without limiting the foregoing, and unless specifically limited, restricted, waived, or released by the Plan, the Combined Order, or other provisions of this Litigation Trust Agreement, the Litigation Trustee shall be expressly authorized to, with respect to the Litigation Trust and the Litigation Trust Assets, and may cause the Litigation Trust to:

(a)     Act on behalf of the Litigation Trust and/or any Disputed Ownership Fund, including the right to take all actions and execute all agreements, instruments and other documents, and exercise all power and authority that may be exercised, to commence all proceedings (including the power to continue any actions and proceedings that may have been commenced by the Debtors prior to the Effective Date) that may be commenced, and to take all actions that may be taken by any officer, director, or manager of the Debtors with like effect as if authorized, exercised, and taken by unanimous action of such officers, directors, and managers, including consummating the Plan and all transfers thereunder on behalf of the Debtors;

(b)     Hold any legal title to any and all of the Litigation Trust Assets, whether held by the Litigation Trust or by a Disputed Ownership Fund;

(c)     If any Litigation Trust Asset is situated in any state or other jurisdiction (including any non-U.S. jurisdiction) in which the Litigation Trustee is or may not be qualified to act as trustee, the Litigation Trustee is authorized (i) to nominate and appoint a person duly qualified to act as trustee in such state or jurisdiction and require from each such trustee such security as may be designated by the Litigation Trustee in its sole discretion; (ii) confer upon such trustee all the rights, powers, privileges and duties of the Litigation Trustee hereunder, subject to the conditions and limitations of this Litigation Trust Agreement, except as modified or limited by the Litigation Trustee and except where the conditions and limitations may be modified by the laws of such state or other jurisdiction (in which case, the laws of the state or jurisdiction in which the trustee is acting shall prevail to the extent necessary); (iii) require such trustee to be answerable to the Litigation Trustee for all monies, assets and other property that may be received in connection with the administration of all property; (iv) compensate such trustee for its services in reasonable and customary amounts and reimburse such trustee's reasonable and authorized out-of-pocket-expenses from the Litigation Trust Assets; and (v) at the Litigation Trustee's sole discretion, remove such trustee, with or without cause, and appoint a successor trustee at any time by the execution by the Litigation Trustee of a written instrument declaring such trustee removed from office, and specifying the effective date and time of removal;

(d)     Collect, use, manage, sell, abandon, liquidate, convert to Cash and ultimately distribute all Litigation Trust Assets pursuant to the Plan, the Combined Order, the Global Settlement, and this Litigation Trust Agreement;

(e)     Wind-up the affairs of the Debtors, to the extent necessary, as expeditiously as reasonably possible;

(f)     Maintain all accounts, authorize and make distributions to holders of any GUC Beneficial Interests or Poppy Beneficial Interests (each, a "**Litigation Trust Beneficial Interest**") ultimately holding an Allowed Claim as provided for or contemplated under the Plan, the Combined Order, or this Litigation Trust Agreement; and take other actions required under or consistent with the Plan, the Combined Order, or this Litigation Trust Agreement, including but not limited to, the maintenance of appropriate reserves (as may reasonably be deemed necessary by the Litigation Trustee in its sole discretion), in the name of the Litigation Trust or any Disputed Ownership Fund;

(g)      Serve as the Disbursing Agent with respect to the Sale Proceeds Reserve and Sale Proceeds Reserve Account;

(h)      Abandon or dispose of, in any commercially reasonable manner, including abandonment or donation to a charitable organization of its choice, any Litigation Trust Asset in the reasonable business judgment of the Litigation Trustee;

(i)      Take all steps necessary to terminate the corporate existence of the Debtors, including in accordance with Section 2.4, and to wind-up and close the Litigation Trust and any Disputed Ownership Fund;

(j)      Establish, maintain, administer and, as appropriate, destroy documents and records, whether hard copy or electronic, of the Debtors and/or the Litigation Trust, as and when appropriate in accordance with the Plan, the Combined Order, and this Litigation Trust Agreement;

(k)      Review, reconcile, settle, seek to subordinate, prosecute objections to, and resolve all Claims, including but not limited to Administrative Expense Claims, and compromise or settle any Claims (disputed or otherwise) whether filed or scheduled (and regardless of whether they were scheduled as undisputed, noncontingent, or liquidated);

(l)      Investigate and prosecute any and all Retained Causes of Action and compromise, settle or withdraw any Retained Causes of Action;

(m)      Investigate, prosecute and/or settle any Avoidance Actions, with or without the approval of the Bankruptcy Court, and exercise, participate in, or initiate any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction and participate as a party or otherwise in any administrative, arbitrative or other nonjudicial proceeding and pursue to settlement or judgment of such Avoidance Actions;

(n)      Open and maintain bank and/or brokerage accounts on behalf of or in the name of the Litigation Trust and/or any Disputed Ownership Fund, calculate and make distributions, and take other actions consistent with the Plan, this Litigation Trust Agreement, and the Combined Order and the implementation thereof, including the establishment, re-evaluation, adjustment, and maintenance of appropriate reserves, in the name of the Litigation Trust and/or any Disputed Ownership Fund, provided that, the Litigation Trustee need not maintain the Litigation Trust's (or any Disputed Ownership Fund's) reserves in segregated bank accounts and may pool funds in the reserves with each other and other funds of the Litigation Trust (or any Disputed Ownership Fund); *provided*, *however*, that the Litigation Trustee shall treat all such reserved funds as being held in segregated accounts in the books and records of the Litigation Trust or Disputed Ownership Fund, as applicable; *provided further that*, notwithstanding the foregoing, as set forth in the Plan, separate reserve accounts shall be maintained for the Professional Fee Reserve, if held by the Litigation Trust, and the Sale Proceeds Reserve Account;

(o)      Establish, maintain, and administer any reserves created on the Effective Date, including the Professional Fee Reserve, if such reserve is held by the Litigation Trust, and the Sale Proceeds Reserve, and create any reserves as the Litigation Trustee may deem necessary for payments required to be made pursuant to the Plan, the Combined Order, or this Litigation Trust Agreement, including on account of any Disputed Claims or any Disputed Ownership Fund;

(p)      Prepare and file tax returns for the Debtors, the Litigation Trust, and any Disputed Ownership Fund to the extent required by applicable law;

(q)      Retain and compensate any and all such professionals and agents as the Litigation Trustee, in their sole discretion, deems reasonably necessary to perform their duties under the Plan, the Combined Order, or this Litigation Trust Agreement without further order of the Bankruptcy Court;

(r)      Satisfy and pay all reasonable legal and other fees and expenses incurred by the Litigation Trustee on account of administration of the Litigation Trust, including reasonable insurance costs, taxes, escrow expenses, and all other costs of administering the Litigation Trust out of the Litigation Trust Assets;

(s)      Purchase or create and carry all insurance policies, including liability insurance for the Litigation Trustee, and pay all insurance premiums and costs the Litigation Trustee deems necessary or advisable out of the Litigation Trust Assets;

(t)      Seek a final decree closing any or all of the Cases; and

(u)      Take all other actions not inconsistent with the provisions of the Plan, the Combined Order, the Global Settlement, and this Litigation Trust Agreement that the Litigation Trustee deems reasonably necessary or desirable in connection with the administration of the Plan, including filing all motions, pleadings, reports, and other documents in connection with the administration and closing of the Cases.

The above-enumerated powers of the Litigation Trustee (along with any other powers and responsibilities granted to the Litigation Trustee under this Litigation Trust Agreement) shall be broadly interpreted, and in any applicable instance shall be interpreted as taking any action or causing the Litigation Trust to take such action. Any actions authorized on behalf of the Litigation Trustee may be taken by the Litigation Trust at the direction of the Litigation Trustee.

Section 2.3      Wind-Down. In addition to the Litigation Trustee's rights and duties with respect to the Litigation Trust, on and after the Effective Date, the Litigation Trustee will be authorized to implement the Plan and any applicable orders of the Bankruptcy Court, and the Litigation Trustee shall have the power and authority to take any action necessary to wind down and dissolve the Debtors and the Estates. As soon as practicable after the Effective Date, the Litigation Trustee shall: (1) in the Litigation Trustee's reasonable discretion, complete and file all final or otherwise required federal, state, and local tax returns for the Debtors, and pursuant to section 505(b) of the Bankruptcy Code, may request an expedited determination of any unpaid tax liability of each Debtor or its Estate for any tax incurred during the administration of such Debtor's Case, as determined under applicable tax laws; and (2) take such other actions as the Litigation Trustee may determine to be necessary or desirable to carry out the purposes of the Plan. From and after the Effective Date, the Debtors (a) for all purposes shall be deemed to have withdrawn their business operations from any state in which they were previously conducting, or are registered or licensed to conduct, their business operations, and (b) shall not be liable in any manner to any taxing authority for franchise, business, license, or similar taxes accruing on or after the Effective Date. In addition, (i) the Debtors shall be deemed to have canceled all Interests

pursuant to this Plan, and (ii) the new fiscal year end of the Debtors shall be deemed to be the Effective Date. The dissolution of the Debtors shall not have any effect, in any manner, on the Retained Causes of Action that the Litigation Trustee may assert in accordance with the Plan and the Litigation Trust Agreement.

Section 2.4    Corporate Existence. Each of the Debtors will be subject to one or more Dissolution Transactions on or after the Effective Date, at the discretion of the Litigation Trustee as set forth in the Plan.  Each Debtor shall continue to exist after the transfer of the property of the Estates to the Litigation Trust until dissolved by the Litigation Trustee, pursuant to a Dissolution Transaction. At any time on or after the Effective Date, the Litigation Trustee will enter into such Dissolution Transactions as may be necessary or appropriate on the Debtors' behalf to merge, dissolve or otherwise terminate the corporate existence of each of the Debtors in accordance with the Plan.  The actions to effect the Dissolution Transactions may include: (i) the execution and delivery of appropriate agreements or other documents of transfer, merger, consolidation, disposition, liquidation or dissolution containing terms that, among other things, are consistent with the terms of the Plan; (ii) the execution and delivery of appropriate instruments of transfer, assignment, assumption or delegation of any asset, property, right, liability, duty or obligation on terms consistent with the terms of the Plan and that satisfy the requirements of applicable law; (iii) the filing of appropriate certificates or articles of merger, consolidation, continuance or dissolution or similar instruments with the applicable governmental authorities; and (iv) the taking of all other actions that these entities determine to be necessary or appropriate, including making other filings or recordings that may be required by applicable law in connection with the Dissolution Transactions.

Section 2.5    Safekeeping and Investment of Litigation Trust Assets. All monies and other assets received as part of the Litigation Trust Assets by the Litigation Trust shall, until distributed or paid over as provided herein and in the Plan, be held in trust for the benefit of the Beneficiaries, but need not be segregated in separate accounts from other Litigation Trust Assets, unless and to the extent required by law, the Plan, the Combined Order, the Global Settlement, or this Litigation Trust Agreement. The Litigation Trustee shall not be under any obligation to invest Litigation Trust Assets, nor responsible for any loss incurred by the Litigation Trust if any term investment or deposit permitted below is required to be sold, redeemed or withdrawn prior to maturity. Neither the Litigation Trust nor the Litigation Trustee shall have any liability for interest or producing income on any monies received by them and held for distribution or payment to the Beneficiaries, except as such interest shall actually be received by the Litigation Trust or Litigation Trustee, which shall be distributed as provided in the Plan, the Combined Order, the Global Settlement, and this Litigation Trust Agreement. The powers of the Litigation Trustee to invest any monies held by the Litigation Trust, other than those powers reasonably necessary to maintain the value of the Litigation Trust Assets and to further the Litigation Trust's liquidation purpose, shall be limited to powers to invest in demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary liquid investments, such as treasury bills; provided, however, that the scope of permissible investments shall be limited to include only those investments that a "Liquidating Trust," within the meaning of section 3.01.7701-4(d) of the Treasury Regulations, may be permitted to hold pursuant to the Treasury Regulations, subject to the Litigation Trustee's discretion to elect to treat the Litigation Trust or any of the Litigation Trust Assets (in whole or in part) as a Disputed Ownership Fund for U.S. federal income tax purposes in accordance with Section 9.5, or any modification of the IRS

guidelines, whether set forth in IRS rulings, IRS pronouncements, any modifications of the IRS guidelines or otherwise.

Section 2.6    Retention of Professionals. The Litigation Trustee shall retain such legal counsel or other professionals as may be appropriate in accordance with the terms of the Plan, the Combined Order, and this Litigation Trust Agreement, whose fees and expenses shall be payable from the Litigation Trust Assets.

Section 2.7    Compensation of Litigation Trustee and its Agents and Professionals. The Litigation Trustee shall be entitled to receive reasonable compensation for the performance of its duties after the Effective Date as set forth on **Exhibit A**. Any successor to the Litigation Trustee shall also be entitled to reasonable compensation in connection with the performance of its duties, which compensation may be different from the terms provided herein.

Section 2.8    Abandonment; Donation. If, in the Litigation Trustee's reasonable judgment, any Litigation Trust Asset cannot be sold or distributed in a commercially reasonable manner or the Litigation Trustee believes in good faith that such Litigation Trust Asset has inconsequential value to the Litigation Trust or its Beneficiaries or is insufficient to render a further distribution practicable, the Litigation Trustee shall have the right to cause the Litigation Trust to abandon or otherwise dispose of such Litigation Trust Asset, including by donation of any remaining funds to a charitable institution qualified as a not-for-profit corporation, under applicable federal and state laws without further order from the Bankruptcy Court.

Section 2.9    Responsibility for Administration of Claims. As of the Effective Date, the Litigation Trustee shall become responsible for administering and paying distributions to Beneficiaries of the Litigation Trust in accordance with the Plan, the Combined Order, and this Litigation Trust Agreement, and other Allowed Claims to the extent set forth in the Plan and the Combined Order. The Litigation Trustee shall have the right to object to the allowance of any Claim on any ground and shall be entitled to assert all defenses of the Debtors and the Estates. The Litigation Trustee shall also be entitled to assert all of the Estates' rights under, without limitation, section 558 of the Bankruptcy Code. The Litigation Trustee may also seek estimation of any Disputed Claim under and subject to section 502(c) of the Bankruptcy Code.

Section 2.10    No Implied Obligations. No implied covenants or obligations shall be read into this Litigation Trust Agreement against the Litigation Trustee.

Section 2.11    Disputed Claims Reserve.

(a)    The Litigation Trustee may, in its reasonable discretion, maintain a Disputed Claims Reserve.  The Litigation Trustee may, in its reasonable discretion, distribute such amounts (net of any expenses, including any taxes relating thereto), as provided herein and in the Plan, as Disputed Claims are resolved, and such amounts may be distributed on account of such Disputed Claims as if such Disputed Claims were Allowed Claims as of the Effective Date.

(b)    To the extent that the property placed in a Disputed Claims Reserve consists of Cash, that Cash shall be deposited in an interest-bearing account. The property in the Disputed Claims Reserve shall be held in trust for the benefit of the Beneficiaries whose Claims are ultimately determined to be Allowed. Any Disputed Claims Reserve shall be closed by the

Case 24-11647-MFW    Doc 1147-1    Filed 05/20/26    Page 11 of 32

Litigation Trust when all Distributions required to be made under this Plan will have been made in accordance with the terms of the Plan.  Upon closure of any Disputed Claims Reserve, all Cash (including any investment yield on the Cash) and other property held in such Disputed Claims Reserve shall be distributed in accordance with the Plan or the Litigation Trust Agreement, as applicable.

(c)    To assist in making Distributions under the Plan, Trust Accounts may be held in the name of the Litigation Trust or in the name of one or more Third-Party Disbursing Agents, in each case, for the benefit of Holders of Allowed Claims.  The Litigation Trustee shall invest or shall direct the Third-Party Disbursing Agents to invest, Cash in the Trust Accounts, subject to the limitations established herein; *provided, however*, that should the Litigation Trustee determine, in its sole discretion, that the administrative costs associated with such investment exceeds the return on such investment, it may determine not to, and may direct the Third-Party Disbursing Agent not to, invest such Cash.  Any interest or other proceeds, if any, from such investment of Cash, net of any taxes payable with respect thereto, shall be deposited into the applicable Trust Accounts and shall be available for Distribution to Holders of applicable Allowed Claims

Section 2.12  <u>Replacement of the Litigation Trustee</u>. The Litigation Trustee may resign at any time upon thirty (30) days' written notice filed with the Bankruptcy Court, provided that such resignation shall only become effective upon the appointment of a permanent or interim successor Litigation Trustee. The Bankruptcy Court may remove the Litigation Trustee for cause, upon motion and after notice and a hearing, which motion may be brought by any party in interest. In the event of the resignation or removal, death or incapacity of the Litigation Trustee, the Bankruptcy Court shall designate another person to serve as Litigation Trustee and thereupon the successor Litigation Trustee shall become fully vested with all of the rights, powers, duties, and obligations of its predecessor. The Litigation Trustee and its professionals shall be entitled to compensation payable from the Litigation Trust Assets as set forth in this Litigation Trust Agreement. Upon its appointment, the successor Litigation Trustee, without any further act, shall become fully vested with all of the rights, powers, duties, and obligations of its predecessor, except as to amounts payable under <u>Section 2.7</u>, and all responsibilities of the predecessor Litigation Trustee relating to the Litigation Trust shall be terminated. The provisions of <u>Article V</u> shall survive the resignation or removal of any Litigation Trustee.

Section 2.13  <u>Litigation Trust Continuance</u>. The death, dissolution, liquidation, resignation, or removal of the Litigation Trustee shall not terminate the Litigation Trust or revoke any existing agency created by the Litigation Trustee pursuant to this Litigation Trust Agreement or invalidate any action theretofore taken by the Litigation Trustee, and the provisions of this Litigation Trust Agreement shall be binding upon and inure to the benefit of the successor Litigation Trustee and all its successors or assigns.

**ARTICLE III**
**PROSECUTION AND RESOLUTION OF RETAINED CAUSES OF ACTION AND OBJECTIONS TO CLAIMS**

Section 3.1    <u>Authority to Prosecute and Settle Claims</u>. Except as otherwise specifically provided in the Plan, after the Effective Date, the Litigation Trustee shall have the sole authority: (i) to File, withdraw, or litigate to judgment, objections to Claims; (ii) to settle or compromise any

Litigation Trust Agreement | 10 of 31

Disputed Claim (other than a Professional Fee Claim) without any further notice to or action, order or approval by the Bankruptcy Court; and (iii) to direct the Claims and Noticing Agent to adjust the Claims Register to reflect any such resolutions without any further notice to or action, order or approval by the Bankruptcy Court. From and after the Effective Date, the Litigation Trustee shall have the sole authority to prosecute, settle, or otherwise dispose of any Retained Causes of Action and no other parties shall be entitled to assert any Retained Causes of Action derivatively or otherwise on behalf of the Debtors, the Estates or the Litigation Trust.

Section 3.2    Court Approval. Nothing herein shall preclude the Litigation Trustee from seeking Bankruptcy Court approval of (i) any settlement or compromise of any Retained Cause of Action, Avoidance Action, or Disputed Claim; or (ii) the exercise or non-exercise of any power or duty of the Litigation Trustee under this Litigation Trust Agreement, nor shall any provision hereof be construed as limiting the jurisdiction of the Bankruptcy Court to hear and determine any such request for relief.

## ARTICLE IV
## LIABILITY OF LITIGATION TRUSTEE

Section 4.1    Standard of Care; Exculpation. Neither the Litigation Trustee nor any director, officer, member, affiliate, employee, employer, professional, successor, assign, agent, advisor, or representative of the Litigation Trust (each, an "**Exculpated Party**" and collectively, the "**Exculpated Parties**") shall be liable for any losses, claims, damages, liabilities, obligations, settlements, proceedings, suits, judgments, litigation, actions, or investigations (whether civil or administrative and whether sounding in tort, contract or otherwise), penalties, costs, and expenses, including reasonable fees and disbursements (collectively referred to herein as "**Losses**"), whether or not in connection with litigation in which any Exculpated Party is a party, or enforcing this Litigation Trust Agreement (including these exculpation provisions), as and when imposed on an Exculpated Party, incurred, caused by, relating to, based upon or arising out of (directly or indirectly) the Litigation Trustee's execution, delivery, and acceptance of or the performance or nonperformance of its powers, duties and obligations under this Litigation Trust Agreement, the Plan, or the Combined Order or as may arise by reason of any action, omission or error of an Exculpated Party; *provided, however*, that the foregoing limitation shall not apply to any Losses found in a final judgment by a court of competent jurisdiction (not subject to further appeal or review) to have resulted from the fraud, gross negligence, or willful misconduct of such Exculpated Party. Every act taken or omitted, power exercised or obligation assumed by the Litigation Trustee or any Exculpated Party pursuant to the provisions of this Litigation Trust Agreement shall be held to be taken or omitted, exercised, or assumed, as the case may be, by the Litigation Trustee or any Exculpated Party acting for and on behalf of the Litigation Trust and not otherwise; *provided, however*, that none of the foregoing Entities or persons are deemed to be responsible for any other such Entities' or persons' actions or inactions. Except as provided in the first proviso of the first sentence of this Section 4.1, every person contracting or otherwise dealing with or having any relationship with the Litigation Trust or any Exculpated Party shall have recourse only to the Litigation Trust Assets (or any applicable insurance policies of the Litigation Trust) for payment of any liabilities or other obligations arising in connection with such contracts, dealings or relationships, and the Litigation Trust and the Exculpated Parties shall not be individually liable therefore. In no event shall an Exculpated Party be liable for indirect, punitive, special, incidental, or consequential damage or loss (including lost profits) whatsoever, even if the

Exculpated Party had been informed of the likelihood of such loss or damages and regardless of the form of action. Except as provided in the first proviso of the first sentence of this Section 4.1, any liability of the Litigation Trustee under this Litigation Trust Agreement will be limited to the amount of fees paid annually to the Litigation Trustee.

Section 4.2    Indemnification.

(a)    The Litigation Trust shall indemnify and hold harmless: (i) the Litigation Trustee (solely in their capacity as such) and (ii) the Litigation Trust's attorneys, financial advisors, consultants and other advisors (collectively, the "**Indemnified Parties**" and each, an "**Indemnified Party**"), with respect to any and all liabilities, losses, damages, claims, costs and expenses arising out of or due to their post-Effective Date actions or omissions, or consequences of such actions or omissions, taken in connection with the Plan, the Litigation Trust Agreement and the Combined Order, other than acts or omissions, or consequences of such post-Effective Date actions or omissions, resulting from such Indemnified Party's bad faith, willful misconduct (including actual fraud) or gross negligence. To the extent that an Indemnified Party asserts a claim for indemnification as provided above, (i) any payment on account of such claim shall be paid solely from the Litigation Trust Assets and (ii) the legal fees and related costs incurred by counsel to the Litigation Trustee in monitoring and participating in the defense of such claims giving rise to the asserted right of indemnification shall be advanced to such Indemnified Party (and such Indemnified Party undertakes to repay such amounts if it ultimately shall be determined that such Indemnified Party is not entitled to be indemnified therefore) out of the Estates or any insurance. The indemnification provisions of the Litigation Trust Agreement shall remain available to and be binding upon any former Litigation Trustee or the estate of any decedent of the Litigation Trustee and shall survive the termination of the Litigation Trust Agreement.

(b)    The Litigation Trust shall, from Litigation Trust Assets, promptly pay to the Indemnified Party the expenses set forth in subparagraph (a) above upon submission of invoices therefore on a current basis. Each Indemnified Party hereby undertakes, and the Litigation Trust hereby accepts its undertaking, to repay any and all such amounts so paid by the Litigation Trust if it shall ultimately be determined that such Indemnified Party is not entitled to be indemnified therefore under this Litigation Trust Agreement.

Section 4.3    No Liability for Acts of Successor/Predecessor Litigation Trustees. Upon the appointment of a successor Litigation Trustee and the delivery of the Litigation Trust Assets to the successor Litigation Trustee, the predecessor Litigation Trustee and any director, officer, affiliate, employee, employer, professional, agent, or representative of the predecessor Litigation Trustee shall have no further liability or responsibility with respect to such Litigation Trust Assets or the Litigation Trust. A successor Litigation Trustee shall have no duty to examine or inquire into the acts or omissions of its immediate or remote predecessor and no successor Litigation Trustee shall be in any way liable for the acts or omissions of any predecessor Litigation Trustee unless a successor Litigation Trustee expressly assumes such responsibility. A predecessor Litigation Trustee shall have no liability for the acts or omissions of any immediate or subsequent successor Litigation Trustee for any events or occurrences subsequent to the cessation of its role as Litigation Trustee.

Section 4.4    Reliance by Litigation Trustee. Except as otherwise provided in this Litigation Trust Agreement, the Litigation Trustee, any director, officer, member, affiliate, employee, employer, professional, agent, or representative of the Litigation Trustee may rely, and shall be protected from liability for acting or failing to act, upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document reasonably believed by the Litigation Trustee to be genuine and to have been presented by an authorized party. The Litigation Trustee shall not be liable for any action taken or omitted or suffered by the Litigation Trustee in reasonable reliance upon the advice of counsel or other professionals engaged by the Litigation Trustee in accordance with this Litigation Trust Agreement. The Litigation Trustee shall be fully indemnified by the Litigation Trust for or in respect of any action taken, suffered, or omitted by it and in accordance with such advice or opinion.

Section 4.5    Conflicts of Interest. The Litigation Trustee will appoint a disinterested person to handle any matter where the Litigation Trustee has identified a conflict of interest or the Bankruptcy Court, on motion of a party in interest, determines one exists. If the Litigation Trustee is unwilling or unable to appoint a disinterested person to handle any such matter, the Bankruptcy Court, on notice and hearing, may do so.

Section 4.6    Insurance. The Litigation Trustee may purchase, on behalf of the Litigation Trust, using the Litigation Trust Assets, and carry all insurance policies and pay all insurance premiums and costs the Litigation Trustee deem reasonably necessary or advisable, including purchasing any errors and omissions insurance with regard to any Losses it may incur, arising out of or due to its actions or omissions, or consequences of such actions or omissions, other than as a result of fraud or willful misconduct, with respect to the implementation and administration of the Plan, the Combined Order, or this Litigation Trust Agreement.

Section 4.7    No Liability for Good Faith Error of Judgment. The Litigation Trustee shall not be liable for any error of judgment made in good faith, unless it shall be finally determined by a final judgment of a court of competent jurisdiction (not subject to further appeal or review) that the Litigation Trustee was grossly negligent in ascertaining the pertinent facts.

Section 4.8    Survival. The provisions of this Article IV shall survive the termination of this Litigation Trust Agreement and the death, resignation, removal, liquidation, dissolution, or replacement of the Litigation Trustee.

**ARTICLE V**
**GENERAL PROVISIONS CONCERNING**
**ADMINISTRATION OF THE LITIGATION TRUST**

Section 5.1    Responsibilities of the Litigation Trustee. Without limiting any of the duties and responsibilities of the Litigation Trustee otherwise set forth in this Litigation Trust Agreement or the Plan, the responsibilities of the Litigation Trustee under this Litigation Trust Agreement and the Plan shall include the following: (i) perform all actions and execute all agreements, instruments and other documents necessary to implement the Plan; (ii) establish, maintain and administer the Trust Accounts, which shall be segregated to the extent appropriate in accordance with the Plan; (iii) accept, preserve, receive, collect, manage, invest, sell, liquidate, transfer, supervise, prosecute,

settle and protect, as applicable, the Litigation Trust Assets, in accordance with the Plan; (iv) review, reconcile, settle or object to all Claims that are Disputed Claims as of the Effective Date pursuant to the procedures for allowing Claims prescribed in the Plan; (v) calculate and make Distributions of the proceeds of the Litigation Trust Assets to the Holders of Allowed Claims; (vi) investigate and pursue the Retained Causes of Action transferred to the Litigation Trust in accordance with this Litigation Trust Agreement; (vii) retain, compensate and employ professionals to represent the Litigation Trust; (viii) file appropriate tax returns and other reports on behalf of the Litigation Trust and pay taxes or other obligations owed by the Litigation Trust; (ix) file, to the extent reasonably feasible and subject to the Litigation Trust Agreement, appropriate tax returns on behalf of each Debtor and pay taxes or other obligations arising in connection therewith; (x) exercise such other powers as may be vested in the Litigation Trust under this Litigation Trust Agreement and the Plan, or as are deemed by the Litigation Trustee to be necessary and proper to implement the provisions of the Plan and this Litigation Trust Agreement; (xi) take such actions as are necessary or appropriate to close or dismiss the Cases; and (xii) dissolve the Litigation Trust in accordance with the terms of the Litigation Trust Agreement.

Section 5.2    Claims Register of Beneficiaries. The Litigation Trustee shall maintain, either directly or through an appointed agent such as the Claims and Noticing Agent, a record of the names and addresses of all Holders of Claims as of the Effective Date for purposes of mailing distributions to them (if any) (the "**Claims Register**"). The Litigation Trustee may rely on the name and address set forth in the Debtors' Schedules and/or Proofs of Claim as being true and correct unless and until notified otherwise in writing.

Section 5.3    Books and Records.

(a)    Upon the Effective Date, the Debtors' books and records (or copies thereof) shall vest in the Litigation Trust. The Litigation Trustee also shall maintain in respect of the Litigation Trust and the Beneficiaries books and records relating to the Litigation Trust Assets and any income or proceeds realized therefrom and the payment of expenses of and claims against or assumed by the Litigation Trust in such detail and for such period of time as may be necessary to enable it to make full and proper reports in respect thereof. Except as expressly provided in this Litigation Trust Agreement, the Plan, or the Combined Order, or as may be required by applicable law, nothing in this Litigation Trust Agreement is intended to require the Litigation Trustee to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust, or as a condition for making any payment or distribution out of the Litigation Trust Assets. Beneficiaries shall have the right upon thirty (30) days' prior written notice delivered to the Litigation Trustee to inspect the Litigation Trust's books and records at a time and location as specified by the Litigation Trustee, provided such Beneficiary shall have (i) entered into a confidentiality agreement with the Litigation Trust in form and substance reasonably satisfactory to the Litigation Trustee and (ii) agreed in writing to pay all reasonable costs related to such inspection. Satisfaction of the foregoing condition notwithstanding, if (a) the Litigation Trustee determines in good faith that the inspection of the Litigation Trust's books and records by any Beneficiary would be detrimental to the Litigation Trust or any other Beneficiary, or (b) such Beneficiary is a defendant (or potential defendant) in a pending (or potential) action brought by the Litigation Trust, including any Claim objection, the Litigation Trust may deny such request for inspection. The Bankruptcy Court shall resolve any dispute between any Beneficiary and the Litigation Trustee under this Section 5.3.

(b)      The books and records of the Litigation Trust maintained by the Litigation Trustee may be disposed of by the Litigation Trustee upon the termination and completion of the winding down of the Litigation Trust; *provided*, *however*, the Litigation Trustee will maintain all books and records necessary for tax purposes in accordance with applicable tax laws.

Section 5.4     United States Trustee Quarterly Fees.  All U.S. Trustee Quarterly Fees due and payable prior to the Effective Date shall be paid by the Debtors on the Effective Date. After the Effective Date, the Debtors and the Litigation Trust shall be jointly and severally liable to pay any and all Quarterly Fees when due and payable.  The Debtors shall file with the Bankruptcy Court all monthly operating reports due prior to the Effective Date when they become due, using UST Form 11-MOR. After the Effective Date, the Litigation Trustee shall file with the Bankruptcy Court UST Form 11-PCR reports when they become due.

Section 5.5     Final Accounting of Litigation Trustee. The Litigation Trustee (or any such successor Litigation Trustee) shall, within thirty (30) days after the termination of the Litigation Trust or the death, dissolution, liquidation, resignation, or removal of the Litigation Trustee, render an accounting in accordance with the requirements of the Bankruptcy Code and including:

(a)      A description of the Litigation Trust Assets;

(b)      A summarized accounting in sufficient detail of all gains, losses, receipts, disbursements and other transactions in connection with the Litigation Trust and the Litigation Trust Assets during the Litigation Trustee's term of service, including their source and nature;

(c)      Separate entries for all receipts of principal and income;

(d)      The ending balance of all Litigation Trust Assets as of the date of the accounting, including the Cash balance on hand and the name(s) and location(s) of the depository or depositories where the Cash is kept;

(e)      All known liabilities of the Litigation Trust; and

(f)      All pending actions, if applicable.

Section 5.6     Filing of Accounting. The final accounting described in Section 5.5 shall be filed with the Bankruptcy Court.

## ARTICLE VI
## INTERESTS AND BENEFICIARIES

Section 6.1     Litigation Trust Beneficial Interests. Upon the Effective Date, the Litigation Trust Beneficial Interests shall be distributed as follows:

(a)      In accordance with the Global Settlement, Poppy shall receive a first-priority interest in any distributions from the Litigation Trust, to the extent of the first priority interest the City as DIP Lender would be entitled, in an amount not to exceed $2,060,000.

(b)      Except to the extent that a Holder of an Allowed General Unsecured Claim and the Debtors or the Litigation Trust, as applicable, agree to less favorable treatment for such Holder, each Holder of an Allowed General Unsecured Claim shall, in full and final satisfaction of such Claim, receive its Pro Rata Share of the GUC Beneficial Interests in the Litigation Trust.

(c)      No other Person or Entity shall have any interest, legal, beneficial, or otherwise, in the Litigation Trust Assets upon the assignment and transfer of such assets to the Litigation Trust.

Section 6.2    Litigation Trust Operating and Administrative Expense. Distributions from the Litigation Trust shall be made from the Litigation Trust Assets after paying, reserving against, or satisfying, among other things, the operating and administrative expenses of the Litigation Trust, including all costs, expenses, and obligations incurred by the Litigation Trustee (or professionals who may be employed by the Litigation Trustee in administering the Litigation Trust) in carrying out their responsibilities to the Litigation Trust under the Litigation Trust Agreement, or in any manner connected, incidental, or related thereto.

Section 6.3    Interest Beneficial Only. Ownership of a Litigation Trust Beneficial Interest shall not entitle any Beneficiary to any title in or to the Litigation Trust Assets or to any right to call for a partition or division of the Litigation Trust Assets or to require an accounting.

Section 6.4    Evidence of Interest. Ownership of a Litigation Trust Beneficial Interest shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever.

Section 6.5    Exemption from Registration. The Litigation Trust Beneficial Interests and the entitlements hereunder, if any, of the Beneficiaries are not intended to, and shall not, constitute "securities." If, notwithstanding the foregoing, the Litigation Trust Beneficial Interests or any entitlements of the Beneficiaries hereunder or under the Plan are deemed to be "securities," the issuance of Litigation Trust Beneficial Interests to Beneficiaries or any entitlements hereunder or under the Plan (and any redistribution of any of the foregoing pursuant to the Plan or otherwise) shall be exempt, pursuant to section 1145 of the Bankruptcy Code, from registration under the Securities Act and any applicable state and local laws requiring registration of securities. If the Litigation Trustee determines, with the advice of counsel, that the Litigation Trust is required to comply with registration and/or reporting requirements of the Securities Act, the Exchange Act, the Trust Indenture Act of 1939, as amended (the "**Trust Indenture Act**"), or the Investment Company Act of 1940, as amended (the "**Investment Company Act**"), then the Litigation Trustee shall take any and all actions to comply with such registration and reporting requirements, if any, and file reports with the Securities and Exchange Commission to the extent required by applicable law. Notwithstanding the foregoing procedure, nothing herein shall be deemed to preclude the Litigation Trustee from amending this Litigation Trust Agreement to make such changes as are deemed necessary or appropriate by the Litigation Trustee, with the advice of counsel, to ensure that the Litigation Trust is not subject to registration and/or reporting requirements of the Securities Act, the Exchange Act, the Trust Indenture Act or the Investment Company Act, except that no amendment to this Litigation Trust Agreement may be made which would not be permitted by Section 11.1.

Section 6.6    <u>Transfers of Interests</u>. Litigation Trust Beneficial Interests shall be uncertificated and nontransferable, and shall not be assigned, pledged, or hypothecated, in whole or in part, except upon death of the interest Holder or by operation of law. Any purported transfer, assignment, pledge or hypothecation of a Litigation Trust Beneficial Interest or any part thereof not permitted by this <u>Section 6.6</u> shall constitute a violation of this Litigation Trust Agreement and shall be void *ab initio*. The Litigation Trust shall not have any obligation to recognize any transfer of Claims occurring after the Effective Date. Only those Holders of Claims of record stated on the transfer ledgers as of the close of business on the Effective Date, to the extent applicable, shall be recognized for all purposes hereunder.

Section 6.7    <u>Absolute Owners</u>. The Litigation Trustee may deem and treat the Beneficiary reflected as the owner of a Litigation Trust Beneficial Interest on the Claims Register as the absolute owner thereof for the purposes of receiving distributions and payments on account thereof for federal and state income tax purposes and for all other purposes whatsoever. In no event shall the Debtors be deemed to have any ownership interest in the Litigation Trust for federal or state income tax purposes.

Section 6.8    <u>Change of Address</u>. A Beneficiary may, after the Effective Date, select an alternative distribution address by filing a notice with the Bankruptcy Court (with a copy served on the Litigation Trustee) identifying such alternative distribution address. Absent such notice, the Litigation Trustee shall not recognize any such change of distribution address. Such notification shall be effective only upon receipt by the Litigation Trustee.

Section 6.9    <u>Effect of Death, Dissolution, Incapacity, or Bankruptcy of Beneficiary</u>. The death, dissolution, incapacity, or bankruptcy of a Beneficiary during the term of the Litigation Trust shall not operate to terminate the Litigation Trust during the term of the Litigation Trust nor shall it entitle the representative or creditors of the deceased, incapacitated or bankrupt Beneficiary to an accounting or to take any action in any court or elsewhere for the distribution of the Litigation Trust Assets or for a partition thereof, nor shall it otherwise affect the rights and obligations of the Beneficiary under this Litigation Trust Agreement or in the Litigation Trust.

Section 6.10   <u>Standing</u>. Except as expressly provided in this Litigation Trust Agreement, the Plan or the Combined Order, a Beneficiary does not have standing to direct the Litigation Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party upon or with respect to the Litigation Trust Assets.

**ARTICLE VII**
**PROCEDURES FOR RESOLVING**
**AND TREATING CONTINGENT, UNLIQUIDATED, AND DISPUTED CLAIMS**

Section 7.1    <u>Incorporation of Plan Provisions</u>. As set forth in Article X of the Plan, as of the Effective Date, the Litigation Trustee shall have the right and authority to, among other things, (i) make, file and prosecute objections to all Claims, and (ii) litigate to judgment, propose settlements of, compromise or otherwise resolve or withdraw any objections to, all pending or filed Disputed Claims and settle or compromise any Disputed Claim without notice and a hearing and without approval of the Bankruptcy Court, and (iii) administer and adjust the Claims Register to

reflect any such settlements or compromises without any further notice to or action, order or approval by the Bankruptcy Court.

Section 7.2    Request for Extension of Claims Objection Deadline. The Litigation Trustee shall have until the date that is six (6) months after the Effective Date to file objections to Claims and serve such objections upon the Holders of the affected Claims; *provided, however*, the Litigation Trustee shall have the right to seek relief from the Bankruptcy Court to extend the dates for filing and serving objections to Claims in accordance with the Bankruptcy Code and applicable Bankruptcy Rules.

Section 7.3    Estimation of Claims.  After the Effective Date, the Litigation Trustee may (but shall not be required to) at any time request that the Bankruptcy Court estimate any Claim that is contingent or unliquidated pursuant to section 502(c) of the Bankruptcy Code for any reason, regardless of whether any party previously has objected to such Claim or whether the Bankruptcy Court has ruled on any such objection.

Section 7.4    Claims Subject to Pending Actions.  Except as otherwise provided in the Plan, any Claims held by Entities against which a Debtor, the Litigation Trustee or another party in interest Files or has Filed a complaint seeking to recover property under sections 542, 543, 550 or 553 of the Bankruptcy Code to avoid a transfer under sections 522(f), 522(h), 544, 545, 547, 548, 549 or 724(a) of the Bankruptcy Code, shall be deemed a Disputed Claim pursuant to section 502(d) of the Bankruptcy Code, and Holders of such Claims may not receive any Distributions on account of such Claims until such time as such Causes of Action against that Entity have been settled or a Bankruptcy Court order with respect thereto has been entered and all sums due as a result, if any, have been turned over by that Entity to the Litigation Trust.

Section 7.5    Offer of Judgment.  After the Effective Date, the Litigation Trustee shall be authorized to serve upon a Holder of a Disputed Claim an offer to allow judgment to be taken on account of such Disputed Claim, and, pursuant to Bankruptcy Rules 7068 and 9014, Federal Rule of Civil Procedure 68 shall apply to such offer of judgment.  To the extent the Holder of a Disputed Claim must pay the costs incurred by the Debtors or the Litigation Trust, as applicable, after the making of such offer, the Litigation Trust shall be entitled to set off such amounts against the amount of any Distribution to be paid to such Holder without any further notice to or action, order, or approval of the Bankruptcy Court.

Section 7.6    No Distributions Pending Allowance. Notwithstanding anything to the contrary in the Plan, if any portion of a Claim is a Disputed Claim, no payment or distribution shall be made on account of such Claim unless and until such Disputed Claim becomes an Allowed Claim; *provided* that if only the Allowed amount of an otherwise valid Claim is Disputed, such Claim shall be deemed Allowed in the amount not Disputed and payment or distribution shall be made on account of such undisputed amount.

Section 7.7    Distributions After Allowance. To the extent that a Disputed Claim ultimately becomes an Allowed Claim, distributions (if any) shall be made to the Holder of such Allowed Claim in accordance with the provisions of the Plan. As soon as reasonably practicable after the date that the order or judgment of the Bankruptcy Court allowing any Disputed Claim becomes a Final Order, the Disbursing Agent shall provide to the Holder of such Claim the

distribution (if any) to which such holder is entitled under the Plan as of the Effective Date, without interest.

Section 7.8    No Postpetition Interest on Claims.  Unless otherwise specifically provided for in the Plan or by order of the Bankruptcy Court, postpetition interest shall not accrue or be paid on Claims, and no Holder of a Claim shall be entitled to interest accruing on or after the Petition Date on any Claim or right.  Additionally, and without limiting the foregoing, interest shall not accrue or be paid on any Disputed Claim with respect to the period from the Effective Date to the date a Final Distribution is made on account of such Disputed Claim, if and when such Disputed Claim becomes an Allowed Claim.

## ARTICLE VIII
## DISTRIBUTIONS

Section 8.1    Distributions on Account of Claims Allowed on the Effective Date.  Except as otherwise provided in Article IX of the Plan, Distributions to be made on the Effective Date to Holders of Allowed Claims shall be deemed made on the Effective Date if made on the Effective Date or as promptly thereafter as practicable by the Debtors or the Litigation Trustee.

Section 8.2    Method of Distributions to Holders of Allowed Claims. All Distributions to be made under the Plan shall be made by the Disbursing Agent or such Third-Party Disbursing Agent as the Litigation Trustee may employ in its sole discretion.  Each Disbursing Agent may serve without bond, and any Disbursing Agent may employ or contract with other entities to assist in or make the Distributions required by the Plan, if approved by the Litigation Trustee.

Section 8.3    Rights and Powers of Disbursing Agent.

(a)    The Disbursing Agent shall be empowered to: (i) make all Distributions contemplated by the Plan; (ii) effectuate all actions and execute all agreements, instruments and other documents necessary to perform its duties under the Plan; and (iii) exercise such other powers as may be vested in the Disbursing Agent by order of the Bankruptcy Court, pursuant to the Plan, or as deemed by the Disbursing Agent to be necessary and proper to implement the terms of the Plan.

(b)    Except as otherwise ordered by the Bankruptcy Court, the amount of any reasonable fees and out-of-pocket expenses incurred by the Disbursing Agent on or after the Effective Date (including taxes) and any reasonable compensation to the Disbursing Agent for services rendered shall be paid in Cash by the Litigation Trustee from the Litigation Trust Assets pursuant to the terms of the Litigation Trust Agreement.

(c)    Except on account of actual fraud, gross negligence, or willful misconduct, the Disbursing Agent shall have no (i) liability to any party of actions taken in accordance with the Plan or in reliance upon information provided to it in accordance with the Plan or (ii) obligation or liability to any party who does not hold a Claim against the Debtors as of the Distribution Record Date or any other date on which a Distribution is made or who does not otherwise comply with the terms of the Plan

Section 8.4    Delivery of Distributions; Undeliverable Distributions.

(a)      Except as otherwise provided in the Plan, Distributions under the Plan shall be made to the Holders of record of Allowed Claims as of the Distribution Record Date by the applicable Disbursing Agent at the latest known address, as identified in: (i) the most recently filed Proof of Claim; (ii) at the address set forth in any written notices of address change delivered to the Debtors after the date of the most recently filed Proof of Claim or where no Proof of Claim was filed; (iii) at the addresses reflected in the Schedules if no Proof of Claim has been Filed and the Debtors have not received written notice of a change of address; (iv) on any counsel that has appeared in the Cases on such Holder's behalf; or (v) if clauses (i) – (iv) are not applicable, at the last address directed by such Holder after such Claim becomes an Allowed Claim.

(b)      The Disbursing Agent shall not be obligated to make any effort to determine the correct address of any Holders entitled to receive a Distribution. In the event any Distribution to any Holder is returned as undeliverable, no further Distribution to such Holder shall be made unless and until the Disbursing Agent is notified in writing of such Holder's then-current address, at which time the Distribution shall be made to such Holder without interest; *provided*, *however*, that if a Holder fails to claim and undeliverable Distribution in writing within six (6) months after such Distribution is returned as undeliverable, such Distribution shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code, and the Claims of the Beneficiaries that may have been entitled to such Distribution shall be discharged and forever barred. In the event any check sent to a Beneficiary in respect of a Distribution to such Beneficiary has not been cashed within six months of the date of the respective Distribution, such check shall be cancelled and no additional Distribution shall be made to such Beneficiary, such Distribution shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code, and the Claims of the Holders that may have been entitled to such Distribution shall be discharged and forever barred from receiving distributions under the Plan.  After such date, all undeliverable Distributions shall revert to the Litigation Trust and shall be redistributed in accordance with this Litigation Trust Agreement.

Section 8.5    Minimum Distributions. No Distribution of less than one hundred dollars ($100.00) shall be made by the Disbursing Agent.  Each such Distribution shall be revested in the Litigation Trust for distribution to Holders of Allowed Claims in the applicable Class in accordance with the Plan. Whenever a payment of a fraction of a dollar would otherwise be called for, the actual payment may reflect a rounding down to the nearest whole dollar.

Section 8.6    Compliance With Tax Requirements. The Litigation Trustee shall comply with all tax withholding and reporting requirements imposed on it by any Governmental Unit (as defined in the Bankruptcy Code), and all Distributions shall be subject to such withholding and reporting requirements.  Notwithstanding any provision in the Plan to the contrary, the Disbursing Agent shall be authorized to take all actions necessary or appropriate to comply with such withholding and reporting requirements, including liquidating a portion of the Distribution to generate sufficient funds to pay applicable withholding taxes, withholding Distributions pending receipt of information necessary to facilitate such Distributions or establishing any other mechanisms the Disbursing Agent believes are reasonable and appropriate.  The Disbursing Agent shall have the right to allocate all Distributions in compliance with applicable wage garnishments, alimony, child support and other spousal awards, liens and encumbrances. The Disbursing Agent shall be authorized to require each Holder of a Claim to provide it with an executed Form W-9, Form W-8 or other appropriate tax form or documentation as a condition precedent to being sent

a Distribution. If a Holder of an Allowed Claim does not provide the Disbursing Agent with an executed Form W-9, Form W-8 or other tax form or documentation within the time period specified in such notice, or such later time period agreed to by the Disbursing Agent in writing in its discretion, then the Disbursing Agent, in its sole discretion, may (a) make a Distribution net of any applicable withholding or (b) determine that such Holder shall be deemed to have forfeited the right to receive any Distribution, in which case, any such Distribution shall revert to the Debtors or the Litigation Trust, as applicable, for Distribution on account of other Allowed Claims and the Claim of the Holder originally entitled to such Distribution shall be waived, discharged and forever barred without further order of the Bankruptcy Court.

Section 8.7    <u>Manner of Payment Under the Plan</u>.  Unless a Holder of an Allowed Claim and the Disbursing Agent otherwise agree, any Distribution to be made in Cash shall be made, at the election of the Disbursing Agent, by check drawn on a domestic bank or by wire transfer from a domestic bank.  Cash payments to foreign creditors may, in addition to the foregoing, be made at the option of the Disbursing Agent in such funds and by such means as are necessary or customary in a particular foreign jurisdiction.

Section 8.8    <u>Time Bar to Cash Payments</u>. Checks issued in respect of Allowed Claims shall be null and void if not negotiated within 180 days after the date of issuance thereof.  Requests for reissuance of any voided check shall be made directly to the Disbursing Agent by the entity to whom such check was originally issued. Any claims in respect of such voided check shall be discharged and forever barred and such unclaimed distribution shall be re-allocated as set forth in Article IX.F(2) of the Plan, notwithstanding any Federal or state escheat laws to the contrary.

Section 8.9    <u>Setoffs</u>. Except with respect to Claims expressly released pursuant to the Plan or any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, the Disbursing Agent may, pursuant to section 553 of the Bankruptcy Code or applicable non-bankruptcy law, set off against any Claim (and the Distributions to be made on account of such Claims), counterclaims, rights and Causes of Action of any nature that the Debtors may hold against the Holder of such Claim; *provided, however*, that the failure to effectuate such a setoff shall not constitute a waiver or release of any Causes of Action.

Section 8.10    <u>Allocation Between Principal and Accrued Interest</u>. Interest shall not accrue on any Allowed Claim in respect of the period from the Petition Date to the date a final Distribution is made on such Allowed Claim. To the extent any Allowed Claim consists of indebtedness and other amounts (such as accrued but unpaid interest thereon), such Distribution shall be allocated first to the principal amount of the Claim (as determined for federal income tax purposes) and then, to the extent the consideration exceeds the principal amount of the Claim, to such other amounts.

Section 8.11    <u>Distributions to Holders of Disputed Claims</u>.  Notwithstanding any provision of the Plan: (1) no Distributions will be made on account of a Disputed Claim until such claim becomes an Allowed Claim, if ever; and (2) except as otherwise agreed to by the relevant parties, no partial Distributions shall be made with respect to a Disputed Claim until all disputes in connection with such Disputed Claim have been resolved by settlement or Final Order.  To the extent that a Disputed Claim ultimately becomes an Allowed Claim, any Distributions shall be made to the Holder of such Allowed Claim in accordance with the provisions of the Plan.  On the Distribution Date that is at least 30 days after a Disputed Claim becomes an Allowed Claim (or

such lesser period as the Disbursing Agent may determine), the Holder of such Allowed Claim shall receive any Distribution to which such Holder would have been entitled under the Plan as of the Effective Date, if such claim had been allowed as of the Effective Date, without any interest to be paid on account of such Allowed Claim.

Section 8.12   Claims Paid or Payable by Third Parties.

(a)   To the extent that the Holder of an Allowed Claim receives a Third-Party Payment, the Litigation Trustee shall be authorized to reduce, for the purposes of Distribution, the Allowed amount of such Claim by the amount of the Third-Party Payment, and such Claim shall be Disallowed or deemed satisfied, as applicable, to the extent of the Third-Party Payment without an objection having to be Filed and without any further notice to or action, order or approval of the Bankruptcy Court.

(b)   No Distributions shall be made on account of any Allowed Claim that is payable pursuant to an Insurance Contract until the Holder of such Allowed Claim has exhausted all remedies with respect to such Insurance Contract. To the extent that any of the Debtors' insurers agrees to satisfy in full or in part an Allowed Claim, then immediately upon such insurers' agreement, the applicable portion of such Claim may be expunged without an objection having to be Filed and without any further notice to or action, order, or approval of the Bankruptcy Court.

(c)   Except as otherwise provided in the Plan, distributions to Holders of Allowed Claims shall be in accordance with the provisions of any applicable Insurance Contract. Nothing contained in the Plan shall constitute or be deemed a waiver of any Cause of Action that the Debtors or any other Person or Entity may hold against any other Person or Entity, including insurers under any Insurance Contract, nor shall anything contained herein constitute or be deemed a waiver by such insurers of any defenses, including coverage defenses, held by such insurers.

**ARTICLE IX**
**TAXES**

Section 9.1   Income Tax Status. For federal income tax purposes, it is intended that the Litigation Trust be classified as a Liquidation Trust that is treated as a "grantor trust" for federal income tax purposes under section 301.7701-4(d) of the Treasury Regulations and Revenue Procedure 94-45, 1994-2 C.B. 684 and that such trust be owned by its beneficiaries, subject to the Litigation Trustee's discretion to elect to treat the Litigation Trust or any of the Litigation Trust Assets (in whole or in part) as a Disputed Ownership Fund for U.S. federal income tax purposes in accordance with Section 9.5. Accordingly, for federal income tax purposes, it is intended that the Beneficiaries be treated as if they had received a distribution from the Debtors' Estates of an undivided interest in each Litigation Trust Asset (to the extent of the value of their share in the Litigation Trust Assets) and then contributed such interests to the Litigation Trust, and the Litigation Trust's Beneficiaries will be treated as the grantors and owners thereof.

Section 9.2   Payment of Taxes. The Litigation Trust shall be responsible for payment of all taxes imposed on the Litigation Trust or Litigation Trust Assets. In the event, and to the extent, any Cash retained on account of any Disputed Claims associated with the Litigation Trust is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the

assets allocable to, or retained on account of, Disputed Claims, the Litigation Trustee may, in its discretion, (a) sell any non-Cash assets relating to such Disputed Claims (including any assets otherwise distributable as a result of disallowance of such Claim) to pay such taxes or (b) reimburse the Litigation Trust for the payment of such taxes from any subsequent Cash amounts allocable to, or retained on account of, such taxes from any subsequent Cash amounts allocable to, or retained on account of, such Disputed Claims (including any Cash otherwise distributable as a result of disallowance of such Claims).

Section 9.3    Tax Returns. The Litigation Trustee shall file tax returns for the Litigation Trust as a grantor trust pursuant to section 1.671-4(a) of the Treasury Regulations and in accordance with the Plan, subject to the Litigation Trustee's election seeking treatment of the Litigation Trust as a Disputed Ownership Fund (as described more fully in Section 9.5). The Litigation Trust's items of taxable income, gain, loss, deduction, and/or credit (other than such items in respect of any assets allocable to, or retained on account of, Disputed Claims or in connection with a Disputed Ownership Fund) to be allocated among Holders of the Litigation Trust Beneficial Interests shall be determined by reference to the manner in which an amount of Cash representing such taxable income would be distributed (were such Cash permitted to be distributed at such time) if, immediately prior to such deemed distribution, the Litigation Trust had distributed all of its assets (valued at their tax book value, other than assets allocable to Disputed Claims or to a Disputed Ownership Fund) to the Holders of Litigation Trust Beneficial Interests, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Litigation Trust. Similarly, taxable loss of the Litigation Trust shall be allocated by reference to the manner in which an economic loss would be borne immediately after a hypothetical Liquidation and distribution of the remaining Litigation Trust Assets, subject to the Litigation Trustee's election seeking treatment of the Litigation Trust as a Disputed Ownership Fund (as described more fully in Section 9.5). The tax book value of Litigation Trust Assets for purposes of this Section 9.3 shall equal their fair market value as of the date such Litigation Trust Asset is transferred to the Litigation Trust, adjusted in accordance with tax accounting principles prescribed by the Tax Code, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

Section 9.4    Litigation Trust Asset Valuations. As soon as reasonably practicable after the Effective Date, but in any event no later than 180 days thereafter, the Litigation Trustee, with the assistance of both legal and tax accounting professionals retained by the Litigation Trust, shall make a good faith valuation of the Litigation Trust Assets, and such valuation shall be used consistently by all parties (including the Debtors, the Litigation Trust, and the Beneficiaries) for all U.S. federal, state and local income tax purposes, subject to the Litigation Trustee's discretion to elect to treat the Litigation Trust or any of the Litigation Trust Assets (in whole or in part) as a Disputed Ownership Fund for U.S. federal income tax purposes in accordance with Section 9.5. The Litigation Trust shall also file (or cause to be filed) any other statements, returns or disclosures relating to the Litigation Trust or Disputed Ownership Fund, as applicable, that are required by any Governmental Unit for taxing purposes.

Section 9.5    Treatment of Disputed Claims Reserves and Disputed Ownership Fund Election. The Litigation Trustee shall use its best efforts to operate and maintain the Litigation Trust in compliance with all applicable guidelines regarding "grantor trusts" under the Tax Code; *provided*, *however*, that the Litigation Trustee may, in its sole discretion, (a) timely elect to treat

any portion or all of the Litigation Trust and/or any Litigation Trust Assets (in either case, in whole or in part) as a "disputed ownership fund" within the meaning of Treasury Regulations Section 1.468B-9 for federal income tax purposes (the "**Disputed Ownership Fund**"); or (b) timely elect to report as a separate trust or sub-trust or other entity (based, in part, on the advice of professionals retained by the Litigation Trust or Litigation Trustee). If an election is made to report the Litigation Trust and/or any Litigation Trust Assets (in either case, in whole or in part) as a Disputed Ownership Fund, the Litigation Trust shall comply with all federal and state reporting and tax compliance requirements of a Disputed Ownership Fund, including but not limited to the filing (under a specially established tax identification number distinct from that established for the Litigation Trust) of a separate income tax return for the Disputed Ownership Fund or any other taxable entity and the payment of any federal, state or local income taxes that may come due related to such Disputed Ownership Fund.

Section 9.6    Expedited Determination of Taxes. The Litigation Trustee may request an expedited determination of taxes or tax refund rights of the Litigation Trust under section 505(b) of the Bankruptcy Code for all returns or claims filed for the Litigation Trust for all taxable periods through the termination of the Litigation Trust.

Section 9.7    Filing of Tax Returns. The Litigation Trustee shall be responsible for filing (and for paying all costs, expenses, and taxes with respect to the preparation and filing of) all federal, state, local, and foreign tax returns for the Debtors, and the Litigation Trust. Notwithstanding any rule, law, statute, or organizational document of the Debtors to the contrary, the Litigation Trustee or his or her designee shall be deemed the attorney-in-fact for any party required to execute any federal, state, local, and foreign tax returns on behalf of the Debtors or the Litigation Trust.  The Litigation Trust shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority, and all Distributions made by the Litigation Trust shall be subject to any such withholding and reporting requirements.

### ARTICLE X
### DISSOLUTION OF LITIGATION TRUST

Section 10.1   Dissolution of Litigation Trust. The Litigation Trustee shall be discharged and the Litigation Trust shall be terminated, at such time as (1) all Disputed Claims have been resolved, (2) all of the Litigation Trust Assets have been liquidated, (3) all duties and obligations of the Litigation Trustee hereunder have been fulfilled, (4) all Distributions required to be made by the Litigation Trust under the Plan and the Litigation Trust Agreement have been made, and (5) the Cases have been closed, but in no event shall the Litigation Trust be dissolved later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion by the Litigation Trustee within the six-month period prior to the fifth anniversary (or the end of any extension period approved by the Bankruptcy Court), determines that a fixed period extension (not to exceed three (3) years, together with any prior extensions, without a favorable letter ruling from the Internal Revenue Service or an opinion of counsel satisfactory to the Litigation Trustee that any further extension would not adversely affect the status of the Litigation Trust as a Litigation Trust for federal income tax purposes) is necessary to facilitate or complete the liquidation, recovery and Distribution of the Litigation Trust Assets. The duties, responsibilities, and powers of the Litigation Trustee will terminate in accordance with the terms of this Litigation Trust Agreement.

Section 10.2   Events Upon Termination. At the conclusion of the term of the Litigation Trust, the Litigation Trustee shall distribute the remaining Litigation Trust Assets (subject to a reserve for expenses incurred in winding up the affairs of the Litigation Trust), if any, to the Beneficiaries or other parties entitled thereto, in accordance with the Plan, the Combined Order, and this Litigation Trust Agreement.

Section 10.3   Winding Up, Discharge, and Release of the Litigation Trustee. For the purposes of winding up the affairs of the Litigation Trust at the conclusion of its term, the Litigation Trustee shall continue to act as Litigation Trustee until its duties under this Litigation Trust Agreement have been fully discharged or its role as Litigation Trustee is otherwise terminated under this Litigation Trust Agreement and the Plan. Upon a motion by the Litigation Trustee, the Bankruptcy Court may enter an order relieving the Litigation Trustee, its agents, and employees of any further duties, discharging, and releasing the Litigation Trustee and its bond (if any).

## ARTICLE XI
## MISCELLANEOUS PROVISIONS

Section 11.1   Amendments. The Litigation Trustee may modify, supplement, or amend this Litigation Trust Agreement, in its sole discretion, in any way that is not inconsistent with the Plan or the Combined Order without order of the Bankruptcy Court so long as such amendment, modification or alteration of the Agreement is consistent with the Litigation Trust's purpose and the Litigation Trustee's duties under the Agreement. Any modified or amended Litigation Trust Agreement shall be filed with the Bankruptcy Court, other than as provided in Section 6.5.

Section 11.2   Waiver. No failure by the Litigation Trustee to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

Section 11.3   Cumulative Rights and Remedies. The rights and remedies provided in this Litigation Trust Agreement are cumulative and are not exclusive of any rights under law or in equity.

Section 11.4   No Bond Required. Notwithstanding any state law to the contrary, the Litigation Trustee (including any successor Litigation Trustee) shall be exempt from giving any bond or other security in any jurisdiction.

Section 11.5   Irrevocability. This Litigation Trust Agreement and the Litigation Trust created hereunder shall be irrevocable, except as otherwise expressly provided in this Litigation Trust Agreement.

Section 11.6   Tax Identification Numbers. Amounts paid to Beneficiaries are subject to generally applicable withholding, information, and backup withholding rules. The Litigation Trustee may require any Beneficiary to furnish to the Litigation Trustee its Employer or Taxpayer Identification Number as assigned by the IRS or certify to the Litigation Trustee's satisfaction that Distributions to the Beneficiary are exempt from backup withholding. The Litigation Trustee may condition any Distribution to any Beneficiary upon receipt of such identification number. If after

reasonable inquiry, any Beneficiary fails to provide such identification number to the Litigation Trustee, the Litigation Trustee shall deem such Beneficiary's Claim as Disallowed and no Distribution shall be made on account of such Beneficiary's Claim.

Section 11.7   Relationship to the Plan. The principal purpose of this Litigation Trust Agreement is to aid in the implementation of the Plan and Combined Order and, therefore, this Litigation Trust Agreement incorporates and is subject to the provisions of the Plan and the Combined Order. In accordance with Article I.E of the Plan, if any provision of this Litigation Trust Agreement is found to be inconsistent with the Plan or the Combined Order, the provisions of the Plan and Combined Order, as applicable, shall control.

Section 11.8   Applicable Law. This Litigation Trust shall be governed by and construed in accordance with the laws of the State of Delaware, without giving effect to rules governing the conflict of laws.

Section 11.9   Retention of Jurisdiction. Notwithstanding the Effective Date, and to the fullest extent permitted by law, the Bankruptcy Court shall retain jurisdiction over the Litigation Trust after the Effective Date, including jurisdiction to resolve any and all controversies, suits and issues that may arise in connection therewith, as set forth in Article XV of the Plan. Each party to this Litigation Trust Agreement or Beneficiary of the Litigation Trust hereby irrevocably consents to the exclusive jurisdiction and venue of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Litigation Trust Agreement or of any other agreement or document delivered in connection with this Litigation Trust Agreement, and also hereby irrevocably waives any defense of improper venue, forum *non conveniens* or lack of personal jurisdiction to any such action brought in the Bankruptcy Court. Each party further irrevocably agrees that any action to enforce, interpret, or construe any provision of this Litigation Trust Agreement will be brought only in the Bankruptcy Court. Each party hereby irrevocably consents to the service by certified or registered mail, return receipt requested, of any process in any action to enforce, interpret or construe any provision of this Litigation Trust Agreement.

Section 11.10 Severability. If any term, provision, covenant, or restriction contained in this Litigation Trust Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable, or against its regulatory policy, the remainder of the terms, provisions, covenants, and restrictions contained in this Litigation Trust Agreement shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

Section 11.11 Limitation of Benefits. Except as otherwise specifically provided in this Litigation Trust Agreement, the Plan or the Combined Order, nothing herein is intended or shall be construed to confer upon or to give any person other than the parties hereto and the Beneficiaries any rights or remedies under or by reason of this Litigation Trust Agreement.

Section 11.12 Notices. Except as may otherwise be specifically provided in this Litigation Trust Agreement, all notices, requests and demands to be effective shall be in writing and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed as follows:

If to the Litigation Trustee:

>   Arkus Advisory US Inc.
>   Attn.: Jacob Wood
>   211 Montrose Avenue
>   South Orange, NJ 07079
>   Email: jwood@arkusadvisory.com

If to a Beneficiary:

>   To the name and distribution address set forth in the Claims Register with respect to such Beneficiary.

The parties may designate in writing from time to time other and additional places to which notices may be sent.

Section 11.13 <u>Further Assurances</u>. From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of this Litigation Trust Agreement, and to consummate the transactions contemplated hereby.

Section 11.14 <u>Integration</u>. This Litigation Trust Agreement, the Plan, and the Combined Order constitute the entire agreement with, by and among the parties hereto, with respect to the subject matter hereof. This Litigation Trust Agreement, together with the Plan and the Combined Order, supersede all prior and contemporaneous agreements, understandings, negotiations, and discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder. Except as otherwise provided in this Litigation Trust Agreement, the Plan or Combined Order, nothing herein is intended or shall be construed to confer upon or give any person other than the parties hereto and the Beneficiaries any rights or remedies under or by reason of this Litigation Trust Agreement. To the extent of any conflict between the terms of the Plan or the Combined Order and this Litigation Trust Agreement, the Plan or Combined Order shall govern.

Section 11.15 <u>Interpretation</u>. The enumeration and Section headings contained in this Litigation Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Litigation Trust Agreement or of any term or provision hereof. Unless context otherwise requires, whenever used in this Litigation Trust Agreement the singular shall include the plural and the plural shall include the singular, and words importing persons shall include partnerships, associations, limited liability companies, and corporations. The words "herein," "hereby," and "hereunder" and words with similar import, refer to this Litigation Trust Agreement as a whole and not to any particular section or subsection hereof unless the context requires otherwise. Any reference to the "Litigation Trustee" shall be deemed to include a reference to the "Litigation Trust" and any reference to the "Litigation Trust" shall be deemed to include a reference to the "Litigation Trustee" except for any provisions in which the context otherwise requires. Any provision of this Litigation Trust Agreement that refers to the words "include," "includes," or "including" shall be deemed to be followed by the words "without limitation." Unless otherwise specified, references to Articles or Sections are to Articles or Sections of this Litigation Trust Agreement.

Section 11.16 <u>Counterparts</u>. This Litigation Trust Agreement may be signed by the parties hereto in counterparts, which, when taken together, shall constitute one and the same document. Delivery of an executed counterpart of this Litigation Trust Agreement by facsimile or electronic mail (portable document format or otherwise) shall be equally effective as delivery of a manually executed counterpart.

[*Signature Pages Follow*]

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Litigation Trust Agreement or caused it to be executed and acknowledged on their behalf by their duly authorized officers or representatives, all as of the date first above written.

**THE DEBTORS:**

By: _____

Name: Christopher Sontchi
Title: Independent Manager

[Signature Page to the Litigation Trust Agreement]

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Litigation Trust Agreement or caused it to be executed and acknowledged on their behalf by their duly authorized officers or representatives, all as of the date first above written.

**LITIGATION TRUSTEE:**

By: _____

Name: Jacob Wood

[Signature Page to the Litigation Trust Agreement]

## EXHIBIT A

## LITIGATION TRUSTEE COMPENSATION

Pursuant to Section 2.7, this Exhibit sets forth the terms of the Litigation Trustee's[3] compensation.

**1.**    **Compensation**.  In consideration for the services of the Litigation Trustee under this agreement, the Litigation Trustee shall receive the following compensation:

- **Success Fee.**  The Litigation Trustee shall be entitled to a success fee equal to two percent (2%) of gross recoveries achieved by the Litigation Trust on account of the pursuit and/or settlement of any Retained Causes of Action (the "Success Fee"). For purposes of calculating the Success Fee, "gross recoveries" means the total consideration received by the Litigation Trust pursuant to a court order, a binding settlement agreement, or otherwise, before deduction of enforcement costs, third-party litigation funder payments, contingency co-counsel fees, or other expenses.

In addition to the Success Fee, the Litigation Trustee shall be entitled, consistent with the terms of the Litigation Trust Agreement, to reimbursement out of the Litigation Trust Assets (excluding, for the avoidance of doubt, the Sale Proceeds Reserve and the funds necessary to pay U.S. Trustee Quarterly Fees as permitted under the Sale Order) for all of its reasonable legal and other fees and expenses incurred on account of administration of the Litigation Trust, including reasonable insurance costs, taxes, escrow expenses, and all other costs of administering the Litigation Trust.

---

[3] Capitalized terms used but not defined in this Exhibit A shall have the meanings given to such terms in the *Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of SilverRock Development Company, LLC and its Debtor Affiliates* [Docket No. 1111] (as the same may be amended, modified or supplemented).