**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SILVERROCK DEVELOPMENT COMPANY, LLC, *et al.*,[1] | Case No. 24-11647 (MFW) |
| | (Jointly Administered) |
| Debtors. | **Related to Dkt. No. 1166** |

**RAF PACIFICA LOAN OPPORTUNITY FUND I, LLC AND ARNOLD FISHMAN, AS TRUSTEE OF THE ARNOLD FISHMAN REVOCABLE TRUST DATED JULY 15, 1999, AND THEIR SERVICING AGENT, KEILLOR CAPITAL, INC.'S RESPONSE TO BUILDERS CAPITAL'S MOTION FOR ENTRY OF AN ORDER (I) VALUING COLLATERAL PURSUANT TO 11 U.S.C. § 506 AND (II) GRANTING RELATED RELIEF**

RAF Pacifica Loan Opportunity Fund I, LLC and Arnold Fishman, as Trustee of the Arnold Fishman Revocable Trust dated July 15, 1999, and their servicing agent, Keillor Capital, Inc. (collectively, the "Keillor Parties"), by and through their undersigned counsel, files this Response (the "Response") to the *Motion for Entry of an Order (I) Valuing Collateral Pursuant to 11 U.S.C. § 506(a) and (II) Granting Related Relief* [Dkt. No. 1166] (the "Motion")[2] filed by Construction Loan Services II, LLC d/b/a Builders Capital ("Builders"). In support of their Response, the Keillor Parties state as follows:

**RESPONSE**

1.      The Keillor Parties do not oppose the general relief requested in the Motion. Indeed, the Keillor Parties agree that a valuation process should be established promptly so that the

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598), and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

Litigation Trustee can move toward implementing the confirmed Plan and making distributions to creditors. The Keillor Parties agree that valuation of the collateral is a necessary predicate to determining the number and amount of secured claims and resolving the competing interests asserted against the sale proceeds.

2. The Keillor Parties further agree with Builders' comment that the disputes concerning valuation are complex, involving numerous parties, competing claims to the sale proceeds, and interconnected issues that have already proven resistant to consensual resolution despite months of mediation efforts. *See* Motion, ¶ 11. The Motion itself recognizes the need for a "realistic schedule" that permits expert discovery, briefing, and a meaningful evidentiary hearing before the Court determines the value of the individual parcels and lots comprising the Real Property Assets. Motion, ¶ 3.

3. While the Keillor Parties support the establishment of such a process, they respectfully submit that certain adjustments to Builder's proposed schedule are warranted to ensure that the parties have sufficient time to prepare expert analyses, conduct fact and expert discovery, evaluate competing valuation opinions, and adequately brief the issues presented. Given the significance of the valuation determinations and their impact on creditor recoveries and implementation of the confirmed Plan, an expanded schedule will promote a more complete evidentiary record and assist the Court in adjudicating these issues efficiently and fairly.

4. Accordingly, the Keillor Parties respectfully request that the Court enter an order establishing the following schedule:

| Event | Deadline |
|---|---|
| Expert Reports Due | August 7, 2026 |
| Discovery, including expert discovery, completed | August 28, 2026 |
| Opening Briefs | September 4, 2026 |
| Answering Briefs | September 11, 2026 |
| Valuation Hearing | After September 23, 2026, subject to the Court's availability |

5.      The requested modifications will provide the parties with a fair and orderly process to complete discovery, develop their expert evidence, and adequately brief the valuation issues before the hearing, while still permitting the matter to proceed on an expedited basis.

### CONCLUSION

WHEREFORE, the Keillor Parties respectfully request that the Court enter an order with the scheduling modifications set forth above and granting such other relief as may be just and proper.

Dated: July 10, 2026

**GREENBERG TRAURIG, LLP**

*/s/ Anthony W. Clark*
Anthony W. Clark (DE Bar No. 2051)
Lisa M. Zwally (DE Bar No. 4328)
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Email: Anthony.Clark@gtlaw.com
          Lisa.Zwally@gtlaw.com

*Attorneys for RAF Pacifica Loan Opportunity Fund I, LLC and Arnold Fishman, as Trustee of the Arnold Fishman Revocable Trust dated July 15, 1999, and their servicing agent, Keillor Capital, Inc.*