**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SILVERROCK DEVELOPMENT COMPANY, LLC, *et al..*,[1] | Case No. 24-11647 (MFW) |
| Debtors. | (Jointly Administered)<br>Obj. Deadline: July 13, 2026<br>Hearing Date: July 30, 2026 @ 10:30 a.m.<br>Ref. D.I. 1166 |

**LIMITED OBJECTION OF GRANITE CONSTRUCTION COMPANY TO CONSTRUCTION LOAN SERVICES II, LLC'S MOTION FOR ENTRY OF AN ORDER (I) VALUING COLLATERAL PURSUANT TO 11 U.S.C. § 506(a) AND (II) GRANTING RELATED RELIEF**

Granite Construction Company ("Granite"), through its attorneys, submits this limited objection (the "Objection") to the Construction Loan Services II, LLC d/b/a Builders Capital's ("Builders") *Motion for Entry of an Order (I) Valuing Collateral Pursuant to 11 U.S.C. § 506(a) and (II) Granting Related Relief* [Docket No. 1166] (the "Motion"). In support of this Objection, Granite respectfully submits as follows:

**BACKGROUND**

1. On August 5, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code". These chapter 11 cases (the "Chapter 11 Cases") are being jointly administered for procedural purposes

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598), and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

only pursuant to Bankruptcy Rule 1015(b). No official committee of unsecured creditors has been appointed in these cases.

2. On May 21, 2026, this Court entered an order confirming the Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation [Docket No. 1111].

3. On June 5, 2026, the Combined Disclosure Statement and Plan became effective and was substantially consummated [Docket No. 1163], thus the Debtors' liquidation is now controlled by the Litigation Trustee, Jacob Wood of Arkus Advisory US Inc. [Docket No. 1147].

4. On June 10, 2026, Builders filed its Motion seeking entry of an order valuing 134+ acres of real property sold by the Debtors ("Real Property Assets") pursuant to section 506(a) of the Bankruptcy Code and Rule 3012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") [Docket No. 1166].

5. The Motion does not seek any relief related to the validity, priority, and extent of liens on the Real Property Assets. The Motion also does not ask the Court to make factual findings or to reach a legal conclusion. Instead, the Motion seeks entry of a scheduling order in connection with a "Valuation Hearing" at which the Court will determine the "valuation of Real Property Assets".

## OBJECTION

6. Granite does not object to the entry of a scheduling order for the Court's valuation determination regarding the Real Property Assets.

7. The proposed order submitted with the Motion provides:

> **IT IS HEREBY ORDERED THAT:**
>
> 1. Any party asserting an interest in the Sale Proceeds that wishes to propose a valuation of the Real Property Assets must file an opening brief setting forth such party's proposed valuation and the basis therefor (an "Opening Brief") no later than **5:00 p.m. (Eastern Time) on Monday, August 24, 2026.**

2. Any briefs in response to any Opening Brief (a “Response Brief”) must be filed no later than **5:00 p.m. (Eastern Time) on August 31, 2026.**

3. All discovery, including expert discovery, must be completed by **August 17, 2026.**

4. A hearing to determine the value of the Real Property Assets will be held on **September [ ], 2026** (the “Valuation Hearing”).

8. The hearing on this Motion is scheduled for July 30, 2026. Therefore, the proposed schedule –

a. 18 days to complete all discovery (including expert discovery);

b. 7 days subsequent to draft opening briefs;

c. 7 days subsequent to file response briefs to any other opening brief

-- is needlessly too short.

9. A few months ago -- when the parties attempted to complete all discovery on the Debtors’ 506(a) motion within a few weeks -- a flood of discovery ensued. The parties collectively issued dozens of deposition notices and individual items of written discovery in that time period, and all parties and counsel were overwhelmed. All of that pending discovery was eventually withdrawn by agreement of the parties.

10. Failure to take into account the discovery plans of each of the parties before setting scheduling deadlines that are doomed to fail if all parties simultaneously seek full discovery, risks the same wasteful, inefficient, chaotic results that the parties experienced the last time a hearing was set on these extremely important issues in the Chapter 11 Cases.

11. Generally, prior to the Court entering a scheduling order, all parties are required to meet and confer to discuss, among other things, discovery and the timing of briefing. Granite submits that this process should apply here. Builders should convene a meet and confer session

with all affected parties to discuss their proposed scheduling order, rather than inviting a free-for-all debate before the Court.

12. With that in mind, Granite proposes the following revised schedule to ensure that there is enough time for a fair and appropriate discovery process for valuation issues to be fully and efficiently completed before the valuation hearing. Accordingly, the scheduling order granting this Motion should provide that any party asserting an interest in the Sale Proceeds that wishes to propose a valuation of the Real Property Assets, do so in accordance with the following scheduling order:[2]

**IT IS HEREBY ORDERED THAT:**

1. Expert reports must be filed no later than **5:00 p.m. (Eastern Time) on August 7, 2026.**

2. All discovery, including expert discovery, must be completed by **August 28, 2026**.

3. Opening briefs setting forth each such party's proposed valuation and the basis therefor (an "Opening Brief") must be filed no later than **5:00 p.m. (Eastern Time) on September 4, 2026.**

4. Any briefs in response to any Opening Brief (a "Response Brief") must be filed no later than **5:00 p.m. (Eastern Time) on September 11, 2026.**

5. A hearing to determine the value of the Real Property Assets will be held after **September 23**, **2026**, subject to the Court's availability (the "Valuation Hearing").

## RESERVATION OF RIGHTS

13. Notwithstanding anything else herein to the contrary, Granite reserves all rights and remedies in connection with the determination of the validity, extent, and priority of liens asserted against the Sale Proceeds in the Chapter 11 Cases, including without limitation, its right to have

---

2 This proposed schedule is consistent with the schedule proposed in the response to the Motion filed by the Keillor Parties [Docket No. 1193].

the validity, extent, and priority of liens asserted in this chapter 11 case determined by an adversary proceeding.

## CONCLUSION

**WHEREFORE**, Granite respectfully requests that if the Court is inclined to grant the Motion, that the Court modify the proposed scheduling order in accordance with this Objection and (ii) grant Granite any additional and further relief the Court deems just and proper.

Dated: July 13, 2026

**LAW OFFICE OF SUSAN E. KAUFMAN, LLC**

*/s/ Susan E. Kaufman*
Susan E. Kaufman, (DSB# 3381)
919 North Market Street, Suite 460
Wilmington, DE 19801
Telephone: (302) 472-7420
Email: skaufman@skaufmanlaw.com

-and-

Ilan Markus
**BARCLAY DAMON LLP**
555 Long Wharf Drive, Sixth Floor
New Haven, CT 06511
Telephone: (203) 672-2611
Email: imarkus@barclaydamon.com

-and-

P. Randolph Finch, Jr.
Andrea L. Petray
Lindsey C. Herzik
**FINCH, THORNTON & BAIRD, LLP**
4747 Executive Drive
San Diego, CA 92121
Telephone: (858) 737-3100
Email: apetray@ftblaw.com
lherzik@ftblaw.com

*Attorneys for Granite Construction Company*