**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| SILVERROCK DEVELOPMENT COMPANY, LLC, *et al..*,[1] | Case No. 24-11647 (MFW) |
| Debtors. | (Jointly Administered) |

---------------------------------------------------------------

**NOTICE OF RETURN OF SERVICE OF SUBPOENA ON MOSAIC SILVERROCK, LLC TO PRODUCE DOCUMENTS**

**PLEASE TAKE NOTICE** that on August 28, 2026, counsel to Granite Construction Company caused a Subpoena to obtain documents (a copy of which is attached hereto as Exhibit A) to be served on Mosaic SilverRock, LLC, c/o Registered Agent Solutions, Inc., 838 Walker Road, Suite 21-2, Dover, DE 19904 via personal service on Chris Scargill, Agent.

Dated: September 8, 2026

**LAW OFFICE OF SUSAN E. KAUFMAN, LLC**

*/s/ Susan E. Kaufman*
Susan E. Kaufman, (DSB# 3381)
919 North Market Street, Suite 460
Wilmington, DE 19801
(302) 472-7420
(302) 792-7420 Fax
Email: skaufman@skaufmanlaw.com

-and-

Ilan Markus
**BARCLAY DAMON LLP**
555 Long Wharf Drive, Sixth Floor
New Haven, CT 06511

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598), and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

Telephone: (203) 672-2611
Email: imarkus@barclaydamon.com

-and-

P. Randolph Finch, Jr.
Andrea L. Petray
Lindsey C. Herzik
**FINCH, THORNTON & BAIRD, LLP**
4747 Executive Drive
San Diego, CA 92121
Telephone: (858) 737-3100
Email: pfinch@ftblaw.com
apetray@ftblaw.com
lherzik@ftblaw.com

*Attorneys for Granite Construction Company*

# Exhibit A
(Subpoena)

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re SilverRock Development Company, LLC, et al.,
Debtor

(Complete if issued in an adversary proceeding)

Plaintiff
v.

Defendant

Case No. 24-11647 (MFW)

Chapter 11

Adv. Proc. No. ________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Mosaic SilverRock, LLC c/o Registered Agent Solutions, Inc., 838 Walker Rd., Suite 21-2, Dover, DE 19904
(Name of person to whom the subpoena is directed)

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Law Office of Susan E. Kaufman, LLC, 919 N. Market Street, Suite 460, Wilmington, DE 19801 | Sept. 11, 2026 at 5:00 p.m. ET |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/27/26

CLERK OF COURT

________________________
*Signature of Clerk or Deputy Clerk*

OR

Susan E. Kaufman
/s/ Susan E. Kaufman
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Granite Construction Company, who issues or requests this subpoena, are:

Susan E. Kaufman, 919 N. Market Street, Suite 460, Wilmington, DE 19801 (302) 472-7420 skaufman@skaufmanlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LINDSEY C. HERZIK, (SBN 313859)
FINCH, THORNTON & BAIRD LLP
4747 EXECUTIVE DR., SUITE 700
SAN DIEGO, CA 92121
858-737-3100
Atty. File No.: 2206.053

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT

PLAINTIFF : SILVERROCK DEVELOPMENT COMPANY, ET AL.
DEFENDANT :

Case No. : 24-11647 (MFW)
**PROOF OF SERVICE**

Hearing date: September 11,2026 Time : 05:00 PM

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING); GRANITE CONSTRUCTION COMPANY'S NOTICE OF INTENT TO SERVE SUBPOENA ON MOSAIC SILVERROCK, LLC

3. a. Party Served : MOSAIC SILVERROCK, LLC
   C/O REGISTERED AGENT SOLUTIONS, INC.
   b. Person Served : CHRIS SCARGILL, AGENT
   (AUTHORIZED TO ACCEPT FOR REGISTERED AGENT SOLUTIONS, INC.)

4. Address where the party was served: 838 WALKER ROAD SUITE 21-2
   DOVER, DE 19904 (Business)

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on August 28, 2026 (2) at: 11:16 AM

6. Witness fees were not demanded and were not paid.

7. **Person who served papers**
   a. CHRISTOPHER JONES
   b. KNOX ATTORNEY SERVICE, INC.
   2020 CAMINO DEL RIO N. #700
   SAN DIEGO, CA 92108
   c. 619-233-9700
   d. Fee For Service : $ 208.25
   e. I am
   (3) not a registered California process server
   (i) an independent contractor
   (ii) Registration No.:
   (iii) County:

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date : August 31, 2026

Signature: ______________________
CHRISTOPHER JONES

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT A

## DEFINITIONS

The following definitions shall apply to each Request and be construed in the broadest sense permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, or any other applicable law or rules.

1. **LOAN** means the loan agreement between SilverRock Phase I, LLC, SilverRock Lodging, LLC, SilverRock Luxury Residences, LLC, SilverRock Lifestyle Residences, LLC and **MOSAIC** dated on or about November 27, 2018.

2. **MOSAIC** means Mosaic SilverRock, LLC and any agent, officer, servant, employee, attorney, assignee, representative, successor in interest, predecessor in interest, department, division or other person or entity acting on behalf of Mosaic SilverRock, LLC.

3. **SILVERROCK** means SilverRock Phase I, LLC, SilverRock Lodging, LLC, SilverRock Luxury Residences, LLC, SilverRock Lifestyle Residences, LLC, and any agent, officer, servant, employee, attorney, assignee, representative, successor in interest, predecessor in interest, department, division or other person or entity acting on behalf of SilverRock Phase I, LLC, SilverRock Lodging, LLC, SilverRock Luxury Residences, LLC, SilverRock Lifestyle Residences, LLC.

4. **PROJECT** means the development of the Talus Resort and Residences located along SilverRock Way, Ahmanson Lane, Avenue 52, and Jefferson Street in La Quinta, California.

5. **PROPERTY** means the real property located at the southwest intersection of Jefferson Street and Avenue 52 in La Quina, California.

## INSTRUCTIONS

1. The preceding Definitions apply to these Instructions and each of the succeeding Requests. All terms defined above shall have the meanings set forth therein, whether capitalized in the Requests or not.

2. Mosaic is required to search for all Documents within Mosaic's possession, custody, or control, wherever located, including, without limitation, any Documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on Mosaic's behalf (whether located at his/her residence or place(s) of business), in order to fully respond to these Requests.

3. All Requests shall be deemed to include requests for any and all transmittal sheets, cover letters, enclosures, or any other annexes or attachments to the Documents. Mosaic is to produce the original and all non-identical copies, including all drafts of each Document requested. If Mosaic is not able to produce the original of any Document, please produce the best available copy and all non-identical copies, including drafts. Any Document that cannot be produced in full shall be produced to the fullest extent possible.

4. In accordance with Rule 34(b) of the Federal Rules, as incorporated by Rules 7034 and 9014 of the Bankruptcy Rules, as applicable, Documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspondence with the categories in each Request. The name of the file from which it was produced, the identity of the person from whose file it was produced, and the identity of the present custodian of that file shall be set forth. All Documents requested herein shall be produced electronically as tagged image file format ("**TIFF**") or portable Document format ("**PDF**") files, except that all

9. If Mosaic claims that any Document responsive to any of the Requests herein is privileged or otherwise immune from discovery as work product, Mosaic shall respond to the Request to the extent to which it is not objected and explain the grounds upon which the objection is based by providing the full identification of the withheld Documents, thing or portion thereof, including:

a. its date;

b. the identity of all persons who prepared, signed and/or were involved with the Document;

c. a summary of its contents or its general subject matter;

d. the identities of all persons to whom the Document or any copies thereof were circulated or its contents communicated; and

e. the specific grounds for not responding in full, including the nature of the privilege (e.g., attorney client privilege, work product) or other rule of law relied upon to withhold the Document and the facts supporting those grounds.

10. Any purportedly privileged Document containing non-privileged matter must be produced, with the purportedly privileged portion redacted.

11. If Mosaic is aware of any Document requested to be produced that has been lost, discarded, destroyed, or is otherwise not available for production for any reason whatsoever, Mosaic shall provide:

a. a full identification of each such Document, including its author, addressee, recipient, date, and general type (e.g., letter, report)

## REQUESTS FOR PRODUCTION

1. All **DOCUMENTS RELATED TO** the **LOAN**.

2. The underwriting file for the **LOAN**.

3. All **DOCUMENTS MOSAIC** relied upon in making the **LOAN.**

4. All **DOCUMENTS RELATED TO** the condition of the **PROPERTY** at the time **MOSAIC** entered into the **LOAN**.

5. All photographs of the condition of the **PROPERTY** at the time **MOSIAC** entered into the **LOAN.**

6. All inspection reports of the **PROPERTY** at the time **MOSAIC** entered into the **LOAN.**

7. All appraisals and valuation reports of the **PROPERTY** done on or about the time **MOSAIC** entered into the **LOAN**.