# <u>Exhibit B</u>

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SilverRock Development Company, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11647 (MFW)<br><br>(Jointly Administered) |

**AMENDED INTERIM ORDER (I) TEMPORARILY SUSPENDING JACOB WOOD'S AUTHORITY AS LITIGATION TRUSTEE; (II) FREEZING AND PRESERVING LITIGATION TRUST ACCOUNTS; (III) COMPELLING AN IMMEDIATE ACCOUNTING AND PRODUCTION OF BANK RECORDS; AND (IV) SETTING AN EXPEDITED REMOVAL HEARING**

Upon the joint emergency motion (the "**Motion**") of the Parties identified in the Motion; the Court having reviewed the Motion, the Declaration of Gregory V. Demo, the Declaration of Marguerite Lee DeVoll, the Findings of Fact, Conclusions of Law, and Order confirming the Plan [Docket No. 1152] (the "**Confirmation Order**"), and the Amended Litigation Trust Agreement [Docket No. 1147] (the "**LTA**"); the Court having jurisdiction under 28 U.S.C. §§ 157 and 1334; and sufficient cause appearing;

**THE COURT FINDS, on an interim and non-final basis, that:**

A. The LTA authorizes removal of the Litigation Trustee for cause after notice and a hearing and authorizes this Court to designate a successor. The Motion requests final removal only after an expedited hearing. The temporary relief below preserves the status quo and does not constitute final removal.

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598) and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

B. The declarations identify specific facts showing a substantial question concerning Jacob Wood's continued fitness and authority, including Arkus's termination of Wood, reported concerns about material work-history and education representations and control of Arkus records and relationships, redirection of the Litigation Trustee's official address to Bulwark Advisory Group, and the absence of complete current information regarding accounts holding the Sale Proceeds Reserve and other Litigation Trust Assets.

C. Without immediate relief, outgoing transactions, account access changes, settlements, professional changes, loss or alteration of records, or other exercises of unilateral authority could occur before affected parties can be heard and could impair the Court's ability to enforce the confirmed Plan and protect the Litigation Trust Assets.

D. A temporary suspension and standstill will preserve the status quo without deciding liability, ownership, allocation, lien priority, or entitlement to any distribution. Incoming credits, routine bank charges, and ministerial steps necessary to preserve rights and deadlines may continue.

E. Immediate and irreparable harm may occur before ordinary notice can be completed, and the requirements for temporary relief under Federal Rule of Civil Procedure 65(b), as incorporated by Bankruptcy Rule 7065, have been satisfied

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis to the extent set forth in this Order.

2. "**Affected Accounts**" means Axos Bank account number ending X0403, identified as the Proceeds Account, and Axos Bank account number ending X0395, identified as the Escrow Account, Wells Fargo Account Number ending X1563, and any other deposit, money-market, sweep, escrow, trust, brokerage, or successor account at Axos Bank, N.A. ("**Axos**"), Wells Fargo Bank, N.A. ("**Wells Fargo**") or another institution that is titled in the name of the Litigation Trust, Jacob Wood solely in his asserted capacity as Litigation Trustee, ~~or~~ Arkus Advisory US Inc. for the benefit of the

Formatted: Font: Bold

Litigation Trust, or, with respect to Wells Fargo, in the name of Jacob Walter Wood, personally, and that contains any Sale Proceeds Reserve or other Litigation Trust Asset.

3. Effective immediately, Wood is SUSPENDED, until further order of this Court, from exercising any power or authority as Litigation Trustee, except as necessary to comply with this Order. Without limiting the foregoing, Wood may not: (a) access or control an Affected Account; (b) initiate, authorize, or direct any payment, transfer, distribution, settlement, waiver, abandonment, compromise, or disposition; (c) hire, terminate, or direct professionals; (d) incur any new material obligation; (e) change any signer, ownership, password, token, multifactor authentication, or administrative access; (f) alter or destroy any Trust record; or (g) represent that he has authority to bind the Litigation Trust.

4. Axos, Wells Fargo, Wood, Arkus, and their respective officers, agents, servants, employees, attorneys, and persons acting in active concert or participation with them are temporarily RESTRAINED from initiating, authorizing, approving, processing, honoring, or facilitating any outgoing wire, ACH transfer, check, withdrawal, debit, sweep, transfer, distribution, pledge, encumbrance, account closure, change of ownership, change of authorized signer, or change to online, token, password, multifactor, administrative, or other access concerning an Affected Account.

5. Paragraphs 3 and 4 do not prohibit: (a) incoming deposits; (b) credits of interest or investment income; (c) routine reversals or corrections required by law or ordinary banking operations; (d) routine account maintenance charges; (e) compliance with applicable law, governmental process, or a further order of this Court; or (f) another transaction expressly authorized by further order.

6. Axos, Wells Fargo, and every other depository receiving actual notice shall immediately place an administrative hold consistent with this Order, preserve all paper and electronic records concerning the Affected Accounts, and refrain from deleting, overwriting, modifying, or

permitting the alteration of any relevant account, access, audit, security, authentication, or transaction record.

7. No later than twenty-four hours after receiving actual notice, Axos and Wells Fargo shall transmit under seal or through another secure method approved by the Court to counsel for the Joint Movants: (a) a certification identifying every Affected Account at Axos or Wells Fargo; (b) the current ledger and available balance of each account; (c) statements and transaction detail from account creation through production; (d) wire, ACH, check, debit, sweep, and transfer records; (e) signature cards and account opening documents; and (f) all records identifying persons with signatory, online, administrative, token, password reset, or security control authority.

8. No later than twenty-four hours after actual notice, Wood and Arkus shall transmit under seal or through another secure method approved by the Court to the same recipients: (a) all documents described in paragraph 7 in their possession, custody, or control; (b) all reconciliations and general ledger entries concerning the Affected Accounts; (c) all communications with any depository concerning ownership, balances, transactions, access, or control; (d) all Trust credentials, passwords, tokens, and access devices; and (e) a sworn certification identifying every account containing a Litigation Trust Asset and every person with authority over it. Wood and Arkus shall also preserve, without deleting, altering, transferring, or concealing, all records concerning Wood's termination, his representations regarding work history and education, any investigation or verification of those representations, any alleged efforts to impede that work, Arkus's efforts to regain control of documents and relationships held by Wood, and communications concerning Wood's continued service as Litigation Trustee. Production of those non-account records shall occur only as the Court directs under seal or other appropriate protection.

9. Existing counsel, the claims and noticing agent, insurers, tax professionals, and other professionals of the Litigation Trust may take only ministerial steps reasonably necessary to preserve

rights, comply with non-extendable deadlines, maintain insurance and required filings, and prevent default. They may not, absent further order, make distributions, settle or compromise claims, terminate or engage professionals, incur a new material obligation, destroy records, or take direction from Wood inconsistent with this Order.

10. Pending the expedited hearing, no compensation, reimbursement, severance, indemnity advance, retainer replenishment, or other payment may be made to or for Wood or Arkus from Litigation Trust Assets, except routine depository charges permitted by paragraph 5.

11. Axos, Wells Fargo, and any other depository may rely on this Order and shall have no liability to the Litigation Trust, Wood, Arkus, the Joint Movants, any beneficiary, or any claimant for good-faith compliance. Nothing in this Order determines ownership, entitlement, allocation, lien priority, or distribution rights concerning any funds.

12. An expedited evidentiary hearing on final removal of Wood for cause under LTA section 2.12, designation of a successor Litigation Trustee, turnover, accounting, and continuation or modification of preservation relief is set for September 25, 2026 at 10:30 prevailing Eastern Time, by Zoom or in person. Objections or responses must be filed and served by September 23, 2026 at 12:00 Noon prevailing Eastern Time.

13. Any person subject to this Order may move to dissolve or modify it on two days' notice to the Joint Movants, or on shorter notice as the Court permits. The Court retains jurisdiction to interpret, implement, enforce, modify, or dissolve this Order.

14. This Order makes no final finding that Wood, Arkus, Axos, Wells Fargo, or any other person engaged in wrongdoing. It is without prejudice to the Court's determination of cause after notice and a hearing and without prejudice to any right, claim, defense, privilege, request for compensation or indemnification, objection, surcharge request, or other position.

15. The Joint Movants shall serve this Order promptly after entry by email, CM/ECF where applicable, service under Bankruptcy Rule 7004 where required, and the most expeditious available additional means on Wood and his counsel, Arkus and its counsel, Axos and Wells Fargo through ~~its~~ their respective registered agents and known relationship contacts, the Office of the United States Trustee, the City of La Quinta and its counsel, the Debtors' Independent Manager, counsel to the Debtors or Litigation Trust, all Joint Movants, and any other person directed by the Court. Actual notice by any means is sufficient for purposes of Federal Rule of Civil Procedure 65(d).