**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SilverRock Development Company, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11647 (MFW)<br><br>(Jointly Administered) |
| JACOB WOOD, solely in his capacity as Litigation Trustee of the SilverRock Litigation Trust,<br><br>Plaintiff,<br>v.<br><br>CYPRESS POINT HOLDINGS, LLC; WILLIAM TZROS; KENNETH MANQUEROS; and DOES 1 through 20, inclusive,<br><br>Defendants. | Adv. Pro. No. 26-50598 (MFW) |
| JACOB WOOD, solely in his capacity as Litigation Trustee of the SilverRock Litigation Trust,<br><br>Plaintiff,<br><br>v.<br><br>THE ROBERT GREEN COMPANY; ROBERT GREEN RESIDENTIAL, INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | Adv. Pro. No. 26-50599 (MFW) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598) and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

**MOTION OF MORRIS JAMES LLP FOR LEAVE TO WITHDRAW AS COUNSEL TO JACOB WOOD, SOLELY IN HIS CAPACITY AS LITIGATION TRUSTEE OF THE SILVERROCK LITIGATION TRUST**

Morris James LLP ("Morris James") files this motion ("Motion for Leave") seeking the entry of an order granting leave to withdraw as counsel to Jacob Wood, solely in his capacity as Litigation Trustee (the "Litigation Trustee") of the SilverRock Litigation Trust (the "Litigation Trust") in the above-referenced bankruptcy cases (collectively, the "Bankruptcy Case") and adversary proceedings (the "Adversary Proceedings") pursuant to Rule 9010-2(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and in support of the Motion for Leave, Morris James respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are 11 U.S.C. § 105(a), Local Rule 9010-2(b), and Rule 1.16 of the Delaware Lawyers' Rules of Professional Conduct.

3. As required by Local Rule 9013-1(f), Morris James confirms its consent to the entry of a final order by the Court solely in connection with this Motion for Leave to the extent it is later determined that the Court, absent consent of the relevant parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4. On August 5, 2024 (the "Petition Date"), the above-captioned debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby initiating the Bankruptcy Case.

5. On May 11, 2026, the Debtors filed the *Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of SilverRock Development Company, LLC and its Debtor Affiliates* (as subsequently amended or modified, the "Plan") [Docket No. 1111], and on May 21, 2025, the Bankruptcy Court entered an Order confirming the Plan [Docket No. 1152].

6. Under the Plan, the Litigation Trustee was appointed as the litigation trustee of the Litigation Trust, which succeeded to the Debtors' estates' interests in the Retained Causes of Action, as defined in the Plan.

7. On June 5, 2026, the Plan became effective and was substantially consummated.

8. Effective on or about July 21, 2026, the Litigation Trustee executed an engagement letter (the "Engagement Letter") pursuant to which the Litigation Trustee retained Morris James. As set forth in the Engagement Letter, Morris James' expected that its "engagement will involve serving as Delaware Counsel in connection with commencing adversary proceedings in the Bankruptcy Case . . . . as well as filing and serving objections to claims. [Its] representation does not extend to other matters, including representation in any other ancillary litigation.

9. As an economic matter, the terms of Morris James' retention were that Morris James agreed to a fee of five percent (5%) of all amounts collected from the Adversary

Proceedings, plus one half of our normal hourly rates (which range from $320 - $1600 for attorneys and $300-$425 for paralegals), plus reimbursement of expenses.

10. Further, the engagement letter provided that "The Client may, at their discretion, terminate our services at any time. We reserve the right to terminate our services under the circumstances permitted by the Delaware Lawyers' Rules of Professional Conduct, including the failure to make payments described in this agreement. We reserve the right to charge interest at the rate of 1-1/2% per month on delinquent payments."

11. Consistent with the Engagement Letter, on August 4, 2026, the Litigation Trustee commenced the Adversary Proceedings.

12. On September 3, 2026, Morris James issued an invoice to the Litigation Trustee in the amount of $21,354.90. That invoice remains unpaid.[2]

13. On September 16, 2026, certain creditors filed a motion in the Bankruptcy Case filed a Jo*int Emergency Motion for (A) Temporary ex parte Relief (i) Suspending Jacob Wood's Authority as Litigation Trustee, (ii) Freezing and Preserving Litigation Trust Accounts, and (iii) Compelling An Immediate Accounting; and (B) After an Expedited Hearing, (iv) Removing Jacob Wood for Cause, (v) Designating a Successor Litigation Trustee, and (vi) Granting Related Relief* [Docket No. 1297] (the "Trustee Removal Motion").[3]

14. On September 16, 2026, the Court entered an *Order Approving the Litigation Trustee Removal Motion on an Interim Basis* [Docket No. 1298] (the "Interim Removal Order"). Among other things, the Interim Removal Order provides as follows:

---

[2] Nothing herein is intended to address the outstanding fees, including any future right to payment on account of the contingency fees in connection with the Adversary Proceedings, and by and through this Motion for Leave, all rights of Morris James and the Litigation Trust with respect to all fees of Morris James are expressly reserved.

[3] The Removal Motion was filed under seal. Morris James will not repeat the allegations contained therein, including to confirm or contest the veracity of those allegations, as they are not relevant to the relief sought herein. This Court can take judicial notice of the allegations contained in the Removal Motion.

> 3. **Effective immediately, Wood is SUSPENDED,** until further order of this Court, from exercising any power or authority as Litigation Trustee, except as necessary to comply with this Order. Without limiting the foregoing, Wood may not: (a) access or control an Affected Account; (b) initiate, authorize, or direct any payment, transfer, distribution, settlement, waiver, abandonment, compromise, or disposition; (c) **hire, terminate, or direct professionals**; (d) incur any new material obligation; (e) change any signer, ownership, password, token, multifactor authentication, or administrative access; (f) alter or destroy any Trust record; or (g) represent that he has authority to bind the Litigation Trust.
>
> * * * * * * * * *
>
> 9. **Existing counsel**, the claims and noticing agent, insurers, tax professionals**, and other professionals of the Litigation Trust may take only ministerial steps reasonably necessary to preserve rights, comply with non-extendable deadlines**, maintain insurance and required filings, and prevent default**. They may not, absent further order**, make distributions, settle or compromise claims, terminate or engage professionals, incur a new material obligation, destroy records, or **take direction from Wood inconsistent with this Order**.
>
> 12. An expedited evidentiary hearing on final removal of Wood for cause under LTA section 2.12, designation of a successor Litigation Trustee, turnover, accounting, and continuation or modification of preservation relief is set for September 25, 2026 at 10:30 prevailing Eastern Time by Zoom or in person. Objections or responses must be filed and served by September 23, 2026 at 12:00 Noon prevailing Eastern Time.
>
> 14. This Order makes no final finding that Wood, Arkus, Axos, or any other person engaged in wrongdoing. It is without prejudice to the Court's determination of cause after notice and a hearing and without prejudice to any right, claim, defense, privilege, request for compensation or indemnification, objection, surcharge request, or other position.

(Emphasis added).

15. On September 18, 2026, the Court held a status conference with respect to the Trustee Removal Motion. Among other things, at the September 18 hearing, the Litigation Trustee's lead counsel stated that the Litigation Trustee intends to resign. Further, at the September 18 hearing, one of the movants stated that the movants intended to meet prior to the September 25 hearing to decide upon a successor trustee to be proposed to the Court. Additionally,

at the September 18 hearing, the Court stated that the Adversary Proceedings would be suspended. On September 18, 2026, the Court entered an *Amended Interim Order (I) Temporarily Suspending Jacob Woods Authority as Litigation Trustee; (II) Freezing and Preserving Litigation Trust Accounts; (III) Compelling an Immediate Accounting and Production of Bank Records; and (IV) Setting an Expedited Removal Hearing* [Docket No. 1309] (the "Amended Interim Removal Order").

16. Based upon the Interim Removal Order and the Amended Interim Removal Order, as well as the Court's comments during the September 18 hearing, the Litigation Trustee cannot direct counsel to take any actions in the case, and counsel can take only "ministerial steps reasonably necessary to preserve rights, comply with non-extendable deadlines, maintain insurance and required filings, and prevent default. They may not, absent further order . . . take direction from Wood inconsistent with this Order." Particularly in light of the suspension of the Adversary Proceedings, there are no matters for which Morris James' services are needed or authorized.

17. Morris James has advised the Litigation Trustee that it intends to seek the Court's permission to terminate its representation in the Bankruptcy Case and the Adversary Proceedings. The Litigation Trustee has consented to the proposed withdrawal. Further, Morris James has advised the Litigation Trustee that it will not prepare or file an answer to the Motion to Suspend.

18. Further, substantially contemporaneously with the filing of this Motion, Benjamin M. Carson and Victor A. Vilaplana are filing a motion to withdraw as counsel to the Litigation Trustee in the Bankruptcy Case and the Adversary Proceedings.

**RELIEF REQUESTED**

19. By this Motion, Morris James requests entry of an order authorizing its withdrawal as counsel to the Litigation Trustee in the Bankruptcy Case and the Adversary Proceedings.

**BASIS FOR RELIEF REQUESTED**

20. Under Local Rule 9010-2(b), an attorney's appearance may not be withdrawn except by leave of the Court, unless another attorney who is a member of the bar of the United States District Court for the District of Delaware will remain as attorney of record for the withdrawing attorney's client or the client consents and there is no controversy pending before the Court.

21. Under Rule 1.16(b) of the Delaware Lawyers' Rules of Professional Conduct, a lawyer may withdraw from representing a client if, inter alia: (1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (3) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (4) other good cause for withdrawal exists. Del. Lawyers' Rules of Prof'l Conduct R. 1.16(b)(5).

22. Based upon the unique facts of this case, Morris James respectfully submits that sufficient cause exists for this Court to grant leave for Morris James to withdraw as counsel to the Litigation Trustee. Among other things, by the Interim Removal Order, the Litigation Trustee cannot direct his professionals, and counsel can take no actions beyond ministerial acts. Further, co-counsel for the Trustee stated at the September 18 hearing that the Litigation Trustee intends to resign, and it is expected that at the upcoming hearing the Court will remove the Litigation Trustee

and appoint a replacement litigation trustee. The successor trustee to the Litigation Trust will almost certainly hire his or her own counsel to represent the Litigation Trust's interest in the Bankruptcy Case and Adversary Proceedings.

23. Accordingly, Morris James' representation in the Bankruptcy Case and Adversary Proceedings is no longer necessary and Morris James' withdrawal as will not cause any adverse effect to the Trustee or the Litigation Trust.

24. WHEREFORE, the undersigned respectfully requests that the Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, granting Morris James leave to withdraw as counsel to the Litigation Trustee in the Bankruptcy Case and the Adversary Proceedings, and (ii) grant such other and further relief as the Court deems just and proper.

Dated: September 21, 2026

**MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*

Jeffrey R. Waxman (DE Bar No. 4159)
3205 Avenue North Blvd., Suite 100
Wilmington, Delaware 19803
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com

*Counsel to Jacob Wood, solely in his capacity as Litigation Trustee of the SilverRock Litigation Trust*