**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SilverRock Development Company, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11647 (MFW)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 1297** |

**MOTION OF THE JOINT MOVANTS FOR ENTRY OF AN ORDER AUTHORIZING THE FILING OF CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE JOINT EMERGENCY MOTION FOR (A) TEMPORARY *EX PARTE* RELIEF (I) SUSPENDING JACOB WOOD'S AUTHORITY AS LITIGATION TRUSTEE, (II) FREEZING AND PRESERVING LITIGATION TRUST ACCOUNTS, AND (III) COMPELLING AN IMMEDIATE ACCOUNTING; AND (B) AFTER AN EXPEDITED HEARING, (IV) REMOVING JACOB WOOD FOR CAUSE, (V) DESIGNATING A SUCCESSOR LITIGATION TRUSTEE, AND (VI) GRANTING RELATED RELIEF**

Construction Loan Services II, LLC d/b/a Builders Capital (the "Builders"); Keillor Capital, as servicer on behalf of and together with creditors RAF Pacifica Loan Opportunity Fund I, LLC and The Arnold Fishman Revocable Trust dated July 15, 1999 (collectively, the "Keillor Parties"); SilverRock Resort Investment, LLC and SilverRock Resort Investment M, LLC (collectively, the "EB-5 Lenders"); SilverRock Land II, LLC and the Traub Family Revocable Trust dated January 22, 2015 (collectively, the "TIC Participant"); R.D. Olson Construction, Inc. ("RDO"); and Poppy Bank (together with Joint Movants, the Keillor Parties, the EB-5 Lenders, the TIC Participant, and RDO, the "Joint Movants"), by and through their undersigned counsel hereby move (this "Motion") this Court for entry of an order, substantially in the form attached

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598) and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

hereto as **Exhibit A** (the "Order"), granting the relief requested herein. In support of this Motion, the Joint Movants represent as follows:

## RELIEF REQUESTED

1. The Joint Movants respectfully request entry of the Order authorizing the Joint Movants to file the *Joint Emergency Motion for (A) Temporary Ex Parte Relief (I) Suspending Jacob Wood's Authority as Litigation Trustee, (II) Freezing and Preserving Litigation Trust Accounts, and (III) Compelling an Immediate Accounting; and (B) After an Expedited Hearing, (IV) Removing Jacob Wood for Cause, (V) Designating a Successor Litigation Trustee, and (VI) Granting Related Relief* [Docket No. 1297] (the "Emergency Motion") under seal.

2. The Joint Movants intend to provide unredacted copies of the Emergency Motion to the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and counsel to the Litigation Trust.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157(a)–(b)(1) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4. The legal predicates for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9013-1(a) and 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

5. On May 21, 2026, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving on a Final Basis and Confirming the Second Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation and (II) Granting Related Relief* [Docket No. 1152] (the "Confirmation Order") confirming the Debtors' Plan[2] and approving the Litigation Trust Agreement. Confirmation Order ¶¶ 2–3, 12–15.

6. The Confirmation Order established the Litigation Trust on the Effective Date and vested the Litigation Trust Assets in it, subject to the Plan and the Litigation Trust Agreement. *Id.* ¶¶ 11–12.

7. On September 16, 2026, the Joint Movants filed the Emergency Motion.[3] The Emergency Motion contains significant allegations about the Litigation Trustee and his conduct (the "Allegations"), which, if publicly disclosed before being verified, could materially impact the career and future employment of the Litigation Trustee and impede the Joint Movants efforts to secure the Sale Proceeds and the Litigation Trust's assets.

8. Accordingly, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Joint Movants seek authority to file the Emergency Motion under seal.

[2] All capitalized terms used but not defined herein have the meanings given to them in the Confirmation Order or the Plan, as applicable.

[3] On September 16, 2026, this Court entered the *Interim Order (i) Temporarily Suspending Jacob Wood's Authority as Litigation Trustee; (ii) Freezing and Preserving Litigation Trust Accounts; (iii) Compelling an Immediate Accounting and Production of Bank Records; and (iv) Setting an Expedited Removal Hearing* [Docket No. 1298]. On September 18, 2026, this Court held a conference on the Emergency Motion and thereafter entered the *Amended Interim Order (i) Temporarily Suspending Jacob Wood's Authority as Litigation Trustee; (ii) Freezing and Preserving Litigation Trust Accounts; (iii) Compelling an Immediate Accounting and Production of Bank Records; and (iv) Setting an Expedited Removal Hearing* [Docket No. 1309] (the "Second Interim Order" and together with the First Interim Order, the "Interim Orders").

**BASIS FOR RELIEF**

9. Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the Joint Movants to file the Emergency Motion under seal by permitting the issuance of an order that protects entities from potential harm that may result from the disclosure of the Allegations. *See* 11 U.S.C. § 107(b). Specifically, section 107(b) of the Bankruptcy Code provides, in relevant part, that "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may … (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b)(2).

10. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018; *see also* Local Rule 9018-1.

11. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, the Court is required to protect a requesting party and has no discretion to deny the application. *See id.* at 27 (holding that once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting

interested party and has no discretion to deny the application"); *see also In re Altegrity, Inc.*, No. 15–10226 (LSS), 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the Court must grant the requested relief (or such other relief that protects the moving party).").

12. Courts have further held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires"). *See, e.g.*, *In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (citing Fed. R. Bankr. P. 9018). Additionally, "[c]ourts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Glob. Crossing*, 295 B.R. at 724. Moreover, section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13. The Joint Movants submit that the Allegations are the type of information that may be protected by the Court pursuant to section 107(b)(2) of the Bankruptcy Code and Bankruptcy Rule 9018.

14. In seeking to seal the Emergency Motion, the Joint Movants acknowledge the paramount importance of the policy of open access to courts underlying section 107(a) of the Bankruptcy Code. The Joint Movants have balanced the benefits and need for disclosure with the potentially significant and harmful effects on the Litigation Trust and the Litigation Trustee and submit that if the Joint Movants were unable to seal the Emergency Motion, such disclosure would result in adverse consequences outweighing the benefits of such disclosure.

15. Accordingly, the Joint Movants submit that entry of the Order authorizing them to file the Emergency Motion under seal is justified.

**NOTICE**

16. Notice of this Motion will be given to the Office of the United States Trustee, Counsel for the Joint Movants, counsel for counsel for the Litigation Trustee. The Joint Movants submit that no other or further notice is required.

**NO PRIOR REQUEST**

17. No prior request for the relief sought herein has been made to this Court or any other court.

*[Remainder of Page Intentionally Blanks]*

WHEREFORE, the Joint Movants respectfully request that the Court enter the Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: September 21, 2026
Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

/s/ *James E. O'Neill*
James O'Neill, Esq. (DE Bar No. 4042)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652 4400
Email: joneill@pszjlaw.com

- and -

Ira D. Kharasch, Esq. (*pro hac vice* ECF 940)
Gregory V. Demo, Esq. (*pro hac vice* ECF 935)
Jordan A. Kroop, Esq. (*pro hac vice* ECF 941)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: ikharasch@pszjlaw.com
gdemo@pszjlaw.com
jkroop@pszjlaw.com

- and -

**POLSINELLI PC**
Michael L. Schuster (*pro hac vice* ECF 925)
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Telephone: (720) 931-1188
Facsimile: (302) 252 0291
Email: mschuster@polsinelli.com

*Counsel for Construction Loan Services II, LLC d/b/a Builders Capital*

**GREENBERG TRAURIG, LLP**
By: _/s/ Anthony W. Clark_
Anthony W. Clark
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801
Email: anthony.clark@gtlaw.com

*Counsel to Keillor Capital, as servicer, RAF Pacifica Loan Opportunity Fund I, LLC, and Arnold Fishman, as Trustee of The Arnold Fishman Revocable Trust dated July 15, 1999*

**CLARK HILL PLC**
Karen M. Grivner
824 North Market Street, Suite 710
Wilmington, Delaware 19801
Email: kgrivner@clarkhill.com

*-and-*

**HUSCH BLACKWELL LLP**
By: /s/ _Michael A. Brandess_
Michael A. Brandess
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
Email: michael.brandess@huschblackwell.com

*Counsel for SilverRock Resort Investment, LLC and SilverRock Resort Investment M, LLC*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
By: _/s/ S. Alexander Faris_
S. Alexander Faris
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Email: afaris@ycst.com

*Counsel to SilverRock Land II, LLC and The Traub Family Revocable Trust dated January 22,
2015*

**POTTER ANDERSON & CORROON LLP**
By*: /s/ James R. Risener III*
James R. Risener III (No. 7334)
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Email: jrisener@potteranderson.com

*-and-*

**WATT, TIEDER, HOFFAR & FITZGERALD, LLP**
Jennifer L. Kneeland
Marguerite Lee DeVoll
1765 Greensboro Station Place, Suite 1000
McLean, Virginia 22102
Emails: jkneeland@watttieder.com
mdevoll@watttieder.com

*Counsel for R.D. Olson Construction, Inc.*

**SAUL EWING LLP**
By: */s/ Mark Minuti*
Mark Minuti (DE No. 2659)
Monique B. DiSabatino (DE No. 6027)
Paige N. Topper (DE No. 6470)
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, Delaware 19899
Telephone: (302) 421-6800
Emails: mark.minuti@saul.com
monique.disabatino@saul.com
paige.topper@saul.com

-and-

**ABBEY, WEITZENBERG, WARREN & EMERY**
Mitchell B. Greenberg (admitted pro hac vice)
100 Stony Point Road, Suite 200
Santa Rosa, California 95401
Telephone: (707) 542-5050
Email: mgreenberg@abbeylaw.com

-and-

**STOEL RIVES LLP**
Kirsten Worley (pro hac vice to be filed)
501 West Broadway, Suite 2000
San Diego, California 92101
Telephone: (858) 602-4909
Email: kirsten.worley@stoel.com

*Counsel to Poppy Bank*