# Exhibit A

# UNITED STATES BANKRUPTCY COURT

For The District of Delaware

In re SilverRock Development Company, LLC, et al.
Debtor

Case No. 24-11647

(Complete if issued in an adversary proceeding)

Chapter 11

Plaintiff
v.

Adv. Proc. No.

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Knight Barry Title Services, LLC, 400 Wisconsin Ave, Racine, WI 53403
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| mschuster@polsinelli.com, Michael Schuster, N. Riverside Plaza, Suite 3000, Chicago, IL 60606, (720) 931-1188 | 09/25/2026 at 5:00 p.m. CT |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/18/2026

CLERK OF COURT

OR

*/s/ James O'Neill*

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* ***Construction Loan Services d/b/a Builders Capital***, who issues or requests this subpoena, are:

James O'Neill, 919 North Market Street, 17th Floor, Wilmington, DE 19801, (302) 652-4100, joneill@pszjlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A
## DEFINITIONS, INSTRUCTIONS, AND DOCUMENTS TO BE PRODUCED

Knight Barry Title Services, LLC shall produce the documents and electronically stored information described below that are within its possession, custody, or control. These requests concern one specific matter: the real-property purchase and sale transaction for which Knight Barry received the August 25, 2026 wire transfer identified below, which the originating bank records describe as "Closing." The requests seek the complete transaction and closing file and documents sufficient to identify the property, purchaser, seller, purchase price, source and use of funds, instructions and authority for the wire, closing date and status, and the receipt, application, disbursement, return, or other disposition of every portion of the wire.

### IDENTIFICATION OF THE TRANSFER

| Field | Information Reflected in Axos Records |
|---|---|
| **Date** | August 25, 2026 |
| **Amount** | $821,500.13 |
| **Originating customer** | SilverRock Litigation Trust |
| **Originating bank/account** | Axos Bank account ending 0395 |
| **Recipient** | Knight Barry Title Services, LLC |
| **Receiving bank/account** | Johnson Bank account ending 4680 |
| **Remittance information** | "Closing" |
| **End-to-End ID** | 2418559 |
| **IMAD** | 20260825MMQFMP9N000322 |
| **OMAD** | 20260825MMQFMPV200010408251317FT03 |

### HOW TO IDENTIFY THE RESPONSIVE PROPERTY TRANSACTION

Knight Barry shall use the Transfer details above—including the amount, date, receiving account, remittance description, and wire identifiers—to identify the title, escrow, settlement, or closing file to which the Transfer was linked, posted, credited, held, or applied. All requests below concern that file and the real-property purchase and sale transaction associated with it, whether the transaction closed, was delayed, failed, was cancelled or rescinded, or the funds were returned or applied to an amended or substituted transaction.

### DEFINITIONS

1. **"You," "Your," or "Knight Barry"** means Knight Barry Title Services, LLC, including each office, branch, department, employee, escrow officer, title officer, closer, agent, representative, contractor, custodian, or other person acting or purporting to act on its behalf in connection with the Transfer, Property Transaction, or Closing.

2. **"Transfer"** means the outgoing wire transfer reflected in Axos Bank records as entered and processed on August 25, 2026, in the amount of $821,500.13, from the SilverRock Litigation Trust account ending 0395 to Knight Barry Title Services, LLC at Johnson Bank, account ending 4680, with remittance information "Closing," End-to-End ID 2418559, IMAD 20260825MMQFMP9N000322, and OMAD 20260825MMQFMPV200010408251317FT03, and includes every portion of those funds and any related credit, debit, fee, hold, return, rejection, reversal, refund, recall, or subsequent disbursement.

3. **"Property Transaction"** means the purchase and sale, conveyance, or transfer of real property for which the Transfer was sent to and received by Knight Barry and identified in the originating bank records as "Closing," together with any related financing, refinancing, payoff, exchange, assignment, or escrow. The term includes the transaction as originally contemplated and any amended, substituted, attempted, delayed, completed, failed, cancelled, rescinded, or abandoned version of that transaction, and includes any transaction to which Knight Barry applied or intended to apply any portion of the Transfer.

4. **"Closing"** means all title, escrow, settlement, funding, disbursement, recording, and post-closing services that Knight Barry performed, was asked to perform, or opened a file to perform in connection with the Property Transaction and Transfer, whether or not the Property Transaction was consummated.

5. **"Property"** means each parcel of real property and any related leasehold, condominium, lot, unit, residence, commercial interest, beneficial interest, or other real-property interest that was to be purchased, sold, conveyed, transferred, financed, or otherwise affected by the Property Transaction.

6. **"Purchaser"** means each proposed or actual buyer, purchaser, grantee, transferee, assignee, nominee, borrower, beneficial owner, principal, or other person or entity acquiring or intending to acquire the Property or for whose account or benefit the Property Transaction was conducted.

7. **"Seller"** means each proposed or actual seller, grantor, transferor, assignor, owner, or other person or entity selling or transferring the Property or receiving or intending to receive consideration from the Property Transaction.

8. **"Wood"** means Jacob Wood and any person or entity acting or purporting to act for him, at his direction, or on his behalf.

9. **"SilverRock Litigation Trust" or "Trust"** means the SilverRock Litigation Trust created in the chapter 11 cases of SilverRock Development Company, LLC and its affiliated debtors, Case No. 24-11647 (MFW), and any person acting or purporting to act on its behalf.

10. **"Communication"** means every transmission of information by any means, including email, letter, memorandum, text message, instant message, chat, messaging application, telephone call, voicemail, videoconference, meeting, or in-person conversation, together with any attachment, enclosure, recording, or note reflecting the communication.

11. **"Document"** is used in the broadest permissible sense and includes writings, electronically stored information, emails, messages, attachments, drafts, notes, memoranda, agreements, closing files, title files, escrow files, ledgers, wire records, account records, reports, forms,

logs, images, audio or video recordings, databases, and data maintained in title-production, escrow, closing, wire-verification, fraud-prevention, customer-identification, accounting, or workflow systems.

12. **"Concerning"** means referring to, relating to, reflecting, describing, evidencing, constituting, containing, identifying, discussing, analyzing, supporting, contradicting, or otherwise having any connection with the stated subject.

13. **"Person"** means any natural person, corporation, limited liability company, partnership, trust, association, governmental body, or other entity.

## INSTRUCTIONS

1. The relevant period begins with the earliest inquiry, title order, file opening, escrow opening, communication, instruction, or other activity concerning the Property Transaction, Closing, or Transfer and continues through the present. Documents maintained in the responsive title, escrow, settlement, or closing file are responsive regardless of date.

2. Produce documents in the manner in which they are kept in the ordinary course of business, or organize and label them to correspond to the numbered requests below. Identify the Knight Barry file, escrow, title, or transaction number associated with each production.

3. Produce each document in full, including all pages, attachments, enclosures, endorsements, exhibits, schedules, metadata, and any materially different draft or version. Email and message attachments shall remain associated with their parent communications.

4. Electronically stored information should be produced in reasonably usable form. Spreadsheets, databases, accounting exports, wire-verification records, and transaction-management records should be produced in native format when doing so preserves formulas, fields, metadata, or functionality that would be lost in a static image.

5. For each responsive communication, preserve and produce the available sender, recipients, copy recipients, date, time, subject, message body, attachments, and message or conversation identifier.

6. Sensitive personal identifiers that are not relevant to identifying a transaction participant may be redacted as required by law. Unless legally prohibited, do not redact the names of the parties, entity names, business contact information, property addresses, legal descriptions, assessor's parcel numbers, transaction amounts, dates, wire identifiers, or the last four digits of relevant financial accounts.

7. If any responsive material is withheld on a claim of privilege, protection, or confidentiality, identify the material by date, author or sender, recipients, general subject matter, and the specific basis for withholding it, without disclosing the allegedly protected substance.

8. If any responsive document once existed but is no longer available, identify the document, its last known custodian and location, the date and reason it became unavailable, and any person with knowledge of its loss, deletion, destruction, or disposition.

9. A responsive document need be produced only once. Knight Barry may identify by Bates range the numbered requests to which a document also responds. Duplicate copies need not be produced unless a copy contains handwritten notes, annotations, stamps,

endorsements, metadata, routing information, or other information not appearing on another copy.

10. Do not include any Suspicious Activity Report or disclose whether one was filed, to the extent such information is protected from disclosure by federal law. This limitation does not exclude ordinary customer-identification, wire-verification, fraud-prevention, source-of-funds, or transaction records that are otherwise responsive and lawfully producible.

11. For electronically stored communications and other electronically stored information, Knight Barry may initially search the responsive title, escrow, settlement, closing, compliance, and accounting files and the records of the Knight Barry personnel who handled or supervised the Transfer, Property Transaction, or Closing. Before undertaking backup restoration, enterprise-wide searches, or searches of additional custodians, Knight Barry and issuing counsel shall meet and confer concerning reasonable custodians, search terms, date ranges, and allocation of any material additional expense.

12. **Priority and Rolling Production.** Knight Barry shall produce responsive documents on a rolling basis. Knight Barry shall prioritize and first produce the complete Property Transaction and Closing file and the documents showing the receipt and disposition of the Transfer. Responsive Communications may be produced promptly thereafter on a rolling basis.

## DOCUMENTS TO BE PRODUCED

**Scope of Requests.** These Requests concern only the single purchase and sale of real property, and the related title, escrow, settlement, and closing process, in connection with which Knight Barry received or was intended to receive the Transfer. Knight Barry shall use the Transfer date, amount, receiving account, remittance description "Closing," End-to-End ID, IMAD, OMAD, and all other available Transfer identifiers to identify the corresponding title, escrow, settlement, or closing file. These Requests do not seek documents concerning any unrelated customer, property, transaction, or closing.

1. **Complete Closing File and Identification of the Transaction.** Produce the complete title, escrow, settlement, and closing file for the Property Transaction, including all agreements and Closing documents and all documents sufficient to identify the Property, the Purchaser and Seller, the purchase price, the anticipated and actual closing date, and whether the Property Transaction closed, was postponed, was cancelled, or otherwise failed to close.

2. **Receipt and Disposition of the Transfer.** Produce all documents sufficient to show Knight Barry's anticipated or actual receipt, source, authorization, purpose, holding, application, disbursement, return, or other disposition of the Transfer, including the identity and purported authority of each person who requested, directed, or authorized the Transfer or its use; each recipient or payee of any portion of the Transfer; the amount and date of each payment, disbursement, refund, or return; and the purpose for which each portion of the Transfer was received, held, applied, paid, disbursed, refunded, or returned.

3. **Communications Concerning the Transfer and Transaction.** Produce all internal and external Communications maintained in the applicable transaction file, or maintained by the Knight Barry personnel who handled or supervised that file, concerning the Transfer, the Property Transaction, or the Closing, including Communications concerning funding, closing, payment, disbursement, return, or changes to any related instructions.