**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SilverRock Development Company, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11647 (MFW)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 1297 and 1298** |

**Hearing Date: September 25, 2026 at 10:30 a.m. (ET)**

**NOTICE OF FILING OF PROPOSED FINAL ORDER (I) REMOVING JACOB WOOD AS LITIGATION TRUSTEE; (II) FREEZING AND PRESERVING LITIGATION TRUST ACCOUNTS AND TRACEABLE ACCOUNTS; (III) COMPELLING AN ACCOUNTING, TURNOVER, AND PRODUCTION OF BANK RECORDS; (IV) APPOINTING JAMES ROMEY OF ARETE PARTNERS AS SUCCESSOR LITIGATION TRUSTEE; AND (V) AUTHORIZING RECORDATION OF A LIS PENDENS AGAINST THE WISCONSIN PROPERTY**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On September 16, 2026, Construction Loan Services II, LLC d/b/a Joint Movants Capital (the "Builders"); Keillor Capital, as servicer on behalf of and together with creditors RAF Pacifica Loan Opportunity Fund I, LLC and The Arnold Fishman Revocable Trust dated July 15, 1999 (collectively, the "Keillor Parties"); SilverRock Resort Investment, LLC and SilverRock Resort Investment M, LLC (collectively, the "EB-5 Lenders"); SilverRock Land II, LLC and the Traub Family Revocable Trust dated January 22, 2015 (collectively, the "TIC Participant"); R.D. Olson Construction, Inc. ("RDO"); and Poppy Bank (together with Joint Movants, the Keillor Parties, the EB-5 Lenders, the TIC Participant, RDO, and Poppy Bank, the "Joint Movants"), by and through their undersigned counsel filed the [Sealed] *Joint*

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598) and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

*Emergency Motion for (A) Temporary Ex Parte Relief (I) Suspending Jacob Wood's Authority as Litigation Trustee, (II) Freezing and Preserving Litigation Trust Accounts, and (III) Compelling an Immediate Accounting; and (B) After an Expedited Hearing, (IV) Removing Jacob Wood or Cause, (V) Designating a Successor Litigation Trustee, and (VI) Granting Related Relief* [Docket No. 1297] (the "Emergency Motion").

2. On September 16, 2026, the Court entered the *Interim Order (I) Temporarily Suspending Jacob Wood's Authority as Litigation Trustee; (II) Freezing and Preserving Litigation Trust Accounts; (III) Compelling an Immediate Accounting and Production of Bank Records; and (IV) Setting an Expedited Removal Hearing* [Docket No. 1298] (the "Interim Order").

3. On September 18, 2026, the Court held a hearing on the Emergency Motion and granted the *Amended Interim Order (I) Temporarily Suspending Jacob Wood's Authority as Litigation Trustee; (II) Freezing and Preserving Litigation Trust Accounts; (III) Compelling an Immediate Accounting and Production of Bank Records; and (IV) Setting an Expedited Removal Hearing* [Docket No. 1309] (the "Amended Interim Order"). The Amended Interim Order scheduled an evidentiary hearing on the Emergency Motion for September 25, 2026, at 10:30 a.m. prevailing Eastern Time (the "Hearing").

4. Attached hereto as **Exhibit A** is a proposed final order which the Joint Movants intend to present at the Hearing.

Dated: September __, 2026
Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

/s/
James O'Neill, Esq. (DE Bar No. 4042)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652 4400
Email: joneill@pszjlaw.com

- and -

Ira D. Kharasch, Esq. (*pro hac vice* ECF 940)
Gregory V. Demo, Esq. (*pro hac vice* ECF 935)
Jordan A. Kroop, Esq. (*pro hac vice* ECF 941)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: ikharasch@pszjlaw.com
gdemo@pszjlaw.com
jkroop@pszjlaw.com

- and -

**POLSINELLI PC**
Michael L. Schuster (*pro hac vice* ECF 925)
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Telephone: (720) 931-1188
Facsimile: (302) 252 0291
Email: mschuster@polsinelli.com

*Counsel for Construction Loan Services II, LLC d/b/a Joint Movants Capital*

# Exhibit A

## Revised Proposed Final Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SilverRock Development Company, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11647 (MFW)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 1297, 1298 |

**PROPOSED FINAL ORDER (I) REMOVING JACOB WOOD AS LITIGATION TRUSTEE; (II) FREEZING AND PRESERVING LITIGATION TRUST ACCOUNTS AND TRACEABLE ACCOUNTS; (III) COMPELLING AN ACCOUNTING, TURNOVER, AND PRODUCTION OF BANK RECORDS; (IV) APPOINTING JAMES ROMEY OF ARETE PARTNERS AS SUCCESSOR LITIGATION TRUSTEE; AND (V) AUTHORIZING RECORDATION OF A LIS PENDENS AGAINST THE WISCONSIN PROPERTY**

Upon the joint emergency motion (the "**Motion**") of the parties identified in the Motion; the Court having entered the Interim Order (I) Temporarily Suspending Jacob Wood's Authority as Litigation Trustee; (II) Freezing and Preserving Litigation Trust Accounts; (III) Compelling an Immediate Accounting and Production of Bank Records; and (IV) Setting an Expedited Removal Hearing [Docket No. 1298] (the "**Interim Order**"); the Court having reviewed the Motion, the Declaration of Gregory V. Demo, the Declaration of Marguerite Lee DeVoll, the submitted evidence, the Findings of Fact, Conclusions of Law, and Order confirming the Plan [Docket No. 1152] (the "**Confirmation Order**"), and the Amended Litigation Trust Agreement [Docket No. 1147] (the "**LTA**"); an evidentiary hearing having been held on September 25, 2026, after notice and an opportunity to be heard; the Court having considered the evidence and arguments presented

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598) and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

at the hearing; the Court having jurisdiction under 28 U.S.C. §§ 157 and 1334; and sufficient cause appearing;

**THE COURT FINDS, on a final basis, that:**

A. The LTA authorizes removal of the Litigation Trustee for cause after notice and a hearing, authorizes this Court to designate a successor, and provides that the successor Litigation Trustee becomes fully vested, without further act, with all rights, powers, duties, and obligations of the predecessor.

B. After notice and a hearing, cause exists under LTA section 2.12 to remove Jacob Wood ("**Wood**") as Litigation Trustee. The totality of the record includes the evidence concerning Wood's material representations regarding his work history and education, Arkus Advisory's termination of Wood and revocation of his authority, the absence of a complete and independently verifiable accounting, and transfers of Litigation Trust Assets to or for Wood's personal benefit.

C. The bank records show transfers of Litigation Trust Assets to a Wells Fargo account ending in 1563 held in Wood's name. Extending the freeze, preservation, and production requirements to that account and any other Wells Fargo account containing funds or proceeds traceable to Litigation Trust Assets is necessary to preserve the Court's ability to grant effective relief.

D. The bank and title records show that, on August 25, 2026, $821,500.13 was transferred from a Litigation Trust account to Knight Barry Title Services LLC for a transaction identified as "Closing"; that the same amount was due from Wood and Madeline M. Belisle to close on the real property commonly known as N 8056 North Rd, Springbrook, Wisconsin 54875; and that the property was conveyed to Wood and Belisle as joint tenants. Recordation of a notice

of lis pendens is warranted to preserve notice of the contested matters and potential relief affecting that property.

E. James Romey of Arete Partners shall be designated as the successor Litigation Trustee so that the Litigation Trust may continue without interruption and its assets, records, rights, and pending matters may be administered under the confirmed Plan and the LTA.

F. The relief granted below is final as to Wood's removal, the appointment of the successor Litigation Trustee, the preservation and production requirements imposed by this Order, and authorization to record the lis pendens. Except as expressly stated, this Order does not adjudicate ultimate civil liability, damages, ownership, allocation, lien priority, distribution rights, or the merits of any claim or defense.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED on a final basis** to the extent set forth in this Order. The Interim Order is superseded and replaced by this Order, without vacating or impairing any act taken, production made, preservation obligation imposed, or right accrued under the Interim Order.

2. "**Affected Accounts**" means: (a) Axos Bank account number ending in 0403, identified as the Proceeds Account, Axos Bank account number ending in 0395, identified as the Escrow Account, and any related deposit, money-market, ICS, sweep, escrow, trust, brokerage, or successor account; (b) Wells Fargo Bank, N.A. ("**Wells Fargo**") account number ending in 1563 and any other Wells Fargo account titled, individually or jointly, in Wood's name, held for his benefit, or over which Wood has signatory, online, administrative, or other control, that received any direct or indirect transfer of Litigation Trust Assets or contains funds or proceeds traceable to Litigation Trust Assets; and (c) any other account at Axos Bank, N.A. ("**Axos**"), Wells Fargo, or another institution that is titled in the name of the Litigation Trust, Wood solely in his asserted

capacity as Litigation Trustee, or Arkus Advisory US Inc. or an affiliate for the benefit of the Litigation Trust, or that contains any Sale Proceeds Reserve, other Litigation Trust Asset, or proceeds traceable thereto.

3. Effective immediately, Wood is **REMOVED FOR CAUSE** as Litigation Trustee pursuant to LTA section 2.12. All of Wood's rights, powers, duties, authority, and control as Litigation Trustee are terminated, except for his obligations to comply with this Order, complete turnover, and render the accounting required below. Wood may not: (a) access or control an Affected Account; (b) initiate, authorize, or direct any payment, transfer, distribution, settlement, waiver, abandonment, compromise, or disposition on behalf of the Litigation Trust; (c) hire, terminate, or direct professionals of the Litigation Trust; (d) incur any obligation on behalf of the Litigation Trust; (e) change any signer, ownership, password, token, multifactor authentication, or administrative access relating to the Litigation Trust; (f) alter, destroy, transfer, conceal, or withhold any Litigation Trust record; or (g) represent that he has authority to bind or act for the Litigation Trust.

4. James Romey of Arete Partners is **APPOINTED** as successor Litigation Trustee (the "**Successor Trustee**"). Pursuant to LTA sections 2.12 and 2.13, upon entry of this Order and without further act, the Successor Trustee is fully vested with all rights, powers, duties, obligations, privileges, claims, records, property, and authority of the Litigation Trustee under the Plan, the Confirmation Order, and the LTA. Axos, Wells Fargo, Arkus, existing Litigation Trust professionals, and all other persons shall recognize the Successor Trustee's exclusive authority and shall cooperate promptly in transferring ownership, signatory authority, online and administrative access, credentials, records, and control. Wood's consent, signature, or further authorization is not required.

5. Except as permitted by paragraph 6, Axos, Wells Fargo, Wood, Arkus, and their respective officers, agents, servants, employees, attorneys, and persons acting in active concert or participation with them are **RESTRAINED** from initiating, authorizing, approving, processing, honoring, or facilitating any outgoing wire, ACH transfer, check, withdrawal, debit, sweep, transfer, distribution, pledge, encumbrance, account closure, change of ownership, change of authorized signer, or change to online, token, password, multifactor, administrative, or other access concerning an Affected Account.

6. Paragraph 5 does not prohibit: (a) incoming deposits; (b) credits of interest or investment income; (c) routine reversals or corrections required by law or ordinary banking operations; (d) routine account maintenance charges; (e) compliance with applicable law or governmental process; (f) the transfer of ownership, signatory authority, credentials, or control of an account titled to the Litigation Trust or held for its benefit to the Successor Trustee; (g) a transaction involving an account titled to the Litigation Trust or held for its benefit that is initiated or expressly approved in writing by the Successor Trustee; or (h) a transaction authorized by further order of this Court. For the avoidance of doubt, no withdrawal, transfer, pledge, encumbrance, closure, or change of ownership may occur with respect to any Wells Fargo account titled individually or jointly to Wood unless authorized by further order of this Court.

7. Axos, Wells Fargo, and every other depository receiving actual notice shall immediately place and maintain an administrative hold consistent with this Order on the Affected Accounts, preserve all paper and electronic records concerning the Affected Accounts, and refrain from deleting, overwriting, modifying, or permitting the alteration of any relevant account, access, audit, security, authentication, or transaction record. The hold on accounts titled to the Litigation

Trust or held for its benefit shall not prevent the Successor Trustee from exercising the authority permitted by paragraph 6.

8. No later than forty-eight (48) hours after receiving actual notice, Axos and Wells Fargo shall transmit under seal or through another secure method approved by the Court to the Successor Trustee and counsel for the Joint Movants: (a) a certification identifying every Affected Account at the institution, including Wells Fargo account ending in 1563; (b) the current ledger and available balance of each account; (c) statements and transaction detail from account creation through production; (d) wire, ACH, check, debit, sweep, and transfer records; (e) signature cards and account-opening documents; and (f) all records identifying persons with signatory, online, administrative, token, password-reset, or security-control authority. Wells Fargo's production shall include records sufficient to identify the source and disposition of funds transferred into, out of, or among the Affected Accounts.

9. No later than forty-eight (48) hours after receiving actual notice, Wood and Arkus shall transmit under seal or through another secure method approved by the Court to the Successor Trustee and counsel for the Joint Movants: (a) all documents described in paragraph 8 in their possession, custody, or control; (b) all reconciliations and general-ledger entries concerning the Affected Accounts; (c) all communications with any depository concerning ownership, balances, transactions, access, or control; (d) all Litigation Trust credentials, passwords, tokens, and access devices; and (e) a sworn certification identifying every account containing a Litigation Trust Asset and every person with authority over it. Within the same forty-eight (48) hour period, Arkus shall produce all nonprivileged records concerning Wood's termination, his representations regarding work history and education, any investigation or verification of those representations, any alleged efforts to impede that work, Arkus's efforts to regain control of documents and relationships held

by Wood, and communications concerning Wood's continued service as Litigation Trustee. Existing confidentiality designations shall remain in effect, and production shall be made under seal or other appropriate protection.

10. No later than forty-eight (48) hours after receiving actual notice, Wood, Arkus, Bulwark Advisory Group, existing Litigation Trust counsel, the claims and noticing agent, insurers, tax professionals, and every other person possessing or controlling Litigation Trust property shall turn over to the Successor Trustee all Litigation Trust Assets, funds, records, files, mail, communications, work product, databases, cloud repositories, devices containing Litigation Trust information, credentials, passwords, tokens, access devices, insurance information, tax records, and pending matters in their possession, custody, or control. Nothing in this paragraph requires disclosure of privileged material to any person other than the Successor Trustee; any withheld material shall be identified sufficiently to permit the Successor Trustee to assess the asserted privilege.

11. Existing counsel, the claims and noticing agent, insurers, tax professionals, and other professionals of the Litigation Trust shall take direction solely from the Successor Trustee. Pending direction from the Successor Trustee, they may take ministerial steps reasonably necessary to preserve rights, comply with non-extendable deadlines, maintain insurance and required filings, and prevent default. They may not take direction from Wood or transfer, alter, or destroy Litigation Trust records.

12. Until further order of this Court, no compensation, reimbursement, severance, indemnity advance, retainer replenishment, or other payment may be made to or for Wood or Arkus from Litigation Trust Assets, except routine depository charges permitted by paragraph 6.

13. Within forty-eight (48) hours after receiving actual notice, Wood shall provide the Successor Trustee and counsel for the Joint Movants with a sworn preliminary accounting identifying every Litigation Trust account and asset and every receipt, disbursement, transfer, distribution, payment, and disposition during his tenure. No later than thirty (30) days after entry of this Order, Wood shall file and serve the final accounting required by LTA sections 5.5 and 5.6.

14. Axos, Wells Fargo, and any other depository may rely on this Order and shall have no liability to the Litigation Trust, Wood, Arkus, the Joint Movants, any beneficiary, or any claimant for good-faith compliance. Nothing in this paragraph determines ownership, entitlement, allocation, lien priority, or distribution rights concerning any funds.

15. "**Wisconsin Property**" means the real property commonly known as N 8056 North Rd, Springbrook, Wisconsin 54875, Parcel Identification Number 65-036-2-40-11-29-2-02-000-002000, legally described on Exhibit A attached hereto, and conveyed to Jacob W. Wood and Madeline M. Belisle, as joint tenants, by Warranty Deed dated August 28, 2026, and recorded with the Washburn County Register of Deeds on August 31, 2026, as Document No. 420748.

16. The Court hereby **ORDERS the issuance and authorizes the recordation of a court-ordered Notice of Lis Pendens** against the Wisconsin Property in connection with the contested matters arising from the Motion. The Successor Trustee, any Joint Movant, or counsel authorized by either may execute and record the Notice in the Office of the Register of Deeds for Washburn County, Wisconsin. The Notice shall: (a) identify this bankruptcy case, the Motion, this Order, the relevant parties, and the object of the contested matters; (b) identify Wood and Belisle as the record owners; (c) include the legal description of the Wisconsin Property; (d) state that it is issued and recorded pursuant to this Order in the contested matters and is not premised on a separately filed adversary complaint; and (e) attach a certified or file-stamped copy of this Order.

The Notice shall remain effective until released by further order of this Court or by an instrument expressly authorized by this Court. This paragraph provides notice and preserves the status quo; it does not finally adjudicate title to the Wisconsin Property or the rights of Madeline M. Belisle or any other person.

17. Except for the final findings and relief expressly set forth in this Order, all rights, claims, defenses, privileges, objections, requests for compensation or indemnification, surcharge requests, tracing claims, restitution claims, constructive-trust claims, equitable-lien claims, fraudulent-transfer claims, professional-liability claims, and other positions of all parties are preserved.

18. Any person subject to this Order may move to modify it for good cause. The Court retains jurisdiction to interpret, implement, enforce, modify, or grant further relief in connection with this Order, the Motion, the Litigation Trust, the Affected Accounts, and the Wisconsin Property.

19. The Joint Movants shall serve this Order promptly after entry by email, CM/ECF where applicable, service under Bankruptcy Rule 7004 where required, and the most expeditious available additional means on Wood and his counsel; Madeline M. Belisle; Arkus and its counsel; James Romey and Arete Partners; Axos and Wells Fargo through their respective registered agents and known relationship or legal-process contacts; Bulwark Advisory Group; existing Litigation Trust professionals; the Office of the United States Trustee; the City of La Quinta and its counsel; the Debtors' Independent Manager; counsel to the Debtors or Litigation Trust; all Joint Movants; and any other person directed by the Court. Actual notice by any means is sufficient for purposes of Federal Rule of Civil Procedure 65(d).

# EXHIBIT A

## LEGAL DESCRIPTION OF THE WISCONSIN PROPERTY

The Northwest Quarter of the Northwest Quarter (NW¼NW¼), Section Twenty-nine (29), Township Forty (40) North, Range Eleven (11) West, Town of Springbrook, Washburn County, Wisconsin, EXCEPT, that part described as follows: Commence at the Northwest corner of Section Twenty-nine (29); thence N89°48'E, 883.96 feet to the point of beginning, said point being on the line between the lands now or formerly owned by Washburn County and the lands of the subject owner on the North line of said section; thence, with the lands of the said county and the said North line, N89°48'E, 399.42 feet to a point on the right descending bank of the Namekagon River; thence leaving the lands of the said county and the said North line, downstream in and along said river, S00°41'W, 668.27 feet to a point on the line of the lands now or formerly owned by Peter E. Olsen, on the said right descending bank; thence, leaving the said right descending bank and with the lands of the said Olsen, S00°41'W, 639.38 feet to a corner common to the lands of the said Olsen and the lands of the subject owner and on the line of the lands now or formerly owned by Kenneth F. Ericson; thence, leaving the lands of the said Olsen and with the lands of the said Ericson, N89°27'W, 272.15 feet to a point; thence, leaving the lands of the said Ericson and severing the lands of the subject owner, the following courses and distances: N10°20'W, 655.79 feet, thence N00°32'E, 658.37 feet to the place of beginning.

**For informational purposes only:**

Property Address: N 8056 North Rd, Springbrook, WI 54875

Parcel Identification Number: 65-036-2-40-11-29-2-02-000-002000

Source Deed: Warranty Deed recorded August 31, 2026, as Washburn County Document No. 420748

# EXHIBIT B

## CERTIFIED OR FILE-STAMPED COPY OF FINAL ORDER

*The certified or file-stamped Final Order follows this cover page.*

**COURT-ORDERED NOTICE OF LIS PENDENS**

**Document drafted by and, after recording, return to:**

James Romey, Successor Litigation Trustee
SilverRock Litigation Trust
c/o Arete Partners
321 N. Clark Street, Suite 720
Chicago, IL 60654

**Parcel Identification Number:**
65-036-2-40-11-29-2-02-000-002000

Record Owners: Jacob W. Wood and Madeline M. Belisle

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| **SILVERROCK DEVELOPMENT COMPANY, LLC, et al.,** | **Case No. 24-11647 (MFW)** |
| Debtors. | (Jointly Administered) |

Re: Docket Nos. 1297 and 1298; Final Order attached as Exhibit B

## COURT-ORDERED NOTICE OF LIS PENDENS AFFECTING REAL PROPERTY

**NOTICE IS HEREBY GIVEN:**

**1.** This Notice is issued and recorded pursuant to paragraph 16 of the ***Final Order (I) Removing Jacob Wood as Litigation Trustee; (II) Freezing and Preserving Litigation Trust Accounts and Traceable Accounts; (III) Compelling an Accounting, Turnover, and Production of Bank Records; (IV) Appointing James Romey of Arete Partners as Successor Litigation Trustee; and (V) Authorizing Recordation of a Lis Pendens Against the Wisconsin Property*** (the "Final Order"), entered by the United States Bankruptcy Court for the District of Delaware in the above-captioned chapter 11 cases. A certified or file-stamped copy of the Final Order is attached as Exhibit B and incorporated herein.

**2.** The Final Order was entered in the contested matters arising from the ***Joint Emergency Motion for (A) Temporary Ex Parte Relief (I) Suspending Jacob Wood's Authority as Litigation Trustee, (II) Freezing and Preserving Litigation Trust Accounts, and (III) Compelling an Immediate Accounting; and (B) After an Expedited Hearing, (IV) Removing Jacob Wood for Cause, (V) Designating a Successor Litigation Trustee, and (VI) Granting Related Relief*** [Docket No. 1297] (the "Motion"), following entry of the Interim Order at Docket No. 1298 and an evidentiary hearing held on September 25, 2026.

**3.** The party giving this Notice is the SilverRock Litigation Trust, acting by James Romey, its court-appointed successor Litigation Trustee (the "Successor Trustee"). The parties that sought the Final Order are Construction Loan Services II, LLC d/b/a Builders Capital; Keillor Capital, as servicer on behalf of and together with RAF Pacifica Loan Opportunity Fund I, LLC and The Arnold Fishman Revocable Trust dated July 15, 1999; SilverRock Resort Investment, LLC and SilverRock Resort Investment M, LLC; SilverRock Land II, LLC and the Traub Family Revocable Trust dated January 22, 2015; R.D. Olson Construction, Inc.; Poppy Bank; and Granite Construction Company (collectively, the "Joint Movants"). The record owners of the Property are Jacob W. Wood and Madeline M. Belisle, as joint tenants.

**4.** The real property affected by the Final Order and this Notice is located in Washburn County, Wisconsin, is legally described on Exhibit A attached hereto and incorporated herein (the "Property"), is commonly known as N 8056 North Rd, Springbrook, Wisconsin 54875, and is identified by Parcel Identification Number 65-036-2-40-11-29-2-02-000-002000. The Property was conveyed to Jacob W. Wood and Madeline M. Belisle, as joint tenants, by Warranty Deed dated August 28, 2026, and recorded with the Washburn County Register of Deeds on August 31, 2026, as Document No. 420748.

**5.** The Final Order finds that the bank and title records show that, on August 25, 2026, $821,500.13 was transferred from a SilverRock Litigation Trust account to Knight Barry Title Services LLC for a transaction identified as "Closing"; that the same amount was due from Wood and Belisle to close on the Property; and that the Property was conveyed to Wood and Belisle as joint tenants.

**6.** The object of the contested matters, as they concern the Property, is to preserve notice and the status quo while the Court and the Successor Trustee address the tracing and preservation of Litigation Trust assets and any claims or relief affecting the Property or its proceeds. The Final Order preserves, without adjudicating, tracing, restitution, constructive-trust, equitable-lien, fraudulent-transfer, turnover, conveyance, sale, and other claims or remedies that may affect the Property or its proceeds.

**7.** This Notice is issued and recorded solely pursuant to the Final Order in the contested matters arising from the Motion. It is not premised on a separately filed adversary complaint.

**8.** From the time this Notice is recorded, purchasers, transferees, mortgagees, lienholders, and other encumbrancers are placed on notice of the contested matters, the Final Order, and the Court's continuing jurisdiction over relief affecting the Property. This Notice shall remain effective until released by further order of the Court or by an instrument expressly authorized by the Court.

**9.** This Notice provides notice and preserves the status quo. It does not independently or finally adjudicate title to the Property, the rights of Madeline M. Belisle or any other person, civil liability, damages, ownership, allocation, lien priority, distribution rights, or ultimate entitlement to the Property or its proceeds.

Dated: ____________________________, 2026

**SILVERROCK LITIGATION TRUST**

By: ____________________________________

**James Romey**
Successor Litigation Trustee
c/o Arete Partners
321 N. Clark Street, Suite 720
Chicago, IL 60654
*Authorized to execute and record this Notice pursuant to paragraph 16 of the Final Order*

**ACKNOWLEDGMENT**

State of __________________________ )
County of ________________________ ) ss.

This instrument was acknowledged before me on ____________________________, 2026, by James Romey, as Successor Litigation Trustee of the SilverRock Litigation Trust.

________________________________________
Notary Public, State of __________________
Printed name: ___________________________
My commission expires: __________________

# EXHIBIT A
# LEGAL DESCRIPTION OF THE PROPERTY

The Northwest Quarter of the Northwest Quarter (NW¼NW¼), Section Twenty-nine (29), Township Forty (40) North, Range Eleven (11) West, Town of Springbrook, Washburn County, Wisconsin, EXCEPT, that part described as follows: Commence at the Northwest corner of Section Twenty-nine (29); thence N89°48'E, 883.96 feet to the point of beginning, said point being on the line between the lands now or formerly owned by Washburn County and the lands of the subject owner on the North line of said section; thence, with the lands of the said county and the said North line, N89°48'E, 399.42 feet to a point on the right descending bank of the Namekagon River; thence leaving the lands of the said county and the said North line, downstream in and along said river, S00°41'W, 668.27 feet to a point on the line of the lands now or formerly owned by Peter E. Olsen, on the said right descending bank; thence, leaving the said right descending bank and with the lands of the said Olsen, S00°41'W, 639.38 feet to a corner common to the lands of the said Olsen and the lands of the subject owner and on the line of the lands now or formerly owned by Kenneth F. Ericson; thence, leaving the lands of the said Olsen and with the lands of the said Ericson, N89°27'W, 272.15 feet to a point; thence, leaving the lands of the said Ericson and severing the lands of the subject owner, the following courses and distances: N10°20'W, 655.79 feet, thence N00°32'E, 658.37 feet to the place of beginning.

*For informational purposes only:*
**Property Address:** N 8056 North Rd, Springbrook, WI 54875
**Parcel Identification Number:** 65-036-2-40-11-29-2-02-000-002000
**Source Deed:** Warranty Deed recorded August 31, 2026, as Washburn County Document No. 420748