**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SilverRock Development Company, LLC, *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11647 (MFW)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 1297, 1298 |

**FINAL ORDER (I) REMOVING JACOB WOOD AS LITIGATION TRUSTEE; (II) FREEZING AND PRESERVING LITIGATION TRUST ACCOUNTS AND TRACEABLE ACCOUNTS; (III) COMPELLING AN ACCOUNTING, TURNOVER, AND PRODUCTION OF BANK RECORDS; (IV) APPOINTING JAMES ROMEY OF ARETE PARTNERS AS SUCCESSOR LITIGATION TRUSTEE; AND (V) AUTHORIZING RECORDATION OF A LIS PENDENS AGAINST THE WISCONSIN PROPERTY**

Upon the joint emergency motion (the "**Motion**") of the parties identified in the Motion; the Court having entered the Interim Order (I) Temporarily Suspending Jacob Wood's Authority as Litigation Trustee; (II) Freezing and Preserving Litigation Trust Accounts; (III) Compelling an Immediate Accounting and Production of Bank Records; and (IV) Setting an Expedited Removal Hearing [Docket No. 1298] (the "**Interim Order**"); the Court having reviewed the Motion, the Declaration of Gregory V. Demo, the Declaration of Marguerite Lee DeVoll, the submitted evidence, the Findings of Fact, Conclusions of Law, and Order confirming the Plan [Docket No. 1152] (the "**Confirmation Order**"), and the Amended Litigation Trust Agreement [Docket No. 1147] (the "**LTA**"); an evidentiary hearing having been held on September 25, 2026, after notice

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: SilverRock Development Company, LLC (5730), RGC PA 789, LLC (5996), SilverRock Lifestyle Residences, LLC (0721), SilverRock Lodging, LLC (4493), SilverRock Luxury Residences, LLC (6598) and SilverRock Phase I, LLC (2247). The location of the Debtors' principal place of business and the Debtors' mailing address is 343 Fourth Avenue, San Diego, CA 92101.

and an opportunity to be heard; the Court having considered the evidence and arguments presented at the hearing; the Court having jurisdiction under 28 U.S.C. §§ 157 and 1334; and sufficient cause appearing;

**THE COURT FINDS, on a final basis, that:**

A. The LTA authorizes removal of the Litigation Trustee for cause after notice and a hearing, authorizes this Court to designate a successor, and provides that the successor Litigation Trustee becomes fully vested, without further act, with all rights, powers, duties, and obligations of the predecessor.

B. After notice and a hearing, cause exists under LTA section 2.12 to remove Jacob Wood (“**Wood**”) as Litigation Trustee. The totality of the record includes the evidence concerning Wood’s material representations regarding his work history and education, Arkus Advisory’s termination of Wood and revocation of his authority, the absence of a complete and independently verifiable accounting, and transfers of Litigation Trust Assets to or for Wood’s personal benefit.

C. The bank records show transfers of Litigation Trust Assets to a Wells Fargo account ending in 1563 held in Wood’s name. Extending the freeze, preservation, and production requirements to that account and any other Wells Fargo account containing funds or proceeds traceable to Litigation Trust Assets is necessary to preserve the Court’s ability to grant effective relief.

D. The bank and title records show that, on August 25, 2026, $821,500.13 was transferred from a Litigation Trust account to Knight Barry Title Services LLC for a transaction identified as “Closing”; that the same amount was due from Wood and Madeline M. Belisle to close on the real property commonly known as N 8056 North Rd, Springbrook, Wisconsin 54875; and that the property was conveyed to Wood and Belisle as joint tenants. Recordation of a notice

of lis pendens is warranted to preserve notice of the contested matters and potential relief affecting that property.

E. James Romey of Arete Partners shall be designated as the successor Litigation Trustee so that the Litigation Trust may continue without interruption and its assets, records, rights, and pending matters may be administered under the confirmed Plan and the LTA.

F. The relief granted below is final as to Wood's removal, the appointment of the successor Litigation Trustee, the preservation and production requirements imposed by this Order, and authorization to record the lis pendens. Except as expressly stated, this Order does not adjudicate ultimate civil liability, damages, ownership, allocation, lien priority, distribution rights, or the merits of any claim or defense.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED on a final basis** to the extent set forth in this Order. The Interim Order is superseded and replaced by this Order, without vacating or impairing any act taken, production made, preservation obligation imposed, or right accrued under the Interim Order.

2. "**Affected Accounts**" means: (a) Axos Bank account number ending in 0403, identified as the Proceeds Account, Axos Bank account number ending in 0395, identified as the Escrow Account, and any related deposit, money-market, ICS, sweep, escrow, trust, brokerage, or successor account; (b) Wells Fargo Bank, N.A. ("**Wells Fargo**") account number ending in 1563 and any other Wells Fargo account titled, individually or jointly, in Wood's name, held for his benefit, or over which Wood has signatory, online, administrative, or other control, that received any direct or indirect transfer of Litigation Trust Assets or contains funds or proceeds traceable to Litigation Trust Assets; and (c) any other account at Axos Bank, N.A. ("**Axos**"), Wells Fargo, or another institution that is titled in the name of the Litigation Trust, Wood solely in his asserted

capacity as Litigation Trustee, or Arkus Advisory US Inc. or an affiliate for the benefit of the Litigation Trust, or that contains any Sale Proceeds Reserve, other Litigation Trust Asset, or proceeds traceable thereto.

3. Effective immediately, Wood is **REMOVED FOR CAUSE** as Litigation Trustee pursuant to LTA section 2.12. All of Wood's rights, powers, duties, authority, and control as Litigation Trustee are terminated, except for his obligations to comply with this Order, complete turnover, and render the accounting required below. Wood may not: (a) access or control an Affected Account; (b) initiate, authorize, or direct any payment, transfer, distribution, settlement, waiver, abandonment, compromise, or disposition on behalf of the Litigation Trust; (c) hire, terminate, or direct professionals of the Litigation Trust; (d) incur any obligation on behalf of the Litigation Trust; (e) change any signer, ownership, password, token, multifactor authentication, or administrative access relating to the Litigation Trust; (f) alter, destroy, transfer, conceal, or withhold any Litigation Trust record; or (g) represent that he has authority to bind or act for the Litigation Trust.

4. James Romey of Arete Partners is **APPOINTED** as successor Litigation Trustee (the "**Successor Trustee**"). Pursuant to LTA sections 2.12 and 2.13, upon entry of this Order and without further act, the Successor Trustee is fully vested with all rights, powers, duties, obligations, privileges, claims, records, property, and authority of the Litigation Trustee under the Plan, the Confirmation Order, and the LTA. Axos, Wells Fargo, Arkus, existing Litigation Trust professionals, and all other persons shall recognize the Successor Trustee's exclusive authority and shall cooperate promptly in transferring ownership, signatory authority, online and administrative access, credentials, records, and control. Wood's consent, signature, or further authorization is not required.

5. Except as permitted by paragraph 6, Axos, Wells Fargo, Wood, Arkus, and their respective officers, agents, servants, employees, attorneys, and persons acting in active concert or participation with them are **RESTRAINED** from initiating, authorizing, approving, processing, honoring, or facilitating any outgoing wire, ACH transfer, check, withdrawal, debit, sweep, transfer, distribution, pledge, encumbrance, account closure, change of ownership, change of authorized signer, or change to online, token, password, multifactor, administrative, or other access concerning an Affected Account.

6. Paragraph 5 does not prohibit: (a) incoming deposits; (b) credits of interest or investment income; (c) routine reversals or corrections required by law or ordinary banking operations; (d) routine account maintenance charges; (e) compliance with applicable law or governmental process; (f) the transfer of ownership, signatory authority, credentials, or control of an account titled to the Litigation Trust or held for its benefit to the Successor Trustee; (g) a transaction involving an account titled to the Litigation Trust or held for its benefit that is initiated or expressly approved in writing by the Successor Trustee; or (h) a transaction authorized by further order of this Court. For the avoidance of doubt, no withdrawal, transfer, pledge, encumbrance, closure, or change of ownership may occur with respect to any Wells Fargo account titled individually or jointly to Wood unless authorized by further order of this Court.

7. Axos, Wells Fargo, and every other depository receiving actual notice shall immediately place and maintain an administrative hold consistent with this Order on the Affected Accounts, preserve all paper and electronic records concerning the Affected Accounts, and refrain from deleting, overwriting, modifying, or permitting the alteration of any relevant account, access, audit, security, authentication, or transaction record. The hold on accounts titled to the Litigation

Trust or held for its benefit shall not prevent the Successor Trustee from exercising the authority permitted by paragraph 6.

8. No later than forty-eight (48) hours after receiving actual notice, Axos and Wells Fargo shall transmit under seal or through another secure method approved by the Court to the Successor Trustee and counsel for the Joint Movants: (a) a certification identifying every Affected Account at the institution, including Wells Fargo account ending in 1563; (b) the current ledger and available balance of each account; (c) statements and transaction detail from account creation through production; (d) wire, ACH, check, debit, sweep, and transfer records; (e) signature cards and account-opening documents; and (f) all records identifying persons with signatory, online, administrative, token, password-reset, or security-control authority. Wells Fargo's production shall include records sufficient to identify the source and disposition of funds transferred into, out of, or among the Affected Accounts.

9. No later seven (7) calendar days after receiving actual notice, Wood and Arkus shall transmit under seal or through another secure method approved by the Court to the Successor Trustee and counsel for the Joint Movants: (a) all documents described in paragraph 8 in their possession, custody, or control; (b) all reconciliations and general-ledger entries concerning the Affected Accounts; (c) all communications with any depository concerning ownership, balances, transactions, access, or control; (d) all Litigation Trust credentials, passwords, tokens, and access devices; and (e) a sworn certification identifying every account containing a Litigation Trust Asset and every person with authority over it. Within the same period, Arkus shall produce all nonprivileged records concerning Wood's termination, his representations regarding work history and education, any investigation or verification of those representations, any alleged efforts to impede that work, Arkus's efforts to regain control of documents and relationships held by Wood,

and communications concerning Wood's continued service as Litigation Trustee. Existing confidentiality designations shall remain in effect, and production shall be made under seal or other appropriate protection.

10. No later than seven (7) calendar days after receiving actual notice, Wood, Arkus, Bulwark Advisory Group, existing Litigation Trust counsel, the claims and noticing agent, insurers, tax professionals, and every other person possessing or controlling Litigation Trust property shall turn over to the Successor Trustee all Litigation Trust Assets, funds, records, files, mail, communications, work product, databases, cloud repositories, devices containing Litigation Trust information, credentials, passwords, tokens, access devices, insurance information, tax records, and pending matters in their possession, custody, or control. Nothing in this paragraph requires disclosure of privileged material to any person other than the Successor Trustee; any withheld material shall be identified sufficiently to permit the Successor Trustee to assess the asserted privilege.

11. Existing counsel, the claims and noticing agent, insurers, tax professionals, and other professionals of the Litigation Trust shall take direction solely from the Successor Trustee. Pending direction from the Successor Trustee, they may take ministerial steps reasonably necessary to preserve rights, comply with non-extendable deadlines, maintain insurance and required filings, and prevent default. They may not take direction from Wood or transfer, alter, or destroy Litigation Trust records.

12. Until further order of this Court, no compensation, reimbursement, severance, indemnity advance, retainer replenishment, or other payment may be made to or for Wood or Arkus from Litigation Trust Assets, except routine depository charges permitted by paragraph 6.

13. Within seven (7) calendar days after receiving actual notice, Wood shall provide the Successor Trustee and counsel for the Joint Movants with a sworn preliminary accounting identifying every Litigation Trust account and asset and every receipt, disbursement, transfer, distribution, payment, and disposition during his tenure. No later than thirty (30) days after entry of this Order, Wood shall file and serve the final accounting required by LTA sections 5.5 and 5.6.

14. Axos, Wells Fargo, and any other depository may rely on this Order and shall have no liability to the Litigation Trust, Wood, Arkus, the Joint Movants, any beneficiary, or any claimant for good-faith compliance. Nothing in this paragraph determines ownership, entitlement, allocation, lien priority, or distribution rights concerning any funds.

15. "**Wisconsin Property**" means the real property commonly known as N 8056 North Rd, Springbrook, Wisconsin 54875, Parcel Identification Number 65-036-2-40-11-29-2-02-000-002000, legally described on Exhibit A attached hereto, and conveyed to Jacob W. Wood and Madeline M. Belisle, as joint tenants, by Warranty Deed dated August 28, 2026, and recorded with the Washburn County Register of Deeds on August 31, 2026, as Document No. 420748.

16. The Court hereby **ORDERS the issuance and authorizes the recordation of a court-ordered Notice of Lis Pendens** against the Wisconsin Property in connection with the contested matters arising from the Motion. The Successor Trustee, any Joint Movant, or counsel authorized by either may execute and record the Notice in the Office of the Register of Deeds for Washburn County, Wisconsin. The Notice shall: (a) identify this bankruptcy case, the Motion, this Order, the relevant parties, and the object of the contested matters; (b) identify Wood and Belisle as the record owners; (c) include the legal description of the Wisconsin Property; (d) state that it is issued and recorded pursuant to this Order in the contested matters and is not premised on a separately filed adversary complaint; and (e) attach a certified or file-stamped copy of this Order.

The Notice shall remain effective until released by further order of this Court or by an instrument expressly authorized by this Court. This paragraph provides notice and preserves the status quo; it does not finally adjudicate title to the Wisconsin Property or the rights of Madeline M. Belisle or any other person.

17. Except for the final findings and relief expressly set forth in this Order, all rights, claims, defenses, privileges, objections, requests for compensation or indemnification, surcharge requests, tracing claims, restitution claims, constructive-trust claims, equitable-lien claims, fraudulent-transfer claims, professional-liability claims, and other positions of all parties are preserved.

18. Any person subject to this Order may move to modify it for good cause. The Court retains jurisdiction to interpret, implement, enforce, modify, or grant further relief in connection with this Order, the Motion, the Litigation Trust, the Affected Accounts, and the Wisconsin Property.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

19. The Joint Movants shall serve this Order promptly after entry by email, CM/ECF where applicable, service under Bankruptcy Rule 7004 where required, and the most expeditious available additional means on Wood and his counsel; Madeline M. Belisle; Arkus and its counsel; James Romey and Arete Partners; Axos and Wells Fargo through their respective registered agents and known relationship or legal-process contacts; Bulwark Advisory Group; existing Litigation Trust professionals; the Office of the United States Trustee; the City of La Quinta and its counsel; the Debtors' Independent Manager; counsel to the Debtors or Litigation Trust; all Joint Movants; and any other person directed by the Court. Actual notice by any means is sufficient for purposes of Federal Rule of Civil Procedure 65(d).

**Dated: September 28th, 2026**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**